Ross C. Goodman, Esq., Nevada State Bar No. 7722
GOODMAN LAW GROUP
520 South Fourth Street
Las Vegas, Nevada 89101
(702) 383-5088
(702) 385-5088 (Facsimile)

David M. Buckner, Esq., Florida State Bar No. 60550
Brett E. von Borke, Esq., Florida State Bar No. 44802
KOZYAK TROPIN & THROCKMORTON, PA
2525 Ponce de Leon, 9th Floor
Miami, Florida 33134
(305) 372-1800
(305) 372-3508 (Facsimile)

ATTORNEYS FOR PLAINTIFF

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

GERALD HESTER, on behalf of himself
and all others similarly situated,

              Plaintiff,

v.

VISION AIRLINES, INC.,

              Defendant.

Case No.: 2:09-CV-00117-RLH-RJJ

## EXPEDITED SECOND MOTION FOR EXTENSION OF TIME

Plaintiff Gerald Hester ("Hester") moves for an extension of time up to and including Monday, May 31, 2010, within which to make his disclosures pursuant to Fed. R. Civ. P. 26(a)(2) ("Rule 26(a)(2)"). As grounds, Plaintiff states as follows:

1. Pursuant to this Court's Scheduling Order [D.E. 103], Plaintiff is required to file his "[d]isclosures specified in Fed. R. Civ. P. 26(a)(2) . . . on or before April 29, 2010."

2. Pursuant to LR 6-1, this is the second time Plaintiff has requested an extension of the deadline related specifically to Rule 26(a)(2). The Court originally denied Plaintiff's

311924                                                            1

Unopposed Motion for Extension of Time [D.E. 105] without prejudice at a hearing held on April 14, 2010. The Court, however, has previously extended the scheduling deadlines twice in this case, which altered the deadline both times for Rule 26(a)(2) disclosures. *See* D.E. 84, 103.

3. Plaintiff has engaged the expert Barry Mukamal ("Mukamal"), a Certified Public Accountant and a partner at Marcum Rachlin LLP, to analyze the following: (1) the amount of money Vision billed the contractors above it for hazardous duty pay and for the salaries of the employees that operated Vision's Air Bridge Program flights; (2) the amount of money Vision received from the contractors above it for hazardous duty pay and the salaries for the Air Bridge Program employees; (3) the amount of money Vision paid its Air Bridge Program employees for operating the Air Bridge Program flights; and (4) the damages owed to the Class. (*See* Affidavit of Barry Mukamal ¶ 4, attached hereto as Ex. A.)

4. Mukamal is unable to complete his expert report by the April 29, 2010 deadline, because he does not have all of the documents necessary to complete his report. (*Id.* at ¶¶ 6-10.) Mukamal does not have these documents because Vision has not produced them to Plaintiff, despite Vision's promises to do so, and this issue is subject to Plaintiff's Renewed Motion to Compel [D.E. 93] filed on January 20, 2010 and its Supplement in Support of Plaintiff's Renewed Motion to Compel [106] filed on April 9, 2010.

5. For example, Mukamal cannot compare the amounts Vision billed for and collected in salaries and hazardous duty pay against what Vision paid its Air Bridge employees because he does not have the following documents: (1) Vision's contract with McNeil Technologies, Inc. ("McNeil") in its non-redacted format with all modifications; (2) Vision's non-redacted bid documents for the McNeil phase; (3) the non-redacted invoices Vision submitted to McNeil; (4) wire transfer receipts reflecting payment from McNeil, Capital Aviation, Inc., and Computer Sciences Corporation; and (5) Vision's payroll records for the

311924                                   2

entire class period in native format with associated metadata. (*Id.*)

6. Specifically, Mukamal is unable to determine the amount Vision received in hazardous duty pay and salaries for the Air Bridge Program employees from May 1, 2005 through July 15, 2007, because he does not have all of the wire transfer receipts reflecting payment of Vision's invoices. (*Id.* at ¶ 5.) Moreover, it will take Mukamal a considerable amount of time to calculate Vision's payroll records for this time period because Vision's payroll records were produced in paper format even though they appear to have been created in an electronic format. (*Id.*) Vision has agreed to produce all of its electronic records in native format with associated metadata but has not done so. Again, this is addressed in Plaintiff's Renewed Motion to Compel [D.E. 93] and Plaintiff's Supplement in Support of Plaintiff's Renewed Motion to Compel [D.E. 106].

