HAROLD P. GEWERTER, ESQ.  E filed:  April 19, 2010
Nevada Bar No. 499
HAROLD P. GEWERTER, ESQ. LTD.
2705 Airport Drive
North Las Vegas, Nevada 89032
Telephone: (702) 382-1714
Fax:  (702) 382-1759
Email: harold@gewerterlaw.com
Attorney for Defendant
VISION AIRLINES, INC.

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

*****

| | |
|---|---|
| GERALD HESTER, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>VISION AIRLINES, INC.,<br><br>Defendant. | CASE NO: 2:09-CV-00117-RLH-RJJ<br><br><br>**DEFENDANT VISION AIRLINES, INC.'S OPPOSITION TO PLAINTIFF GERALD HESTER'S EXPEDITED SECOND MOTION FOR EXTENSION OF TIME** |

VISION AIRLINES, INC., by and through its attorney of record, HAROLD P. GEWERTER, ESQ. respectfully submits this Opposition to Plaintiff Gerald Hester's Expedited Second Motion for Extension of Time.

/ / /

/ / /

/ / /

/ / /

/ / /

1

This Opposition shall consist of this Preamble, the following Points and Authorities and the complete files and records of this action.

DATED this 19th day of April, 2010.

                HAROLD P. GEWERTER, ESQ., LTD.

                */s/   Harold P. Gewerter, Esq.*
                HAROLD P. GEWERTER, ESQ.
                Nevada Bar No. 499
                2705 Airport Drive
                North Las Vegas, Nevada 89032
                Attorney for Defendant
                VISION AIRLINES, INC.

## POINTS AND AUTHORITIES

### I.

### PROCEDURAL BACKGROUND

This case was filed on January 20, 2009.  Defendant VISION AIRLINES, INC. (hereinafter "VISION")  filed a Motion to Dismiss on March 2, 2009 to which Plaintiff GERALD HESTER (hereinafter "HESTER") filed a response in Opposition on March 19, 2009. The Court denied the Motion to Dismiss on procedural grounds on June 22, 2009 stating "These are all factual contentions more properly presented in a motion for summary judgment…..The Court cannot, at this state in the proceedings, make a determination of whether Plaintiff has a good case, it can only determine whether he has alleged one."  Defendant VISION answered the Complaint on July 2, 2009 and also filed a Counterclaim therewith.

### II.

### FACTUAL BACKGROUND

Defendant VISION has, since 2005, provided airline services to a contractor or subcontractor of a federal government entity.  Plaintiff HESTER is a former VISION pilot who claims that Defendant VISION failed to give him specific sums of "hazard pay" allegedly required for flights into and out of Baghdad, Iraq and Kabul, Afghanistan.  Plaintiff HESTER'S services ended with Defendant VISION because of federal age restrictions on pilots, and further, Defendant HESTER fell asleep while on duty.

2

Plaintiff HESTER does not allege that Defendant VISION breached any contract with him, or seek to recover as a third-party beneficiary of a contract between others. Nor does Plaintiff HESTER suggest that Defendant VISION violated any state or federal wage-and-hour laws. Instead, Plaintiff HESTER contends that Defendant VISION was required to provide specifically-defined and separately-identified hazard pay simply because the United States Government allegedly intended its prime contractors to require downstream subcontractors to make such payments. But no subcontract to which Defendant VISION is or was a party ever required Defendant VISION to make any specific amount of hazard-duty-related payments. Nor did Defendant VISION'S at-will compensation agreement with Plaintiff HESTER require any such amounts be separately paid.

Because no law or contract creates such an obligation, Plaintiff HESTER fashions a handful of unjust enrichment-type claims, which he then wraps in the imagery of war and patriotic duty. Many of Plaintiff HESTER'S allegations are fundamentally wrong. But even assuming that all were true, Plaintiff HESTER'S rights and Defendant VISION'S obligations were defined by contract. And where, as here, there are valid and enforceable contracts, Plaintiff HESTER'S equitable claims are unavailable as a matter of law.

