Ross C. Goodman, Esq., Nevada State Bar No. 7722
GOODMAN LAW GROUP
520 South Fourth Street
Las Vegas, Nevada 89101
(702) 383-5088
(702) 385-5088 (Facsimile)

David M. Buckner, Esq., Florida State Bar No. 60550
Brett von Borke, Esq., Florida State Bar No. 44802
KOZYAK TROPIN & THROCKMORTON, PA
2525 Ponce de Leon, 9th Floor
Miami, Florida 33134
(305) 372-1800
(305) 372-3508 (Facsimile)

**ATTORNEYS FOR CLASS**

**HAROLD P. GEWERTER, ESQ.**
Nevada Bar No. 499
2705 Airport Drive
North Las Vegas, Nevada 89032
Phone: (702) 382-1714
Fax: (702) 382-1759
Email: harold@gewerterlaw.com
Attorney for Defendant

**ATTORNEY FOR DEFENDANT**

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| GERALD HESTER, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>VISION AIRLINES, INC.,<br><br>Defendant. | Case No.: 2:09-CV-00117-RLH-RJJ |

**JOINT INTERIM DISCOVERY STATUS REPORT**

Pursuant to this Court's Scheduling Order [D.E. 103], the Class and Defendant Vision Airlines, Inc. ("Vision" or "Defendant"), submit this Joint Interim Discovery

312296                                                                                                      1

Status Report and state as follows:

**A.   IDENTIFICATION OF COMPLETED DISCOVERY**

1.   Class's Position

No discovery has been completed.

2.   Defendant's Position

All documents relevant and necessary to the Class's requests for production have been produced.

**B.   OUTSTANDING DISCOVERY**

1.   Class's Position

Despite forcing the Class to take five 30(b)(6) depositions, Vision has failed to adequately prepare its corporate representatives to be able to cover the topics identified in the Class's 30(b)(6) Notice. For example, none of the five individuals Vision produced could testify about what efforts Vision undertook to search for and gather responsive documents in this litigation and the laws, rules, and regulations that governed Vision's document retention as a government subcontractor even though these topics were clearly noticed in the Class's 30(b)(6) Notice to Vision. [*See* D.E. 106.] Also, even though Vision's 30(b)(6) representatives claimed they could testify knowledgably on Vision's counterclaims against Gerald Hester ("Hester" or "Plaintiff"), none of them could offer any evidence to substantiate any of the allegations in their counterclaims. Moreover, counsel for Vision has taken the position during these depositions that he is not required to educate his 30(b)(6) witnesses and that the Class can depose each and every individual at Vision if necessary to cover the topics identified in the Class's 30(b)(6) Notice. Pursuant to Rule 30(b)(6), however, Vision is required to have its representatives "testify about information known or reasonably available to the organization." Accordingly, the Class needs to complete its 30(b)(6) deposition of Vision's corporate representative.

312296

2

Vision has refused to produce the documents it agreed to produce in response to the Narrowed Requests contained in the parties' letter agreement dated November 20, 2009. [*See* D.E. 93, 106.] Vision agreed to produce all documents responsive to the Class's Narrowed Requests on or before January 7, 2010. Vision, however, failed to honor that agreement. In response to Vision's failure to produce the documents it agreed to produce, the Class filed its Renewed Motion to Compel [D.E. 93] on January 20, 2010, its Reply in Support of the Renewed Motion to Compel [D.E. 99] on February 18, 2010, and the Supplement in Support of the Class's Renewed Motion to Compel [D.E. 106] on March 31, 2010. The Class in those motions argue that Vision failed to conduct a search for documents responsive to the Narrowed Requests, Vision unilaterally redacted the few documents it produced, and Vision failed to produce all documents responsive to the Narrowed Requests.

Vision has also refused to produce documents in their original and non-redacted format to the Class, despite previously agreeing to do so. Plaintiff has described Vision's conduct in redacting its documents in the following motions: (1) Class's Renewed Motion to Compel [D.E. 93]; (2) Class's Reply in Support of Renewed Motion to Compel [D.E. 99]; (3) Supplement in Support of the Class's Renewed Motion to Compel [D.E. 106]; (4) Class's Second Motion to Extend Time [D.E. 110]; and (5) Class's Reply in Support of Second Motion to Extend Time [D.E. 116].

For example, an examination of the invoice below reveals how Vision has redacted highly relevant and pertinent information.

| Vision Airlines Phase III Air Bridge Enter Data in Yellow Blocks | | | | |
|---|---|---|---|---|
| Month of | January, 2007 | February, 2007 | March, 2007 | |
| Program Billing | Vision Total | Vision Total | Vision Total | Total |
| Aircraft (2) Lease/Debt Service | $ | $ | $ | $ |
| Insurance - Hull and Liability Standard | $ | $ | $ | $ |
| Flight Deck Crew | $ | $ 384.62 | $ | $ |
| Flight Deck Crew Benefits | $ | $ 88.46 | $ | $ |
| Hazardous Duty Bonus | $ | $ 120.19 | $ | $ |
| Crew Training | $ | $ | $ | $ |
| Cabin Crew | $ | $ 207.69 | $ | $ |
| Cabin Crew Benefits | $ | $ 47.77 | $ | $ |
| Hazardous Duty Bonus | $ | $ 80.13 | $ | $ |
| General & Administration - Vision | $ | $ | $ | $ |
| G & A Vision Discount | $ | $ | $ | $ |
| Total Fixed Cost Per Hour | $ | $ | $ | $ |
| Total Weekly Fixed Cost | $ | $ | $ | $ |

Furthermore, the Class has also demanded that Vision produce all documents and data on which it intends to rely on in this case. To the extent Vision fails to produce that information but later attempts to use it at trial, the Class will seek to have it excluded based on this discovery violation.

