UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GERALD HESTER, on behalf of himself and all others similarly situated,<br><br>            Plaintiff,<br><br>vs.<br><br>VISION AIRLINES, INC.,<br><br>            Defendant. | Case No.: 2:09-cv-00117-RLH-RJJ<br><br>**O R D E R**<br><br>(Motion to Dismiss–#90) |

Before the Court is Plaintiff Gerald Hester's **Motion to Dismiss Amended Counterclaims** (#90), filed January 11, 2010. The Court has also considered Defendant Vison Airlines' Opposition (#95), filed January 28, 2010, and Hester's Reply (#97), filed February 8, 2010.

### BACKGROUND

This is a class action lawsuit in which Plaintiff Gerald Hester alleges Defendant Visions Airlines failed to make required hazard payments to its employees who flew to Baghdad, Iraq and Kabul, Afghanistan from 2005 to the present. For a detailed account of the facts of this case, the Court refers the reader to its December 16, 2009 Order (#86), in which it granted Hester's Motion for Class Certification.

In that Order, the Court also dismissed Vision Airlines' counterclaims against Hester for breach of Employment Agreement, breach of Non-Competition and Non-Disclosure Agreement, breach of the covenant of good faith and fair dealing, and declaratory relief. The Court dismissed these claims because Vision Airlines failed to adequately state a claim for relief under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Shortly after dismissal, Vision Airlines filed an amended counterclaim in which it alleges claims against Hester for breach of confidentiality and breach of non-disclosure agreements; injunctive relief; and declaratory relief. Hester now moves to dismiss these counterclaims under Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons discussed below, the Court denies Hester's motion.

**DISCUSSION**

**I.   Legal Standard**

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." While a pleading generally need not contain detailed allegations, it must allege sufficient facts "to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A complaint does not allege sufficient facts to raise a right to relief above the speculative level if it contains nothing more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Instead, in order to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (internal citation omitted).

In *Ashcroft v. Iqbal*, the Supreme Court provided a two-step approach for district courts to apply when considering motions to dismiss. First, the court must accept as true all factual allegations in the complaint. *Id.* at 1950. A court does not, however, assume the truth of legal conclusions merely because the plaintiff casts them in the form of factual allegations. *Id.* at

2

1950; *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). Mere recitals of the elements of a cause of action, supported only by conclusory statements, also do not suffice. *Iqbal*, 129 S. Ct. at 1949. Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id*. at 1950. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct." *Id.* at 1949. Thus, where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id*. (internal quotation marks omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, plaintiff's complaint must be dismissed. *Twombly*, 550 U.S. at 570.

## II. Vision Airlines' Amended Counterclaims

### A. Breach of Confidentiality and Non-Disclosure Agreements

The Court dismissed Vision Airlines' original counterclaims for breach of Employment Agreement and breach of Employee Non-Competition and Non-Disclosure Agreement because Vision Airlines failed to adequately allege (1) what contractual provisions Hester violated; (2) how Hester violated these contracts; and (3) how it has suffered damages as a result of Hester's alleged disclosures.

In its new counterclaim, Vision Airlines alleges Hester violated two important contracts, his Employee Non-Disclosure and Non-Competition Agreement and his Classified Information Non-Disclosure Agreement with the United States government (of which Vision claims it is a third-party beneficiary). Vision Airlines also provides facts not included in its original counterclaim regarding the information Hester allegedly disclosed in violation of these agreements. In its amended counterclaim, Vision Airlines alleges Hester disclosed confidential information to third parties regarding the procedures Vision uses to fly in and out of Baghdad and Kabul, what types of individuals Vision transports to and from these cities, and what happened when a departure in Kabul did not go as planned.

3

The Court finds Vision Airlines has stated a valid counterclaim for breach of confidentiality and non-disclosure agreements because the additional facts it alleges regarding Hester's disclosures nudge its counterclaim across "the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. Taking Vision's assertions as true, the Court now has an idea regarding how Hester allegedly violated his confidentiality agreements. Furthermore, the Court now understands the basis for Vision's claim for contract damages such that the claim is no longer speculative. Finally, although Vision did not point to the exact contractual provisions Hester allegedly violated (as the Court instructed it to do), it did attach the agreements to its amended counterclaim. The Court therefore finds that Hester has sufficient notice regarding the basis of Vision's counterclaim against him and that Vision has stated a claim upon which relief can be granted.

In denying Hester's motion to dismiss, the Court disagrees with Hester's assertion that his alleged disclosures are not confidential under the employment agreements or that Vision cannot bring a claim as a third-party beneficiary under Hester's Classified Information Non-Disclosure Agreement with the federal government. Both of these issues are factual in nature, and, for the purposes of a motion to dismiss, the Court considers as true all factual assertions in the complaint and construes them in the light most favorable to the claimant. *See, e.g., Iqbal*, 129 S. Ct. at 1950. Under this standard, Vision Airlines' counterclaim is sufficient. If discovery reveals that the disclosures at issue are not confidential under the contracts or that Vision is not a third-party beneficiary, Hester can ask this Court to grant summary judgment in his favor.

**B.    Injunctive Relief and Declaratory Relief**

Hester also asks the Court to dismiss Vision Airlines' counterclaims for injunctive relief and declaratory relief on the basis that these claims cannot be sustained in the absence of a valid claim for breach of contract. This argument fails because Vision has stated a viable claim for breach of contract. If Vision prevails on this counterclaim, it may very well be entitled to

/

AO 72
(Rev. 8/82)

injunctive or declaratory relief. Accordingly, the Court denies Hester's motion to dismiss these counterclaims.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS FURTHER ORDERED that Plaintiff Gerald Hester's Motion to Dismiss Amended Counterclaims (#90) is DENIED.

Dated: April 30, 2010.

_____
ROGER L. HUNT
Chief United States District Judge