Exhibit "1"

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
LAS VEGAS DIVISION

| | | |
|---|---|---|
| GERALD HESTER, | ) | CASE NO: 2:09-CV-117-RLH-RJJ |
| | ) | |
| Plaintiff, | ) | CIVIL |
| | ) | |
| vs. | ) | Las Vegas, Nevada |
| | ) | |
| VISION AIRLINES, INC., | ) | Friday, October 23, 2009 |
| | ) | |
| Defendant. | ) | (10:42 a.m. to 1:09 p.m.) |

HEARING RE MOTION TO COMPEL [49];
MOTION TO EXTEND TIME REGARDING DISCOVERY [50];
COUNTER MOTION TO COMPEL [59];
AND EMERGENCY MOTION TO EXTEND TIME REGARDING DISCOVERY [61]

BEFORE THE HONORABLE ROBERT J. JOHNSTON,
UNITED STATES MAGISTRATE COURT JUDGE

Appearances:            See next page

Court Reporter:         Recorded; FTR

Courtroom Administrator: J. Ries

Transcribed by:         Exceptional Reporting Services, Inc.
                        14493 S. Padre Island Drive
                        Suite A-400
                        Corpus Christi, TX 78418-5940
                        361 949-2988

Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

2

APPEARANCES FOR:

Plaintiff:            ROSS C. GOODMAN, ESQ.
                      Goodman Law Group
                      520 S. Fourth Street, 2nd Floor
                      Las Vegas, NV 89101

                      DAVID M. BUCKNER, ESQ.
                      BRETT VON BORKE, ESQ.
                      Kozyak Tropin & Throckmorton
                      2525 Ponce de Leon Blvd.
                      Coral Gables, FL 33134

Defendant:            HAROLD P. GEWERTER, ESQ.
                      Harold P. Gewerter, Chtd.
                      2705 Airport Drive
                      North Las Vegas, NV 89032

3

1    <u>Las Vegas, Nevada; Friday, October 23, 2009; 10:42 a.m.</u>

2                          (Call to Order)

3          THE COURT: Please be seated.

4          THE CLERK: *Gerald Hester versus Vision Airlines,*

5    *Inc.,* 2:09-cv-00117-RLH-RJJ.  This matter comes before the

6    Court on Plaintiff's motions, Docket 49, 50, and 61, and

7    Defendant's motion, Docket 59.

8          THE COURT: Counsel, please enter your appearances

9    for the record.

10         MR. VON BORKE: May it please the Court, your Honor;

11   Brett Von Borke from Kozyak Tropin and Throckmorton.

12         THE COURT: Thank you.

13         MR. BUCKNER: Your Honor, David Buckner from Kozyak

14   Tropin and Throckmorton for plaintiff.

15         MR. GOODMAN: Ross Goodman on behalf of the

16   plaintiff, your Honor.

17         THE COURT: Thank you.

18         MR. GEWERTER: Good morning, your Honor.  Harold

19   Gewerter on behalf of the defendant, Vision Airlines.

20         THE COURT: Thank you.

21         I've put this on for a hearing in regard to some

22   discovery issues that are still pending, I guess.

23         Are the parties still at issue on everything?

24         MR. VON BORKE: Yes, your Honor.

25         THE COURT: Okay.

121

1  compensation records.  We, as we have established here today,
2  have very few of those.  And it's easier for Vision to derive
3  this information from the documents that it has in its
4  possession than for us to derive them from the documents we
5  have in ours.
6          So for all of those reasons, both its prematurity and
7  the fact that it's easier for Vision to derive this information
8  than it is for us, and probably we don't have a lot of this
9  because we don't have those records, that's why we structured
10 the answer the way we did.  We're happy to make another attempt
11 down the road when we have a full production.  But again,
12 Vision is still going to be in a better position because they
13 have all the records.
14         MR. GEWERTER: Your Honor, if my client is in a
15 better position, then there is no case.  My client says he got
16 paid everything.  Is that then an admission that he got paid
17 everything if my client's records are correct?  Obviously
18 they're saying my client's records are not correct.
19         THE COURT: This is a question that would be much
20 more easily handled in a deposition.
21         MR. GEWERTER: I'm sorry, your Honor.
22         THE COURT: I mean, you can see how you would have
23 him sitting there in front of you.  And you say you know, when
24 you started was there a contract?  How did you know what you
25 were going to make?

EXCEPTIONAL REPORTING SERVICES, INC

1      MR. GEWERTER: If I ask for a contract I'll get an
2 objection that's a legal conclusion. But I will go down that
3 path though, your Honor.
4      THE COURT: Well, was there some basis for him to be
5 paid and what was the basis? I mean, he must have had some
6 expectation. He didn't just one day walk on the flight line
7 and start flying to Afghanistan for these people.
8      MR. GEWERTER: No, he was paid and he's cashed the
9 checks. He was very happy until he was terminated because of
10 his age restrictions. But that, your Honor, I'll withdraw it.
11      THE COURT: Okay. Any others?
12      MR. GEWERTER: No, those were the ones that I had
13 outlined in my Motion to Compel, your Honor.
14      THE COURT: Okay. That will resolve Number 59 then.
15 It would appear that 59 is denied as moot at this time.
16      MR. GEWERTER: Thank you, your Honor.
17      MR. BUCKNER: Let me do this --
18      THE COURT: Yes.
19      MR. BUCKNER: -- so as not to belabor the point. We
20 have actually missed our flight anyway so --
21      THE COURT: That's okay. You've already run over --
22      MR. BUCKNER: I know.
23      THE COURT: -- at least one hearing today.
24      MR. BUCKNER: I apologize.
25      THE COURT: So those attorneys will make it up

## CERTIFICATION

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

_____                    October 28, 2009
             Signed                                         Dated

*TONI HUDSON, TRANSCRIBER*