Ross C. Goodman, Esq., Nevada State Bar No. 7722
GOODMAN LAW GROUP
520 South Fourth Street
Las Vegas, Nevada 89101
(702) 383-5088
(702) 385-5088 (Facsimile)

David M. Buckner, Esq., Florida State Bar No. 60550
Brett von Borke, Esq., Florida State Bar No. 44802
KOZYAK TROPIN & THROCKMORTON, PA
2525 Ponce de Leon, 9th Floor
Miami, Florida 33134
(305) 372-1800
(305) 372-3508 (Facsimile)

ATTORNEYS FOR THE CLASS

HAROLD P. GEWERTER, Esq.
Nevada Bar No. 499
2705 Airport Drive
North Las Vegas, Nevada 89032
Phone: (702) 382-1714
Fax: (702) 382-1759
Email: harold@gewerterlaw.com
Attorney for Defendant

ATTORNEY FOR DEFENDANT

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| GERALD HESTER, on behalf of himself and all others similarly situated,<br><br>                     Plaintiff,<br>v.<br><br>VISION AIRLINES, INC.,<br><br>                     Defendant. | Case No.: 2:09-CV-00117-RLH-RJJ |

**STIPULATION AND AGREEMENT PERTAINING TO DOCUMENTS AND WITNESS TESTIMONY**

      The parties hereto, through their respective counsel of record, hereby stipulate to the following regarding certain documents and testimony in this matter:

      1.     Vision Airlines, Inc. ("Vision"), agrees that it will not call at trial any of the

313838

following individuals identified in Vision's Initial Disclosures: (1) Matthew Wise; (2) Debbie Winterfeld, (3) Robin Matayas, or (4) any representative from McNeil Technologies, Inc., including but not limited to William Vigil. Because Vision will not call these individuals at trial, the Class will not depose these individuals.

   2.  Vision, while preserving all other objections, stipulates that the following documents fall within the business records exception to the hearsay rule under the Federal Rules of Evidence: (1) Vision's payroll records for Phases I-IV of the Air Bridge Program (HEST 0037805-0041392); (2) Vision's Air Bridge Program flight logs (HEST 0037894-0041153); (3) Vision's Air Bridge Program invoices for Phases I-IV (Supp 214-413); (4) Vision's Air Bridge Program contract with Capital Aviation; (CAI 27860-27871; HEST 0037809-0037820); (5) Vision's Air Bridge Program contract with McNeil Technologies (HEST 0041230-0041250); (6) Vision's Employee Handbook (CD-Bate Stamped HEST 0033542-0034653); (7) Vision's October 15, 2007, Revised Pay Structure Memorandum for Air Bridge Program Pilots (HEST 0165-0166); (8) the following e-mail communications among Vision, Capital Aviation, and CSC employees: VISION 013324-013326; VISION 007156-007159; VISION 007225-007228; Carson/Vigil/Daggett E-mail Correspondence dated May 14, 2007; CAI 30321-30323; CAI 12655-56; CAI 25308-10; and CAI 27884-90; (9) Vision's Price Basis to McNeil for the Air Bridge Program contract (SUPP 001); (10) Vision's OKAB and ORBI Pay Scales dated November 10, 2005 (Not Bates Stamped in Vision's Initial Production); (11) Vision's October 15, 2007, Revised Pay Structure Memorandum for Air Bridge Program Flight Attendants (HEST 0163-0164); (12) Frank Reno's April 21, 2006 letter to Vision (HEST 0038626); (13) Modification 11 to Vision's Air Bridge Program contract with Capital Aviation (HEST 0038786-0038800); (14) D.C. Jensen's September 3, 2005, letters to Vision employees re: pay compensation for trips to Iraq (HEST 0039313 and HEST 032134); (15) James Hurley's August

28, 2006 letter to Vision re: hazard pay (HEST 0039311); (16) the wire transfer receipts provided by e-mail from Capital Aviation and CSC to Vision reflecting payment of Vision's Air Bridge Program invoices; (17) Vision's court filings in the Fairfax County litigation against CSC and Capital Aviation, including but not limited to Vision's Bill of Particulars; and (18) ACFC – Fixed Cost Fee Memorandum dated June 19, 2006 (VISION 008255-008256). Because Vision has stipulated that these documents fall within the business records exception to the hearsay rule under the Federal Rules of Evidence, the Class stipulates that it will not depose Vision's records custodian.

    3.    Vision, while preserving all other objections, stipulates that the following documents are Capital Aviation's business records and that these documents fall within the business records exception to the hearsay rule under the Federal Rules of Evidence (1) Capital Aviation's Invoices to CSC for Phases I-III of the Air Bridge Program; (2) CSC's Wire Transfer Receipts Reflecting Payment of Capital Aviation's Air Bridge Program Invoices (CAI 27681-82; CAI 27510-27511; CAI 27416-27417; CAI 24078-24079; CAI 005978; CAI 27042-27045; CAI 27004-27006; CAI 26826-27829; CAI 16011-16013; CAI 26550-26553; CAI 26417-26420; CAI 26404-26407; CAI 26366-26368; CAI 006154-006156; CAI 26360-26362; CAI 15993-15995; CAI 005971-005973; CAI 26120-26122; CAI 25837-25850; CAI 25826-25829; CAI 15997-15600; CAI 005968-005970; CAI 15475-15477; CAI 25779-25808; and CAI 25705-25706); (3) Vision's e-mails attaching Phase I-III Air Bridge Program Invoices to Capital Aviation and CSC; (4) Communications relating to other direct costs (CAI 24329-24330; CAI 38057-38058; CAI 26713-16716; CAI 26637; CAI 36451-36453; CAI 36448-36450; CAI 14755-14756; CAI 16453; CAI 26434-26435; CAI 005844-005845; CAI 26078-26103; CAI 26039-26040; CAI 26053-26077; CAI 26129-26131; CAI 26123-26124; CAI 30365-30366; CAI 25148-25149; CAI 16244-16245; CAI 25398-25399; CAI 30297-30298; CAI 12376-12377; CAI 30295; CAI

