HAROLD P. GEWERTER, ESQ.  
Nevada Bar No. 499  
HAROLD P. GEWERTER, ESQ. LTD.  
2705 Airport Drive  
North Las Vegas, Nevada 89032  
Telephone: (702) 382-1714  
Fax:  (702) 382-1759  
Email: harold@gewerterlaw.com  
Attorney for Defendant  
VISION AIRLINES, INC.

E filed:   June 30, 2010

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| GERALD HESTER, on behalf of himself and all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>VISION AIRLINES, INC.,<br><br>　　　　　Defendant. | CASE NO: 2:09-CV-00117-RLH-RJJ<br><br>**DEFENDANT VISION AIRLINES, INC.'S   MOTION TO COMPEL** |

　　　VISION AIRLINES, INC., by and through its attorney of record, HAROLD P. GEWERTER, ESQ., of the law firm of HAROLD P. GEWERTER, ESQ., LTD. respectfully submits Defendant Vision Airlines, Inc.'s Motion to Compel.

　　　This Motion is made and based upon the following Points and Authorities, and all the papers and pleadings on file herein.

　　　DATED this 30th day of June, 2010.

　　　　　　　　　　　　　　　　　　　　　　　HAROLD P. GEWERTER, ESQ., LTD.

　　　　　　　　　　　　　　　　　　　　　　　　/s/   Harold P. Gewerter, Esq.  
　　　　　　　　　　　　　　　　　　　　　　　HAROLD P. GEWERTER, ESQ.  
　　　　　　　　　　　　　　　　　　　　　　　Nevada Bar No. 499  
　　　　　　　　　　　　　　　　　　　　　　　2705 Airport Drive  
　　　　　　　　　　　　　　　　　　　　　　　North Las Vegas, Nevada 89032  
　　　　　　　　　　　　　　　　　　　　　　　Attorney for Defendant

1

# I.

# FACTUAL BACKGROUND

Defendant VISION has, since 2005, provided airline services to a contractor or subcontractor of a federal government entity. Plaintiff HESTER is a former VISION pilot who claims that Defendant VISION failed to give him specific sums of "hazard pay" allegedly required for flights into and out of Baghdad, Iraq and Kabul, Afghanistan. Plaintiff HESTER'S services ended with Defendant VISION because of Federal Age Restrictions for pilots, and further, Plaintiff HESTER fell asleep while on duty.

# II.

# POINTS AND AUTHORITIES

**A.    The Discovery Standard.**

Rule 26 of the Federal Rules of Civil Procedure reads in pertinent part:

(b) DISCOVERY SCOPE AND LIMITS.

> (1) *Scope in General.* Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense — including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).
>
> (2) *Limitations on Frequency and Extent.*
>
>> (A) *When Permitted.* By order, the court may alter the limits in these rules on the number of depositions and interrogatories or on the length of depositions under Rule 30. By order or local rule, the court may also limit the number of requests under Rule 36.
>>
>> (B) *Specific Limitations on Electronically Stored Information.* A party need not provide discovery of electronically stored information from sources that the

party identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the party from whom discovery is sought must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(C) *When Required.* On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
  (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
  (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
  (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

(3) *Trial Preparation: Materials.*

  (A) *Documents and Tangible Things.* Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if:
    (i) they are otherwise discoverable under Rule 26(b)(1); and
    (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

  (B) *Protection Against Disclosure.* If the court orders discovery of those materials, it must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories

3

of a party's attorney or other representative concerning the litigation.

    (C) *Previous Statement.* Any party or other person may, on request and without the required showing, obtain the person's own previous statement about the action or its subject matter. If the request is refused, the person may move for a court order, and Rule 37(a)(5) applies to the award of expenses. A previous statement is either:
        (i) a written statement that the person has signed or otherwise adopted or approved; or
        (ii) a contemporaneous stenographic, mechanical, electrical, or other recording — or a transcription of it — that recites substantially verbatim the person's oral statement.

(4) *Trial Preparation: Experts.*

    (A) *Expert Who May Testify.* A party may depose any person who has been identified as an expert whose opinions may be presented at trial. If Rule 26(a)(2)(B) requires a report from the expert, the deposition may be conducted only after the report is provided.

    (B) *Expert Employed Only for Trial Preparation.* Ordinarily, a party may not, by interrogatories or deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial. But a party may do so only:
        (i) as provided in Rule 35(b); or
        (ii) on showing exceptional circumstances under which it is impracticable for the party to obtain facts or opinions on the same subject by other means.

