HAROLD P. GEWERTER, ESQ.  E-filed: 7/29/2010
Nevada Bar No. 499
HAROLD P. GEWERTER, ESQ. LTD.
2705 Airport Drive
North Las Vegas, Nevada 89032
Telephone: (702) 382-1714
Fax: (702) 382-1759
Email: harold@gewerterlaw.com
Attorney for Defendant

### UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

*****

| | |
|---|---|
| GERALD HESTER, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>VISION AIRLINES, INC.<br><br>Defendant. | Case No.: 2:09-CV-00117-RLH-RJJ<br><br>**DEFENDANT VISION AIRLINES, INC.'S REPLY TO THE CLASS'S RESPONSE TO DEFENDANT VISION AIRLINES, INC.'S MOTION TO COMPEL** |

Defendant, VISION AIRLINES, INC. ("Vision"), by and through its attorney of record, HAROLD P. GEWERTER, ESQ., of the law firm of HAROLD P. GEWERTER, ESQ. LTD., hereby Replies to the Class's Response to Defendant VISION's Motion to Compel.

### POINTS AND AUTHORITIES

### ARGUMENT

The Class again attempts to misconstrue Defendant VISION's Motion to Compel by claiming it is a request for discovery from absent class members. As it relates to the instant Motion this is a fallacy and deception on the part of the Class. The Class in its Response also reargues its Motion to Compel which is already before this Honorable Court. It is rather ironic that the Class attempts to chastise Defendant VISION for quoting Rule 26 of the Federal Rules of Civil Procedure in its whole yet once again provides no authority whatsoever for its claim that

1

it is entitled to treat this as a disgorgement case. The Class once again while citing authority that there are such cases, provides **no** authority for the fact that this is a disgorgement case or any criteria for making that determination.

The Class spends several pages arguing that Defendant VISION's Interrogatories were directed at absent class members. This could not be more obviously in opposition to the truth. Defendant's Interrogatories were as follows:

> **TO:   GERALD HESTER, PLAINTIFF**
>
> **TO:   DAVID M. BUCKNER, ESQ., Attorney for the Class.**
>
> …
>
> **INTERROGATORY NO. 1**:
>
> Identify and state the name of all class members who have "opted out" of the class.
>
> **INTERROGATORY NO. 2**:
>
> For all class members who have not "opted out" please identify all damages each such class member alleges is owed to him or her from Defendant VISION and the basis for such alleged damages.

Nothing in the above Interrogatories suggests discovery from absent class members and thus the Class's argument is without merit and whimsical. Perhaps the Class is confusing the instant Motion with the pending Motion to Disqualify HESTER as Class Representative and Other Appropriate Sanctions in which the wholly inadequate nature of Plaintiff HESTER is discussed. The following are excerpts from Defendant's Motion to Disqualify HESTER as Class Representative and Other Appropriate Sanctions.

> "The Class's attempts to claim that Plaintiff Hester is an adequate lead Plaintiff are particularly appalling given the fact that they also seek to prevent the deposition of any other class member who may have knowledge of something other than his own name, and also seek to prevent the deposition of Class Counsel who it appears from the lead

Plaintiff's deposition to be the primary source of information about this case.

Defendant VISION requires information regarding the allegations against it in order to properly prepare and defend its case. As demonstrated by his deposition, Plaintiff Hester, who has been designated as the lead Plaintiff in this matter, cannot provide any such information. Plaintiff Hester cannot provide any information relevant to the preparation for trial of this case, to wit:

    Deposition of Gerald Hester, pp. 159, 161-162, 166-167 and 185.

Q. Look at paragraph 16 on page 6 of the Complaint. It starts off by saying, "The United States government recognizes that employees of government contractors in Iraq and Afghanistan confront some of the same dangerous conditions encountered by government employees and members of the armed services." How do you know that the United States government recognizes that?
MR. BUCKNER:   Object to the form.
THE WITNESS:   *I'm not the source of this information.  I believe it to be true, and I rely on my attorneys for that.*
…
Q. And the next sentence, "Due to the United States government's reliance on contractors, the shortage of individuals willing to work in those countries threatens the government's ability to successfully implement its global   defense strategy."
How do you know that to be true?
A. *I was not the source of that information.  I believe it to be true.*
Q. Well, what do you know about—
A. *I rely on my attorneys.*
Q. What do you know about the global defense strategy of the United States  government?
A. Are you speaking of the Bush Doctrine?
Q. I'm not speaking of anything other than what's in your complaint. I didn't draft this, so I'm not the one responsible for the wordage.
A. *I didn't draft it either, sir.*
Q. But you approved it, though.
A. Yes.
Q. Paragraph 18, on page 7. *Did that information come from you?*
A. *No, it did not. …*
…
Q. Do you see where it says,  "Hazard pay compensation is incorporated into a pass-through provision contained in the

