HAROLD P. GEWERTER, ESQ.
Nevada Bar No. 499
HAROLD P. GEWERTER, ESQ. LTD.
2705 Airport Drive
North Las Vegas, Nevada 89032
Telephone: (702) 382-1714
Fax:  (702) 382-1759
Email: harold@gewerterlaw.com
Attorney for Defendant
VISION AIRLINES, INC.

E filed: August 23, 2010

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

*****

| | |
|---|---|
| GERALD HESTER, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>VISION AIRLINES, INC.,<br><br>Defendant. | CASE NO: 2:09-CV-00117-RLH-RJJ<br><br>**DEFENDANT VISION AIRLINES, INC.'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON VISION AIRLINES, INC.'S AMENDED COUNTERCLAIMS** |

VISION AIRLINES, INC. ("VISION"), by and through its attorney of record, HAROLD P. GEWERTER, ESQ., of the law firm of HAROLD P. GEWERTER, ESQ., LTD., respectfully submits Defendant VISION'S Opposition to Plaintiff's Motion for Summary Judgment on Vision Airlines, Inc's Amended Counterclaims.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1

This Opposition shall consist of this Preamble, the following Points and Authorities and the complete files and records of this action.

DATED this 23rd day of August, 2010.

> HAROLD P. GEWERTER, ESQ., LTD.
>
> _/s/   Harold P. Gewerter, Esq._
> HAROLD P. GEWERTER, ESQ.
> Nevada Bar No. 499
> 2705 Airport Drive
> North Las Vegas, NV 89032
> Attorney for Defendant
> VISION AIRLINES, INC.

## POINTS AND AUTHORITIES

### I.

### FACTS

Defendant/Counterclaimant VISION has, since 2005, provided airline services to a contractor or subcontractor of a federal government entity.  Plaintiff/Counterdefendant HESTER is a former VISION pilot who claims that Defendant/Counterclaimant VISION failed to give him specific sums of "hazard pay" allegedly required for flights into and out of Baghdad, Iraq and Kabul, Afghanistan.  Plaintiff/Counterdefendant HESTER'S services ended with Defendant/Counterclaimant VISION because of federal age restrictions on pilots, and further, Plaintiff/Counterdefendant HESTER fell asleep while on duty.

The Employee Non-Competition and Non-Disclosure Agreement contains the following clause, "During employment, and thereafter, Employee shall not, directly or indirectly, voluntarily or involuntarily, disclose to any person or entity any Confidential Information of Employer.  For the purposes of this Agreement, "Confidential Information" shall include, but is not limited to, any of Employer's confidential, proprietary or trade secret information disclosed to Employee or Employee otherwise learns in the course of employment such as, but not limited to, business plans, customer lists, customer names, customer contact information, price lists, financial statements, software diagrams, flow charts and product plans."  The Classified

Information Nondisclosure Agreement contains the following terms "I hereby agree that I will never divulge classified information to anyone…."

## ARGUMENT

### STANDARD FOR SUMMARY JUDGMENT

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "where the record before the Court on the motion reveals the absence of any material facts and [where] the moving party is entitled to prevail as a matter of law." *Zoslaw v. MCA Distributing Corp.,* 693 F.2d 870, 883 (9th Cir. 1982), cert. denied, 460 U.S. 1085 (1983) (quoting *Portland Retail Druggists Association v. Kaiser Foundation Health Plan,* 662 F.2d 641, 645 (9th Cir. 1981), cert. denied, 460 U.S. 1085 (1983). "A material issue of fact is one that affects the outcome of the litigation and requires a trial to resolve the parties differing versions of the truth." *Securities and Exchange Commission v. Seaboard Corporation,* 677 F.2d 1289, 1293 (9th Cir. 1982); *United States v. First National Bank of Circle,* 652 F.2d 882, 887 (9th Cir. 1981).

The party moving for summary judgment has the burden of showing the absence of a genuine issue of material fact, and the court must view all facts and inferences in the light most favorable to the responding party. *Adickes v. S.H. Dress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed. 142 (1970), *Zoslaw, supra,* 693 F.2d at 883; *Lessard v. Applied Risk Management,* 307 F.3d 1020 (9th Cir. 2002); *Warren v. City of Carlsbad,* 58 F.3d 439 (9th Cir. 1995). Once this burden has been met, "[t]he opposing party must then present specific facts demonstrating that there is a factual dispute about a material issue." *Zoslaw, supra* 693 F.2d at 883. The movant is entitled to summary judgment if the non-moving party, who bears the burden of persuasion, fails to designate "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). Thus, in order to preclude a grant of summary judgment, the non-moving party must set forth "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indust. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct 1348, 89 L.Ed. 2d 538 (1986)(quoting Fed. R. Civ. P. 56(e)).

