**Ross C. Goodman, Esq., Nevada State Bar No. 7722**
**GOODMAN LAW GROUP**
520 South Fourth Street
Las Vegas, Nevada 89101
(702) 383-5088
(702) 385-5088 (Facsimile)

**Kenneth R. Hartmann, Esq., Florida State Bar No. 664286**
**Brett E. von Borke, Esq., Florida State Bar No. 44802**
**KOZYAK TROPIN & THROCKMORTON, PA**
2525 Ponce de Leon, 9th Floor
Miami, Florida 33134
(305) 372-1800
(305) 372-3508 (Facsimile)

**David M. Buckner, Esq. Florida State Bar No. 60550**
**GROSSMAN ROTH, P.A.**
2525 Ponce de Leon, 11th Floor
Coral Gables, Florida 33134
Telephone: (305) 442-8666
Fax: (305) 285-1668

**ATTORNEYS FOR PLAINTIFF & THE CLASS**

**HAROLD P. GEWERTER, ESQ.**
Nevada Bar No. 499
2705 Airport Drive
North Las Vegas, Nevada 89032
Phone: (702) 382-1714
Fax: (702) 382-1759
Email: harold@gewerterlaw.com
Attorney for Defendant

**ATTORNEY FOR DEFENDANT**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

GERALD HESTER, on behalf of himself
and all others similarly situated,

                              Plaintiff,

v.

VISION AIRLINES, INC.,

                              Defendant.

Case No.:  2:09-CV-00117-RLH-RJJ

**PRETRIAL ORDER**

Following pretrial proceedings in this cause,

316294.2                                        1

**IT IS ORDERED:**

## I. NATURE OF ACTION

### A.    THE CLASS'S CLAIMS

This is a class action to recover hazard pay under the theories of unjust enrichment (Count I), constructive trust (Count II), money had and received (Count III), *quantum meruit* (Count IV), conversion (Count V), injunctive relief (Count VI), and declaratory relief (Count VII). Vision Airlines, Inc. ("Vision") is a subcontractor for the United States government. The Class is comprised of Vision's flight deck and cabin crews that operated flights for Vision to Baghdad, Iraq and Kabul, Afghanistan, from May 1, 2005 through the present ("Air Bridge Program"). The Air Bridge Program is divided into four phases that correspond to the following time periods: (1) Phase I – June 2005 through April 30, 2006; (2) Phase II – May 1, 2006 through July 14, 2006; (3) Phase III – July 15, 2006 through July 31, 2007; and (4) Phase IV – August 1, 2007 through the present. The United States government awarded Computer Sciences Corporation ("CSC") the Air Bridge Program Contract for Phases I-III and McNeil Technologies, Inc. ("McNeil") the Air Bridge Program Contract for Phase IV. Even though the upstream contractors changed, Vision was the subcontractor responsible for operating the Air Bridge Program flights during all four phases of the Air Bridge Program.

Vision submitted quotes to operate the Air Bridge Program to the upstream contractors, which identified Vision's various cost line items for operating the Air Bridge Program flights. In Vision's quotes, Vision determined and earmarked specific amounts of hazard pay to be allocated for Vision's Air Bridge Program flight deck and cabin crews for the increased risks the crews encountered in operating the Air Bridge Program flights. In some of the phases Vision specifically invoiced for hazard pay, and in all four phases received on behalf of the Class hazard pay as part of its payments from the upstream contractors. For example, in Phases II and III

GOODMAN LAW GROUP
A Professional Corporation
520 S. Fourth Street, 2ⁿᵈ Floor
Las Vegas, Nevada 89101
(702) 383-5088

Vision identified in the quote it submitted to CSC specific earmarked amounts of $500,000 for cabin crew and $750,000 for flight deck crew hazardous duty pay, which were incorporated into CSC's Air Bridge Program bid proposal submitted to the United States government.  CSC paid Vision the hazard pay for the Class's benefit and expected Vision to pay that hazard pay to the Class.

Similarly for Phase IV, Vision's Aircraft Quote to McNeil also identified specific funds earmarked for Vision's Air Bridge Program in the amount of $647,500 for flight deck and $350,000 for cabin crew hazardous duty pay on a 52 week annualized basis.  McNeil paid Vision the amount it invoiced for the "Total Program Cost," which included the amounts specifically earmarked for flight deck and cabin crew hazardous duty pay. Vision, however, admitted that it did not pay any of its employees hazard pay during Phase IV.  In addition, the Class's expert determined that Vision never paid its flight deck or cabin crews any of the hazardous duty pay owed to them and which Vision collected from the upstream contractors in Phases II, III, or IV of the Air Bridge Program.[1]

In response to the Class's claims, Vision has argued that it was not required to pay the Class any of the hazard pay that it billed and collected because the Air Bridge Program employees were at-will prior to October 15, 2007, and there was an employment agreement between Vision and its employees after October 15, 2007.  Vision contends that the at-will employment relationship constituted an employment contract that bars the Class's equitable claims.  In addition, Vision claims that a memorandum outlining Vision's new pay structure dated October 15, 2007, constitutes an employment contract that bars the Class's equitable claims after that date.  Therefore, Vision denies any liability to the Class.

[1] Vision may not have paid its flight deck or cabin crews any of the hazard pay collected from the upstream contractors for Phase I of the Air Bridge Program.  The Class, however, is not in possession of the evidence for Phase I because Vision failed to produce in discovery the documents that it agreed to produce, and the Court has not yet ruled on the Class's Renewed Motion to Compel [D.E. 93] filed on January 20, 2010.

**B.     VISION'S COUNTERCLAIMS**

Vision filed counterclaims against Gerald Hester ("Hester"), the class representative in this case for breach of contract (Count I), injunctive relief (Count II), and declaratory relief (Count III).  Vision alleges that Hester was the anonymous source quoted in an article published by the *Las Vegas Sun* and that certain statements made by that anonymous source revealed Vision's confidential information and divulged the United States government's classified information.  In addition, Vision alleges that certain information contained within the Complaint filed in this action contains Vision's confidential information and the United States government's classified information.

Hester denies Vision's allegations that he disclosed Vision's confidential information or the United States government's classified information.  First, Hester disputes that Vision has standing to sue him for breach of the Classified Information Nondisclosure Agreement that Hester entered into with the United States government.  Hester also denies that he was the anonymous source cited in any newspaper article, including the *Las Vegas Sun* article, or that any of the information disclosed in the *Las Vegas Sun* article was confidential or classified.  Hester notes that Vision has offered no proof that he is the anonymous source.  Furthermore, Hester also argues that none of the information contained in the Complaint is classified or confidential because that information has been widely disseminated into the public domain by the United States government, national media outlets, and by Vision.  Nonetheless, as Hester testified, he only provided his attorneys with the information contained in paragraph 2 of the Complaint, which was information that specifically related to his background.  Accordingly, Hester denies Vision's Amended Counterclaims.

**II. JURISDICTION**

This Court has subject matter jurisdiction pursuant to 28 U.S.C.A. § 1332(a)(1), because

GOODMAN LAW GROUP
A Professional Corporation
520 S. Fourth Street, 2nd Floor
Las Vegas, Nevada 89101
(702) 383-5088

the amount in controversy exceeds $75,000 and diversity exists between Hester and Vision.  The Court also has subject matter jurisdiction pursuant to 28 U.S.C.A. § 1332(d)(2) because the amount in controversy exceeds $5 million and diversity exists between Hester and Vision.  The Court has personal jurisdiction over Vision, and venue is proper in the District of Nevada, because: (a) Vision is incorporated in the District of Nevada; (b) Vision's principal place of business is in the District of Nevada; and (c) Vision's alleged wrongful conduct occurred in the District of Nevada.  *See* 28 U.S.C.A. § 1391(a).  Moreover, the acts and omissions occurred, in whole or in part, within Nevada.  *See id.*

### III.  UNCONTESTED MATERIAL FACTS

A.    **CLASS'S CLAIMS**

1. Vision is a subcontractor for the United States government and operates the Air Bridge Program, which provides air transport services to Baghdad, Iraq, and Kabul, Afghanistan.

2. The Air Bridge Program is divided into four phases that correspond to the following time periods: (1) Phase I – June 2005 through April 30, 2006; (2) Phase II – May 1, 2006 through July 14, 2006; (3) Phase III – July 15, 2006 through July 31, 2007; and (4) Phase IV – August 1, 2007 through the present.

3. The United States government awarded CSC the Air Bridge Program Contract for Phases I-III.

4. The United States government awarded McNeil the Air Bridge Program Contract for Phase IV.

5. Vision operated the Air Bridge Program flights throughout Phases I-IV.

6. Capital Aviation, Inc. ("Capital Aviation"), was an Air Bridge Program subcontractor, and directly contracted with CSC for Phases I-III of the Air

GOODMAN LAW GROUP
A Professional Corporation
520 S. Fourth Street, 2nd Floor
Las Vegas, Nevada 89101
(702) 383-5088

Bridge Program Contract.

7.  Vision was an Air Bridge Program subcontractor and directly contracted with Capital Aviation during Phases I-III of the Air Bridge Program Contract.

8.  Vision received all of the amounts it invoiced for in Phases I-III, except for certain cost line items unrelated to hazard pay contained in the other direct costs for Weeks 54 and 55 of Phase III.

9.  William Vigil ("Vigil") left CSC and joined McNeil as its Air Bridge Program Manager for Phase IV of the Air Bridge Program.

10. Vision submits a weekly invoice to McNeil for operating the Air Bridge Program.  On its weekly invoices to McNeil, Vision identifies its fixed price per flight for Total Services under CLIN 0001, CLIN 1001, and CLIN 0003.

**B.     VISION'S COUNTERCLAIMS**

1.   In June 2005, Darrel Jensen ("Jensen"), Vision's first Director of Flight Operations, was instructed by William Acor ("Acor") to create the operational framework necessary to establish the Air Bridge Program.  Following that directive, Jensen purchased flight maps from Jeppesen Aviation and contacted United Aircraft Services, a private aircraft handling company located in Dubai to assist with planning the flight routes from Frankfurt to Baghdad and Kabul and to obtain the required over-flight permits required for such flights.

2.   In order to enter and fly through the air space of countries on its way to Baghdad and Kabul, Vision was required to obtain over-flight permits from those countries.  Vision hired United Aircraft Services to obtain these over-flight permits for its Air Bridge Program flights, which were filed with the appropriate governmental authorities as a matter of public record in each over-

GOODMAN LAW GROUP
A Professional Corporation
520 S. Fourth Street, 2ⁿᵈ Floor
Las Vegas, Nevada 89101
(702) 383-5088

flight country.

3.  Vision's Air Bridge Program flights to Kabul utilized certain procedures, which required them to land with their lights out at night.

4.  The Air Bridge Program crews flew into and out of Baghdad International Airport at night with the cockpit lights turned off and used the corkscrew approach to arrive and depart the airport in Baghdad.

5.  On September 24, 2006, Vision hired Hester as an Air Bridge Program pilot.

6.  The non-disclosure provision of the Non-Disclosure Agreement states: "During employment, and thereafter, Employee shall not, directly or indirectly, voluntarily or involuntarily, disclose to any person or entity any Confidential Information of Employer.  For the purposes of this Agreement, 'Confidential Information' shall include, but is not limited to, any of Employer's confidential, proprietary or trade secret information disclosed to Employee or Employee otherwise learns in the course of employment such as, but not limited to, business plans, customer lists, customer names, customer contact information, price lists, financial statements, software diagrams, flow charts and product plans."

7.  Hester received and signed an Employee Acknowledgement Form on March 1, 2007, that stated that he had reviewed Vision's Employee Handbook and that Hester understood that "the policies in this Employee Handbook in no way modify my status as an at-will employee and in no way imply, infer or guarantee my continued employment for any definite term . . . . The language used in these policies is not intended to constitute a contract of employment, either expressed or implied."

GOODMAN LAW GROUP
A Professional Corporation
520 S. Fourth Street, 2nd Floor
Las Vegas, Nevada 89101
(702) 383-5088

316294.2

7

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

GOODMAN LAW GROUP
A Professional Corporation
520 S. Fourth Street, 2nd Floor
Las Vegas, Nevada 89101
(702) 383-5088

8.  Vision's Employee Handbook states under the section entitled "Employment At-Will" the following: "The employment relationship between Vision Airlines and its employees is at-will and may be terminated by either party at any time."

