# EXHIBIT 1

HAROLD P. GEWERTER, ESQ.
Nevada Bar No. 499
HAROLD P. GEWERTER, ESQ., LTD.
2705 Airport Drive
North Las Vegas, Nevada 89032
Office: (702) 382-1714
Fax: (702) 382-1759
Attorney for Defendant

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

* * * * *

| | |
|---|---|
| GERALD HESTER, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>VISION AIRLINES, INC.,<br><br>    Defendant. | CASE NO.: 2:09-CV-00117-RLH-RJJ<br><br>**DEFENDANT VISION AIRLINES, INC.'S THIRD SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION** |

Without waiving Defendant VISION AIRLINES, INC.'s objections contained in DEFENDANT VISION AIRLINES, INC.'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION, Defendant VISION AIRLINES, INC. hereby provides the following Third Supplemental Responses to Plaintiff's First Request for Production. These responses are to Plaintiff's narrowed requests as per their letter of December 21, 2009.

This material is mainly responsive to Request No. 15, however, it is also partially responsive to Requests No's. 9 and 12.

**Narrowed Request 15:   We request that Vision provide us with a list of all Airbridge Program employees, indicating their dates of employment, position, mailing address, and telephone number.**

///

///

See Bates Stamped No's.  HEST0031247 to HEST0033541 (CD-ROM).

DATED this 22 day of January, 2010.

HAROLD P. GEWERTER, ESQ., LTD.

HAROLD P. GEWERTER, ESQ.
Nevada Bar No. 499
2705 Airport Drive
North Las Vegas, Nevada  89032
Attorney for Defendant

## CERTIFICATE OF SERVICE

Certification is hereby made that a true and correct copy of the foregoing Defendant Vision Airlines, Inc.'s Third Supplemental Responses to Plaintiffs First Request for Production of Documents was served this 22nd day of January, 2010, in the following manner:

__X__ By being placed into an envelope bearing First Class Postage and placed into the U.S. Mails, this same date, addressed to the following individuals; and/or

_____ By being hand delivered to the following individuals at their last known address, this same date, as follows; and/or

_____ By being served via facsimile to the following individuals at their last known facsimile number, this same date, as follows:

**Via Federal Express**
DAVID M. BUCKNER, ESQ.
2525 Ponce de Leon, 9th Floor
Coral Gables, FL 33134

Attorneys for Plaintiffs

**Via Regular U.S. Mail w/o Enclosure**
Ross C. Goodman, Esq.
520 S Fourth Street
Las Vegas, NV 89101

An employee of Harold P. Gewerter, Esq., Ltd.

2

**EXHIBIT 2**

1  HAROLD P. GEWERTER, ESQ.
   Nevada Bar No. 499
2  HAROLD P. GEWERTER, ESQ., LTD.
3  2705 Airport Drive
   North Las Vegas, Nevada 89032
4  Office: (702) 382-1714
   Fax: (702) 382-1759
5
   Attorney for Defendant
6
7                UNITED STATES DISTRICT COURT
8                     DISTRICT OF NEVADA
9                          * * * * *
10 GERALD HESTER, on behalf of himself and | CASE NO.: 2:09-CV-00117-RLH-RJJ
   all others similarly situated,
11
12         Plaintiff,
13 vs.
                                          |  DEFENDANT VISION AIRLINES, INC.'S
14 VISION AIRLINES, INC.,                 |  THIRD SUPPLEMENTAL RESPONSES
                                          |  TO PLAINTIFF'S FIRST REQUEST FOR
15         Defendant.                     |           PRODUCTION
16
17
18         Without waiving Defendant VISION AIRLINES, INC.'s objections contained in
19 DEFENDANT VISION AIRLINES, INC.'S RESPONSES TO PLAINTIFF'S FIRST
20 REQUEST FOR PRODUCTION, Defendant VISION AIRLINES, INC. hereby provides the
21 following Third Supplemental Responses to Plaintiff's First Request for Production.  These
22 responses are to Plaintiff's narrowed requests as per their letter of December 21, 2009.
23         This material is mainly responsive to Request No. 15, however, it is also partially
24 responsive to Requests No's. 9 and 12.
25         **Narrowed Request 15:**  We request that Vision provide us with a list of all
26 Airbridge Program employees, indicating their dates of employment, position, mailing
27 address, and telephone number.
28 ///
   ///

                                    1

See Bates Stamped No's.  HEST0030499 to HEST0031246 (CD-ROM).

DATED this _14_ day of January, 2010.

HAROLD P. GEWERTER, ESQ., LTD.

