UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GERALD HESTER, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>VISION AIRLINES, INC.,<br><br>    Defendant. | Case No.: 2:09-cv-00117-RLH-RJJ<br><br>**O R D E R**<br><br>(Motion to Disqualify Hester as Class Representative–#120) |

Before the Court is Defendant Vision Airlines, Inc.'s **Motion to Disqualify Hester as Class Representative** (#120), filed April 30, 2010. The Court also considered Plaintiff Gerald Hester's Response (#126), filed May 17, 2010, and Vision's Reply (#129), filed May 27, 2010. Finally, the Court considered Hester's **Motion for Leave to File Sur-Reply** (#130), filed June 1, 2010.

## BACKGROUND

This is a class action lawsuit in which Plaintiff Gerald Hester alleges Defendant Visions Airlines failed to make required hazard payments to its employees who flew to Baghdad, Iraq and Kabul, Afghanistan from 2005 to the present. For a more detailed account of the facts of

\

1  this case, the Court refers the reader to its September 15, 2010 Order (#159). For the reasons
2  discussed below, Vision's and Hester's motions are denied.

## DISCUSSION

**I.    Adequacy of Class Representative**

Vision has not presented any evidence showing that the Class should be decertified. "[T]o prevail on its decertification motion, defendant faces a heavy burden because doubts regarding the propriety of class certification should be resolved in favor of certification." *Gonzales v. Arrow Fin. Servs. LLC*, 489 F. Supp. 2d 1140, 1154 (S.D. Cal. 2007). Vision must, therefore, show that certification is no longer appropriate. *See id*. To determine whether continued certification is proper, the Court applies the same standard that it originally applied to grant certification, namely the requirements of Fed. R. Civ. P. 23. *O'Connor v. Boeing N. Am., Inc.*, 197 F.R.D. 404, 410 (C.D. Cal. 2000). While the Court must treat the substantive allegations of the complaint as true, it may, nonetheless, "consider evidence which goes to the requirements of Rule 23" even if that evidence also relates to the merits of the case. *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 509 (9th Cir. 1992). Rule 23(a) requires: (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation. In addition to meeting these four requirements, one of the Rule 23(b) requirements must also be met. The Rule 23(b) requirement at issue requires that common questions of law or fact "predominate over any questions affecting individual members, and that a class action is superior to other available methods" for settling the dispute.

Vision bases its arguments on Hester not having sufficient factual information about the case. This is an attack on the fourth Rule 23(a) requirement, adequacy of representation. The Court will not revisit the other requirements.

Vision argues that Hester is an inadequate class representative because he did not know or believe that he was entitled to hazard pay until after talking to his attorneys and because he didn't know or gather much of the information in the complaint. However, the law does not require the class representative to have such detailed knowledge. "The threshold of knowledge

1  required to qualify a class representative is low; a party must be familiar with the basic elements of
2  [his or] her claim," no more. *Moeller v. Taco Bell Corp.*, 220 F.R.D. 604, 611 (N.D. Cal. 2004).
3  The record sufficiently demonstrates that Hester has a general and sufficient understanding of the
4  claim.  Hester may not have known detailed information about the facts underlying the claim, but
5  the discovery process has provided Vision with sufficient information to mount a defense in this
6  case.  Since Vision has not shown an adequate reason to decertify the Class, the Court denies
7  Vision's motion.

8  **II.     Adequacy of Class Counsel**

9              Vision has not presented any legal basis or evidence showing that Class counsel is
10 inadequate.  Vision argues that because an absent Class member, Gary von Borck, is the father of
11 one of the Class' attorneys, Brett von Borck, Class counsel is inadequate.  There is no basis for this
12 argument in the law.  Courts may be concerned when there is a close relationship, especially
13 familial, between lead counsel and a class representative, *Susman v. Lincoln Am. Corp.*, 561 F.2d
14 86, 91 (7th Cir. 1977), but that is not the situation presented to the Court.  Here, the only familial
15 relationship is between an associate working on the case and an absent Class member.  Their
16 relationship does not concern the Court because neither controls the direction of this litigation.
17 The Court will not disqualify Brett von Borck or any other individual as class counsel on this
18 basis.

19 **III.    Other Requests**

20             Vision makes further requests of the Court such as permission to depose absent
21 class members, permission to depose class counsel, and other requests.  Vision has not shown
22 adequate grounds for such extreme measures.  Further, any issue as to attorney's fees will be
23 handled after trial, if necessary.  The Court, therefore, denies these requests.
24             In light of the foregoing decisions, Hester's Motion for Leave to File Sur-Reply is
25 now moot.  The Court therefore denies the motion as moot.
26 \

**CONCLUSION**

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Vision's Motion to Disqualify Hester as Class Representative (#120) is DENIED.

IT IS ALSO HEREBY ORDERED that Hester's Motion for Leave to File Sur-Reply (#130) is DENIED.

Dated: September 16, 2010

_____
ROGER L. HUNT
Chief United States District Judge