E filed: 9-20-2010

HAROLD P. GEWERTER, ESQ.
Nevada Bar No. 499
HAROLD P. GEWERTER, ESQ., LTD.
2705 Airport Drive
North Las Vegas, Nevada  89032
Telephone: (702) 382-1714
Fax: (702) 382-1759
Email: harold@gewerterlaw.com
Attorney for non-party
HAROLD P. GEWERTER, ESQ. LTD.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GERALD HESTER, on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> VISION AIRLINES, INC., <br><br> Defendant. | CASE NO.: 2:09-CV-00117-RLH-RJJ <br><br> **VISION AIRLINES, INC.'S OBJECTION TO NOTICE OF DEPOSITION** <br><br> Deposition Date: Sept. 29, 2010 <br> Deposition Time: 10:00 a.m. |

VISION AIRLINES, INC., by and through its undersigned counsel, HAROLD P. GEWERTER, ESQ., hereby submits its Objection to Notice of Deposition sought by Plaintiff GERALD HESTER, pursuant to the Notice of Deposition served upon Harold P. Gewerter, Esq. as counsel for Defendant VISION AIRLINES, INC. seeking the deposition of Representative Regarding Discovery and Document Production pursuant to  Federal Rules of Civil Procedure 30 and 45.

FRCP 30 (a) reads:

Rule 30. Depositions by Oral Examination

(a) When a Deposition May be Taken.

(1)…..The deponent's attendance may be compelled by subpoena under Rule 45.

FRCP 45 reads:

Rule 45. Subpoena

- 1 -

(a) In General.

…

(c) Protecting a Person Subject to a Subpoena.

    (1)    Avoiding Undue Burden or Expense; Sanctions.

        A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

    (2)    Command to Produce Materials or Permit Inspection.

        (A)    *Appearance Not Required*. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

        (B)    *Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

    (i)    At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

    **(ii)    These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.**

(3) Quashing or Modifying a Subpoena.

        (A)    When Required. On timely motion, the issuing court must quash or modify a subpoena that:

            (i)    fails to allow a reasonable time to comply;
            (ii)   requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
            (iii)  requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
            (iv)  subjects a person to undue burden.

        (B)    When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

            (i)    disclosing a trade secret or other confidential research, development, or commercial information;
            (ii)   disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
            (iii)  a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

        (C)    Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

            (i)    shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
            (ii)   ensures that the subpoenaed person will be reasonably compensated.

Discovery closed in this case on June 29, 2010 a full three months prior to the date of the requested deposition. The first Notice of this requested deposition was given to Defendant

Vision on September 10, 2010.    Thus the deposition should be quashed as it is well beyond the discovery period in this matter.

In January 2010 Plaintiff filed a Motion to Compel in this matter in which they requested relief as follows: "Accordingly, Plaintiff respectfully requests that the Court enter an Order compelling Vision to provide all documents that Vision previously agreed to produce in response to Plaintiff's Narrowed Requests, by a date certain."    No request for an extension of the discovery period was requested.

This Honorable Court on September 17, 2010 ruled as follows on the above Motion to Compel:  "ORDER granting [93] Motion to Compel. Items must be produced by 9/17/10. Signed by Magistrate Judge Robert J. Johnston."

Thus since no extension of the discovery period has been requested or granted, the noticed deposition should be quashed as it is well beyond the discovery period in this matter.

DATED this 20th day of September, 2010.

HAROLD P. GEWERTER, ESQ., LTD.


　　　　　　　　　　　　　*/s/   Harold P. Gewerter, Esq.*
HAROLD P. GEWERTER, ESQ.
Nevada Bar No. 499
2705 Airport Drive
North Las Vegas, Nevada  89032
Telephone: 702-382-1714
Fax: 702-382-1759
Email: harold@gewerterlaw.com
Attorney for Defendant

**CERTIFICATE OF SERVICE**

Certification is hereby made that a true and correct copy of the foregoing VISION AIRLINES, INC.'S OBJECTION TO NOTICE OF DEPOSITION was served this 20th day of September, 2010, via the Court's CM/ECF system.


　　　　　　　　　　　　　*/s/    Harold P. Gewerter, Esq.*
An Agent of HAROLD P. GEWERTER, ESQ., LTD.

- 4 -