HAROLD P. GEWERTER, ESQ.  E filed: September 20, 2010
Nevada Bar No. 499
HAROLD P. GEWERTER, ESQ. LTD.
2705 Airport Drive
North Las Vegas, Nevada 89032
Telephone: (702) 382-1714
Fax: (702) 382-1759
Email: harold@gewerterlaw.com
Attorney for Defendant
VISION AIRLINES, INC.

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*\*\*

| | |
|---|---|
| GERALD HESTER, on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> VISION AIRLINES, INC., <br><br> Defendant. | CASE NO: 2:09-CV-00117-RLH-RJJ <br><br> **DEFENDANT VISION AIRLINES, INC.'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE TO STRIKE AND EXCLUDE CERTAIN OF DEFENDANT'S EVIDENCE AND ARGUMENTS AND INCORPORATED MEMORANDUM OF LAW** |

   VISION AIRLINES, INC. ("VISION"), by and through its attorney of record, HAROLD P. GEWERTER, ESQ., of the law firm of HAROLD P. GEWERTER, ESQ., LTD., respectfully submits Defendant VISION'S Opposition to Plaintiff's Motion in Limine to Strike and Exclude Certain of Defendant's Evidence and Arguments and Incorporated Memorandum of Law.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1

This Opposition shall consist of this Preamble, the following Points and Authorities and the complete files and records of this action.

DATED this 20th day of September, 2010.

>HAROLD P. GEWERTER, ESQ., LTD.
>
>  /s/   Harold P. Gewerter, Esq.
> HAROLD P. GEWERTER, ESQ.
> Nevada Bar No. 499
> 2705 Airport Drive
> North Las Vegas, NV 89032
> Attorney for Defendant
> VISION AIRLINES, INC.

## POINTS AND AUTHORITIES

### I.

### FACTS

Defendant/Counterclaimant VISION has, since 2005, provided airline services to a contractor or subcontractor of a federal government entity. Plaintiff/Counterdefendant HESTER is a former VISION pilot who claims that Defendant/Counterclaimant VISION failed to give him specific sums of "hazard pay" allegedly required for flights into and out of Baghdad, Iraq and Kabul, Afghanistan. Plaintiff/Counterdefendant HESTER'S services ended with Defendant/Counterclaimant VISION because of federal age restrictions on pilots, and further, Plaintiff/Counterdefendant HESTER fell asleep while on duty.

### ARGUMENT

Federal Rules of Evidence 401 and 402 provide that relevant evidence—evidence tending to show the existence of a fact "that is of consequence to the determination of the action more probable or less probable"- may be admitted. Based on these Rules, evidence and examination regarding the events of September 13, 2007 should be allowed.

It is hard to understand Plaintiff's argument that the lead Plaintiff, GERALD HESTER, falling asleep while flying, is not related to his job performance and thus his pay, which is the central subject of this action. This action is for alleged back pay, and ones performance on the job is without question relevant to the pay due. Plaintiffs have fought tooth and nail to keep

GERALD HESTER as lead plaintiff in order to avoid the necessity for one of the actual leaders pushing this action to emerge from the shadows and take the lead Plaintiff spot. As such, they are in no position to say that Plaintiff HESTER'S job performance isn't relevant to pay. They chose this lead Plaintiff and as a result they get him for both the good and the bad. It is disingenuous for Plaintiffs to claim that they choose Plaintiff HESTER as lead Plaintiff because he is indicative of the class as a whole, but then to argue that lead Plaintiff HESTER, who is requesting alleged back pay, cannot be questioned about what he did to earn such pay.

Plaintiffs argue that since they are only requesting alleged "hazard pay" job performance is irrelevant but this is a red herring argument. Defendant VISION'S employees were paid one check without any breakdown for separate pay items. There simply is no "hazard pay" line on the paycheck. Therefore, a reduction in pay, suspension, etc. would all affect the amount of pay regardless of Plaintiff's attempts to create separate categories.

Therefore, based on these Rules, evidence and examination regarding the events of September 13, 2007 when lead Plaintiff HESTER fell asleep while flying should be allowed.

### III.
### CONCLUSION

For the foregoing reasons, Defendant VISION respectfully requests this Court to Deny in its entirety Plaintiff HESTER'S Motion in Limine.

DATED this 20th day of September, 2010.

HAROLD P. GEWERTER, ESQ., LTD.

 */s/   Harold P. Gewerter, Esq.*
HAROLD P. GEWERTER, ESQ.
Nevada Bar No. 499
2705 Airport Drive
North Las Vegas, Nevada 89032
Attorney for Defendant