Ross C. Goodman, Esq., Nevada State Bar No. 7722
GOODMAN LAW GROUP
520 South Fourth Street
Las Vegas, Nevada 89101
(702) 383-5088
(702) 385-5088 (Facsimile)

Brett E. von Borke, Esq., Florida State Bar No. 44802
KOZYAK TROPIN & THROCKMORTON, PA
2525 Ponce de Leon, 9th Floor
Miami, Florida 33134
(305) 372-1800
(305) 372-3508 (Facsimile)

David M. Buckner, Florida State Bar. No. 60550
Grossman Roth, P.A.
2525 Ponce de Leon, Suite 1150
Miami, Florida 33134
(305) 442-8666
(305) 285-1668 (Facsimile)

ATTORNEYS FOR PLAINTIFF & THE CLASS

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

GERALD HESTER, on behalf of himself
and all others similarly situated,

    Plaintiff,

v.

VISION AIRLINES, INC.,

    Defendant.

Case No.: 2:09-CV-00117-RLH-RJJ

**THE CLASS'S SECOND MOTION *IN LIMINE* TO STRIKE AND EXCLUDE CERTAIN OF DEFENDANT'S EVIDENCE AND ARGUMENTS AND INCORPORATED MEMORANDUM OF LAW**

    The Class, through undersigned counsel and pursuant to Federal Rules of Evidence 401 and 403, move *in limine* to limit and exclude certain evidence proposed to be admitted by the Defendant, Vision Airlines, Inc. ("Vision") and argument pertaining thereto, as follows:

    1.    To bar Vision from eliciting testimony about, cross examining on, or introducing evidence that relates to any of the allegations in Vision's counterclaims [D.E. 47] and amended

317316
1

counterclaims [D.E. 88] against Gerald Hester ("Hester") in this action; and

  2. To bar Vision from eliciting testimony about, cross examining on, or introducing evidence that relates to Vision's argument that there is an employment contract between Vision and the Class members.

As detailed below, this evidence is irrelevant in light of the Court's Order Granting Hester's Motion for Summary Judgment on Vision's Amended Counterclaims [D.E. 159], Granting/Denying Vision's Motion for Summary Judgment on the Class's Claims [D.E. 159], and is unfairly prejudicial and likely to confuse the issues and mislead the jury. Vision's evidence violates Federal Rules of Evidence 401, 402, and 403, and is therefore inadmissible.

## **MEMORANDUM OF LAW**

Under Federal Rules of Evidence 401 and 402, only relevant evidence – evidence tending to show the existence of a fact "that is of consequence to the determination of the action more probable or less probable" – may be admitted. Federal Rule of Evidence 403 provides a further qualification: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Based on these Rules, evidence and examinations regarding any of Vision's allegations in Vision's counterclaims and amended counterclaims against Hester should be excluded, along with Vision's claim that there is an employment contract between the Class members and Vision.

"Rule 403 involves balancing, on the one side, the evidence's probative value and, on the other side, the evidence's dangers, including its unfairly prejudicial and misleading nature." *United States Steel, LLC v. Tieco, Inc.*, 261 F.3d 1275, 1287 (11th Cir. 2001). *See also Blind-Dolan v. Sanders*, 291 F.3d 1079, 1082 (9th Cir. 2002) ("the trial court must additionally

317316    2

determine under Rule 403 'if its probative value is substantially outweighed by the danger of unfair prejudice.'") (internal citations omitted). "[E]ven relevant evidence 'may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.'" *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1063 (9th Cir. 2008) (citation omitted). The term "unfair prejudice" under the Rule "means [an] undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *U.S. v. Hankey,* 203 F.3d 1160, 1172 (9th Cir. 2000) (quoting Notes of the Advisory Committee on Proposed Federal Rules of Evidence Rule 403 at 102). Where the probability of such unfair prejudice exists, relevant evidence is often excluded due to the risk of confusing or distracting the jury. *U.S. v. W.R. Grace,* 504 F.3d 745, 759 (9th Cir. 2007); *see also Defelice v. American Int'l Life Assurance Co. of N.Y.*, 112 F.3d 61, 67 (2d Cir. 1997).

A.  **VISION MUST BE BARRED FROM MAKING REFERENCE TO ANY OF THE ALLEGATIONS CONTAINED IN ITS AMENDED COUNTERCLAIMS**

Vision must be barred from making reference to any of the allegations contained in its amended counterclaims. Vision's counterclaims and amended counterclaims contained very serious allegations against Hester, which include: (1) Hester breached the non-compete provision of his Non-Compete Non-Disclosure Agreement with Vision ("Vision Non-Compete") by allegedly soliciting Vision's customers for the purpose of competing with Vision for the Air Bridge Program Contract; (2) Hester breached the non-disclosure provision of the Vision Non-Compete by allegedly releasing Vision's confidential information into the public domain; (3) Hester breached the Classified Information Nondisclosure Agreement that he entered into with the United States government by allegedly disclosing the United States government's classified information; (4) Hester allegedly disclosed the United States government's classified information, violating the United States Criminal Code and subjecting him to criminal

317316                                                    3

prosecution; (5) Hester was allegedly the anonymous source quoted in an article published by the Las Vegas Sun; and (6) Hester's purported disclosures jeopardized the safety of the other Class members operating the Air Bridge Program flights. Vision, however, failed to substantiate any of these allegations, beyond demonstrating that Hester signed the Vision Non-Compete and the Classified Information Nondisclosure Agreement [D.E. 159 at 10-11], and instead could only quote for factual support in its Response to Hester's Motion for Summary Judgment [D.E. 142] its unsupported allegations contained in its Amended Counterclaims [Id. at 7-10]. On those and other grounds, the Court granted Hester's Motion for Summary Judgment on Vision's amended counterclaims. [D.E. 159 at 10-11.]