7. Mukamal cannot determine what Vision billed or received from the contractors above it for salaries and hazardous duty bonus for the Air Bridge Program employees from July 15, 2007, through the present, because Vision has not produced any of the wire transfer receipts from McNeil for payment of its invoices and, "has redacted all of the financial information from the [McNeil] invoices it produced, . . . redacted its contract with McNeil . . . and has not produced all of the contract modifications to the McNeil contract." (*Id.* at ¶ 7.)

8. The flight logs Vision produced are not sufficient to complete the expert report, because they are incomplete and only cover the time period of May 2005 through July 2007. Once again, Vision has failed to produce documents from the McNeil phase, without justification. Moreover, the flight logs only identify the "destination of the trips, flight times, and individual crew members" onboard the flights. (*Id* at ¶ 9.) The flight logs only corroborate what Vision paid its employees and do not reflect what Vision billed or collected from the contractors above it for the salaries and hazardous duty pay for the Air Bridge Program

311924                                                    3

employees. (*Id.*)

9. Furthermore, McNeil has filed objections to Plaintiff's subpoena, which Plaintiff served in order to obtain the documents from McNeil that Vision previously agreed to produce to Plaintiff. McNeil intends to seek a hearing on a not yet filed Motion to Quash on May 7, 2010, which is after Plaintiff's expert disclosures are due.

10. Accordingly, Plaintiff's expert will not be able to complete his expert report until he obtains addition documents as sought in Plaintiff's Renewed Motion to Compel [D.E. 93]. Plaintiff respectfully requests an extension of thirty days to make his expert disclosures, which Plaintiff hopes will be enough time to allow this Court to rule on its Renewed Motion to Compel and order Vision to produce those documents that it previously agreed to produce. However, depending on when these documents are ultimately produced by Vision, Plaintiff's expert may require more time to complete his report, and Plaintiff may have to come back before this Court to seek additional time based on Vision's strategy of delay.

11. Plaintiff contacted counsel for Vision this morning and asked for his position on this motion. Counsel for Vision represented that he needed to speak to his client about the matter and that he would call counsel for Plaintiff back in two hours. Counsel for Vision never returned counsel for Plaintiff's call. Plaintiff called counsel for Vision on his cellular telephone twice and left messages at his office on three separate occasions this afternoon but never heard back from Vision's counsel. Vision did not oppose Plaintiff's first Motion for Extension of Time. Plaintiff has elected to file without waiting for counsel for Vision's position because the Court will be out of circuit next week and Plaintiff hopes the Court will rule on the instant motion before it leaves, so that Plaintiff and the Class do not incur additional expense for the preparation of an expert report that will by necessity require supplementation when Vision finally produces the documents it originally agreed to produce by January 7, 2010.

311924

4

**WHEREFORE**, Plaintiff requests an extension of time to make its Rule 26(a)(2) disclosures on or before Monday, May 31, 2010.

Respectfully submitted,

KOZYAK TROPIN & THROCKMORTON, P.A.
Counsel for the Plaintiff
2525 Ponce de Leon, 9th Floor
Coral Gables, Florida 33134
Telephone: (305) 372-1800
Fax: (305) 372-3508

Ross C. Goodman
GOODMAN LAW GROUP
520 South Fourth Street
Las Vegas, Nevada 89101
(702) 383-5088
(702) 385-5088 (Facsimile)

By: /s/ David M. Buckner
David M. Buckner
Florida Bar No. 60550
Brett E. von Borke
Florida Bar. No. 0044802

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true copy of the foregoing has been served via the Court's CM/ECF system on April 15, 2010 on Harold P. Gewerter, Esq., 2705 Airport Drive, North Las Vegas, Nevada 89032.

311924

5