Plaintiff HESTER contends that he (and other VISION crew members) should have received "hazard pay" for all flights originating or terminating in Baghdad or Kabul, <u>id.</u> at ¶¶ 6, 57, presumably <u>in addition to</u> the defined compensation package to which he had agreed. Plaintiff HESTER grounds his "right" to receive "hazard pay" in the purported language of certain contracts – contracts to which he was not a party and, in some cases, to which Defendant VISION was not a party.

### III.

### ARGUMENT

**A.  Plaintiff HESTER has all the documents required to Prepare a report.**

Defendant VISION has produced to Plaintiff HESTER all the documents necessary to prepare an accountants report relating to the Complaint in this matter. Defendant VISION has produced records showing all payments for salary and pay by upstream contractors relating to the

3

programs which are the subject of this Complaint in addition to the employee payroll records for all potential class members. The math is simple: How much came in for compensation? and How much went out for compensation?

The lead Plaintiff in this matter, GERALD HESTER, admitted as much in his deposition. (See Deposition Transcript attached hereto as Exhibit "1").

Q. When you were first hired, what was your promise for pay? (Transcript Page 45)
MR. BUCKNER: Object to the form.
Q. Go ahead and answer, please.
A. $100 an hour.
Q. So if I take a hundred dollars per hour, and multiply the number of hours here, I should then determine how much time and money you earned while at Vision Airlines?
A. Yes.
Q. Thank you.
Have you actually done that?
A. No.
…

Q. As we sit there today, though, you have no evidence or facts that your direct deposits somehow were different than what you agreed to work for at Vision Airlines. Correct? (Transcript Page 47)
MR. BUCKNER: Object to the form.
THE WITNESS: The pay that was offered is, I believe the pay that I received. Occasionally there were errors, and I submitted the corrections as requested.
…

Q. Is that what this grid says to you? (Transcript Page 86)
A. It – it established that there was a base pay.
Q. Plus you received an hourly pay, depending on which aircraft you flew. Correct?
A. Correct.
Q. And that could be anywhere from $56 and hour to a hundred dollars an hour. Correct?
…

Q. Which one were you? (Transcript Page 86)
A. First officer.
Q. So that's $70 per hour. Correct?
A. Correct.
Q. So now you're making – up until this time period, you made $100 per hour. Correct?
A. Correct.
Q. Then one day you go from a hundred dollars per hour to a guaranteed 40,000 per year plus $70 per hour?

4

```
MR. BUCKNER: Objection. Seeks a legal conclusion.
Q.   Is that the answer?
A.   Correct.
…

Q.   Effective November 1, 2007, did you receive all compensation as set forth in this two-page document signed by you? (Transcript Page 90)
A.   Yes.
…

Q.   Did you receive all money as set forth in this grid, on page 2? (Transcript Page 90)
MR. BUCKNER:   Object to form.
THE WITNESS:   I believe I was paid in accordance with that grid.
Q.   Did you receive a base salary in accordance with this grid on page 2?
A.   Yes.
Q.   Did you receive an hourly salary in accordance with this grid on page 2 of this document marked Exhibit 44?
A.   Yes.
Q.   Do you have any knowledge whatsoever that you did not receive every penny of the base salary as set forth in this grid?
A.   No.
Q.   Do you have any knowledge whatsoever that you did not receive any money whatsoever for the hourly component of this grid on page 2 of Exhibit 44?
A.   No.
```

The fact that Plaintiff HESTER wishes to continue his boundless fishing expedition seeking the same information from multiple sources and in multiple formats is irrelevant to the ability to prepare a relevant simple report in this matter.

///
///
///
///
///
///
///
///
///

## IV.

## **CONCLUSION**

For the foregoing reasons, Defendant VISION respectfully requests this Court to Deny in its entirety Plaintiff HESTER'S Expedited Second Motion for Extension of Time.

DATED this 19th day of April, 2010.

                                            HAROLD P. GEWERTER, ESQ., LTD.

                                            */s/   Harold P. Gewerter, Esq.*
                                            HAROLD P. GEWERTER, ESQ.
                                            Nevada Bar No. 499
                                            2705 Airport Drive
                                            North Las Vegas, NV 89032
                                            Attorney for Defendant