In addition, the Class's expert cannot complete his expert report until Vision produces all of the documents it agreed to produce to Plaintiff in their non-redacted format. [*See* D.E. 106, Ex. 1.] For example, the Class's expert requires Vision's bid documents in their non-redacted format for the McNeil phase of the Air Bridge Contract. [*Id.*] Vision, however, has produced only one document related to its bid with McNeil, and as evidenced below, has redacted nearly all of the financial information and the dates from that document. [*Id.*]



Further, the Class's expert also requires Vision's invoices from the McNeil phase in their non-redacted format. [*Id.*] Again, however, Vision has redacted all of the financial information from the invoices it produced to the Class.



312296

    2.    <u>Defendant's Position</u>

The Class has failed to produce any meaningful discovery. Defendant's Requests for Production have gone largely unfulfilled with the Class claiming they either have no documents or every document is attorney-client privileged. Defendant's Interrogatories went largely unanswered mainly through claims by the Class that things like conversations and communications between the lead member of the class and other class members prior to the filing of this lawsuit are covered by attorney client privilege.

As part of the hearing on Plaintiff's initial Motion to Compel on October 23, 2009, this Honorable Court stated "Sounds like one of the fast ways to get their case is to just interview the person that's going to represent the class, Mr. Hester, the named class rep. That will nail a lot of this down." (Transcript page 114, Exhibit "1" attached hereto).

Pursuant to the Order of this Court, Defendant/Counterclaimant VISION did in fact attempt to take the Deposition of Lead Plaintiff GERALD HESTER on March 19, 2010. The results of such deposition were not only farcical and a circumvention of the legal system but a highly calculated obstruction of the Court's clear Order as laid forth above.

Plaintiff/Counterdefendant HESTER did nothing more than effectively "plead the fifth" and refuse to answer nearly all of Defendant/Counterclaimant VISION's counsel's relevant questions, which were based upon Plaintiff/Counterdefendant HESTER's own Complaint in this case. The lead Plaintiff in this case claims to have no knowledge of anything in the Complaint other than his name and residence and limited personal information about himself. The above constitutes a clear violation of this Honorable Court's Order regarding Plaintiff/Counterdefendant HESTER's deposition. This also

renders Defendant/Counterclaimant VISION at a decided and unfair disadvantage in their handling of this case as it has no idea where the allegations came from or what they are based upon. As the lead Plaintiff in this class action case, it is from Plaintiff/Counterdefendant HESTER from which discovery from the Plaintiff/Counterdefendant is dependent. There is no other way for Defendant/Counterclaimant VISION to defend itself. Also, it is necessary that Defendant VISION conduct discovery of the Class Members, but to date, Plaintiff HESTER has failed to provide a list of which putative members have "opted out".

**C.   PENDING MOTIONS BEFORE THE COURT**

There are currently three ripe and pending motions before the Court: (1) Plaintiff's Motion to Dismiss Defendant's Amended Counterclaims [D.E. 90]; (2) the Class's Renewed Motion to Compel [D.E. 93]; and (3) the Class's Second Motion to Extend Rule 26(a)(2) Disclosures [D.E. 110]. The Class may also move to extend the entire schedule, depending on when Vision finally produces the documents discussed above.

**D.   TRIAL DATES**

The parties anticipate filing dispositive motions. Furthermore, the parties agree that the trial will take two weeks and proposes the following three trial dates: September 20, 2010; September 27, 2010; and October 4, 2010.

Respectfully submitted,

/s/ Harold P. Gewerter
HAROLD P. GEWERTER, ESQ.
Nevada Bar No. 499
2705 Airport Drive
North Las Vegas, Nevada 89032
Phone: (702) 382-1714
Fax: (702) 382-1759
Email: harold@gewerterlaw.com

**ATTORNEY FOR DEFENDANT**

/s/ David M. Buckner
David M. Buckner, Esq.,
Florida Bar No. 60550
Brett E. von Borke, Esq.,
Florida Bar No. 44802
KOZYAK TROPIN & THROCKMORTON, PA
2525 Ponce de Leon, 9th Floor
Miami, Florida 33134
(305) 372-1800
(305) 372-3508 (Facsimile)

Ross C. Goodman, Esq.,
Nevada Bar No. 7722
GOODMAN LAW GROUP
520 South Fourth Street, 2nd Floor
Las Vegas, Nevada 89101
(702) 383-5088
(702) 385-5088 (Facsimile)

**ATTORNEYS FOR CLASS**

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true copy of the foregoing has been served via the Court's CM/ECF system on April 29, 2010 on Harold P. Gewerter, Esq., 2705 Airport Drive, North Las Vegas, Nevada 89032.

By: /s/ David M. Buckner

312296

8