12369-12370; CAI 30276-30277; CAI 040615-040617; CAI 29815-29816; CAI 12665-12666; CAI 38448-38458; CAI 25237-25238; CAI 28361-28362; and CAI 27910-27911); (5) Communications related to Air Bridge Program reconciliation issues (CAI 27676-27678; CAI 27309-27310; CAI 27295-27299; CAI 12663-12664; CAI 36686; CAI 27008-27010; CAI 26973-26974; CAI 26933-26935; CAI 26888-26891; CAI 26860-26861; CAI 26741; CAI 26722; CAI 33228-33230; CAI 12283-12285; CAI 30285-30289; CAI 29173-29174; CAI 28363-28365; and CAI 25270-25272); (6) Communications regarding flight conditions (CAI 38011; CAI 37708-37709; CAI 38287-38288; CAI 38097-38098; CAI 38274-38275; CAI 38273; CAI 14752-14754; CAI 14951-14953; CAI 15106-15107; and CAI 38472-38474); (7) Communications relating to Air Bridge Program Costs (CAI 26196-26197; CAI 15521-15523; CAI 12826-12827; and CAI 14840-14848); (8) Capital Aviation's wire transfer receipts reflecting payment of Vision's Air Bridge Program Invoices; (9) Communications regarding Phase III Air Bridge Program proposal (CAI 27884-27891; and CAI 26989-26993;) (10) Subcontractor Close Out Certificates (CAI 12668-12679; CAI 25530-25537); (11) Modifications to Capital Aviation – Vision Air Bridge Program Subcontract (CAI 12667; CAI 30986-31001; and CAI 30946-30961); (12) Capital Aviation – CSC Subcontract Modifications (CAI 26682-26688; CAI 24454-24373; CAI 24270-24275; CAI 38916-38918; CAI 26689-26700; CAI24073-24075; CAI 24007-24008; CAI 27016-27018; CAI 26999-27000; CAI 005981-006009; and CAI 006010-006011); (13) Communications regarding payment issues (CAI 26845-26846; CAI 16248; CAI 36527; CAI 33231-33232; CAI 30281-30284; CAI 29171-29172; and 25308-25310); (14) Avionics upgrade payments (CAI 36572-36582; CAI 15535-15547; CAI 040568; CAI 15666-15668; CAI 23920-23923; and CAI 15669-15670); (15) Security Clearances (CAI 16020-16024); (16) Capital Aviation – Vision Contract (CAI 27860-27871); and (17) The following e-mail communications (Vision 007156-007159; Vision 007225-007228; CAI 040568;

CAI 30321-30323; CAI 27884-27890; and Vision 013324-013326). Because Vision has stipulated that these documents are Capital Aviation's business records and that they fall under the hearsay exception under the Federal Rules of Evidence, the Class stipulates that it will not depose Capital Aviation's records custodian.

4. The Class stipulates that Shelly Liebenberg gathered Vision's flight records and that those flight records fall within the business records exception to the hearsay rule under the Federal Rules of Evidence. Because the Class has so stipulated, Vision will not call Shelly Liebenberg as a witness at trial.

5. The Class stipulates that the person most knowledgeable for Human Resources at Vision (as identified in Vision's Supplement to its Initial Disclosures) gathered Vision's payroll records, and that those payroll records fall within the business records exception to the hearsay rule under the Federal Rules of Evidence. Because the Class has so stipulated, Vision will not call the person most knowledgeable for Human Resources at Vision as a witness at trial.

Respectfully submitted,

/s/ Harold Gewerter
HAROLD P. GEWERTER, ESQ.
Nevada Bar No. 499
2705 Airport Drive
North Las Vegas, Nevada 89032
Phone: (702) 382-1714
Fax: (702) 382-1759
Email: harold@gewerterlaw.com
**ATTORNEY FOR DEFENDANT**

/s/ David M. Buckner
David M. Buckner, Esq.,
Florida Bar No. 60550
Brett E. von Borke, Esq.,
Florida Bar No. 44802
KOZYAK TROPIN & THROCKMORTON, PA
2525 Ponce de Leon, 9th Floor
Miami, Florida 33134
(305) 372-1800
(305) 372-3508 (Facsimile)

**Ross C. Goodman, Esq.,
Nevada State Bar No. 7722
GOODMAN LAW GROUP**
520 South Fourth Street
Las Vegas, Nevada 89101
(702) 383-5088
(702) 385-5088 (Facsimile)

**ATTORNEYS FOR THE CLASS**

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the foregoing has been served via the Court's CM/ECF system on June 14, 2010 on Harold P. Gewerter, Esq., 2705 Airport Drive, North Las Vegas, Nevada 89032.

By: /s/ David M. Buckner

313838