    (C) *Payment.* Unless manifest injustice would result, the court must require that the party seeking discovery:
        (i) pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) or (B); and
        (ii) for discovery under (B), also pay the other party a fair portion of the fees and expenses it reasonably incurred in obtaining the expert's facts and opinions.

    (5) *Claiming Privilege or Protecting Trial-Preparation Materials.*

      (A) *Information Withheld.* When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must:
       (i) expressly make the claim; and
       (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed — and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

      (B) *Information Produced.* If information produced in discovery is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The producing party must preserve the information until the claim is resolved.

### III.

### ARGUMENT

Defendant VISION hereby brings this Motion to Compel based upon the above Points and Authorities, the following Argument, and the complete files and records of this action along with the Declaration of Harold P. Gewerter, Esq. pursuant to Local Rule 26-7.

On May 3, 2010, Defendant VISION served Interrogatories to the Class in this matter. See Exhibit "1" attached hereto.  The Interrogatories were clear and straight forward as follows:

**INTERROGATORY NO. 1**:

  Identify and state the name of all class members who have "opted out" of the class.

**INTERROGATORY NO. 2**:

For all class members who have not "opted out" please identify all damages each such class member alleges is owed to him or her from Defendant VISION and the basis for such alleged damages.

The Class has refused to answer the Interrogatories, instead responding with basically two (2) objections. (See Responses to Interrogatories and Supplemental Response to Interrogatories attached hereto as Exhibit "2"). The Class's first objection is that they claim that Defendant VISION will use this information to threaten, intimidate and harass current and former employees who have not chosen to opt out. As their sole proof of this they offer the fact that Defendant VISION has counter sued in this matter and that a similar suit has been instituted against five (5) former employees for breach of their non-circumvention agreements. Yet they fail to mention that combined, these other suits have now survived four (4) separate Motions to Dismiss…hardly evidence of retaliatory suits filed without reasonable basis. See e.g. Exhibit "3" attached hereto.

The Class's second objection is that these Answers to Interrogatories are not relevant because they have elected to treat this case as one of disgorgement. Therefore, they argue, since the entire amount of alleged Hazard Pay is to be disgorged from Defendant VISION, it doesn't matter who opted in or out of the class in a determination of potential damages. The Class again in an attempt to continue the "cloak and dagger" of their alleged claim argues that Plaintiffs are not required to provide any proof as to damages or manner of calculating such, but are allowed to appear at the courthouse with mystery documents and testimony which Defendant is to have had no time to examine, verify or validate. This should hardly be surprising given that the lead plaintiff, at his own deposition, had no idea if he was damaged, how he was damaged, or any amount he was damaged-but his attorneys had told him so. This case (if it exists) is based on simple numbers of who flew, how many flights were flown, and at what pay rate. These are easy calculations once one knows who the class members are and without that information any defense is impossible. Trial by surprise and ambush is not allowed.

The Class presents no basis or authority for their claim of a right to elect disgorgement and in fact the only two cases they present which address disgorgement are both anti-trust cases and state that disgorgement is particularly appropriate in such cases. *In re Cardizem CD Antitrust Litig.,* 200 F.R.D. 326, 352 (E.D. Michigan 2001) and *Van Gemert,* 444 U.S. 472 at 479-80. Further, neither of these cases set out any test or basis for one party to elect to have damages treated as disgorgement.

Defendant VISION believes Plaintiff HESTER brought his case in bad faith and without sufficient legal and factual basis.

## **CONCLUSION**

Plaintiff HESTER has consistently failed to meet his discovery obligations, and filed this case in bad faith and without justification. Despite his repeated promises to address some of the issues raised above Plaintiff HESTER has failed to do so.

Defendant VISION respectfully requests that this Honorable Court enter an Order:

1) Compelling Plaintiff HESTER to serve revised Responses fully and truthfully responding to Defendant VISION'S Interrogatories;

2) Overruling Plaintiff HESTER'S boilerplate objections,

3) Compelling Plaintiff HESTER to complete his Answers to all discovery by a date certain.

DATED this 30th day of June, 2010.

                HAROLD P. GEWERTER, ESQ., LTD.

                */s/   Harold P. Gewerter, Esq.*
                HAROLD P. GEWERTER, ESQ.
                Nevada Bar No. 499
                2705 Airport Drive
                North Las Vegas, Nevada 89032
                Attorney for Defendant