|   |   |   |
|---|---|---|
| | | contract between the government and the contractor"? Is that a true statement? |
| | A. | ***I wasn't the source of that information.*** |
| | Q. | Have you ever seen the contract between Vision Airlines and any other contractor or the United States government? |
| | A. | No, I have not. |
| | Q. | So you don't know whether or not there's a pass-through provision contained in any such contract, do you? |
| | A. | ***No, but I believe it to be true, based on the research accomplished by my attorneys.*** |
| | … | |
| | Q. | So you don't know whether that $2,500 figure and $5,000 figure exists between the United States government and Capital Aviation, do you? |
| | A. | ***No, I do not.*** |
| | Q. | Paragraph 27 on page 9. "In contracting with Capital Aviation from air transport services, the United States government incorporated the hazard pay into a pass-through provision of the contract." How do you know that to be true? |
| | A. | ***I'm not the source for this information. I believe it to be true based upon information, belief and research accomplished by my attorneys.*** |
| | Q. | And then the next sentence says, "Because the employee hazard pay was incorporated into a pass-through provision, it required Capital Aviation to pay the hazard pay it received from the United States government to any subcontractor, who was required to pass those funds through to the air crews completing the work." Do you know if that's a true or false statement? |
| | A. | Same answer, Mr. Gewerter. |
| | Q. | And what is that answer? |
| | A. | ***I wasn't the source of this information. I believe it to be true based upon the investigation done by my attorneys.*** |
| | Q. | Any other investigation, or just by your attorney? |
| | A. | My attorneys. |
| | Q. | Anyone -- anyone other than your attorneys? |
| | A. | No. |
| | … | |
| | Q. | Later in that same paragraph, it says, "Moreover, Vision fired all the crew members that knew about or had previously received hazard pay for flying to Kabul and replaced them with employees who did not know that they were entitled to receive hazard pay." Who are those employees that were fired? |
| | A. | I don't know. |
| | Q. | How do you know this to be a true or false statement then? |
| | A. | ***I was not the source of this information.*** |
| | … | |

| | | |
|---|---|---|
| Q. | "In the summer of 2007, Dr. Dan Carson, Vision's director of flight operations contacted Capital Aviation and inquired if the United States government provided hazard pay for Vision's employees who were flying into Baghdad and Kabul." How do you know that to be a true statement? | |
| A. | ***I wasn't the source of this information.*** | |
| … | | |
| Q. | And then it says, "Dr. Carson contacted the president of Vision, William Acor, to discuss the hazard pay. During that conversation, Mr. Acor instructed Dr. Carson to cease his inquiries into the hazard pay issue." Now, who told you that? | |
| A. | ***I wasn't the source of this information.*** | |
| Q. | Okay. So you never heard that then? | |
| A. | No. | |
| … | | |
| Q. | You state in your lawsuit that, "This lawsuit seeks to end Vision's wrongful and exploitive conduct." Describe for me what you mean by that, please. | |
| A. | ***Again, I wasn't the source of the information here in this part of the complaint.*** | |
| … | | |
| Q. | ***You have no documents in your hand that verifies or backs up what you just said under oath, do you?*** | |
| A. | ***I don't.   I rely on information discovered by my attorney.*** | |

As set forth above, Plaintiff HESTER also claims to have no knowledge of anyone being owed hazard pay. If Plaintiff HESTER has no such knowledge of any of the above, either other class members must or this case must be dismissed in its entirety.

The deposition of Plaintiff HESTER largely reveals that all of the Class's information to the best belief of Plaintiff HESTER came from his Counsel. Yet counsel hopes to hide behind the attorney-client privilege to prevent Defendant VISION from any meaningful preparation for trial in this matter. If the Class has any such information it must be disclosed during discovery or it cannot be utilized during trial. Trial by ambush or surprise is not allowed. In order to properly defend itself Defendant VISION must have the ability to question the validity, veracity and bias of witnesses and documents to be presented against it.

This is a clear case where the litigation is being driven solely by Plaintiffs' counsel and not by Plaintiff HESTER. It is without question that Plaintiff HESTER has no information or

knowledge whatsoever on the factual basis for this action and that the only knowledge regarding the claims apparently lies with Plaintiffs' counsel."

The Class has refused to answer the Interrogatories, instead responding with basically two (2) objections. The Class's first objection is that they claim that Defendant VISION will use this information to threaten, intimidate and harass current and former employees who have not chosen to opt out.  As their sole proof of this they offer the fact that Defendant VISION has counter sued in this matter and that a similar suit has been instituted against five (5) former employees for breach of their non-disclosure agreements.  Yet they fail to mention that combined, these other suits have now survived four (4) separate Motions to Dismiss…hardly evidence of retaliatory suits filed without reasonable basis.  See e.g. Exhibit "1" attached hereto.

The Class presents no basis or authority for their claim of a right to elect disgorgement and in fact the only two cases they present which address disgorgement are both anti-trust cases and state that disgorgement is particularly appropriate in such cases. *In re Cardizem CD Antitrust Litig.,* 200 F.R.D. 326, 352 (E.D. Michigan 2001) and *Van Gemert,* 444 U.S. 472 at 479-80.  Further, neither of these cases set out any test or basis for one party to elect to have damages treated as disgorgement.

It should be noted that as to Defendant VISION not meeting its discovery obligations, the two (2) remaining items outstanding are two (2) weeks of flight logs from 2006 which Defendant VISION has been unable to locate and the June 2010 payroll information which was just requested within the last few weeks and not yet due.

## CONCLUSION

Plaintiff HESTER has consistently failed to meet his discovery obligations, and filed this case in bad faith and without justification.  Despite his repeated promises to address some of the issues raised above Plaintiff HESTER has failed to do so.

Defendant VISION respectfully requests that this Honorable Court enter an Order:

1) Compelling Plaintiff HESTER to serve revised Responses fully and truthfully responding to Defendant VISION'S Interrogatories;

2) Overruling Plaintiff HESTER'S boilerplate objections,

3)      Compelling Plaintiff HESTER to complete his Answers to all discovery by a date certain.

DATED this 29th day of July, 2010.

                                              HAROLD P. GEWERTER, ESQ., LTD.

                                              /s/  Harold P. Gewerter, Esq.
HAROLD P. GEWERTER, ESQ.
Nevada Bar No. 499
2705 Airport Drive
North Las Vegas, Nevada 89032
Attorney for Defendant