Therefore, since there are genuine issues of material fact remaining to be adjudicated in this matter Plaintiff/Counterdefendant HESTER'S Motion for Summary Judgment must be denied in its entirety.

## DEFENDANT/COUNTERCLAIMANT VISION HAS STANDING TO SUE PLAINTIFF/COUNTERDEFENDANT HESTER FOR HIS BREACHES OF THE CLASSIFIED INFORMATION NONDISCLOSURE AGREEMENT

Plaintiff/Counterdefendant HESTER signed a Classified Information Nondisclosure Agreement with the UNITED STATES under which Plaintiff/Counterdefendant HESTER explicitly consents to being governed by a number of statutes which protect against disclosure that may compromise the national security including but not limited to §793 of Title 18 of the United States Code which makes it a crime to obtain, or attempt to copy, take, make, or obtain, any sketch, photograph…document, writing, or note of anything connected to the national defense, §798 of Title 18 of the United States Code which makes it a crime to disclose classified information concerning the communication intelligence activities of the United States or any foreign government, and §1924 of Title 18 of the United States Code which makes it a crime to remove or retain classified documents or material if such material has been gained by virtue of one's office, employment, position or contract.  **Defendant/Counterclaimant VISION is a stated Third Party Beneficiary of the contract.**

A third party can recover under a contract if the contract was made for its direct benefit. *County of Santa Clara v. Astra USA,* 540 F.3d 1094 (9th Cir. 2008).  A promisor owes a duty to **any** intended beneficiary of the promise, and the intended beneficiary may enforce the duty by suing as a third party. *Id.* Intended beneficiaries need not be specifically or individually identified in the contract but must fall within a class intended to benefit from the contract. *Id.*

This contract was clearly intended to benefit McNeil Technologies and its subcontractors as McNeil Technologies, Inc. signed such contract on behalf of the government, and the information which was to be kept confidential under such document included contractors, subcontractors, i.e. Defendant/Counterclaimant VISION, payments and any other information deemed classified.  See Exhibit "1" attached hereto.

The Classified Information Nondisclosure Agreement between Plaintiff HESTER and the UNITED STATES (Exhibit "2" attached hereto) states as follows:

... 2. I hereby acknowledge that I have received a security indoctrination concerning the nature and protection of classified information, including the procedures to be followed in ascertaining whether other persons to whom I contemplate disclosing this information have been approved for access to it, and that I understand the procedures.

...

3. I have been advised that the unauthorized disclosure, unauthorized retention, or negligent handling of classified information by me could **cause damage or irreparable injury** to the United States or could be used to advantage by a foreign nation. I hereby agree that I will never divulge classified information to anyone unless: (a) I have officially verified that the recipient has been properly authorized by the United States Government to receive it; or (b) I have been given prior written notice of authorization from the United States Government Department or Agency (hereinafter Department or Agency) responsible for the classification of the information or last granting me a security clearance that such disclosure is permitted. I understand that if I am uncertain about the classification status of the information, I am required to confirm from an authorized official that the information is unclassified before I may disclose it, except to a person as provided in (a) or (b) above. I further understand that I am obligated to comply with laws and regulations that prohibit the unauthorized disclosure of classified information.

4. I have been advised that any breach of this Agreement may result in the termination of any security clearances I hold; removal from any position of special confidence and trust requiring such clearances or the termination of my employment or other relationships with the

Departments or Agencies that granted my security clearance or clearances. **In addition, I have been advised that any unauthorized disclosure of classified information by me may constitute a violation of, or violations of United States criminal laws, including the provisions of Sections 641, 793,794,798, 1952 and 1924, Title 18, United States Code, the provisions of Section 783(b), Title 50 United States Code, and the provisions of the intelligence identities Protection of 1982.** I recognize that nothing in this Agreement constitutes a waiver by the United States of the right to prosecute me for any statutory violation.

Therefore, there are genuine issues of material fact remaining to be adjudicated in this matter and thus Plaintiff/Counterdefendant HESTER'S Motion for Summary Judgment must be denied in its entirety.

## DEFENDANT/COUNTERCLAIMANT VISION HAS OFFERED EVIDENCE THAT PLAINTIFF/COUNTERDEFENDANT HESTER DISCLOSED CLASSIFIED INFORMATION

At or near the time of his hiring, Plaintiff/Counterdefendant HESTER signed an Employee Non-Competition and Non-Disclosure Agreement with Defendant/Counterclaimant VISION (Exhibit "3" attached hereto) and also signed a Classified Information Non-Disclosure Agreement with the UNITED STATES which Agreement Defendant/Counterclaimant VISION (Exhibit "2" attached hereto) was an intended third party beneficiary of (sometimes collectively referred to as "Agreements" and sometimes singly referred to as "Agreement").