9.  All Class members were at-will employees at Vision.

10. Hester, on July 25, 2007, executed a Classified Information Nondisclosure Agreement.  The Classified Information Nondisclosure Agreement states that it is, "An Agreement Between Gerald George Hester and the United States."

11. On May 5, 2008, Vision filed suit in the Circuit Court for Fairfax County, Virginia, against CSC and Capital Aviation, the companies that initially contracted with Vision to operate the Air Bridge Program, for failure to pay certain parts of Vision's invoices for weeks 54 and 55 of the Air Bridge Program.

12. Vision filed its Bill of Particulars in Fairfax County, Virginia, as a matter of public record on August 8, 2008, in which it stated, "[s]hortly after the September 11, 2001, terrorist attacks, CSC's predecessor-in-interest, DynCorp International, retained Vision to provide sensitive air transportation services for a certain United States government entity."  Vision's Bill of Particulars further stated that, "[a]t CSC's request and for CSC's benefit, Vision signed an agreement with Capital [Aviation], effective as of October 1, 2005, and ending July 31, 2005. . . ."  Vision attached, as an exhibit to its Bill of Particulars, a complete and non-redacted copy of its 2005 contract with Capital Aviation, which it filed as a matter of public record with the court in Fairfax County, Virginia.

GOODMAN LAW GROUP
A Professional Corporation
520 S. Fourth Street, 2nd Floor
Las Vegas, Nevada 89101
(702) 383-5088

13. Vision's Bill of Particulars explained the type of services that Vision provided to the United States government pursuant to its contract with Capital Aviation. "The 2005 Contract required Vision to use a single aircraft to provide airline service between Frankfurt, Germany and Kabul Afghanistan, and between Frankfurt, Germany and Baghdad, Iraq, for certain fixed amounts – *i.e.,* $1,100,000 for eight rotations per month between Frankfurt and Kabul (plus $87,500 for a ninth rotation if required in any month); and $444,000 for four rotations per month between Frankfurt and Baghdad (plus $111,000 for a fifth rotation if required in any month)."

14. In Vision's Bill of Particulars, however, Vision claimed that "[s]oon after the 2005 Contract was finalized, the parties abandoned it and changed the terms of their agreement materially." "At the request of CSC, Vision began flying to Baghdad and Kabul from Washington, DC, instead of Frankfurt, Germany." Vision also explained the new compensation plan under this agreement with Capital Aviation and CSC and stated that, "CSC requested, and Vision agreed, to adopt a new three-part payment formula, consisting of a fixed component, a variable component, and certain 'other direct costs.'" Specifically, as alleged by Vision, the new compensation formula was structured so that Vision would receive the following:

    (a)    Under the new agreement, Vision was to receive a fixed amount of $499,000 per week regardless of the number of flights. The fixed component was intended to compensate Vision for the costs of making the aircraft available for the CSC Program. It covered, for example, aircraft lease/debt service, insurance, flight deck and cabin crew expenses, crew training, and general and administration costs.

GOODMAN LAW GROUP
A Professional Corporation
520 S. Fourth Street, 2ⁿᵈ Floor
Las Vegas, Nevada 89101
(702) 383-5088

(b)     The variable cost was set at $3,963 per 'block hour.' This amount compensated for costs that would vary depending on the use of the aircraft. The 'block hour' price would cover fuel costs, maintenance reserves, interior and exterior conditions, flight planning, weather-related costs, etc.

(c)     The 'other direct costs' were certain incidental charges that would be passed through to CSC/Capital at cost plus 10%. They included catering charges, landing fees, parking costs, ground handling charges, deicing costs, overflight permits, fuel surcharges, ground transportation, and crew hotel expenses.

15. Vision's Bill of Particulars also stated that when the United States government issued a new Request for Proposal for the Air Bridge Program, Vision "partnered with another entity, McNeil Technologies, to submit such a proposal" and "the United States government awarded the new contract, effective as of August 1, 2007, to Vision and McNeil, not to CSC or Capital."

16. On August 4, 2008, Vision terminated Hester's employment because he was over the age of 65.

17. On January 20, 2009, Hester filed a class action Complaint against Vision seeking to recover hazard pay that Vision collected from the upstream contractors on behalf of the Air Bridge Program employees. The Complaint in this action contained the following statements:

(a)     After September 11, the United States government implemented a global strategy designed to eradicate terrorist organizations that threatened the security of the United States and its allies;

(b)     [A]ircraft arriving and departing Baghdad must utilize a dangerous corkscrew procedure, which requires the airplane to fly in a spiral directly above the airport in order to stay within the areas most heavily fortified by the United States military; and

316294.2

10

(c)     [T]o reduce the likelihood of rocket and missile attacks, aircraft arriving and departing Baghdad International Airport must observe blackout procedures which require all exterior and interior aircraft lighting (except for cockpit instruments) to be turned off;

18. After the Complaint in this action was filed, certain articles were published in the *Las Vegas Sun* about this litigation.   One of those articles, dated January 23, 2009, contained the following statements from an anonymous source:

(a)     [H]e said the purpose of the flights was to ferry personnel to and from antiterrorism and military operations.   The passengers typically included CIA and State Department personnel along with employees of private security contractor Blackwater; and

(b)     The pilot, who said one flight outside of Kabul came under machine-gun fire that missed his plane, said all of the landings and takeoffs in the war zones were done at night using tight, difficult approaches and departures for security reasons.

19.   Vision continues to operate the Air Bridge Program Contract.

## IV. CONTESTED FACTS

Absent a ruling on the Class's and Vision's cross Motions for Summary Judgment, the following facts remain to be litigated.

### A.     CLASS'S CLAIMS

1.   Vision claims that there is an express employment contract between Hester and Vision based on the Vision 767 Memorandum.   The Class disputes that the Vision 767 Memorandum is a contract. Moreover, Hester and Davis Pritchard ("Pritchard" – an Air Bridge Program pilot), both testified that they were at-will, Vision's 30(b)(6) witnesses testified that the Air Bridge Program employees were at-will, Vision's Employee Manual disclaims any employment relationship by either express or implied contract, and nobody ever informed the Air Bridge Program employees that the Vision 767

GOODMAN LAW GROUP
A Professional Corporation
520 S. Fourth Street, 2nd Floor
Las Vegas, Nevada 89101
(702) 383-5088

GOODMAN LAW GROUP
A Professional Corporation
520 S. Fourth Street, 2nd Floor
Las Vegas, Nevada 89101
(702) 383-5088

Memorandum was an employment contract.

2.  Vision's 2005 contract with Capital Aviation states that Vision's price to Capital Aviation for operation of the Air Bridge Program flights includes an amount for crew hazard pay.

3.  CSC's Program Director, Vigil, provided David Meers ("Meers"), Vision's Vice President, and Acor, Vision's Chief Executive Officer, with a spreadsheet identifying the various cost line items that were to be included as part of Vision's bid submission and the billing components for Phases II and III of the Air Bridge Program, which included cost line items for flight deck and cabin crew salaries and hazardous duty pay.

4.  Vision modified Vigil's proposal and earmarked specific amounts for hazardous duty pay for Vision's flight deck and cabin crews and submitted Vision's proposal to CSC and Capital Aviation.

5.  CSC relied on Vision's Phase II and III bid proposals in preparing its own Phase II and III bid proposals, which CSC submitted to the United States government.

6.  CSC's Phase II and III bid proposals to the United States government included amounts for flight deck and cabin crew salaries and hazardous duty pay, which were the same amounts identified in Vision's Phase II and III bid proposals submitted to Capital Aviation and CSC.

7.  CSC expected Vision to pay the Air Bridge Program flight deck and cabin crews the total amount of salary and hazard pay identified in those cost line items for Phases II and II of the Air Bridge Program.

8.  Vision invoiced and received payment from the upstream contractors for

GOODMAN LAW GROUP
A Professional Corporation
520 S. Fourth Street, 2nd Floor
Las Vegas, Nevada 89101
(702) 383-5088

operating the Air Bridge Program flights in accordance with the cost line items and amounts identified in CSC's bid proposal to the United States government, including amounts for flight deck crew salaries and hazardous duty pay.

9. Vision submitted an Aircraft Quote to McNeil, which contained certain cost line items for Phase IV of the Air Bridge Program, including cost line items for flight deck and cabin crew salary and hazardous duty pay.

10. Vision's Aircraft Quote to McNeil identifies a per hour fee of $624 for flight deck crew salary, or an annualized amount of $3,700,000, and a $109 per hour fee for flight deck crew hazardous duty pay, or an annualized amount of $647,500. In addition, Vision's Aircraft Quote identified a per hour fee of $337 for cabin crew salary, or an annualized amount of $2,000,000, and a per hour fee of $59 for cabin crew hazardous duty pay, or an annualized amount of $350,000.

11. The cost elements, of which cabin crew and flight deck crew salaries and hazardous duty pay are included, add up to a "Total Program Cost" for Vision's operation of the Air Bridge Program flights.

12. For each 12 month period beginning July 31, 2007, and prorated for the current annual period, McNeil paid Vision the amount it invoiced for Flight Services under CLIN 0001, CLIN 1001, and CLIN 0003, which together total the same amount identified in Vision's Aircraft Quote as the "Total Program Cost."

13. McNeil paid Vision the amounts identified on the Aircraft Quote for the flight deck and cabin crew salaries and hazardous duty pay.

316294.2

13

14.   The October 15, 2007, memorandum Vision sent to the Air Bridge Program flight deck and cabin crews outlining compensation did not include any amounts for hazard pay.

15.   James Maguire ("Maguire"), Vision's then Director of Operations for the Air Bridge Program, intentionally excluded any payment for hazard pay to the Air Bridge Program employees for Phase IV of the Air Bridge Program.

16.   Vision did not pay its Air Bridge Program employees any hazard pay during Phase IV of the Air Bridge Program.

**B.    VISION'S COUNTERCLAIMS**

1.   On April 1, 2004, Ambassador J. Cofer Black testified before the House International Relations Committee Subcommittee on International Terrorism about the "evolving nature of the al-Qaida organization and the continuing threat that it presents to the United States and [its] allies." Ambassador Black testified that, "[f]ollowing the September 11 attacks, we have forcefully applied the Bush doctrine: any person that supports, protects, or harbors terrorists is complicit in the murder of the innocent, and will be held to account. We have done so through our National Strategy to Combat Terrorism, which creates the policy framework for coordinated actions to prevent terrorist attacks against the United States . . . [by] defeat[ing] terrorist organization[s] of global reach by attacking their sanctuaries, leadership, finances, and command, control and communications . . . ."

2.   On November 26, 2004, Slobodan Lekic published an article on msnbc.com entitled *A Hair-Raising Flight into Baghdad: Commercial Flights from Jordan Offer a Harrowing Trip*. In that article, Lekic wrote, "[l]ast year [at

GOODMAN LAW GROUP
A Professional Corporation
520 S. Fourth Street, 2nd Floor
Las Vegas, Nevada 89101
(702) 383-5088

316294.2

14

Baghdad International Airport], a civilian cargo jet was hit after takeoff with a shoulder-launched missile, and earlier this year a burst of automatic gunfire killed a passenger aboard an Australian C-130 Hercules transport plane." According to Lekic, "[t]o lessen the threat of being shot at, pilots have adopted a 'nonstandard approach' for landings [at Baghdad International Airport]: They arrive at 15,000 feet and then descend sharply in a stomach-churning series of tight, spiraling turns that pin passengers deep in their seats."

3.  In the February 2005 edition of Army Magazine, Brigadier General Steven R. Hawkins and Colonel Gordon M. Wells published an article entitled *Nation Building in Mesopotamia: U.S. Military Engineers in Iraq.*   That article detailed the procedures military flights use to fly into Baghdad International Airport, specifically stating that, "[a]fter a three-hour flight, the pilots, wearing night vision goggles and flying in total blackout conditions, guided their aircraft into a corkscrew descent and safely delivered my team at 2:30 in the morning on April 13, at [Baghdad International Airport]."

4.  Once the over-flight permits were obtained and filed with the appropriate governmental authorities, United Aircraft Services would through a non-secure telephone line send by facsimile those permits to Frankfurt International Airport and e-mail them to Jensen's personal hotmail e-mail account.