HAROLD P. GEWERTER, ESQ.
Nevada Bar No. 499
2705 Airport Drive
North Las Vegas, Nevada 89032
Attorney for Defendant

## CERTIFICATE OF SERVICE

Certification is hereby made that a true and correct copy of the foregoing Defendant Vision Airlines, Inc.'s Third Supplemental Responses to Plaintiffs First Request for Production of Documents was served this _14th_ day of January, 2010, in the following manner:

_X_ By being placed into an envelope bearing First Class Postage and placed into the U.S. Mails, this same date, addressed to the following individuals; and/or

_____ By being hand delivered to the following individuals at their last known address, this same date, as follows; and/or

_____ By being served via facsimile to the following individuals at their last know facsimile number, this same date, as follows:

**Via Federal Express**
DAVID M. BUCKNER, ESQ.
2525 Ponce de Leon, 9th Floor
Coral Gables, FL 33134

Attorneys for Plaintiffs

**Via Regular U.S. Mail w/o Enclosure**
Ross C. Goodman, Esq.
520 S Fourth Street
Las Vegas, NV 89101

An employee of Harold P. Gewerter, Esq., Ltd.

2

# EXHIBIT 3

HAROLD P. GEWERTER, ESQ.
Nevada Bar No. 499
HAROLD P. GEWERTER, ESQ., LTD.
2705 Airport Drive
North Las Vegas, Nevada 89032
Office: (702) 382-1714
Fax: (702) 382-1759
Attorney for Defendant

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

\* \* \* \* \*

| | |
|---|---|
| GERALD HESTER, on behalf of himself and all others similarly situated, | CASE NO.: 2:09-CV-00117-RLH-RJJ |
| Plaintiff, | **DEFENDANT VISION AIRLINES, INC.'S THIRD SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION** |
| vs. | |
| VISION AIRLINES, INC., | |
| Defendant. | |

Without waiving Defendant VISION AIRLINES, INC.'s objections contained in DEFENDANT VISION AIRLINES, INC.'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION, Defendant VISION AIRLINES, INC. hereby provides the following Third Supplemental Responses to Plaintiff's First Request for Production. These responses are to Plaintiff's narrowed requests as per their letter of December 21, 2009.

This material is mainly responsive to Request No. 15, however, it is also partially responsive to Requests No's. 9 and 12.

**Narrowed Request 15:** We request that Vision provide us with a list of all Airbridge Program employees, indicating their dates of employment, position, mailing address, and telephone number.

///

///

1

See Bates Stamped No's.   HEST0030001 to HEST0030498 (CD-ROM).

DATED this *12* day of January, 2010.

HAROLD P. GEWERTER, ESQ., LTD.

HAROLD P. GEWERTER, ESQ.
Nevada Bar No. 499
2705 Airport Drive
North Las Vegas, Nevada  89032
Attorney for Defendant

## CERTIFICATE OF SERVICE

Certification is hereby made that a true and correct copy of the foregoing Defendant Vision Airlines, Inc.'s Third Supplemental Responses to Plaintiffs First Request for Production of Documents was served this 12TH day of January, 2010, in the following manner:

____X____ By being placed into an envelope bearing First Class Postage and placed into the U.S. Mails, this same date, addressed to the following individuals; and/or

_____ By being hand delivered to the following individuals at their last known address, this same date, as follows; and/or

_____ By being served via facsimile to the following individuals at their last known facsimile number, this same date, as follows:

**Via Federal Express**
DAVID M. BUCKNER, ESQ.
2525 Ponce de Leon, 9th Floor
Coral Gables, FL 33134

Attorneys for Plaintiffs

**Via Regular U.S. Mail w/o Enclosure**
Ross C. Goodman, Esq.
520 S Fourth Street
Las Vegas, NV 89101

An employee of Harold P. Gewerter, Esq., Ltd.

2

**EXHIBIT 4**

HAROLD P. GEWERTER, ESQ.
Nevada Bar No. 499
HAROLD P. GEWERTER, ESQ., LTD.
2705 Airport Drive
North Las Vegas, Nevada 89032
Office: (702) 382-1714
Fax: (702) 382-1759
Attorney for Defendant

## UNITED STATES DISTRICT COURT

### DISTRICT OF NEVADA

\* \* \* \* \*

GERALD HESTER, on behalf of himself and all others similarly situated.

    Plaintiff,

vs.

VISION AIRLINES, INC.,

    Defendant.

CASE NO.: 2:09-CV-00117-RLH-RJJ

**DEFENDANT VISION AIRLINES, INC.'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION**

All the items produced pursuant to this Defendant Vision Airlines, Inc.'s Responses to Plaintiff's First Request for Production are hereby designated "CONFIDENTIAL ATTORNEY'S ONLY" as defined in the Protective Order filed in this matter on or about March 20, 2009.

## GENERAL OBJECTIONS

1.      Defendant objects to Plaintiff's "Instructions" and "Definitions" to the extent they purport to impose discovery obligations that differ from or exceed the discovery obligations imposed by the Federal Rules of Civil Procedure.