Vision's unsupported and baseless allegations against Hester are now entirely irrelevant to this case. Vision's allegations against Hester have no bearing on whether Vision paid hazardous duty pay to the Class, which is the central legal issue the jury is left to resolve. If the jury were to hear the baseless allegations contained in Vision's amended counterclaims it would resolve none of the issues that remain in this case. Primarily, it would not relieve Vision of its obligation to pay hazard pay to the Class members. Instead, it would be raised by Vision solely to diminish Hester in the eyes of the jury by suggesting, without any factual basis, that Hester engaged in illegal activities that jeopardized the security and safety of the other Class members and the citizens of the United States.

To address any of the allegations contained in Vision's amended counterclaims, which would require the Class to demonstrate that they are without any factual support and entirely frivolous and untrue, would require a major detour in the presentation of this case at trial. Even if Vision's allegations in its amended counterclaims were relevant, and they are not, whatever arguable probative value it may have (and Vision can point to none) is completely outweighed by the significant prejudicial effect it will have with the jury. Effectively Vision's claim is that

317316

4

Hester is a criminal, subject to criminal prosecution, and that he endangered the other Class members by disclosing Vision's confidential and the United States government's classified information to the public. Vision could only offer the allegations contained in its counterclaims and amended counterclaims with the hope that it would mislead the jury into thinking that they are a basis for finding for Vision on some of the claims at issue here, the very "undue tendency to suggest a decision on an improper basis" that the law prohibits.

      **B.**      <u>**VISION MUST BE BARRED FROM MAKING ANY REFERENCE TO THE EXISTENCE OF AN EMPLOYMENT CONTRACT BETWEEN THE CLASS AND VISION**</u>

Vision must be barred from making any reference to the existence of an employment contract between the Class members and Vision. Vision has repeatedly argued that the Class's claims are barred based on the existence of a contract between Vision and the Class. *See* [D.E. 137 at 15-16]; [D.E. 142 at 9-10.] Vision's argument was based on its belief that the employment at will relationship and the Vision 767 Memorandum constituted an employment contract. [Id.] However, as this Court held, neither the Vision 767 Memorandum nor the at-will employment relationship constitutes an "express contract covering the relevant subject matter even though employment at will is a contractual relationship." [D.E. 159 at 5.] Therefore, "[s]ince no express contract between Vision and the Class members is relevant to these issues, Vision's argument fails." [Id.] Thus, the law of this case is that there is no express employment contract between the Class and Vision, and Vision should be barred from arguing the existence of such a contract.

To address Vision's claim that there is an express employment contract between Vision and the Class members would require the Class to demonstrate that this argument lacks any factual support, which would waste valuable judicial resources by requiring Class counsel to present evidence on Vision's Employee Handbook, address Vision's 767 Memorandum, and

317316

5

present testimony and evidence about Vision's Employee Handbook Acknowledgement Form. Vision's argument is entirely irrelevant on the central legal issue of whether Vision paid over to the Class the funds it received for hazardous duty pay. Even if Vision's argument that there is an express employment contract had probative value (and Vision can point to none), that probative value is completely outweighed by the significant prejudicial effect it will have with and confusion it will cause for the jury. Vision could only offer this argument with the hope that it would mislead the jury into thinking that these facts are a basis for finding for Vision on some of the claims at issue here, the very undue tendency to suggest a decision on an improper basis that the law prohibits.

## CONCLUSION

For the foregoing reasons, the Class respectfully requests that the Court bar Vision from eliciting testimony about, cross examining on, or introducing evidence that relates to: (1) any of the allegations in Vision's counterclaims and amended counterclaims against Hester; and (2) that there is an express employment contract between Vision and the Class members.

Respectfully submitted,

/s/ Brett E. von Borke
Kenneth R. Hartmann, (FBN 664286)
Brett E. von Borke (FBN 0044802)
KOZYAK TROPIN & THROCKMORTON, P.A.
2525 Ponce de Leon, 9th Floor
Coral Gables, Florida 33134
Telephone: (305) 372-1800
Fax: (305) 372-3508

/s/ Ross Goodman
GOODMAN LAW GROUP
ROSS GOODMAN, (NBN 7722)
520 South Fourth Street
Las Vegas, Nevada 89101
(702) 383-5088
(702) 385-5088 (Facsimile)

317316

6

/s/ David M. Buckner
David M. Buckner (FBN 60550)
GROSSMAN ROTH, P.A.
2525 Ponce de Leon, Suite 1150
Coral Gables, Florida 33134
Telephone: (305) 442-8666

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true copy of the foregoing has been served via the Court's CM/ECF system on September 20, 2010, on Harold P. Gewerter, Esq., 2705 Airport Drive, North Las Vegas, Nevada 89032.

By: /s/ David M. Buckner
David M. Buckner

317316

7