Plaintiff/Counterdefendant HESTER signed his Employee Non-Competition and Non-Disclosure Agreement, which on page 3, paragraph 6, under the heading "Governing Law and Jurisdiction" as an employee, Counterdefendant HESTER expressly consented to the personal jurisdiction and venue of the local, state and federal courts of Nevada for any dispute arising out of this agreement.

Plaintiff/Counterdefendant HESTER also signed an agreement relating to his compensation for his employment at Defendant/Counterclaimant VISION (sometimes referred to

as "Employment Agreement"). (See Exhibit "4" attached hereto). At all relevant times, Defendant/Counterclaimant VISION has or had contracts and/or business associations with Capital Aviation, Inc., Computer Sciences Corporation (sometimes known as CSC) and McNeil Technologies, Inc. concerning the providing of aviation services.

During his employment with Defendant/Counterclaimant VISION, and thereafter, Plaintiff/Counterdefendant HESTER has been directly and/or indirectly contacting Capital Aviation, Inc., Computer Sciences Corporation and McNeil Technologies, Inc., sometimes directly and sometimes indirectly, and discussing confidential and trade secret information of Defendant/Counterclaimant VISION and attempting, in part, to convince such customers, contractors and business associates of Defendant/Counterclaimant VISION to enter into new contracts with Plaintiff/Counterdefendant HESTER and/or others related to Plaintiff/Counterdefendant HESTER and terminating contracts with Defendant/Counterclaimant VISION and/or interfering with contracts with Defendant/Counterclaimant VISION all to the detriment of Defendant/Counterclaimant VISION.

Plaintiff/Counterdefendant HESTER has also released or discussed confidential and trade secret information to the press or public at large in an attempt to defame, harass and annoy Defendant/Counterclaimant VISION enough that Capital Aviation, Inc., Computer Sciences Corporation and McNeil Technologies, Inc. and possibly other customers, contractors and business associates would breach or fail to renew their contracts or business relationships with Defendant/Counterclaimant VISION and enter into contracts or business associations with Plaintiff/Counterdefendant HESTER and/or associates or affiliates of Plaintiff/Counterdefendant HESTER, and further conducts such acts in and improper attempt to obtain monies from Defendant/Counterclaimant VISION, in contravention of the Agreements and the Employment Contract as set forth in Exhibits "1" and "2" attached hereto.

On or about January 2009, and continuing thereafter, Plaintiff/Counterdefendant HESTER made or caused to be published, directly or indirectly, confidential information including, but not limited to:

7

1    "to reduce the likelihood of rocket and missile attacks, aircraft arriving and
2    departing Baghdad International Airport must observe blackout procedures which
3    require all exterior and interior aircraft lighting (except for cockpit instruments) to
4    be turned off."

5    On or about January 2009, and continuing thereafter, Plaintiff/Counterdefendant
6    HESTER made or caused to be published, directly or indirectly, confidential information
7    including, but not limited to:

8    "aircraft arriving and departing Baghdad must utilize a dangerous corkscrew,
9    procedure, which requires the airplane to fly in a spiral directly above the airport in
10   order to stay within the areas most heavily fortified by the United States military."

11   On or about January 2009, and continuing thereafter, Plaintiff/Counterdefendant
12   HESTER made or caused to be published, directly or indirectly, confidential information
13   including, but not limited to:

14   "After September 11, the United States government implemented a global
15   strategy designed to eradicate terrorist organizations that threatened the security
16   of the United States and its allies."

17   On or about January 2009, and continuing thereafter, Plaintiff/Counterdefendant
18   HESTER made or caused to be published, directly or indirectly, confidential information
19   including, but not limited to:

20   "[h]e said the purpose of the flights was to ferry personnel to and from
21   antiterrorism and military operations. The passengers typically included CIA
22   and State Department personnel along with employees of private security
23   contractor Blackwater"

24   On or about January 2009, and continuing thereafter, Plaintiff/Counterdefendant
25   HESTER made or caused to be published, directly or indirectly, confidential information
26   including, but not limited to:

"The pilot, who said one flight outside of Kabul came under machine-gun fire that missed his plane, said all of the landings and takeoffs in the war zones were done at night using tight, difficult approaches and departures for security reasons"

On or about January 2009, and continuing thereafter, Plaintiff/Counterdefendant HESTER made or caused to be published, directly or indirectly, confidential information including, but not limited to:

"Aircraft typically arrive or depart these airports under the cover of darkness to avoid light arms fire, rocket propelled grenades and missile attacks. In fact, all flights arriving and departing from the airports in Bagdad and Kabul must be authorized by either the United States or British military operational command centers located in those cities"

On or about January 2009, and continuing thereafter, Plaintiff/Counterdefendant HESTER made or caused to be published, directly or indirectly, confidential information including, but not limited to:

"Aircraft must observe blackout procedures in which exterior and interior lights are turned off and then must execute difficult corkscrew landing procedures in which aircraft fly within a spiral above the airport while landing in order to minimize their exposure to enemy fire"

On or about January 2009, and continuing thereafter, Plaintiff/Counterdefendant HESTER made or caused to be disclosed in a newspaper interview confidential classified flight patterns and procedures designed to protect crews who made and continue to make these flights and also disclosing the types of passengers on these flights including CIA and State Department personnel, all in violation not only of their Employee Non-Competition and Non-Disclosure Agreement but also in violation of their Classified Information Nondisclosure Agreement with the UNITED STATES putting the lives and health of all future crews in danger. (See Article attached hereto as Exhibit "5").

The Employee Non-Competition and Non-Disclosure Agreement contains the following clause "During employment, and thereafter, Employee shall not, directly or indirectly,

voluntarily or involuntarily, disclose to any person or entity any Confidential Information of Employer. For the purposes of this Agreement, "Confidential Information" shall include, but is not limited to, any of Employer's confidential, proprietary or trade secret information disclosed to Employee or Employee otherwise learns in the course of employment such as, but not limited to, business plans, customer lists, customer names, customer contact information, price lists, financial statements, software diagrams, flow charts and product plans." The Classified Information Nondisclosure Agreement contains the following terms "I hereby agree that I will never divulge classified information to anyone…."

Plaintiff/ Counterdefendant HESTER has also released or discussed confidential and trade secret information to the press or public at large in an attempt to defame, harass and annoy Defendant/Counterclaimant VISION enough that Capital Aviation, Inc., Computer Sciences Corporation and McNeil Technologies, Inc. and possibly other customers, contractors and business associates would breach or fail to renew their contracts or business relationships with Defendant/Counterclaimant VISION and enter into contracts or business associations with Plaintiff/Counterdefendant HESTER and/or associates or affiliates of Plaintiff/Counterdefendant HESTER, and further conducts such acts in and improper attempt to obtain monies from Defendant/Counterclaimant VISION, in contravention of the Agreements and the Employment Contract.

Therefore, there are genuine issues of material fact remaining to be adjudicated in this matter and thus Plaintiff/Counterdefendant HESTER'S Motion for Summary Judgment must be denied in its entirety.

## PLAINTIFF/COUNTERDEFENDANT HESTER AND DEFENDANT/COUNTERCLAIMANT VISION HAVE A VALID EMPLOYMENT CONTRACT

Here, the parties agreed that Plaintiff/Counterdefendant HESTER would work as a pilot for Defendant/Counterclaimant VISION in return for certain fixed compensation. This agreement constituted a valid compensation contract. *See Vancheri v. GNLV Corp.,* 105 Nev. 417, 421, 777 P.2d 366, 369 (1989) **("Employment 'at-will' is a contractual relationship and**

**thus governed by contract law.")**.  Payment details of this Agreement were laid out in the Vision 767 Memorandum attached hereto as Exhibit "4", and which was signed by Plaintiff/Counterdefendant HESTER.

Thus the contract between the parties laid out obligations by Defendant/Counterclaimant VISION, i.e. payment of wages and benefits and by Plaintiff/Counterdefendant HESTER i.e. piloting aircraft on designated routes.  The fact that Defendant/Counterclaimant VISION'S Employee Manual reiterates the fact that Plaintiff/Counterdefendant HESTER was an "at will" employee does not affect the ability of Defendant/Counterclaimant VISION to make claims based on Breach of Contract as is laid out in *Vancheri id.*

Therefore, there are genuine issues of material fact remaining to be adjudicated in this matter and thus Plaintiff/Counterdefendant HESTER'S Motion for Summary Judgment must be denied in its entirety.

### III.

### CONCLUSION

For the foregoing reasons, Defendant/Counterclaimant VISION respectfully requests this Court to Deny in its entirety Plaintiff/Counterdefendant HESTER'S Motion for Summary Judgment.

DATED this 23rd day of August, 2010.

        HAROLD P. GEWERTER, ESQ., LTD.

        */s/   Harold P. Gewerter, Esq.*
        HAROLD P. GEWERTER, ESQ.
        Nevada Bar No. 499
        2705 Airport Drive
        North Las Vegas, Nevada 89032
        Attorney for Defendant/Counterclaimant