5.  Vision's flight plans were filed as a matter of public record with the airports that Vision departed from and identified the flight's final destination, and also contained Vision's unique tail number -- N368CE.

6.  The Air Bridge Program flight deck crews, for their flights to Kabul, received

GOODMAN LAW GROUP
A Professional Corporation
520 S. Fourth Street, 2nd Floor
Las Vegas, Nevada 89101
(702) 383-5088

their flight coordinates over an open radio frequency.

7. The Air Bridge Program crews utilized the corkscrew approach into Baghdad in order to stay within the area protected by the United States military.

8. For their flights to Baghdad, the Air Bridge Program crews received their flight coordinates over an open radio frequency, including their vectoring instructions for the corkscrew descent and ascent.

9. The European Parliament, in a report dated November 16, 2006 and entitled: *On the Companies Linked to the CIA, Aircraft Used by the CIA and the European Countries in which CIA Aircraft have made Stopovers,* identified Vision as working for the United States government and the Central Intelligence Agency. Under a section of the European Union Parliament Report entitled *Aircraft Used by the CIA for "Extraordinary Renditions"* it states, "[t]he N368CE is a Boeing 737-300 registered to a shell company called Premier Aircraft Management and incorporated in North Las Vegas, Nevada. Recently, the ownership of the Boeing has shifted from Premier Aircraft Management to a sister company called Vision Airlines."

10. On January 19, 2007, in an interview with Fox News, then Senator Hillary Clinton discussed her recent flight to Baghdad International Airport. In that interview Senator Clinton stated, "[w]hen you fly into a war zone like Baghdad, and I've done it numerous times now, there and elsewhere, you know, the C-130 does a kind of corkscrew landing . . . ." In response to Senator Clinton's remark, the Fox News interviewer stated, "[h]air-raising, that flight – I mean that corkscrew – I mean, I always hear descriptions of that corkscrew landing . . . ."

GOODMAN LAW GROUP
A Professional Corporation
520 S. Fourth Street, 2ⁿᵈ Floor
Las Vegas, Nevada 89101
(702) 383-5088

316294.2

16

11. Vision has repeated these statements in unsealed pleadings and argued that this information is confidential or classified.

12. Hester has never spoken with any reporter from the Las Vegas Sun or any other newspaper regarding Vision Airlines or this litigation.

13. Vision does not have access to any classified information or material.

14. Acor informed Hester on March 1, 2007, that he was required to sign a Non-Compete and Non-Disclosure Agreement ("Non-Disclosure Agreement") with Vision, which Hester executed on that date.

15. In a memorandum from Maguire to Vision's Air Bridge Program pilots dated October 15, 2007, Vision informed its pilots about its new compensation plan, which would have a retroactive effect ("Vision 767 Memorandum") starting as of October 1, 2007. Hester received a copy of the Vision 767 Memorandum which he signed and acknowledged receipt of on November 9, 2007.

## V.  CONTESTED ISSUES OF LAW

Absent a ruling on the Class's and Vision's cross Motions for Summary Judgment, the following issues of law remain to be litigated.

### A.   CLASS'S CLAIMS

1   Whether the Class is entitled to recover its damages under the legal theory of unjust enrichment.

2.   Whether the Class is entitled to recover its damages under a legal theory of *quantum meruit.*

3.   Whether the Class is entitled to recover its damages under a legal theory of money had and received.

GOODMAN LAW GROUP
A Professional Corporation
520 S. Fourth Street, 2nd Floor
Las Vegas, Nevada 89101
(702) 383-5088

4.     Whether the Class is entitled to recover its damages under a legal theory of conversion.

5.     Whether the Class is entitled to have a constructive trust imposed over the hazard pay Vision received from the upstream contractors.

6.     Whether the Class is entitled to declaratory relief.

7.     Whether the Class is entitled to injunctive relief.

8.     Whether constructive trust is an independent cause of action or a remedy.

9.     Whether the Class's equitable claims are barred by the existence of an express employment contract.

10.  Whether an employee's at-will status constitutes an express employment contract.

11.  Whether Vision's discovery violations in this case make it subject to sanctions pursuant to Rule 37, Federal Rules of Civil Procedure, up to and including the striking of its Answer.

12.  Whether the Class is entitled to punitive damages.

**B.**    **VISION'S COUNTERCLAIMS**

1.     Whether Hester breached the Classified Information Nondisclosure Agreement.

2.     Whether Hester breached the Vision Non-Disclosure Agreement.

3.     Whether Hester breached the Vision 767 Memorandum.

4.     Whether Vision is entitled to injunctive relief.

5.     Whether Vision is entitled to declaratory relief.

6.     Whether Vision has standing to sue under the Classified Information Nondisclosure Agreement.

GOODMAN LAW GROUP
A Professional Corporation
520 S. Fourth Street, 2nd Floor
Las Vegas, Nevada 89101
(702) 383-5088

7.    Whether Vision has standing to sue under the Non-Disclosure Agreement.

8.    Whether the Vision 767 Memorandum is a contract.

9.    Whether Vision has suffered any damages from Hester's alleged breach of contract.

10.    Whether the non-disclosure and non-compete provisions of the Non-Disclosure Agreement are void and unenforceable because they are *per se* unreasonable.

11.    Whether Vision's claims are barred, in whole or in part, by the doctrine of equitable estoppel.

12.    Whether any of the information disclosed in the Amended Counterclaims, the Complaint, or the *Las Vegas Sun* article is confidential.

13.    Whether any of the information disclosed in the Amended Counterclaims, the Complaint, or the *Las Vegas Sun* article is actually classified by the United States government.

14.    Whether Hester's at-will employment status precludes any contractual employment rights from arising between Hester and Vision.

15.    Whether Vision's Employee Manual prevents the formation of any contractual employment relationship, either express or implied, between Vision and Hester or Vision and the Class members.

16.    Whether the non-compete and non-disclosure provisions of the Vision Non-Disclosure Agreement are overbroad and unreasonable and should be struck down because they exceed Vision's protectable interests.

17.    Whether the time provision contained in the non-compete provision of the Non-Disclosure Agreement imposes an undue hardship on Hester and is

GOODMAN LAW GROUP
A Professional Corporation
520 S. Fourth Street, 2nd Floor
Las Vegas, Nevada 89101
(702) 383-5088

316294.2

19

therefore *per se* unreasonable.

18.     Whether Vision's definition of the prohibited behavior identified in the non-competition provision contained in the Non-Disclosure Agreement is overbroad and unreasonable because it exceeds Vision's protectable interests.

19.     Whether the territorial provision contained in the non-compete provision identified in Vision's Non-Disclosure Agreement is void and unenforceable because it exceeds Vision's protectable interests.

20.     Whether the Vision Non-Disclosure Agreement is unenforceable because it is void as against the public interest.

21.     Whether the non-disclosure provision contained in the Non-Disclosure Agreement is unenforceable because it is overbroad and unreasonable.

22.     Whether the non-disclosure provision contained in the Non-Disclosure Agreement is overbroad because it exceeds Vision's protectable interests.

23.     Whether Vision's claim for injunctive relief and a temporary restraining order fails because Vision cannot demonstrate a probability of success on the merits.

24.     Whether Vision's claim for injunctive relief and a temporary restraining order fails because Vision cannot demonstrate irreparable injury.

25.     Whether Vision is barred from bringing its claims by virtue of its own misconduct and unclean hands.

26.     Whether Vision is barred from bringing its claims by virtue of its own breach of the Non-Disclosure Agreement and the Classified Information Nondisclosure Agreement.

GOODMAN LAW GROUP
A Professional Corporation
520 S. Fourth Street, 2nd Floor
Las Vegas, Nevada 89101
(702) 383-5088

316294.2

27. Whether Vision's discovery violations in this case make it subject to sanctions pursuant to Rule 37, Federal Rules of Civil Procedure, up to and including the striking of its Amended Counterclaims.

28. Whether Vision's claims are barred, in whole or in part, by the applicable statutes of limitation.

29. Whether Vision's claims are barred, in whole or in part, by the doctrine of waiver, including but not limited to, when Vision filed its purportedly confidential and classified information as a matter of public record in its Bill of Particulars in its litigation against CSC and Capital Aviation, filed in Fairfax County, Virginia.

30. Whether Vision's claims are barred, in whole or in part, because Vision's damages, if any, were not proximately caused by Hester.

## VI. CLASS'S STATEMENT OF ANY OTHER ISSUES OF FACT OR LAW DEEMEED MATERIAL

### A. CLASS'S CLAIMS

1. On May 14, 2007, Vision's then Director of Flight Operations, Daniel Carson ("Carson") e-mailed Vigil and informed him that Vision had failed to pay its Air Bridge Program employees any hazard pay. Vigil, who copied Brian Dagget ("Dagget"), Vision's Air Bridge Program Manager, on his response, informed him that this had to be addressed immediately as it could be a disaster. In response to this e-mail, Dagget informed Vigil not to be alarmed because Vision had paid its employees hazard pay.

2. Acor testified that if the Class added up the cost line items for flight deck and cabin crew salary and hazardous duty pay, for which Vision billed the upstream contractors, and compared those sums with Vision's payroll, it

GOODMAN LAW GROUP
A Professional Corporation
520 S. Fourth Street, 2nd Floor
Las Vegas, Nevada 89101
(702) 383-5088

would reveal that Vision actually paid its employees an amount equal to or more than the amount it billed for and collected in flight deck and cabin crew salary and hazardous duty pay from the upstream contractors.

3.    However, the Class's expert determined that Acor is wrong, and that Vision failed to pay the Class any of the hazard pay that Vision collected on its behalf in Phases II-IV of the Air Bridge Program.  Furthermore, the Class's expert also determined that Vision failed to pay its Air Bridge Program employees all of the salary it received for and was required to pay them.

## VII. EXHIBIT LISTS

The Class's exhibit list is attached hereto as Exhibit A.

## VIII. DEPOSITION DESIGNATIONS, COUNTERDESIGNATIONS AND OBJECTIONS

A.    CLASS'S DEPOSITION DESIGNATIONS

### LAURA FEIGIN, MAY 5, 2010

| Page | Line | Through | Page | Line | Vision's Objections |
|------|------|---------|------|------|---------------------|
| 5 | 1 | | 12 | 19 | |
| 12 | 20 | | 14 | 1 | |
| 14 | 8 | | 14 | 17 | |
| 14 | 18 | | 15 | 2 | |
| 15 | 3 | | 15 | 8 | |
| 15 | 9 | | 15 | 22 | |
| 15 | 23 | | 15 | 25 | |
| 16 | 6 | | 16 | 14 | |

GOODMAN LAW GROUP
A Professional Corporation
520 S. Fourth Street, 2nd Floor
Las Vegas, Nevada 89101
(702) 383-5088

| 16 | 21 | | 17 | 11 | |
|----|----|---|----|----|--|
| 17 | 12 | | 18 | 14 | |
| 20 | 4  | | 20 | 25 | |
| 21 | 7  | | 22 | 6  | |
| 22 | 7  | | 23 | 16 | |
| 24 | 5  | | 25 | 4  | |
| 25 | 5  | | 25 | 15 | |
| 25 | 25 | | 26 | 11 | |
| 26 | 20 | | 26 | 24 | |
| 27 | 4  | | 28 | 14 | |
| 28 | 15 | | 31 | 5  | |
| 31 | 6  | | 31 | 17 | |
| 32 | 2  | | 33 | 18 | |
| 33 | 19 | | 34 | 2  | |
| 37 | 1  | | 38 | 5  | |

## DAVIS W PRITCHARD, JULY 1, 2010

| Page | Line | Through | Page | Line | Vision's Objections |
|------|------|---------|------|------|---------------------|
| 5    | 8    |         | 5    | 12   |                     |
| 7    | 21   |         | 12   | 8    |                     |
| 13   | 7    |         | 14   | 1    |                     |
| 14   | 10   |         | 18   | 14   |                     |
| 18   | 23   |         | 22   | 15   |                     |
| 22   | 17   |         | 23   | 9    |                     |