2.      Defendant objects to the Requests for Production of Documents to the extent that they seek information protected by the attorney-client privilege, the work-product privilege, or any other privilege, protection, or immunity applicable under the governing law.

3.      Defendant objects to the Requests for Production of Documents to the extent that they are overly broad, unduly burdensome, oppressive, and/or seek information that is not

relevant to the issues in this lawsuit or reasonably calculated to lead to the discovery of admissible evidence.

4.      These General Objections are made, to the extent applicable, in response to each of the Requests for Production of Documents as if the objections were fully set forth therein.

5.      Defendant responds to each of the Requests for Production of Documents based upon information and documentation available as of the date hereof and reserves the right to supplement and amend their responses.

**REQUEST NO. 1:**

All communications and documents that relate to hazard pay.

**RESPONSE NO. 1:**

Objection.   This request is beyond the scope of permissible discovery. See, e.g. *United States v. Philip Morris, Inc.*, 347 F.3d 951 (DC Cir 2003).   The time limitations on the request are vague and ambiguous (Plaintiff was only employed for a small percentage of the time the Defendant has been in business) and does not limit its scope to Iraq and Afghanistan which are the subjects of this case, as alleged in Plaintiff's Complaint.

Further Objection.   This request violates the *Reynolds* doctrine as set forth in *United States v. Reynolds*, 345 U.S. 1, 73 S. Ct. 528 (1952) which creates a privilege for in which the "danger that compulsion of evidence will expose military matters which, in the interest of national security should not be divulged" *Id.* at 9-10.   The authority of *Reynolds* was affirmed, expanded and explained recently in *Mohamed v. Jeppsen*, 9th Cir. Court of Appeals, Case No. 08-15693 (filed April 28, 2009).   "Courts must undertake an independent evaluation of any evidence sought to be excluded to determine whether its contents are secret within the meaning of the privilege." *Id.* at 4944.   "Once the court determines a claim of privilege is legitimate, however, "even the most compelling [personal] necessity cannot overcome" it." *Id.* at 4933 quoting *Reynolds*, 345 U.S. at 11.   "Successful invocation of the *Reynolds* privilege does not necessarily require dismissal of the entire suit.   Instead, invocation of the privilege requires "simply that the evidence is unavailable, as though a witness had died [or a document had been destroyed], and the case will proceed accordingly, with no consequences save those resulting

2

from the loss of evidence.'" *Al-Haramain* 507 F.3d at 1204 (quoting *Ellsberg v. Mitchell*, 709 F.2d 51, 64 (D.C. Cir. 1983)).

Plaintiff has signed a Classified Information Nondisclosure Agreement with the UNITED STATES under which Plaintiff explicitly consents to being governed by a number of statutes which protect against disclosure that may compromise the national security including but not limited to §793 of Title 18 of the United States Code which makes it a crime to obtain, or attempt to copy, take, make, or obtain, any sketch, photograph…document, writing, or note of anything connected to the national defense. §798 of Title 18 of the United States Code which makes it a crime to disclose classified information concerning the communication intelligence activities of the United States or any foreign government, and §1924 of Title 18 of the United States Code which makes it a crime to remove or retain classified documents or material if such material has been gained by virtue of one's office, employment, position or contract.

Not withstanding the objection, Defendant has no documents or communications relating to "hazard pay" as set forth in Plaintiff's Request.

**REQUEST NO. 2:**

All contracts between or among any of Vision, Capital Aviation, CSC or McNeil, that relate to the provision or air transport services to Iraq or Afghanistan.

**RESPONSE NO. 2:**

See Response 2 attached hereto (12 pages).

**REQUEST NO. 3:**

All documents including, but not limited to, any bids or proposals that relate to any or all of the contracts between or among any of Vision, Capital Aviation, CSC or McNeil for the provision of air transport services to Iraq or Afghanistan.

**RESPONSE NO. 3:**

See Response 3 attached hereto (18 pages).

**REQUEST NO. 4:**

All communications to, from, or among Vision, Capital Aviation, CSC or McNeil, that relate to the provision of air transport services to Iraq or Afghanistan, including, but not limited to, communications about hazard pay.

**RESPONSE NO. 4:**

See Response 3 attached hereto (18 pages).

**REQUEST NO. 5:**

All contracts and associated documents, including but not limited to, all requests for proposal, bids, proposal and drafts, with any branch, corporation, agency or division of or controlled by the United States government relating to the provision of air transport services to Iraq or Afghanistan.

**RESPONSE NO. 5:**

Defendant has no documents responsive to the above request.

**REQUEST NO. 6:**

All documents that relate to any contract with any branch, corporation, division or agency of or controlled by the United States government relating to the provision of air transport services to Iraq or Afghanistan.