GOODMAN LAW GROUP
A Professional Corporation
520 S. Fourth Street, 2nd Floor
Las Vegas, Nevada 89101
(702) 383-5088

| 23 | 21 | | 24 | 14 | |
|----|----|----|----|----|----|
| 24 | 15 | | 26 | 8 | |
| 26 | 17 | | 26 | 22 | |
| 26 | 23 | | 26 | 25 | |
| 27 | 14 | | 27 | 15 | |
| 28 | 6 | | 28 | 10 | |
| 28 | 11 | | 30 | 11 | |
| 30 | 12 | | 31 | 4 | |
| 31 | 16 | | 34 | 18 | |
| 34 | 19 | | 39 | 8 | |
| 39 | 18 | | 40 | 18 | |
| 40 | 19 | | 44 | 3 | |
| 44 | 14 | | 52 | 8 | |
| 54 | 9 | | 60 | 5 | |

## BRIAN DAGGET, MARCH 16, 2010

| Page | Line | Through | Page | Line | Vision's Objections |
|------|------|---------|------|------|---------------------|
| 7 | 3 | | 8 | 19 | |
| 9 | 1 | | 9 | 19 | |
| 10 | 13 | | 12 | 14 | |
| 13 | 15 | | 14 | 11 | |
| 15 | 8 | | 15 | 9 | |
| 16 | 6 | | 16 | 16 | |

GOODMAN LAW GROUP
A Professional Corporation
520 S. Fourth Street, 2nd Floor
Las Vegas, Nevada 89101
(702) 383-5088

316294.2

| | | | | | |
|---|---|---|---|---|---|
| 30 | 11 | | 31 | 3 | |
| 32 | 19 | | 32 | 25 | |
| 35 | 15 | | 36 | 4 | |
| 37 | 21 | | 39 | 7 | |
| 40 | 12 | | 40 | 21 | |
| 43 | 21 | | 46 | 12 | |
| 47 | 3 | | 47 | 6 | |
| 49 | 10 | | 50 | 23 | |
| 51 | 23 | | 52 | 15 | |
| 54 | 1 | | 54 | 12 | |
| 57 | 2 | | 57 | 9 | |
| 62 | 6 | | 63 | 7 | |
| 72 | 9 | | 73 | 7 | |
| 80 | 8 | | 80 | 21 | |
| 82 | 25 | | 86 | 16 | |
| 91 | 3 | | 91 | 9 | |
| 91 | 17 | | 93 | 13 | |
| 95 | 7 | | 95 | 22 | |
| 97 | 18 | | 98 | 16 | |
| 99 | 10 | | 100 | 5 | |
| 105 | 9 | | 105 | 23 | |
| 111 | 6 | | 111 | 23 | |
| 112 | 1 | | 112 | 22 | |

GOODMAN LAW GROUP
A Professional Corporation
520 S. Fourth Street, 2nd Floor
Las Vegas, Nevada 89101
(702) 383-5088

316294.2

25

| | | | | | |
|---|---|---|---|---|---|
| 114 | 8 | | 114 | 23 | |
| 118 | 7 | | 118 | 13 | |
| 119 | 6 | | 119 | 19 | |
| 126 | 8 | | 126 | 12 | |
| 127 | 9 | | 127 | 20 | |
| 127 | 21 | | 128 | 17 | |
| 129 | 2 | | 130 | 21 | |
| 131 | 22 | | 132 | 22 | |
| 133 | 25 | | 135 | 16 | |
| 136 | 8 | | 136 | 13 | |
| 136 | 14 | | 137 | 6 | |
| 139 | 5 | | 139 | 24 | |
| 140 | 6 | | 140 | 12 | |
| 140 | 25 | | 141 | 6 | |
| 141 | 7 | | 142 | 22 | |
| 143 | 9 | | 144 | 8 | |
| 144 | 22 | | 148 | 13 | |
| 153 | 23 | | 154 | 11 | |
| 154 | 14 | | 156 | 5 | |
| 156 | 6 | | 156 | 17 | |
| 157 | 3 | | 159 | 3 | |
| 162 | 7 | | 163 | 17 | |
| 177 | 5 | | 178 | 12 | |

GOODMAN LAW GROUP
A Professional Corporation
520 S. Fourth Street, 2nd Floor
Las Vegas, Nevada 89101
(702) 383-5088

316294.2

| 183 | 17 | | 186 | 8 | |
|-----|-----|---|-----|-----|---|
| 186 | 12 | | 187 | 4 | |
| 196 | 12 | | 199 | 7 | |
| 200 | 6 | | 202 | 12 | |
| 214 | 3 | | 215 | 20 | |
| 215 | 21 | | 217 | 2 | |
| 243 | 16 | | 244 | 22 | |
| 245 | 5 | | 247 | 10 | |

## DARREL JENSEN, JUNE 29, 2010

| Page | Line | Through | Page | Line | Vision's Objections |
|------|------|---------|------|------|---------------------|
| 5 | 7 | | 5 | 15 | |
| 7 | 6 | | 9 | 10 | |
| 10 | 8 | | 10 | 15 | |
| 10 | 16 | | 13 | 20 | |
| 13 | 25 | | 14 | 6 | |
| 14 | 13 | | 17 | 7 | |
| 17 | 12 | | 18 | 17 | |
| 18 | 19 | | 19 | 10 | |
| 19 | 21 | | 19 | 23 | |
| 21 | 12 | | 22 | 6 | |
| 22 | 11 | | 25 | 7 | |
| 25 | 8 | | 26 | 12 | |

GOODMAN LAW GROUP
A Professional Corporation
520 S. Fourth Street, 2nd Floor
Las Vegas, Nevada 89101
(702) 383-5088

316294.2

| 27 | 1 | | 31 | 5 | |
|----|----|----|----|----|----|
| 31 | 16 | | 32 | 6 | |
| 32 | 7 | | 32 | 19 | |
| 33 | 14 | | 34 | 24 | |
| 34 | 25 | | 38 | 21 | |
| 41 | 2 | | 44 | 20 | |
| 44 | 25 | | 48 | 22 | |

### WILLIAM ACOR, MARCH 18, 2010

| Page | Line | Through | Page | Line | Vision's Objections |
|------|------|---------|------|------|---------------------|
| 528 | 23 | | 529 | 4 | |
| 531 | 7 | | 532 | 4 | |
| 542 | 9 | | 542 | 14 | |
| 542 | 15 | | 544 | 6 | |
| 544 | 17 | | 544 | 20 | |
| 566 | 7 | | 566 | 13 | |
| 580 | 24 | | 581 | 11 | |
| 585 | 25 | | 586 | 13 | |
| 594 | 23 | | 595 | 19 | |
| 597 | 3 | | 597 | 8 | |
| 597 | 20 | | 602 | 7 | |
| 602 | 8 | | 602 | 15 | |
| 603 | 6 | | 604 | 18 | |

GOODMAN LAW GROUP
A Professional Corporation
520 S. Fourth Street, 2nd Floor
Las Vegas, Nevada 89101
(702) 383-5088

316294.2

| 611 | 2 | | 612 | 2 | |
|---|---|---|---|---|---|
| 612 | 24 | | 614 | 23 | |
| 617 | 7 | | 617 | 13 | |
| 617 | 14 | | 619 | 10 | |
| 619 | 21 | | 621 | 25 | |
| 624 | 22 | | 628 | 2 | |
| 628 | 3 | | 632 | 7 | |
| 633 | 4 | | 633 | 7 | |

### JAMES MAGUIRE, JUNE 28, 2010

| Page | Line | Through | Page | Line | Vision's Objections |
|---|---|---|---|---|---|
| 5 | 3 | | 5 | 4 | |
| 7 | 3 | | 8 | 1 | |
| 9 | 11 | | 9 | 20 | |
| 10 | 20 | | 12 | 2 | |
| 13 | 17 | | 16 | 21 | |
| 17 | 5 | | 17 | 9 | |
| 17 | 22 | | 18 | 2 | |
| 19 | 9 | | 19 | 14 | |
| 20 | 23 | | 24 | 19 | |
| 24 | 23 | | 25 | 22 | |
| 27 | 2 | | 28 | 4 | |
| 30 | 12 | | 32 | 20 | |

GOODMAN LAW GROUP
A Professional Corporation
520 S. Fourth Street, 2nd Floor
Las Vegas, Nevada 89101
(702) 383-5088

316294.2

| 32 | 21 | | 34 | 24 | |
| 43 | 12 | | 43 | 19 | |
| 43 | 22 | | 44 | 3 | |
| 47 | 16 | | 49 | 8 | |
| 49 | 16 | | 50 | 11 | |
| 50 | 14 | | 52 | 4 | |
| 52 | 10 | | 55 | 21 | |
| 57 | 2 | | 61 | 2 | |
| 68 | 4 | | 69 | 25 | |
| 72 | 6 | | 74 | 21 | |
| 75 | 8 | | 77 | 11 | |
| 77 | 18 | | 78 | 10 | |
| 78 | 18 | | 83 | 9 | |
| 84 | 13 | | 85 | 5 | |
| 86 | 7 | | 88 | 20 | |
| 89 | 17 | | 94 | 5 | |
| 94 | 24 | | 95 | 13 | |
| 95 | 14 | | 96 | 10 | |
| 96 | 18 | | 98 | 22 | |

### DAVID MEERS, MARCH 17, 2010

| Page | Line | Through | Page | Line | Vision's Objections |
|------|------|---------|------|------|---------------------|
| 265 | 23 | | 265 | 24 | |

GOODMAN LAW GROUP
A Professional Corporation
520 S. Fourth Street, 2nd Floor
Las Vegas, Nevada 89101
(702) 383-5088

316294.2

30

| | | | | | |
|---|---|---|---|---|---|
| 267 | 8 | | 267 | 15 | |
| 267 | 23 | | 268 | 15 | |
| 284 | 22 | | 286 | 17 | |
| 287 | 5 | | 287 | 10 | |
| 287 | 14 | | 287 | 21 | |
| 289 | 17 | | 289 | 22 | |
| 298 | 13 | | 299 | 21 | |
| 306 | 24 | | 307 | 4 | |
| 308 | 3 | | 309 | 20 | |
| 310 | 1 | | 311 | 8 | |
| 312 | 6 | | 313 | 22 | |
| 313 | 23 | | 314 | 23 | |
| 315 | 16 | | 318 | 4 | |
| 319 | 24 | | 320 | 22 | |
| 328 | 17 | | 330 | 1 | |
| 331 | 18 | | 332 | 20 | |
| 335 | 16 | | 336 | 12 | |
| 339 | 10 | | 339 | 18 | |
| 340 | 10 | | 340 | 13 | |
| 341 | 8 | | 343 | 22 | |
| 344 | 5 | | 345 | 5 | |
| 345 | 9 | | 346 | 11 | |
| 346 | 21 | | 348 | 13 | |

GOODMAN LAW GROUP
A Professional Corporation
520 S. Fourth Street, 2nd Floor
Las Vegas, Nevada 89101
(702) 383-5088

316294.2

| | | | | | |
|---|---|---|---|---|---|
| 348 | 24 | | 349 | 12 | |
| 354 | 2 | | 355 | 20 | |
| 355 | 24 | | 356 | 3 | |
| 356 | 15 | | 359 | 9 | |
| 360 | 17 | | 364 | 7 | |
| 364 | 22 | | 365 | 9 | |
| 366 | 9 | | 368 | 11 | |
| 371 | 2 | | 371 | 12 | |
| 384 | 12 | | 387 | 5 | |
| 389 | 2 | | 391 | 12 | |
| 391 | 16 | | 392 | 18 | |
| 392 | 19 | | 393 | 18 | |
| 396 | 9 | | 397 | 21 | |
| 397 | 24 | | 398 | 11 | |
| 398 | 12 | | 400 | 1 | |
| 401 | 23 | | 402 | 18 | |
| 405 | 9 | | 410 | 24 | |
| 411 | 18 | | 414 | 23 | |
| 414 | 24 | | 416 | 18 | |
| 417 | 4 | | 421 | 14 | |
| 422 | 8 | | 423 | 22 | |
| 424 | 2 | | 426 | 1 | |
| 426 | 7 | | 428 | 18 | |