**RESPONSE NO. 6:**

Defendant has no documents responsive to the above request.

**REQUEST NO. 7:**

All communications to, from or between any branch, corporation, division or agency of or controlled by the United States government, including but not limited to, any affidavits, affirmations, or communications about hazard pay that relate to the provision of air transport services to Iraq or Afghanistan.

**RESPONSE NO. 7:**

Defendant has no documents responsive to the above request.

**REQUEST NO. 8:**

All documents and communications that relate in any way to the compensation of flight crews operating flights to or from Iraq or Afghanistan, including but not limited to, all documents and communications that relate to hazard pay or any compensation specifically related to personnel flying to or from Iraq or Afghanistan. Such documents and communications should include invoices to, from, or among Capital Aviation, CSC, McNeil or Vision, and any bids or proposals.

**RESPONSE NO. 8:**

Objection. This request is beyond the scope of permissible discovery and is overly burdensome. See. e.g. *United States v. Philip Morris, Inc.*, 347 F.3d 951 (DC Cir 2003). The time limitations on the request are vague and ambiguous (Plaintiff was only employed for a small percentage of the time the Defendant has been providing such services).

Not withstanding the objection, see Response 8 attached hereto (20 pages).

**REQUEST NO. 9:**

All documents and communications that relate to the flights Vision operated to or from Iraq and Afghanistan, including but not limited to flight plans, flight records, schedules and lists of flight personnel employed as crew member on those flights.

**RESPONSE NO. 9:**

Objection. This request is beyond the scope of permissible discovery and is overly burdensome. See. e.g. *United States v. Philip Morris, Inc.*, 347 F.3d 951 (DC Cir 2003). The time limitations on the request are vague and ambiguous (Plaintiff was only employed for a small percentage of the time the Defendant has been providing such services). It would also include transcripts of communications with airport towers, flight controllers for every flight going back four (4) years.

Further Objection. This request violates the *Reynolds* doctrine as set forth in *United States v. Reynolds, 345 U.S. 1, 73 S. Ct. 528* (1952), which creates a privilege for in which the "danger that compulsion of evidence will expose military matters which, in the interest of national security should not be divulged" *Id.* at 9-10. The authority of *Reynolds* was affirmed,

expanded and explained recently in *Mohamed v. Jeppsen*, 9th Cir. Court of Appeals, Case No. 08-15693 (filed April 28, 2009). "Courts must undertake an independent evaluation of any evidence sought to be excluded to determine whether its contents are secret within the meaning of the privilege." *Id.* at 4944. "Once the court determines a claim of privilege is legitimate, however, "even the most compelling [personal] necessity cannot overcome" it." *Id.* at 4933 quoting *Reynolds*, 345 U.S. at 11. "Successful invocation of the *Reynolds* privilege does not necessarily require dismissal of the entire suit. Instead, invocation of the privilege requires "simply that the evidence is unavailable, as though a witness had died [or a document had been destroyed], and the case will proceed accordingly, with no consequences save those resulting from the loss of evidence."" *Al-Haramain*, 507 F.3d at 1204 (quoting *Ellsberg v. Mitchell*, 709 F.2d 51, 64 (D.C. Cir. 1983)).

Plaintiff has signed a Classified Information Nondisclosure Agreement with the UNITED STATES under which Plaintiff explicitly consents to being governed by a number of statutes which protect against disclosure that may compromise the national security including but not limited to §793 of Title 18 of the United States Code which makes it a crime to obtain, or attempt to copy, take, make, or obtain, any sketch, photograph…document, writing, or note of anything connected to the national defense, §798 of Title 18 of the United States Code which makes it a crime to disclose classified information concerning the communication intelligence activities of the United States or any foreign government, and §1924 of Title 18 of the United States Code which makes it a crime to remove or retain classified documents or material if such material has been gained by virtue of one's office, employment, position or contract.

Not withstanding the objection, see Response 8 attached hereto (20 pages).

**REQUEST NO. 10:**

All documents and communications, including spreadsheets, invoices, tax returns, receipts and accounting records, that relate to Capital Aviation, CSC or McNeil's payments to Vision for air transport services to Iraq or Afghanistan, including but not limited to payments for hazard pay.

**RESPONSE NO. 10:**

Objection. This request is beyond the scope of permissible discovery. See, e.g. *United States v. Philip Morris, Inc.*, 347 F.3d 951 (DC Cir 2003). The time limitations on the request are vague and ambiguous (Plaintiff was only employed for a small percentage of the time the Defendant has been providing such services).

Not withstanding the objection, see Response 8 attached hereto (20 pages).

**REQUEST NO. 11:**

All documents and communications to, from, or between Dan Carson and CSC, Capital Aviation, Vision or McNeil that relate to the provision of air transport services to Iraq or Afghanistan, including but not limited to communications about hazard pay.