GOODMAN LAW GROUP
A Professional Corporation
520 S. Fourth Street, 2nd Floor
Las Vegas, Nevada 89101
(702) 383-5088

| | | | | | |
|---|---|---|---|---|---|
| 431 | 13 | | 432 | 1 | |
| 433 | 2 | | 434 | 21 | |
| 434 | 22 | | 435 | 14 | |
| 435 | 25 | | 436 | 15 | |
| 437 | 10 | | 438 | 23 | |
| 439 | 4 | | 440 | 15 | |
| 442 | 13 | | 444 | 5 | |
| 445 | 11 | | 448 | 1 | |
| 449 | 25 | | 452 | 3 | |
| 452 | 11 | | 453 | 22 | |
| 456 | 3 | | 459 | 8 | |
| 459 | 15 | | 462 | 12 | |
| 465 | 8 | | 470 | 5 | |
| 473 | 2 | | 474 | 25 | |
| 475 | 4 | | 476 | 14 | |
| 478 | 4 | | 481 | 8 | |
| 481 | 10 | | 484 | 2 | |
| 484 | 17 | | 486 | 20 | |
| 488 | 15 | | 508 | 16 | |
| 510 | 4 | | 510 | 16 | |
| 510 | 18 | | 513 | 17 | |
| 515 | 11 | | 519 | 1 | |
| 519 | 14 | | 521 | 25 | |

GOODMAN LAW GROUP
A Professional Corporation
520 S. Fourth Street, 2nd Floor
Las Vegas, Nevada 89101
(702) 383-5088

316294.2

33

**B.      VISION'S DEPOSITION DESIGNATIONS**

**LAURA FEIGIN, MAY 5, 2010**

| Page | Line | Through | Page | Line | Class's Objections |
|------|------|---------|------|------|--------------------|
| 34 | 12 | | 34 | 14 | |
| 35 | 21 | | 35 | 24 | |
| 36 | 5 | | 36 | 18 | |

**CLASS'S COUNTERDESIGNATIONS OF VISION'S DESIGNATIONS OF LAURA FEIGIN, MAY 5, 2010**

| Page | Line | Through | Page | Line | |
|------|------|---------|------|------|--|
| 35 | 25 | | 36 | 4 | |

## IX. TRIAL WITNESSES

**A.      THE CLASS'S EXPECTED WITNESSES**

1.      William Acor
        Vision Airlines, Chief Executive Officer
        2705 Airport Drive
        Las Vegas, Nevada 89032
        702-647-7000

2.      David P. Meers, Jr.
        Vision Airlines, Vice President
        2705 Airport Drive
        Las Vegas, Nevada 89032
        702-647-7000

3.      Brian Daggett
        Vision Airlines, Vision's Program Manager
        2380 Windsock Drive
        Dulles, VA 21066
        703-661-8244

GOODMAN LAW GROUP
A Professional Corporation
520 S. Fourth Street, 2nd Floor
Las Vegas, Nevada 89101
(702) 383-5088

4. James Maguire
   Vision Airlines
   2705 Airport Drive
   Las Vegas, Nevada 89032
   702-647-7000

5. Laura Feigin
   Computer Sciences Corporation
   3170 Fairview Park Drive
   Falls Church, Virginia 22042
   703-876-1000

6. Darrel Jensen
   8321 Opal Cove Drive
   Las Vegas, Nevada 89128
   (702) 256-5158

7. Davis Pritchard
   109 Fern Place
   Friday Harbor, Washington 98250
   (360) 378-3992

8. Gerald Hester
   c/o Kozyak Tropin & Throckmorton
   Attn: Brett E. von Borke, Esq.
   2525 Ponce de Leon, 9th Floor
   Miami, Florida 33133
   (305) 372-1800

9. Barry Mukamal
   c/o Kozyak Tropin & Throckmorton
   Attn: Brett E. von Borke, Esq.
   2525 Ponce de Leon, 9th Floor
   Miami, Florida 33133
   (305) 372-1800

10. Maria Mendez
    c/o Kozyak Tropin & Throckmorton
    Attn: Brett E. von Borke, Esq.
    2525 Ponce de Leon, 9th Floor
    Miami, Florida 33133
    (305) 372-1800

11. Steven Green
    2360 Corporate Circle
    Third Floor
    Henderson, Nevada 89074
    (702) 385-3111

12. Daniel Carson
    1424 South Riverside Drive
    Indialantic, Florida 329032

GOODMAN LAW GROUP
A Professional Corporation
520 S. Fourth Street, 2nd Floor
Las Vegas, Nevada 89101
(702) 383-5088

316294.2

35

13.   Mark Simmons
c/o Kozyak Tropin & Throckmorton
Attn: Brett E. von Borke, Esq.
2525 Ponce de Leon, 9th Floor
Miami, Florida 33133
(305) 372-1800

**B.   VISION'S EXPECTED WITNESSES**

1.   William Acor
Vision Airlines, Chief Executive Officer
2705 Airport Drive
Las Vegas, Nevada 89032
702-647-7000

2.   David P. Meers, Jr.
Vision Airlines, Vice President
2705 Airport Drive
Las Vegas, Nevada 89032
702-647-7000

3.   Brian Daggett
Vision Airlines, Vision's Program Manager
2380 Windsock Drive
Dulles, VA 21066
703-661-8244

4.   James Maguire
Vision Airlines
2705 Airport Drive
Las Vegas, Nevada 89032
702-647-7000

Vision reserves the right to call any witness identified on the Class's expected witness list.

## X.  MOTIONS *IN LIMINE*

The Class has filed one motion *in limine*.  Vision intends to file motions in limine.

## XI.  TRIAL DATE AND TIME

The Court in its May 21, 2010 Order [D.E. 127] set this case for jury trial scheduled on October 4, 2010.  It is estimated that this trial will take a total of 5 days.

GOODMAN LAW GROUP
A Professional Corporation
520 S. Fourth Street, 2nd Floor
Las Vegas, Nevada 89101
(702) 383-5088

316294.2

APPROVED AS TO FORM AND CONTENT

/s/ David M. Buckner
Attorney for Plaintiff and the Class

/s/ Harold Gewerter
Attorney for Vision

## XII.  ACTION BY THE COURT

(A)     This case is set down for jury trial on the fixed calendar on October 4, 2010. Calendar call is scheduled to be held on September 29, 2010.

(B)     An original and two copies of each trial brief shall be submitted to the clerk on or before September 28, 2010.

(C)     Jury Trial:

(1)     An original and two (2) copies of all instructions requested by either party shall be submitted to the Clerk for filing on or before September 4, 2010.

(2)     An original and two (2) copies of all suggested questions of the parties to be asked of the jury panel by the court on *voire dire* shall be submitted to the clerk for filing on or before September 28, 2010.

The foregoing pretrial order has been approved by the parties to this action as evidenced by the signatures of their counsel hereon, and the order is hereby entered and will govern the trial of this case.  This order shall not be amended except by order of the court pursuant to agreement of the parties or to prevent manifest injustice.


Dated:_____.


_____
United States District Judge

GOODMAN LAW GROUP
A Professional Corporation
520 S. Fourth Street, 2nd Floor
Las Vegas, Nevada 89101
(702) 383-5088

# EXHIBIT A

# CLASS' EXHIBIT LIST

page_____

Case # 2:09-CV-00117-RLH-RJJ

Caption: GERALD HESTER,
on behalf of himself  and
all others similarly situated,

      Plaintiff,

v.

VISION AIRLINES, INC.,

    Defendant.

| Date Marked | Date Admitted | Number | Witness | Description | ADMISSIBILITY | OBJECTIONS |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | Defendant Vision Airlines, Inc's Responses to Plaintiff's Second Request for Admissions | Statement of Party Opponent/ Admission Against Interest | |
| | | | | | | |
| | | | | Amended Counterclaim | Statement of Party Opponent/ Admission Against Interest | |
| | | | | | | |
| | | | | Vision's Bill of Particulars from Fairfax County, Virginia Litigation against Capital Aviation and CSC | STIP  [DE 131.] | |
| | | | | | | |
| | | | | Vision-Capital Aviation Aircraft Provider Agreement No. AP-1007536-001(CAI27860-CAI27871) | STIP  [DE 131.] | |
| | | | | | | |
| | | | | Capital Aviation, Inc., Addendum to Aircraft Provider Agreement AP-1007536-001(CAI30946-CAI30961) Modification 11 | STIP  [DE 131.] | |

# CLASS' EXHIBIT LIST

page_____

Case # 2:09-CV-00117-RLH-RJJ

Caption: GERALD HESTER,
on behalf of himself  and
all others similarly situated,

          Plaintiff,
v.

VISION AIRLINES, INC.,

          Defendant.

| Date Marked | Date Admitted | Number | Witness | Description | ADMISSIBILITY | OBJECTIONS |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | Subcontract Agreement between McNeil Technologies, Inc., and Vision Airlines, Inc. (HEST0041230- HEST00412500) | STIP [DE 131.] | |
| | | | | | | |
| | | | | E-Mail dated June 26, 2006 to Frederick Credno, Jr. from Brian Daggett re: Two Airplane Program (CAI27884-CAI27891) | STIP [DE 131.] | |
| | | | | | | |
| | | | | E-mail dated June 16, 2006 to David Meers from William Vigil re: Proposal with attachment. (VISION13324-VISION13326) | STIP [DE 131.] | |
| | | | | | | |
| | | | | E-Mail dated 8/18/06 from William Vigil to David Meers re: Fixed Cost Availability Fee Breakdown (VISION007156-7158) Attaches Memo to Bill Vigil from Willie Taaffe dated 6/5/06 re: ACFC-Fixed Cost Fee/ Availability Fee (VISION007159) | STIP [DE 131.] | |

# CLASS' EXHIBIT LIST          page_____

Case # 2:09-CV-00117-RLH-RJJ


Caption: GERALD HESTER,
on behalf of himself  and
all others similarly situated,

              Plaintiff,
v.

VISION AIRLINES, INC.,

         Defendant.


| Date Marked | Date Admitted | Number | Witness | Description | ADMISSIBILITY | OBJECTIONS |
|---|---|---|---|---|---|---|
| | | | | E-Mail dated September 29, 2006 to John Jerrell from Brian Daggett re: Fixed Cost Billing October, November, and December (CAI36545-CAI36546) | STIP [DE 131.] | |
| | | | | Vision Invoice dated week of August 19, 2006 (VISION000476) | STIP [DE 131.] | |
| | | | | E-Mail dated June 19, 2007, to William Vigil from John Jerrell re: Capital Aviation Invoice (CAI25460 CAI2561) | STIP [DE 131.] | |
| | | | | Composite Exhibit: All Vision Air Bridge Program Payroll Records and supporting documentation from May 1, 2005 - present | STIP [DE 131.] | |
| | | | | Vision's Price Basis to McNeil Technologies Inc. | STIP [DE 131.] | |

**CLASS' EXHIBIT LIST**          page_____

Case # 2:09-CV-00117-RLH-RJJ

Caption: GERALD HESTER,
on behalf of himself  and
all others similarly situated,

        Plaintiff,

v.

VISION AIRLINES, INC.,

      Defendant.

| Date Marked | Date Admitted | Number | Witness | Description | ADMISSIBILITY | OBJECTIONS |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | E-Mail dated May 14, 2007, to Daniel Carson from William Vigil re: Hazard Pay | STIP [DE 131.] | |
| | | | | | | |
| | | | | Letter dated September 3, 2005 from Premier Aircraft to Cabin Crew Personnel re: Hazard Pay (HEST032134) | STIP [DE 131.] | |
| | | | | | | |
| | | | | Jensen Handwritten Notes (Jensen00002) | Vision Business Record not for the truth or the matter asserted | |
| | | | | | | |
| | | | | E-Mail dated 7/12/07 Gary Acquavella from Matthew Wise re: Modification 12 to Aircraft Charter Subcontract (attaches contract) | STIP [DE 131.] | |

# CLASS' EXHIBIT LIST          page_____

Case # 2:09-CV-00117-RLH-RJJ


Caption: GERALD HESTER,
on behalf of himself  and
all others similarly situated,

      Plaintiff,

v.

VISION AIRLINES, INC.,

    Defendant.


| Date Marked | Date Admitted | Number | Witness | Description | ADMISSIBILITY | OBJECTIONS |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | Letter dated January 21, 2009 from David Buckner to Vision Airlines re: Notification of Litigation | Not for the truth of the matter asserted | |
| | | | | | | |
| | | | | E-mail dated August 31, 2006 from Brian Daggett to Kimberly Hunter re: Invoice for Week of August 19, 2006 (CAI36633-CAI36637) | STIP  [DE 131.] | |
| | | | | | | |
| | | | | E-mail dated July 12, 2007 from Nick Franzen to David Meers  re: Crew Travel Costs under S-1007536 CAI Mission Support III (CAI30321-CAI30325) | STIP  [DE 131.] | |
| | | | | | | |
| | | | | E-mail dated October 9, 2006 from Brian Daggett to John Ferrell re: Payment (CAI16248) | STIP  [DE 131.] | |
| | | | | | | |
| | | | | E-mail dated September 17, 2006 from Brian Daggett to John Jerrell re: Cancellation of Flights (CAI12655-CAI12656) | STIP  [DE 131.] | |

## CLASS' EXHIBIT LIST          page_____

Case # 2:09-CV-00117-RLH-RJJ


Caption: GERALD HESTER,
on behalf of himself  and
all others similarly situated,

      Plaintiff,

v.