**RESPONSE NO. 11:**

Objection. This request is beyond the scope of permissible discovery. See, e.g. *United States v. Philip Morris, Inc.*, 347 F.3d 951 (DC Cir 2003). The time limitations on the request are vague and ambiguous (Plaintiff was only employed for a small percentage of the time the Defendant has been providing such services).

Not withstanding the objection, see Response 8 attached hereto (20 pages).

**REQUEST NO. 12:**

All documents that relate to any and all payments or compensation that Vision made to its employees who served as crew on flights to or from Iraq or Afghanistan, including but not limited to documents that relate to payments for salary, hazard pay and reimbursement.

**RESPONSE NO. 12:**

Objection. This request is beyond the scope of permissible discovery. See, e.g. *United States v. Philip Morris, Inc.*, 347 F.3d 951 (DC Cir 2003). The time limitations on the request are vague and ambiguous (Plaintiff was only employed for a small percentage of the time the Defendant has been providing such services).

Not withstanding the objection, see attached Response 12 (19 pages).

**REQUEST NO. 13:**

All documents and communications that relate to any compensation Vision provided its flight crew employees, including pay scales, pay plans, charts, notices, accounting spreadsheets, payrolls, timesheets, and flight records.

**RESPONSE NO. 13:**

Objection.  This request is beyond the scope of permissible discovery. See, e.g. *United States v. Philip Morris, Inc.*, 347 F.3d 951 (DC Cir 2003).  The time limitations on the request are vague and ambiguous (Plaintiff was only employed for a small percentage of the time the Defendant has been in business) and does not limit its scope to Iraq and Afghanistan which are the subjects of this case.

Further Objection.   This request violates the *Reynolds* doctrine as set forth in *United States v. Reynolds*, 345 U.S. 1, 73 S. Ct. 528 (1952) which creates a privilege for in which the "danger that compulsion of evidence will expose military matters which, in the interest of national security should not be divulged".  *Id.* at 9-10.   The authority of *Reynolds* was affirmed, expanded and explained recently in *Mohamed v. Jeppsen*, 9th Cir. Court of Appeals, Case No. 08-15693 (filed April 28, 2009).   "Courts must undertake an independent evaluation of any evidence sought to be excluded to determine whether its contents are secret within the meaning of the privilege." *Id.* at 4944.  "Once the court determines a claim of privilege is legitimate, however, "even the most compelling [personal] necessity cannot overcome" it."   *Id.* at 4933 quoting *Reynolds*, 345 U.S. at 11.  "Successful invocation of the *Reynolds* privilege does not necessarily require dismissal of the entire suit.  Instead, invocation of the privilege requires "simply that the evidence is unavailable, as though a witness had died [or a document had been destroyed], and the case will proceed accordingly, with no consequences save those resulting from the loss of evidence.""   *Al-Haramain*, 507 F.3d at 1204 (quoting *Ellsberg v. Mitchell*, 709 F.2d 51, 64 (D.C. Cir. 1983)).

Plaintiff has signed a Classified Information Nondisclosure Agreement with the UNITED STATES under which Plaintiff explicitly consents to being governed by a number of statutes which protect against disclosure that may compromise the national security including but not

limited to §793 of Title 18 of the United States Code which makes it a crime to obtain, or attempt

to copy, take, make, or obtain, any sketch, photograph...document, writing, or note of anything

connected to the national defense, §798 of Title 18 of the United States Code which makes it a

crime to disclose classified information concerning the communication intelligence activities of

the United States or any foreign government, and §1924 of Title 18 of the United States Code

which makes it a crime to remove or retain classified documents or material if such material has

been gained by virtue of one's office, employment, position or contract.

Not withstanding the objection, see attached Responses 12 (19 pages) and 15 (270

pages).

**REQUEST NO. 14:**

Documents sufficient to describe the corporate structure of Vision Airlines, Inc., Vision

Holidays, Inc., Vision Coach, Inc. and Vision Aviation Holdings, Inc., including all documents

that describe or reflect (i) the ownership of Vision Airlines, Inc., Vision Holidays, Inc., Vision

Coach, Inc. and Vision Aviation Holdings, (ii) the identity of the officers, directors, employees

or agents of Vision Airlines, Inc., Vision Holidays, Inc., Vision Coach, Inc. and Vision Aviation

Holdings, Inc., and (iii) the formation of Vision Airlines, Inc., Vision Holidays, Inc., Vision

Coach, Inc. and Vision Aviation Holdings, Inc.

**RESPONSE NO. 14:**

Nevada Secretary of State printouts are attached along with organizational chart (12

pages).

**REQUEST NO. 15:**

All of Vision's employee personnel files for any and all employees involved in any way

with flights to or from Iraq or Afghanistan.