VISION AIRLINES, INC.,

     Defendant.


| Date Marked | Date Admitted | Number | Witness | Description | ADMISSIBILITY | OBJECTIONS |
|---|---|---|---|---|---|---|
| | | | | E-mail dated August 1, 2007 from Lara Feigin to Kimberly Hunter re: Completition of Rotation and Payment Vision Air (CAI25308-CAI25310) | STIP [DE 131.] | |
| | | | | E-mail dated March 9, 2007 from William Vigil to B. Daggett re: $150 hold back from Vision (CAI040568) | STIP [DE 131.] | |
| | | | | E-mail dated April 13, 2007 from Kim Hunter to David Meers re: Phase III Reconciliation Issues (VISION007225-VISION007226) | STIP [DE 131.] | |
| | | | | Phase I-IV Flight Logs and supporting documents | STIP [DE 131.] | |

# CLASS' EXHIBIT LIST                    page_____

Case # 2:09-CV-00117-RLH-RJJ


Caption: GERALD HESTER,
on behalf of himself  and
all others similarly situated,

        Plaintiff,

v.

VISION AIRLINES, INC.,

        Defendant.

| Date Marked | Date Admitted | Number | Witness | Description | ADMISSIBILITY | OBJECTIONS |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | Gerald Hester's Employee Acknowledgement Form dated March 1, 2007 | STIP [DE 131.] | |
| | | | | | | |
| | | | | Letter dated September 3, 2008 from Gerald Hester to Brian Daggett | Not for the truth of the matter asserted | |
| | | | | | | |
| | | | | Application for Employment for James Maguire dated 9/1/2006 (HEST031658-HEST031660) | Vision Business Records | |
| | | | | | | |
| | | | | E-mail dated October 19, 2005 to Douglas R. Hotchkin from Fred Credno re:Capital Aviation to CSC Invoice Reflecting Payment of Hazard Pay (CSC0189 - CSC0190) | STIP [DE 131.] | |

## CLASS' EXHIBIT LIST                  page_____

Case # 2:09-CV-00117-RLH-RJJ

Caption: GERALD HESTER,
on behalf of himself  and
all others similarly situated,

       Plaintiff,

v.

VISION AIRLINES, INC.,

      Defendant.

| Date Marked | Date Admitted | Number | Witness | Description | ADMISSIBILITY | OBJECTIONS |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |
|  |  |  |  | All Vision Airlines Airbridge Program Invoices for Phases I-IV | STIP  [DE 131.] |  |
|  |  |  |  |  |  |  |
|  |  |  |  | All Vision Airlines Airbridge Program Invoices REDACTED Phases I-IV | STIP  [DE 131.] |  |
|  |  |  |  |  |  |  |
|  |  |  |  | Employee Handbook Vision Airlines dated October 2006 | STIP  [DE 131.] |  |
|  |  |  |  |  |  |  |
|  |  |  |  | CSC Phase 2 Airbridge Program Bid Proposal (CSC0022 - CSC0038) | BUSINESS RECORDS STIPULATION IN FEIGIN DEPOSITION |  |

## CLASS' EXHIBIT LIST            page_____

Case # 2:09-CV-00117-RLH-RJJ


Caption: GERALD HESTER,
on behalf of himself  and
all others similarly situated,

       Plaintiff,

v.

VISION AIRLINES, INC.,

      Defendant.


| Date Marked | Date Admitted | Number | Witness | Description | ADMISSIBILITY | OBJECTIONS |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |
|  |  |  |  | CSC Phase 3 Airbridge Program Bid Proposal (CSC0039 - CSC0059) | BUSINESS RECORDS STIPULATION IN FEIGIN DEPOSITION |  |
|  |  |  |  |  |  |  |
|  |  |  |  | Vision Airlines Phase I-III Air Bridge Program Invoices | BUSINESS RECORDS STIPULATION IN FEIGIN DEPOSITION |  |
|  |  |  |  |  |  |  |
|  |  |  |  | Capital Aviation Airbridge Program Invoices Phases I-III  (CSC0156- CSC0238) | BUSINESS RECORDS STIPULATION IN FEIGIN DEPOSITION |  |
|  |  |  |  |  |  |  |
|  |  |  |  | Capital Aviation Airbridge Program Invoices (PHASEIII) | BUSINESS RECORDS STIPULATION IN FEIGIN DEPOSITION |  |

## CLASS' EXHIBIT LIST          page_____

Case # 2:09-CV-00117-RLH-RJJ


Caption: GERALD HESTER,
on behalf of himself  and
all others similarly situated,

      Plaintiff,

v.

VISION AIRLINES, INC.,

    Defendant.


| Date Marked | Date Admitted | Number | Witness | Description | ADMISSIBILITY | OBJECTIONS |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | E-mail dated November 26, 2006 to Brian Daggett from David Meers re: Billing (CAI13193-CAI13198) | STIP [DE 131.] | |
| | | | | | | |
| | | | | E-mail dated November 8, 2006  to Gary Acquavella from Kim Hunter re: Wire Transfer Receipt 11/8/06 (CAI12964-CAI12967) | STIP [DE 131.] | |
| | | | | | | |
| | | | | Memorandum dated May16, 2007 from William Vigil re: Security Clearances (CAI16020-CAI16024) | STIP [DE 131.] | |
| | | | | | | |
| | | | | All Vision Airbridge Program Payroll Records and supporting documentation Phases I-IV | STIP [DE 131.] | |
| | | | | | | |
| | | | | Barry Mukamal Curriculum Vitae | | |

## CLASS' EXHIBIT LIST                    page_____

Case # 2:09-CV-00117-RLH-RJJ


Caption: GERALD HESTER,
on behalf of himself  and
all others similarly situated,

       Plaintiff,

v.

VISION AIRLINES, INC.,

     Defendant.


| Date Marked | Date Admitted | Number | Witness | Description | ADMISSIBILITY | OBJECTIONS |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | All Vision Airlines Airbridge Program Flight Logs and supporting documents Phases I-IV | STIP [DE 131.] | |
| | | | | | | |
| | | | | Vision-Capital Aviation 2005 Airbridge Program Contract (REDACTED) | STIP [DE 131.] | |
| | | | | | | |
| | | | | Vision-Capital Contract (HEST0037809-HEST37820) | STIP [DE 131.] | |
| | | | | | | |
| | | | | Vision-Capital Unexecuted Version of Modification 11 to Airbridge Program Contract (HEST0038786-HEST0038800) | STIP [DE 131.] | |
| | | | | | | |
| | | | | Redacted McNeil Airbridge Program Contract (HEST0041230-HEST0041250) | STIP [DE 131.] | |

# CLASS' EXHIBIT LIST

page_____

Case # 2:09-CV-00117-RLH-RJJ

Caption: GERALD HESTER,
on behalf of himself and
all others similarly situated,

      Plaintiff,

v.

VISION AIRLINES, INC.,

    Defendant.

| Date Marked | Date Admitted | Number | Witness | Description | ADMISSIBILITY | OBJECTIONS |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | Capital Aviation-Vision Airlines Wire Transfer Receipts  (PHASES I-III) | STIP [DE 131.] | |
| | | | | | | |
| | | | | E-Mails regarding Vision's Request for Payment (CAI12655-CAI12656) | STIP [DE 131.] | |
| | | | | | | |
| | | | | Vision's Answers to Class' First Request for Admissions | Statement of Party Opponent/ Admission Against Interest | |
| | | | | | | |
| | | | | Memo dated September 3, 2005 to Cockpit Crew Personnel, N368CE re: Pay Compensation for Trips to Iraq | STIP [DE 131.] | |
| | | | | | | |
| | | | | 11/1/2005 Vision OKAB and ORBI Pay Scales | STIP [DE 131.] | |

## CLASS' EXHIBIT LIST          page_____

Case # 2:09-CV-00117-RLH-RJJ


Caption: GERALD HESTER,
on behalf of himself  and
all others similarly situated,

      Plaintiff,

v.

VISION AIRLINES, INC.,

      Defendant.

| Date Marked | Date Admitted | Number | Witness | Description | ADMISSIBILITY | OBJECTIONS |
|---|---|---|---|---|---|---|
| | | | | Letter dated April 21, 2006 from Frank Reno to Vision re: Hazard Pay ( HEST 0038626) | STIP [DE 131.] | |
| | | | | Composite Exhibit of  All Modifications to Capital Aviation-CSC Airbridge Program Contract | STIP [DE 131.] | |
| | | | | Statement of Ambassador J. Cofer Black to the Committee on International Relations, U.S. House of Representatives | Not for the truth of the matter asserted | |
| | | | | Article by Slobodan Lekic "A Hair-Raising Flight to Baghdad" dated November 26, 2004 | Not for the truth of the matter asserted | |

# CLASS' EXHIBIT LIST

page_____

Case # 2:09-CV-00117-RLH-RJJ

Caption: GERALD HESTER,
on behalf of himself  and
all others similarly situated,

        Plaintiff,

v.

VISION AIRLINES, INC.,

        Defendant.

| Date Marked | Date Admitted | Number | Witness | Description | ADMISSIBILITY | OBJECTIONS |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | Vision's Personnel Action Form-Gerald Hester (HEST033115) | Statement of Party Opponent/ Admission Against Interest | |
| | | | | | | |
| | | | | Eurpoean Parliament Report on the Alleged Use of Eurpoean Countries by the CIA for the Transport and Illegal Detention of Prisoners dated November 16, 2006 | Not for the truth of the matter asserted | |
| | | | | | | |
| | | | | All Vision Air Bridge Program Employee Handbook  Acknowledgement Forms | STIP  [DE 131.] | |
| | | | | | | |
| | | | | Affidavit of William Vigil dated July 9, 2010 | | |

# CLASS' EXHIBIT LIST                    page_____

Case # 2:09-CV-00117-RLH-RJJ


Caption: GERALD HESTER,
on behalf of himself  and
all others similarly situated,

       Plaintiff,

v.

VISION AIRLINES, INC.,

     Defendant.


| Date Marked | Date Admitted | Number | Witness | Description | ADMISSIBILITY | OBJECTIONS |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | All Pleadings and Documents in Vision's Fairfax County,  Virginia Lawsuit against Capital Aviation and Computer Sciences Corporation | STIP [DE 131.] | |
| | | | | | | |
| | | | | Capital Aviation's Close Out Certification for Air Bridge Program Contract (CAI25530- CAI25537) | STIP [DE 131.] | |
| | | | | | | |
| | | | | All Vision's Answers to Interrogatories | Statement of Party Opponent/ Admission Against Interest | |
| | | | | | | |
| | | | | Vision's Phase I  Air Bridge Program Invoices Stamped "PAID" | STIP [DE 131.] | |

# CLASS' EXHIBIT LIST

page_____

Case # 2:09-CV-00117-RLH-RJJ

Caption: GERALD HESTER,
on behalf of himself  and
all others similarly situated,

       Plaintiff,

v.

VISION AIRLINES, INC.,

       Defendant.

| Date Marked | Date Admitted | Number | Witness | Description | ADMISSIBILITY | OBJECTIONS |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | CSC's Bid Proposal reviewed by Barry Mukamal (CSC0014- CSC0116) | Business Records Stipulation in Feigin Deposition | |
| | | | | | Business Records Stipulation in Feigin Deposition | |
| | | | | Invoices from Capital Aviation to CSC for Phase III reviewed by Barry Mukamal (CSC0144 - CSC0151) | | |
| | | | | | | |
| | | | | Capital Aviation, Inc. Aircraft Provider Agreement & Addendum to Aircraft Provider Agreement (CAI27860-CAI27871) | STIP  [DE 131.] | |
| | | | | | | |
| | | | | E-Mail dated May 16, 2007 from William Vigil re: Security Clearances | STIP  [DE 131.] | |

## CLASS' EXHIBIT LIST          page_____

Case # 2:09-CV-00117-RLH-RJJ


Caption: GERALD HESTER,
on behalf of himself  and
all others similarly situated,

          Plaintiff,

v.