**RESPONSE NO. 15:**

Objection. This request is beyond the scope of permissible discovery. See, e.g. *United

States v. Philip Morris, Inc.*, 347 F.3d 951 (DC Cir 2003). The time limitations on the request

are vague and ambiguous (Plaintiff was only employed for a small percentage of the time the

Defendant has been in business) further this request is overly broad as it would include nearly

every employee of Plaintiff as they have all answered phones, delivered packages, repaired parts, swept runways which may in some way be related to flights to or from Iraq or Afghanistan also the request is not limited to such involvement while in Plaintiffs employment.

Further Objection.  This request violates the *Reynolds* doctrine as set forth in *United States v. Reynolds*, 345 U.S. 1, 73 S. Ct. 528 (1952), which creates a privilege for in which the "danger that compulsion of evidence will expose military matters which, in the interest of national security should not be divulged" *Id.* at 9-10.  The authority of *Reynolds* was affirmed, expanded and explained recently in *Mohamed v. Jeppsen*, 9th Cir. Court of Appeals, Case No. 08-15693 (filed April 28, 2009).  "Courts must undertake an independent evaluation of any evidence sought to be excluded to determine whether its contents are secret within the meaning of the privilege." *Id* at 4944.  "Once the court determines a claim of privilege is legitimate, however, "even the most compelling [personal] necessity cannot overcome" it." *Id.* at 4933 quoting *Reynolds*, 345 U.S. at 11.  "Successful invocation of the *Reynolds* privilege does not necessarily require dismissal of the entire suit.  Instead, invocation of the privilege requires "simply that the evidence is unavailable, as though a witness had died [or a document had been destroyed], and the case will proceed accordingly, with no consequences save those resulting from the loss of evidence."" *Al-Haramain*, 507 F.3d at 1204 (quoting *Ellsberg v. Mitchell*, 709 F.2d 51, 64 (D.C. Cir. 1983)).

Plaintiff has signed a Classified Information Nondisclosure Agreement with the UNITED STATES under which Plaintiff explicitly consents to being governed by a number of statutes which protect against disclosure that may compromise the national security including but not limited to §793 of Title 18 of the United States Code which makes it a crime to obtain, or attempt to copy, take, make, or obtain, any sketch, photograph…document, writing, or note of anything connected to the national defense, §798 of Title 18 of the United States Code which makes it a crime to disclose classified information concerning the communication intelligence activities of the United States or any foreign government, and §1924 of Title 18 of the United States Code which makes it a crime to remove or retain classified documents or material if such material has been gained by virtue of one's office, employment, position or contract.

Not withstanding the objection, see attached Response 15 (270 pages).

**REQUEST NO. 16:**

Documents sufficient to identify all Vision Employees who worked as crew members, including but not limited to captains, first officers, international relief officers, cruise pilots, flight attendants and mechanics on the flights to or from Iraq or Afghanistan.

**RESPONSE NO. 16:**

See attached Responses 12 (19 pages) and 15 (270 pages).

**REQUEST NO. 17:**

Visions state and federal tax returns from 2004 through 2008.

**RESPONSE NO. 17:**

Objection. This request is beyond the scope of permissible discovery. See, e.g. *United States v. Philip Morris, Inc.*, 347 F.3d 951 (DC Cir 2003). There is no relation between the overall income of Defendants and whether Plaintiff was paid hazard pay which is the sole subject of this case. This information is also privileged.

**REQUEST NO. 18:**

All documents that relate to the duties, obligations and responsibilities of Vision to its employees.

**RESPONSE NO. 18:**

Objection. This request is beyond the scope of permissible discovery. See, e.g. *United States v. Philip Morris, Inc.*, 347 F.3d 951 (DC Cir 2003). The time limitations on the request are vague and ambiguous (Plaintiff was only employed for a small percentage of the time the Defendant has been providing such services) and further this request would involve turning over handbooks, flight manuals, instruction manuals, safety manuals, training manuals for 1000's of employees during the scope of Defendants existence.

Not withstanding the objection, see Response 12 attached hereto (19 pages).

**REQUEST NO. 19:**

All documents that relate to the calculation and basis for any fee charged by Vision to Capital Aviation, McNeil, CSC, any United States government agency, corporation, division or

department or any other contractor for providing air transport services to or from Iraq and Afghanistan.

**RESPONSE NO. 19:**

Objection. This request is beyond the scope of permissible discovery. See, e.g. *United States v. Philip Morris, Inc.*, 347 F.3d 951 (DC Cir 2003). The time limitations on the request are vague and ambiguous (Plaintiff was only employed for a small percentage of the time the Defendant has been providing such services).