VISION AIRLINES, INC.,

          Defendant.


| Date Marked | Date Admitted | Number | Witness | Description | ADMISSIBILITY | OBJECTIONS |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | Letter dated August 28, 2006 to Gary Acqualvella from James Hurley re: Request for Hazard Pay for trips to ORBI (HEST0039311) | STIP  [DE 131.] | |
| | | | | | | |
| | | | | Letter dated September 3, 2005 to Cabin Crew Personnel from Captain D.C. Jensen re: Pay compensation for trips to Iraq (HEST032134) | STIP  [DE 131.] | |
| | | | | Invoices Vision Submitted to Capital Aviation (produced by CSC) reviewed by Barry Mukamal (CSC0279-CSC0340) | Business Records Stipulation in Feigin Deposition | |
| | | | | | | |
| | | | | Mission Cost Narrative reviewed by Barry Mukamal (CSC 0355-CSC0364) | Business Records Stipulation in Feigin Deposition | |

**CLASS' EXHIBIT LIST**          page_____

Case # 2:09-CV-00117-RLH-RJJ


Caption: GERALD HESTER,
on behalf of himself  and
all others similarly situated,

      Plaintiff,

v.

VISION AIRLINES, INC.,

    Defendant.

| Date Marked | Date Admitted | Number | Witness | Description | ADMISSIBILITY | OBJECTIONS |
|---|---|---|---|---|---|---|
| | | | | Vision's Price Basis to McNeil Technologies Inc. for Airbridge Program Contract (SUPP001) | STIP [DE 131.] | |
| | | | | Modification 11 to Vision's Air Bridge Program contract with Capital Aviation (HEST0038786-0038800) | STIP [DE 131.] | |
| | | | | Wire Transfer receipts from Capital Aviation and CSC to Vision reflecting payment of Vision's Air Bridge Program invoices | STIP [DE 131.] | |
| | | | | Vision Bank Records for all four phases of the Airbridge program (BBT BANK) | STIP [DE 131.] | |

# CLASS' EXHIBIT LIST
page_____

Case # 2:09-CV-00117-RLH-RJJ

Caption: GERALD HESTER,
on behalf of himself  and
all others similarly situated,

       Plaintiff,

v.

VISION AIRLINES, INC.,

      Defendant.

| Date Marked | Date Admitted | Number | Witness | Description | ADMISSIBILITY | OBJECTIONS |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | ACFC Fixed Cost Fee Memorandum dated 6/19/2006 (VISION008255-008256) | STIP  [DE 131.] | |
| | | | | | | |
| | | | | Capital Aviation's Invoices to CSC for Phases I-III of the Air Bridge Program | STIP  [DE 131.] | |
| | | | | | | |
| | | | | CSC's Wire Transfer Receipts Reflecting Payment of Capital Aviation's Air Bridge Program Invoices (including but not limited to) (CAI27681-82) CAI27510-27511; CAI27416-274417; CAI24078-24079; CAI005978; CAI27042-27045; CAI27004-27006; CAI26826-27829; CAI16011-16013; CAI26550-26553; CAI26417-26420; CAI 26404-26407; CAI26366-26368;CAI006154-006156; CAI26360-26362; CAI15993-15995; CAI005971-005973; CAI26120-26122; CAI25837-25850; CAI25826-25829; CAI15997-15600; CAI005968-005970; CAI15475-15477; CAI25779-25808; CAI25705-25706 | STIP  [DE 131.] | |

# CLASS' EXHIBIT LIST

page_____

Case # 2:09-CV-00117-RLH-RJJ

Caption: GERALD HESTER,
on behalf of himself  and
all others similarly situated,

        Plaintiff,

v.

VISION AIRLINES, INC.,

        Defendant.

| Date Marked | Date Admitted | Number | Witness | Description | ADMISSIBILITY | OBJECTIONS |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | Vision's E-Mails attaching Phase I-III Air Bridge Program Invoices to Capital Aviation and CSC | STIP [DE 131.] | |
| | | | | | | |
| | | | | Composite Exhibit re: Mission Support Invoicing Issues: (including but not limited to) CAI24329-24330; CAI38057-38058; CAI26713-26716; CAI26637; CAI36451-36453; CAI36448-36450; CAI14755-14756; CAI16453; CAI26434-26435; CAI005844-005845; CAI26078-26103; CAI26053-26077; CAI26129-26131; CAI26123-26124; CAI30365-30366; CAI25148-25149;CAI16244-16245; CAI25398-25399; CAI30297-30298; CAI12376-12377;CAI30295; CAI12369-12370; CAI30276-30277; CAI040615-040617; CAI29815-29816; CAI12665-12666;CAI38448-38458; CAI25237-25238;CAI28361-28362; CAI27901-27911 | STIP  [DE 131.] | |

## CLASS' EXHIBIT LIST            page_____

Case # 2:09-CV-00117-RLH-RJJ


Caption: GERALD HESTER,
on behalf of himself  and
all others similarly situated,

       Plaintiff,

v.

VISION AIRLINES, INC.,

      Defendant.

| Date Marked | Date Admitted | Number | Witness | Description | ADMISSIBILITY | OBJECTIONS |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | Communications related to Air Bridge Program reconciliation issues (including but not limited to) (CAI27676-27678; CAI27309-27310; CAI27295-27299; CAI 12663-12664; CAI36686; CAI27008-27010; CAI26973-26974; CAI26933-26935; CAI26888-26891; CAI26888-26891; CAI26860-26861; CAI26741; CAI26722; CAI33228-33230; CAI12283-12285; CAI30285-30289; CAI29173-29174; CAI28363-28365; CAI25270-25272 | STIP [DE 131.] | |
| | | | | | | |
| | | | | Communications regarding flight conditions, (including but not limited to) (CAI38011; CAI37708-37709; CAI38287-38288; CAI38097-38098; CAI38274-38275; CAI38273;CAI14752-14754; CAI15106-15107; CAI38472-38474 | STIP [DE 131.] | |
| | | | | | | |
| | | | | Communications relating to Air Bridge Program Costs, (including but not limited to) (CAI26196-26197; CAI15521-15523; CAI12826-12827 | STIP [DE 131.] | |

## CLASS' EXHIBIT LIST                    page_____

Case # 2:09-CV-00117-RLH-RJJ

Caption: GERALD HESTER,
on behalf of himself  and
all others similarly situated,

     Plaintiff,

v.

VISION AIRLINES, INC.,

     Defendant.

| Date Marked | Date Admitted | Number | Witness | Description | ADMISSIBILITY | OBJECTIONS |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | Computer Sciences Corporation Program: Executive Jet Services Program Subcontractor Cost Summary reviewed by Barry Mukamal (CSC0032- CSC0033) | Business Records Stipulation in Feigin Deposition | |
| | | | | | | |
| | | | | Communications regarding Phase III Air Bridge Program proposal, (including but not limited to) (CAI27884-27891; CAI26989-26993) | STIP  [DE 131.] | |
| | | | | | | |
| | | | | Subcontractor Close Out Certificates (CAI12668-12679; CAI25530-25537) | STIP  [DE 131.] | |

**CLASS' EXHIBIT LIST**          page_____

Case # 2:09-CV-00117-RLH-RJJ


Caption: GERALD HESTER,
on behalf of himself  and
all others similarly situated,

      Plaintiff,

v.

VISION AIRLINES, INC.,

    Defendant.

| Date Marked | Date Admitted | Number | Witness | Description | ADMISSIBILITY | OBJECTIONS |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |
|  |  |  |  | Modifications to Capital Aviation-Vision Air Bridge Program Subcontract (CAI12667; CAI30986-310001; CAI30946-30961) | STIP [DE 131.] |  |
|  |  |  |  |  |  |  |
|  |  |  |  | Composite Exhibit: Capital Aviation-CSC Subcontract Modifications  (including but not limited to) (CAI26682-26688; CAI24454-24373; CAI24270-24275; CAI38916-38918; CAI26689-26700; CAI24073-24075; CAI24007-24008; CAI27016-27018; CAI26999-27000; CAI 005981-006009; CAI006010-006011) | STIP [DE 131.] |  |
|  |  |  |  | Communications regarding payment issues, (including but not limited to) (CAI26845-26846; CAI16248; CAI26527; CAI30281-30284; CAI29171-29172; CAI25308-25310) | STIP [DE 131.] |  |
|  |  |  |  | Avionics upgrade payments (including but not limited to)(CAI36572-36582; CAI15535-15547; CAI040568;CAI15666-15668; CAI23920-23923; CAI15669-15670 | STIP [DE 131.] |  |

## CLASS' EXHIBIT LIST                 page_____

Case # 2:09-CV-00117-RLH-RJJ


Caption: GERALD HESTER,
on behalf of himself  and
all others similarly situated,

        Plaintiff,

v.

VISION AIRLINES, INC.,

        Defendant.

| Date Marked | Date Admitted | Number | Witness | Description | ADMISSIBILITY | OBJECTIONS |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | Computer Sciences Corporation Program: Executive Jet Services Program Subcontractor Cost Summary reviewed by Barry Mukamal (CSC0056- CSC0057) | Business Records Stipulation in Feigin Deposition | |
| | | | | | | |
| | | | | Capital Aviation's Invoices to CSC (reviewed by Barry Mukamal) | Business Records Stipulation in Feigin Deposition | |
| | | | | | | |
| | | | | Vision Bank Records for all four phases of the Airbridge program (CITIBANK) | STIP [DE 131.] | |
| | | | | | | |
| | | | | Composite exhibit of Vision's redacted documents | STIP [DE 131.] | |

**CLASS' EXHIBIT LIST**          page_____

Case # 2:09-CV-00117-RLH-RJJ

Caption: GERALD HESTER,
on behalf of himself  and
all others similarly situated,

      Plaintiff,

v.

VISION AIRLINES, INC.,

      Defendant.

| Date Marked | Date Admitted | Number | Witness | Description | ADMISSIBILITY | OBJECTIONS |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | Nation Building in Mesopotamia: U.S. Military Engineers in Iraq | Not for the truth of the matter asserted | |
| | | | | | | |
| | | | | CSC's Wire Transfer Receipt Reflecting Payment of Capital Aviation's Air Bridge Program Invoice dated May 5, 2006 (CAI27510-CAI27511) | STIP [DE 131.] | |
| | | | | | | |
| | | | | CSC's Wire Transfer Receipt Reflecting Payment of Capital Aviation's Air Bridge Program Invoice dated May 22, 2006 (including but not limited to) (CAI27416-CAI27418) | STIP [DE 131.] | |
| | | | | | | |
| | | | | CSC's Wire Transfer Receipt Reflecting Payment of Capital Aviation's Air Bridge Program Invoice dated August 17, 2006 (including but not limited to) (CAI27042-CAI27045) | STIP [DE 131.] | |

# CLASS' EXHIBIT LIST          page_____

Case # 2:09-CV-00117-RLH-RJJ

Caption: GERALD HESTER,
on behalf of himself  and
all others similarly situated,

      Plaintiff,

v.

VISION AIRLINES, INC.,

    Defendant.

| Date Marked | Date Admitted | Number | Witness | Description | ADMISSIBILITY | OBJECTIONS |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | CSC's Wire Transfer Receipt Reflecting Payment of Capital Aviation's Air Bridge Program Invoice dated September 1, 2006 (including but not limited to) (CAI27004-CAI27006) | STIP  [DE 131.] | |
| | | | | CSC's Wire Transfer Receipt Reflecting Payment of Capital Aviation's Air Bridge Program Invoices dated November 22, 2006 (CAI26550-CAI265553) | STIP  [DE 131.] | |
| | | | | CSC's Wire Transfer Receipt Reflecting Payment of Capital Aviation's Air Bridge Program Invoice dated December 6, 2006 (CAI26417-CAI26420) | STIP  [DE 131.] | |
| | | | | Composite Exhibit: CSC's Wire Transfer Receipt Reflecting Payment of Capital Aviation's Air Bridge Program Invoices (CAI26837-CAI27829) | STIP  [DE 131.] | |
| | | | | CSC's Wire Transfer Receipt Reflecting Payment of Capital Aviation's Air Bridge Program Invoice dated September 25, 2006 (CAI26826-CAI26837) | STIP  [DE 131.] | |

## CLASS' EXHIBIT LIST

page_____

Case # 2:09-CV-00117-RLH-RJJ


Caption: GERALD HESTER,
on behalf of himself  and
all others similarly situated,

         Plaintiff,

v.