Further Objection. This request violates the *Reynolds* doctrine as set forth in *United States v. Reynolds*, 345 U.S. 1, 73 S. Ct. 528 (1952), which creates a privilege for in which the "danger that compulsion of evidence will expose military matters which, in the interest of national security should not be divulged" *Id* at 9-10. The authority of *Reynolds* was affirmed, expanded and explained recently in *Mohamed v. Jeppsen* 9th Cir. Court of Appeals, Case No. 08-15693 (filed April 28, 2009). "Courts must undertake an independent evaluation of any evidence sought to be excluded to determine whether its contents are secret within the meaning of the privilege." *Id* at 4944. "Once the court determines a claim of privilege is legitimate, however, "even the most compelling [personal] necessity cannot overcome" it." *Id* at 4933 quoting *Reynolds*, 345 U.S. at 11. "Successful invocation of the *Reynolds* privilege does not necessarily require dismissal of the entire suit. Instead, invocation of the privilege requires "simply that the evidence is unavailable, as though a witness had died [or a document had been destroyed], and the case will proceed accordingly, with no consequences save those resulting from the loss of evidence."" *Al-Haramain*, 507 F.3d at 1204 (quoting *Ellsberg v. Mitchell*, 709 F.2d 51, 64 (D.C. Cir. 1983)).

Plaintiff has signed a Classified Information Nondisclosure Agreement with the UNITED STATES under which Plaintiff explicitly consents to being governed by a number of statutes which protect against disclosure that may compromise the national security including but not limited to §793 of Title 18 of the United States Code which makes it a crime to obtain, or attempt to copy, take, make, or obtain, any sketch, photograph...document, writing, or note of anything connected to the national defense. §798 of Title 18 of the United States Code which makes it a

crime to disclose classified information concerning the communication intelligence activities of the United States or any foreign government, and §1924 of Title 18 of the United States Code which makes it a crime to remove or retain classified documents or material if such material has been gained by virtue of one's office, employment, position or contract.

Not withstanding the objection, see Response 4 attached hereto (18 pages).

**REQUEST NO. 20:**

All documents that relate to any fee, money, or other form of remuneration Vision received for providing air transport services to or from Iraq and Afghanistan.

**RESPONSE NO. 20:**

Objection. This request is beyond the scope of permissible discovery. See, e.g. *United States v. Philip Morris, Inc.*, 347 F.3d 951 (DC Cir 2003). The time limitations on the request are vague and ambiguous (Plaintiff was only employed for a small percentage of the time the Defendant has been providing such services).

Not withstanding the objection, see Response 4 attached hereto (18 pages).

**REQUEST NO. 21:**

All documents related to any defense Vision might offer to the allegations or causes of action in the Complaint.

**RESPONSE NO. 21:**

See attached Responses including Pilot Pay Comparison Analysis labeled Response 21 (8 pages). Defendant responds to each of the Requests for Production of Documents based upon information and documentation available as of the date hereof and reserves the right to supplement and amend their responses.

**REQUEST NO. 22:**

All documents referenced or described in Vision's Motion to Dismiss, Reply in Support of Vision's Motion to Dismiss, Initial Disclosures, or Answer.

**RESPONSE NO. 22:**

See attached Response 15 (270 pages).

Defendant responds to each of the Requests for Production of Documents based upon information and documentation available as of the date hereof and reserves the right to supplement and amend their responses.

DATED this 8 day of May, 2009.

HAROLD P. GEWERTER, ESQ., LTD.

HAROLD P. GEWERTER, ESQ.
Nevada Bar No. 499
2705 Airport Drive
North Las Vegas, Nevada  89032
Attorney for Defendant

## CERTIFICATE OF SERVICE

Certification is hereby made that a true and correct copy of the foregoing Defendant Vision Airlines, Inc.'s Responses to Plaintiffs First Request for Production of Documents was served this 8th day of May, 2009, in the following manner:

___X___ By being placed into an envelope bearing First Class Postage and placed into the U.S. Mails, this same date, addressed to the following individuals; and/or

_____ By being hand delivered to the following individuals at their last known address, this same date, as follows; and/or

_____ By being served via facsimile to the following individuals at their last known facsimile number, this same date, as follows:

**Via Federal Express**
DAVID M. BUCKNER, ESQ.
2525 Ponce de Leon, 9th Floor
Coral Gables, FL 33134

Attorneys for Plaintiffs

**Via Regular U.S. Mail**
Ross C. Goodman, Esq.
520 S Fourth Street
Las Vegas, NV 89101

An employee of Harold P. Gewerter, Esq., Ltd.

14

## VERIFICATION

STATE OF NEVADA          )
                         ) ss:
COUNTY OF CLARK          )

STEVEN ACOR, being first duly sworn, deposes and says:

That I am the C.O.O. of Defendant, Vision Airlines, Inc. in the above-entitled action,
have read the foregoing Responses To First Set Of Interrogatories, know the contents thereof,
and that the same is true of my own knowledge, except for those matters therein contained stated
upon information and belief, and as to those matters, they are believed to be true.