VISION AIRLINES, INC.,

      Defendant.

| Date Marked | Date Admitted | Number | Witness | Description | ADMISSIBILITY | OBJECTIONS |
|---|---|---|---|---|---|---|
| | | | | CSC's Wire Transfer Receipt Reflecting Payment of Capital Aviation's Air Bridge Program Invoice dated November 22, 2006 (CAI265-CAI265553) | STIP [DE 131.] | |
| | | | | CSC's Wire Transfer Receipt Reflecting Payment of Capital Aviation's Air Bridge Program Invoice dated December 20, 2006 (CAI26404-CAI26407) | STIP [DE 131.] | |
| | | | | CSC's Wire Transfer Receipt Reflecting Payment of Capital Aviation's Air Bridge Program Invoice dated December 21, 2006 (CAI26366-CAI26368) | STIP [DE 131.] | |
| | | | | CSC's Wire Transfer Receipt Reflecting Payment of Capital Aviation's Air Bridge Program Invoice dated December 22, 2006 (CAI26360-CAI26362) | STIP [DE 131.] | |
| | | | | CSC's Wire Transfer Receipt Reflecting Payment of Capital Aviation's Air Bridge Program Invoice dated January 30, 2006 (CAI26120-CAI26122) | STIP [DE 131.] | |

# CLASS' EXHIBIT LIST

page_____

Case # 2:09-CV-00117-RLH-RJJ

Caption: GERALD HESTER,
on behalf of himself  and
all others similarly situated,

        Plaintiff,

v.

VISION AIRLINES, INC.,

        Defendant.

| Date Marked | Date Admitted | Number | Witness | Description | ADMISSIBILITY | OBJECTIONS |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | CSC's Wire Transfer Receipt Reflecting Payment of Capital Aviation's Air Bridge Program Invoice dated February 15, 2007 (CAI25837-CAI25850) | STIP [DE 131.] | |
| | | | | | | |
| | | | | CSC's Wire Transfer Receipt Reflecting Payment of Capital Aviation's Air Bridge Program Invoice dated February 22, 2007 (CAI25826-CAI25829) | STIP [DE 131.] | |
| | | | | | | |
| | | | | CSC's Wire Transfer Receipt Reflecting Payment of Capital Aviation's Air Bridge Program Invoice dated March 25, 2007 (CAI25779-CAI25794) | STIP [DE 131.] | |
| | | | | | | |
| | | | | CSC's Wire Transfer Receipt Reflecting Payment of Capital Aviation's Air Bridge Program Invoice dated March13, 2007 (CAI25795-CAI25809) | STIP [DE 131.] | |
| | | | | | | |
| | | | | CSC's Wire Transfer Receipt Reflecting Payment of Capital Aviation's Air Bridge Program Invoice dated April 24, 2007 (CAI25705) | STIP [DE 131.] | |
| | | | | | | |
| | | | | CSC's Wire Transfer Receipt Reflecting Payment of Capital Aviation's Air Bridge Program Invoice dated May 22, 2006 (CAI25705-CAI24082) | STIP [DE 131.] | |

## CLASS' EXHIBIT LIST          page_____

Case # 2:09-CV-00117-RLH-RJJ


Caption: GERALD HESTER,
on behalf of himself  and
all others similarly situated,

        Plaintiff,

v.

VISION AIRLINES, INC.,

        Defendant.

| Date Marked | Date Admitted | Number | Witness | Description | ADMISSIBILITY | OBJECTIONS |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | CSC's Wire Transfer Receipt Reflecting Payment of Capital Aviation's Air Bridge Program Invoice dated July 13, 2006 (CAI005978) | STIP  [DE 131.] | |
| | | | | | | |
| | | | | CSC's Wire Transfer Receipt Reflecting Payment of Capital Aviation's Air Bridge Program Invoice dated November 22, 2006 (CAI16011-CAI16013) | STIP  [DE 131.] | |
| | | | | CSC's Wire Transfer Receipt Reflecting Payment of Capital Aviation's Air Bridge Program Invoice dated December 21, 2006 (CAI006154-CAI006156) | STIP  [DE 131.] | |
| | | | | CSC's Wire Transfer Receipt Reflecting Payment of Capital Aviation's Air Bridge Program Invoice dated December 21, 2006 (CAI15993-CAI15995) | STIP  [DE 131.] | |
| | | | | CSC's Wire Transfer Receipt Reflecting Payment of Capital Aviation's Air Bridge Program Invoice dated January 30, 2007 (CAI005971-CAI005973) | STIP  [DE 131.] | |

## CLASS' EXHIBIT LIST

page_____

Case # 2:09-CV-00117-RLH-RJJ

Caption: GERALD HESTER,
on behalf of himself  and
all others similarly situated,

       Plaintiff,

v.

VISION AIRLINES, INC.,

      Defendant.

| Date Marked | Date Admitted | Number | Witness | Description | ADMISSIBILITY | OBJECTIONS |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |
|  |  |  |  | CSC's Wire Transfer Receipt Reflecting Payment of Capital Aviation's Air Bridge Program Invoice dated March 5, 2007 (CAI15997-CAI16000) | STIP [DE 131.] |  |
|  |  |  |  |  |  |  |
|  |  |  |  | CSC's Wire Transfer Receipt Reflecting Payment of Capital Aviation's Air Bridge Program Invoice dated March 5, 2007 (CAI005968-CAI005970) | STIP [DE 131.] |  |
|  |  |  |  |  |  |  |
|  |  |  |  | CSC's Wire Transfer Receipt Reflecting Payment of Capital Aviation's Air Bridge Program Invoice dated March 7, 2007 (CAI15475-CAI15477) | STIP [DE 131.] |  |
|  |  |  |  |  |  |  |
|  |  |  |  | Excerpts from Hearing Transcript dated October 23, 2009 | Statement of Party Opponent/ Admission Against Interest |  |

## CLASS' EXHIBIT LIST                page_____

Case # 2:09-CV-00117-RLH-RJJ


Caption: GERALD HESTER,
on behalf of himself  and
all others similarly situated,

        Plaintiff,

v.

VISION AIRLINES, INC.,

        Defendant.

| Date Marked | Date Admitted | Number | Witness | Description | ADMISSIBILITY | OBJECTIONS |
|---|---|---|---|---|---|---|
| | | | | Excerpts from Hearing Transcript dated March 2, 2010 | Statement of Party Opponent/ Admission Against Interest | |
| | | | | Jensen Handwritten Notes | Vision Business Record not for the truth or the matter asserted | |
| | | | | E-Mail dated November 26, 2006 to Brian Daggett from David Meers re: Billing | STIP  [DE 131.] | |
| | | | | Executive Aviation Services Phase 2 FFP (July 12,2006) (CSC0022-CSC0038) | STIP  [DE 131.] | |
| | | | | Executive Aviation Services Phase 3 Final (CSC0039-CSC0059) | STIP  [DE 131.] | |

## CLASS' EXHIBIT LIST     page_____

Case # 2:09-CV-00117-RLH-RJJ

Caption: GERALD HESTER,
on behalf of himself  and
all others similarly situated,

       Plaintiff,

v.

VISION AIRLINES, INC.,

       Defendant.

| Date Marked | Date Admitted | Number | Witness | Description | ADMISSIBILITY | OBJECTIONS |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | About Us AUSA Page | Not for the truth of the matter asserted | |
| | | | | | | |
| | | | | Fox News "Senator Clinton Talks About Trip to Iraq" | Not for the truth of the matter asserted | |
| | | | | | | |
| | | | | Vision Air Bridge Program Invoices produced by Computer Sciences Corporation | Business Records Stipulation in Feigin Deposition | |
| | | | | | | |
| | | | | Capital Aviation's Air bridge Program Invoices Produced by Computer Sciences Corporation | Business Records Stipulation in Feigin Deposition | |
| | | | | | | |
| | | | | Vision Airlines Invoices reviewed by Barry Mukamal | STIP  [DE 131.] | |

# CLASS' EXHIBIT LIST

page_____

Case # 2:09-CV-00117-RLH-RJJ

Caption: GERALD HESTER,
on behalf of himself  and
all others similarly situated,

       Plaintiff,

v.

VISION AIRLINES, INC.,

       Defendant.

| Date Marked | Date Admitted | Number | Witness | Description | ADMISSIBILITY | OBJECTIONS |
|---|---|---|---|---|---|---|
| | | | | | | |
| | | | | Vision Bank Records for all four phases of the Airbridge program (Bank of America) | STIP [DE 131] | |
| | | | | | | |
| | | | | Employee Check View Summary Report for the period from 8/1/07 though 7/2/10 (reviewed by Barry Mukamal) | STIP [DE 131.] | |
| | | | | | | |
| | | | | Bi monthly payroll spreadsheets for each bi monthly period from 7/16/07 through 12/31/07 (reviewed by Barry Mukamal) | STIP [DE 131.] | |
| | | | | | | |
| | | | | Vision Bank Records for all four phases of the Airbridge program (International Bank of Commerce) | STIP [DE 131.] | |
| | | | | | | |
| | | | | Bi monthly Payroll Breakdowns 2009 (reviewed by Barry Mukamal) | STIP [DE 131.] | |

# CLASS' EXHIBIT LIST                    page_____

Case # 2:09-CV-00117-RLH-RJJ


Caption: GERALD HESTER,
on behalf of himself  and
all others similarly situated,

        Plaintiff,

v.

VISION AIRLINES, INC.,

        Defendant.

| Date Marked | Date Admitted | Number | Witness | Description | ADMISSIBILITY | OBJECTIONS |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |
|  |  |  |  | IAD Pilot & FA Payroll Dec 2009 - May 2010 (reviewed by Barry Mukamal) | STIP [DE 131.] |  |
|  |  |  |  |  |  |  |
|  |  |  |  | Colonial Bank  Wire Transfer Receipts (reviewed by Barry Mukamal) (SUPP314) | STIP [DE 131.] |  |
|  |  |  |  |  |  |  |
|  |  |  |  | Vision Airlines Invoices stamped "Paid" (reviewed by Barry Mukamal) (SUPP316) | STIP [DE 131.] |  |
|  |  |  |  |  |  |  |
|  |  |  |  | Compilation of Flight Deck and Cabin Crew Billing Phases II and III (reviewed by Barry Mukamal) | STIP [DE 131.] |  |
|  |  |  |  |  |  |  |
|  |  |  |  | Compilation Flight Log and Payroll Spreadsheets Phase II and III (reviewed by Barry Mukamal) | STIP [DE 131.] |  |

# CLASS' EXHIBIT LIST          page_____

Case # 2:09-CV-00117-RLH-RJJ

Caption: GERALD HESTER,
on behalf of himself  and
all others similarly situated,

          Plaintiff,

v.

VISION AIRLINES, INC.,

          Defendant.

| Date Marked | Date Admitted | Number | Witness | Description | ADMISSIBILITY | OBJECTIONS |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |
|  |  |  |  | Compilation of rotations and total billings in Phase II (reviewed by Barry Mukamal) | STIP [DE 131.] |  |
|  |  |  |  |  |  |  |
|  |  |  |  | Composite exhibit: Vision Flight Logs (reviewed by Barry Mukamal) | STIP [DE 131.] |  |
|  |  |  |  |  |  |  |
|  |  |  |  | Payroll Documents and Supporting Details (reviewed by Barry Mukamal) (HEST0038510-HEST0041220) | STIP [DE 131.] |  |
|  |  |  |  |  |  |  |
|  |  |  |  | Vision Airlines, Inc. Invoices billed to Capital Aviation  (reviewed by Barry Mukamal) (SUPP269-SUPP293) | STIP [DE 131.] |  |
|  |  |  |  |  |  |  |
|  |  |  |  | PCII Trooper Aircraft Quote | STIP [DE 131.] Business Records |  |
|  |  |  |  |  |  |  |
|  |  |  |  | McNeil Phase IV Air Bridge Program Invoices | STIP [DE 131.] |  |