_____
STEVEN ACOR

SUBSCRIBED and SWORN to before me
this __13__ day of May, 2009.

_____
NOTARY PUBLIC

HAROLD P. GEWERTER, ESQ., LTD.

_____
HAROLD P. GEWERTER, ESQ.
Nevada Bar No. 499
2705 Airport Drive
North Las Vegas, Nevada 89032
Attorney for Defendant

8

**EXHIBIT 5**

**LAW OFFICES OF
HAROLD P. GEWERTER, ESQ., LTD.**

Harold P. Gewerter, Esq.

February 2, 2010

**Via Facsimile: 305-372-3508
and Regular Mail**

David M. Buckner, Esq.
Brett Von Borke, Esq.
2525 Ponce de Leon, 9th Floor
Coral Gables, FL 33134

Re:    **Vision Airlines adv. Hester, et al
Case No. 09-CV-117-RLH-RJJ**

Dear Gentlemen:

    This letter is in response to your letter dated February 1, 2010.  Several weeks ago you received nearly all of the documents which Vision promised to produce by January 7, 2010.  As we discussed after the hearing on January 22, 2010, Vision is preparing a comprehensive package correlating payroll records concerning each individual flight.  We have been informed we can expect to receive this material on or around March 5, 2010.  Thus, based upon this estimate and given time for copying and bate stamping I would anticipate these additional materials being delivered to you around March 10, 2010.

    To date, however, you have received a complete list of all potential class members, including contact information, along with pertinent portions of their personnel files.  You have also received an electronic version of payroll information from 2007 until the current date, and hard copies from May 5, 2005 to 2007.

    As for the remaining 30(b)(6) depositions, I am informed that my clients are available in the middle of March.  Please give me alternate dates so we can verify specific days in the middle of March for availability.  Also, is Mr. Hester also going to be available for his deposition at the same time?

Vision adv. Hester
Page 2
February 2, 2010


     As always, should you have any questions or concerns regarding this matter, please feel free to contact me.

               Sincerely,

               HAROLD P. GEWERTER, ESQ., LTD.

               Harold P. Gewerter, Esq.

HPG: ma
cc:   Ross Goodman, Esq.
      Client

**LAW OFFICES OF**
**HAROLD P. GEWERTER, ESQ., LTD.**

## FAX COVER SHEET

TO:   David M. Buckner, Esq./Brett Von Borke, Esq.

FAX NUMBER:   305-372-3508

TO:   Ross Goodman, Esq.

FAX NUMBER:   702-385-5088

FROM:   Harold P. Gewerter, Esq.

DATE:   February 2, 2010

RE:   Vision Airlines adv. Hester, Case No. 09-CV-00117

MESSAGE:   Please see attached correspondence.

Number of pages (including cover):   3  .   If you do not receive all pages, please call the number below. This transmission is confidential and intended only for the use of the individual to whom it is addressed. If you have received this transmission in error, please call us immediately and mail it to the address below. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.

2705 Airport Drive, North Las Vegas, Nevada 89032
Telephone: (702) 382-1714 ♦ Facsimile: (702) 382-1759

**HP Color LaserJet** *CM2320nf MFP*

# Fax Confirmation Report

HP LASERJET FAX GEWERTER
7023821759
Feb-2-2010   5:50PM

| Job | Date | Time | Type | Identification | Duration | Pages | Result |
|-----|------|------|------|----------------|----------|-------|--------|
| 2525 | 2/ 2/2010 | 5:47:35PM | Send | 13053723508 | 2:18 | 3 | OK |
| 2526 | 2/ 2/2010 | 5:49:59PM | Send | 3855088 | 0:53 | 3 | OK |

LAW OFFICES OF
HAROLD P. GEWERTER, ESQ., LTD.

FAX COVER SHEET

TO: David M. Buckner, Esq./Bryan Van Borke, Esq.

FAX NUMBER: 305-372-1508

TO: Ross Goodman, Esq.

FAX NUMBER: 702-385-5088

FROM: Harold P. Gewerter, Esq.

DATE: February 2, 2010

RE: Vision Airlines adv. Hester, Case No. 09-CV-00117

MESSAGE: Please see attached correspondence.

Number of pages (including cover): _____3_____ If you do not receive all pages, please call the number below. This transmission is confidential and intended only for the use of the individual to whom it is addressed. If you have received this transmission in error, please call us immediately and mail it to the address below. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited.

2765 Airport Drive, North Las Vegas, Nevada 89032
Telephone: (702) 382-1714 ♦ Facsimile: (702) 382-1759