Ross C. Goodman, Esq., Nevada State Bar No. 7722
GOODMAN LAW GROUP
520 South Fourth Street
Las Vegas, Nevada 89101
(702) 383-5088
(702) 385-5088 (Facsimile)

Brett E. von Borke, Esq., Florida State Bar No. 44802
KOZYAK TROPIN & THROCKMORTON, PA
2525 Ponce de Leon, 9th Floor
Miami, Florida 33134
(305) 372-1800
(305) 372-3508 (Facsimile)

David M. Buckner, Florida State Bar. No. 60550
Grossman Roth, P.A.
2525 Ponce de Leon, Suite 1150
Miami, Florida 33134
(305) 442-8666
(305) 285-1668 (Facsimile)

ATTORNEYS FOR PLAINTIFF & THE CLASS

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

GERALD HESTER, on behalf of himself
and all others similarly situated,

Plaintiff,

v.

VISION AIRLINES, INC.,

Defendant.

Case No.: 2:09-CV-00117-RLH-RJJ

**CLASS' RESPONSE IN OPPOSITION TO VISION AIRLINE, INC.'S MOTION IN LIMINE**

The Class, through undersigned counsel, opposes Vision Airlines, Inc.'s ("Vision") Motion in Limine [D.E. 151]. Most of the subparts of Vision's Motion in Limine are boilerplate requests that are not tethered to any actual evidence or argument, and as such should be denied as untimely and, likely, moot. Vision cannot fairly say that the described testimony or evidence "will cause irreparable harm to Defendant VISION'S case, which no jury instruction could cure" such that "[i]f any of these matters are brought to the attention of the jury, directly or indirectly,

317380                                    1

Defendant VISION would be compelled to move for a mistrial." (Motion in Limine at 2.) Accordingly, the Class will respond only briefly to these items, as it is in many cases impossible to predict what evidence Vision is referring. Accordingly, as Vision has again failed to carry its burden as the movant, this motion should be denied. Instead, Vision should raise its objections, if any, at the appropriate time during trial in this matter. As to all of Vision's 29 subparts, the Class will respond using the same paragraph numbering employed in Vision's Motion in Limine.

1. The Plaintiff or his counsel is precluded from utilizing or introducing any hearsay comments attributed to any unidentified witness not subject to cross-examination. Fed.R.Evid., 801, 802 and 805.

As Vision has identified no specific witness or testimony, it is difficult to discern to what evidence Vision is referring to here. Of course, there are a number of exceptions to the hearsay rule, *see* F.R.E. 803, 804, and some out of court statements are not hearsay at all as they, for example, go to the state of mind of the declarant and not to the truth of the matter asserted. *See* F.R.E. 801(c). Furthermore, Vision has stipulated that a number of documents in this case are business records of either itself or other business entities (including CSC, McNeil or Capital Aviation), and thus these documents are admissible under F.R.E. 803(6). (*See* Stipulation and Agreement Pertaining to Documents and Witness Testimony [D.E. 131], attached as Ex. A.) Accordingly, Vision's motion should be denied.

2. That Plaintiff or his counsel be prohibited from calling any witnesses to testify at the time of trial other than those witnesses who have been expressly and properly identified, unless and until good cause has been shown to the satisfaction of the Court as to why such witness should be allowed to testify.

As Vision has identified no specific witness, it is difficult to discern what witness Vision is referring to here. The Class has identified on its witness list, filed with the proposed Pretrial Order, the witnesses that it may call at trial, and Vision did the same. The Class expects that the

317380                                2

parties will limit themselves to these witnesses at trial, and that the rules regarding this will be applied to Vision as well as the Class.

3. That Plaintiff or his counsel not be allowed to call any expert witness to testify at trial other than experts they have designated in accordance with the Federal Rules of Civil Procedure.

As noted previously and below, the Class properly noticed an expert in this matter, Mr. Barry Mukamal ("Mukamal"), did so more than four months ago, and intends to call him at trial to testify about the matters set forth in his expert disclosures. Defendant has noticed no expert witnesses, and will presumably abide by its request here by not calling one at trial. This motion is therefore moot and should be denied as such.

4. The Plaintiff or his counsel are precluded from making any mention of the probable testimony of a witness who is absent, unavailable, or not called or allowed to testify in this case. That Plaintiff or his counsel nor any of his witnesses not [sic] be allowed to suggest that a party has failed to call any particular witness who would have been equally available to all parties herein through the discovery or subpoena process.

As Vision has identified no specific witness or testimony, it is difficult to discern to what Vision is referring to here. Moreover, this motion in limine, like so many of Vision's others, is difficult to decide in the abstract, and thus like the others Vision raises, should be denied because Vision failed to supply sufficient detail to allow a full discussion of the ramifications of this request. In making this motion, Vision obviously intends to be bound by it.

5. The Plaintiff or his counsel is precluded from utilizing or introducing any evidence which was not previously provided to Defendant in response to any form of discovery within the time frames provided by the Federal Rules of Civil Procedure.

Plaintiff completed his production of documents to Vision well over a year ago. Vision, of course, has still not engaged in a good faith effort to identify, gather, and produce responsive documents, as set forth in the Class' Renewed Motion to Compel, filed on January 20, 2010, and

317380                                                  3

various documents following it. *See, e.g.,* [D.E. 49, 50, 54, 56, 60, 61, 64, 93, 96, 99, 106, 110, 117, 160.] On September 9, 2010, the Magistrate Judge issued an order compelling Vision to produce documents, but Vision insists on resisting that rejoinder, and has filed objections with the Court, to which the Class has responded, and that issue is ripe for decision. It is Vision, therefore, that must be precluded from utilizing or introducing any evidence that it has not previously produced, and the Class so moves. Vision's motion should be denied as to the Class, as it is without basis, but should be granted as to Vision, for which the legal and factual basis are legion.

6.   The Plaintiff or his counsel are precluded from utilizing or introducing any testimony or argument suggesting Defendant asserted claims of privilege during discovery. Claims of privilege are not admissible as evidence. Fed. R. Evid. 501.

Vision has asserted no privileges during discovery. It never produced a privilege log of any kind, and thus waived any claim of privilege that it might have. *See Burlington Northern & Santa Fe Railway Co. v. U.S. Dist. Co. for the Dist. of Mont.,* 408 F.3d 1142, 1147 (9th Cir. 2005); (*see also* Plaintiff's Motion to Compel [D.E. 49] at 12-13.) This request should therefore be denied as moot.

7.   The Plaintiff or his counsel are precluded from utilizing or introducing any attempt to elicit testimony from Defendant about communications with its lawyers. Such communications are privileged. Fed R. Evid. 501, 502.

To the extent that this is a request that the Class be ordered to comply with F.R.E. 501 and 502, it is unnecessary and should be denied. To the extent that this is a request that exceeds the bounds of F.R.E. 501 and 502, it should be denied because Vision has provided no basis for it, and has presented no details that would allow the Class to respond or the Court to consider this argument in its proper context.

317380                                                          4

8.      The Plaintiff or his counsel are precluded from making any mention the parties engaged in settlement negotiations. Fed. R. Evid. 408.

To the extent that this is a request that the Class be ordered to comply with F.R.E. 408, it is unnecessary and should be denied. To the extent that this is a request that exceeds the bounds of F.R.E. 408, it should be denied because Vision has provided no basis for it, and has presented no details that would allow the Class to respond or the Court to consider this argument in its proper context.

9.      That the attorneys for the parties not seeking or requesting each other to produce instruments, to stipulate to any fact, or to make any sort of agreement in the presence of the jury.

It is difficult to discern what Vision is referring to here. As noted above, Vision has stipulated that certain documents qualify under the business records exception to the hearsay rule, and that agreement can be made known to the jury as it is part of the foundation for the introduction of the evidence identified in the stipulation. (*See* Ex. A.) Beyond that, it is not clear what Vision has in mind in making this request, and it should be denied because Vision has failed to provide any basis in law for it, and has presented no details that would allow the Class to respond or the Court to consider this argument in context.

10.     The Plaintiff or his counsel are precluded from utilizing or introducing any testimony by experts concerning any discussions with another expert. Fed. R. Evid. 801, 802.

Experts may, of course, rely on hearsay or other evidence not otherwise admissible in formulating their opinions. *See* F.R.E. 703; *see also Paddack v. Dave Christensen, Inc.*, 745 F. 2d 1254, 1261-62 (9th Cir. 1984) (noting further that hearsay or other inadmissible evidence upon which an expert relies may in some instances be admitted to explain the basis for the expert's opinion). Vision has cited no case law supporting its position. To the extent that Vision is requesting that the Court follow F.R.E. 801 and 802, of which the Court is surely aware, this request should be denied as moot. To the extent that Vision is seeking something more than that,

317380                                         5

its motion should be denied because Vision has provided no basis in law for it, and has presented no details that would allow the Class to respond or the Court to consider this argument in its proper context.

11.   The Plaintiff or his counsel are precluded from any mention that any party or witness is rich or poor, which is not relevant and is more prejudicial than probative.

It is difficult to discern what Vision is referring to here. It should be denied because Vision has provided no basis in law for it, and has presented no details that would allow the Class to respond or the Court to consider this argument in its proper context.

12.   The Plaintiff or his counsel are precluded from making any mention concerning Vision Airlines, Inc. and/or an affiliated entity being rich or poor, which is not relevant and is more prejudicial than probative.

It is difficult to discern what Vision is referring to here. It should be denied because Vision has provided no basis in law for it, and has presented no details that would allow the Class to respond or the Court to consider this argument in context. To the extent that Vision is seeking to preclude evidence and argument regarding the amount of money that it owes the Class, or the amount of money that Vision received during the Air Bridge Program, this request should be denied because this evidence is obviously relevant and probative.

13.   Plaintiff or his counsel are precluded from making any suggestion or references or attempt to introduce any evidence regarding the comparative wealth of the parties to this lawsuit. Any such reference, whether intentional or unintentional, direct or indirect, could only serve to create undue prejudice thus causing the jury to reach a verdict based upon emotion rather than fact, and would in all reasonable probability have such an affect and cause the rendition of an improper verdict.

This request should be denied because Vision has provided no basis in law for it, and has presented no details that would allow the Class to respond or the Court to consider this argument

317380

6

in its proper context. To the extent that Vision is seeking to preclude evidence and argument regarding the amount of money that it owes the Class, or the amount of money that Vision received during the Air Bridge Program, this request should be denied because this evidence is obviously relevant and highly probative.

14. The Plaintiff and his counsel are precluded from making any comment that informs the jury of the effect of their answers to the jury questions.

It is difficult to discern what Vision is referring to here. Vision has cited no jury questions, nor has it presented any proposed jury instructions. This request therefore should be denied because Vision has provided no basis in law for it, and has presented no details that would allow the Class to respond or the Court to consider this argument in context.

15. The Plaintiff or his counsel are precluded from making any indication that the jurors or perspective jurors should or can assess the evidence in this case according to how they would feel if they or a loved one were involved in a same or similar situation. It is improper for Plaintiff or his counsel to suggest or infer that the jury should place themselves in the same position as the Plaintiff for the purposes of evaluating any evidence or any issue to be determined in this case.

This request should be denied because Vision has provided no basis in law for it, and has presented no details that would allow the Class to respond or the Court to consider this argument in its proper context. If, during the course of argument, Vision feels that counsel for the Class is making an objectionable argument, it can, through counsel, so object.

16. The Plaintiff or his counsel not be allowed to make any suggestion to the jury or perspective jurors that Defendant has been involved in any other claims, lawsuits or disputes, either prior to or subsequent to the matter made the basis of this lawsuit.

This request should be denied because Vision has provided no basis in law for it, and has presented no details that would allow the Class to respond or the Court to consider this argument in context. As discussed in the Class' Motion for Summary Judgment, Vision has been involved

317380                                              7

in litigation against CSC and Capital Aviation in state court in Virginia. As part of that litigation, Vision took a number of positions as to certain facts that, as a matter of the law, it is now estopped from denying. *Cf. Feldman v. Am. Mem'l Life Ins. Co.*, 196 F.3d 783, 789-90 (7th Cir. 1999) (holding that where plaintiff previously represented that she was totally disabled and received Social Security disability benefits, she was precluded by judicial estoppel by making contradictory claims in an ADA discrimination claim); *Scarano v. Cent. R. Co. of New Jersey*, 203 F.2d 510, 513 (3rd Cir. 1953) (holding that to permit a party to assume a position inconsistent with a position it had successfully relied upon in a past proceeding "would most flagrantly exemplify . . . playing fast and loose with the courts which has been emphasized as an evil the courts should not tolerate.") If this unsupported request is Vision's attempt to be relieved of its prior positions, that effort is without legal support here, and should be denied.

17.   Before the Court rules on the law applicable to this case, the Plaintiff and his counsel be precluded from making any statement of the law other than that regarding the burden of proof and the basic legal definitions counsel believes to be applicable.

This request is meaningless. The Class is well aware that the Court will instruct the jury as to the law in this matter and, unlike Vision, has submitted proposed jury instructions to assist the Court in doing just that. Further, the Court, in ruling on the various Motions for Summary Judgment filed by the parties in this matter, has in fact provided numerous legal rulings that are now the law of this case. Again, it is exceedingly difficult to respond to Vision's boilerplate requests without a set of facts to provide context and some law that might give the Class a hint as to what Vision is attempting to exclude. Accordingly, as Vision has not carried its burden as movant, this motion should be denied.

18.   Any mention from Plaintiff or Plaintiff's attorney regarding his or her opinion about the credibility of any witness, except in closing arguments.

317380

8

The appropriate time for an objection on this ground is if and when an objectionable statement has been made. This request should be denied because Vision has provided no basis in law for it, and has presented no details that would allow the Class to respond or the Court to consider this argument in its proper context.

19. The Plaintiff and Plaintiff's counsel are precluded from making any comment that attempts to impose liability upon or arouse prejudice against Defendant, VISION AIRLINES, INC., simply because it is a corporation.

The appropriate time for an objection on this ground is if and when an objectionable statement has been made. This request should be denied because Vision has provided no basis in law for it, and has presented no details that would allow the Class to respond or the Court to consider this argument in its proper context.

20. The Plaintiff and Plaintiff's counsel are precluded from making any comment to the jury that the Court can reduce the amount of the jury's award.

The appropriate time for an objection on this ground is if and when an objectionable statement has been made. This request should be denied because Vision has provided no basis in law for it, and has presented no details that would allow the Class to respond or the Court to consider this argument in its proper context.

21. The Plaintiff and Plaintiff's counsel are precluded from utilizing or introducing any portions of a deposition constituting hearsay evidence or opinions for which no predicate has been established. Fed. R. Evid. 801, 802.

As Vision has identified no specific witness or testimony, it is difficult to discern what Vision is referring to here. Of course, there are a number of exceptions to the hearsay rule, *see* F.R.E. 803, 804, and some out of court statements are not hearsay at all as they, for example, go to the state of mind of the declarant and not to the truth of the matter asserted. *See* F.R.E. 801(c). The Class has designated, in the proposed Pretrial Order, those portions of depositions that it

317380                                9

may introduce at trial, and Vision did not object to any of those designations. [D.E. 150.] Furthermore, Vision has stipulated that a number of documents in this case are business records of either itself or other business entities (including CSC, McNeil or Capital Aviation), and thus these documents are admissible under F.R.E. 803(6). (*See* Stipulation and Agreement Pertaining to Documents and Witness Testimony [D.E. 131], attached as Ex. A.) To the extent that Vision is requesting that the Court follow F.R.E. 801 and 802, of which the Court is surely aware, this request should be denied as moot. To the extent that Vision is seeking something more than that, its motion should be denied because Vision has provided no basis in law for it, and has presented no details that would allow the Class to respond or the Court to consider this argument in context.

22.     The Plaintiff and Plaintiff's counsel are precluded from utilizing or introducing any testimony in which the testifying person presents evidence pursuant to Fed. R. Evid. 702, 703 or 705, unless such person was disclosed in accordance with the Court's Scheduling Order, pursuant to Fed. R. Civ. P. 26(a)(2). Fed. R. Civ. P. 37(c)(1); *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004). Further Plaintiff and Plaintiff's counsel are precluded from mentioning or introducing any testimony from a witness who has been retained or specially employed to provide expert testimony unless such witness, in accordance with the Court's Scheduling Order, furnished a report pursuant to Fed. R. Civ. P. 26(a)(2)(B). Fed. R. Civ. P. 37(c)(1); *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004). Allowing such testimony will unduly prejudice Defendant, for which no adequate cure can be fashioned.

In response to the Class' Motion for Summary Judgment, Vision made a number of serious misstatements about the Class's expert disclosures. Vision falsely stated: (1) that the Class's expert disclosures were untimely; (2) that this Court ruled that the Class's expert report was "inadmissible"; and (3) that Vision had "no opportunity to cross examine or challenge the

findings of this un-admitted expert . . ." [D.E. 141 at 6.] However, the record reflects that: (1) the Class timely made and seasonably supplemented its expert disclosures; (2) Vision failed to move to exclude the Class's expert report, has no valid basis to do so, and the Court has entered no order striking the Class's expert report; and (3) although the Class's expert was readily available for deposition during and after the discovery period, and his identity and opinions were well known to Vision, counsel for Vision neither noticed him for deposition nor requested from Class counsel available deposition dates for the Class's expert.[1] In fact, only on September 17 did Vision for the first time seek to depose the Class' expert, about whom Vision has known since at least April 14, 2010.[2] That is, Vision is demanding that the Class make its expert available two weeks before the start of the trial period in this matter, as counsel for the Class is attempting to prepare to present this case to a jury. Nonetheless, despite Vision's abusive tactics, of which this is yet one more example, the Class agreed to make its expert available on the entirety of the subject matter on which he has opined in reports and affidavits dated April 29, 2010, and July 19, 2010. (*See* Letter from David Buckner to Harold Gewerter, dated Sept. 20, 2010, attached as Ex. B.) Accordingly, even if Vision had a basis to object to the timeliness of the Class' disclosures (and it does not), Vision has suffered no prejudice because it has the opportunity to depose the Class' expert in advance of trial.

Pursuant to this Court's Scheduling Order, Rule 26(a)(2) expert disclosures were due on

---

[1] Vision is trying to profit from its obstructive discovery tactics. Having refused to provide relevant, discoverable documents, and having heavily redacted many of the documents that it did provide, Vision now wishes to be heard to complain that the Class's expert disclosures were late because the Class was forced to go to Virginia to litigate against a third-party to get the documents that Vision refused to produce. This argument showcases Vision's bad-faith, and provides ample support for sanctions, including a jury instruction regarding the presumptions that the jury may draw from Vision's redacted documents.

[2] Vision knew the identity of the Class's expert even before disclosure was required by the Court's Scheduling Order. Class Counsel identified Mukamal as the Class's expert at a hearing before Magistrate Judge Johnston on April 14, 2010. (April 14, 2010 Hearing Transcript, attached as Ex. 6 to the Reply in Support of the Class's Motion for Summary Judgment [D.E. 156], at 24.)

317380                                           11

or before April 29, 2010. [DE 103 at 1.]³ The Class served Mukamal's Preliminary Report on April 29, 2010 ("Preliminary Report"), as required by the Court's Scheduling Order. (Email from Brett von Borke to Harold Gewerter with attached Preliminary Report dated April 29, 2010, attached as Composite Ex C.) In the Class's Preliminary Report, Mukamal reserved the right to supplement his Preliminary Report based on subsequent discovery, the review of other materials provided by Vision or third-parties, or other evidence or positions advanced or disclosed by Vision. (Rule 26(a)(2) Affidavit, Ex. C, at 2 ¶ 7.) The Preliminary Report was limited to an analysis of Phases II and III of the Air Bridge Program because Vision failed to provide the Class with the documents that it previously agreed to produce and which were necessary to perform the analysis with respect to Phases I and IV of the Air Bridge Program. (Preliminary Report, Ex. C, at 1.) *See also* [D.E. 110, at Ex. A.] (Class's expert noting that Phase IV analysis could not be completed at that time because Vision had not produced its invoices in their non-redacted format, bid proposal, or contract modifications).

After the Class served its Preliminary Report, Vision continued to refuse to produce the documents it previously agreed to produce and which were necessary to complete the expert report with respect to Phase I and Phase IV ("McNeil Phase"). This Court granted the Class's Renewed Motion to Compel [D.E. 93], filed on January 20, 2010, which the Class supplemented after additional discovery abuse by Vision, as set forth in the Class's Supplement in Support of the Class's Renewed Motion to Compel [D.E. 106], on September 9, 2010. However, because the Court did not grant the Class's Renewed Motion before the expert report was due, the Class was required to obtain third-party discovery from McNeil.

---

³ The Class moved to extend the disclosure deadline for its expert report, a motion in which Vision joined until it realized that it could obtain an unfair advantage from its denial. [D.E. 105.] Vision then opposed the Class's renewed motion to extend the disclosure deadline, which motion was entirely necessitated by Vision's refusal to produce documents. [D.E. 111.] Further, Mukamal should be permitted to supplement his opinion and analysis with any additional documents that Vision provides pursuant to the granting of the Class' Renewed Motion to Compel [D.E. 152].

317380                                   12

Anticipating that Vision would continue to refuse to produce relevant and responsive documents that were required for Mukamal to complete his analysis, the Class on April 1, 2010, served a subpoena for documents and deposition testimony on McNeil. (*See* McNeil Subpoena, attached as Ex. D.)  McNeil refused to produce documents or a witness, arguing in large part that the Class should obtain these documents and testimony from Vision. (*See* McNeil Mtn. to Quash, attached as Ex. E.)  The Class was required to engage in extensive and time-consuming litigation with McNeil in the Eastern District of Virginia, but was ultimately able to obtain some of the information that it needed (though not nearly the complete picture of the McNeil Phase of the Air Bridge that is certainly available to Vision). (*See* Dkt., McNeil Mtn. to Quash, attached as Ex. F.)

Through the litigation in the Eastern District of Virginia, the Class was able to obtain some additional documents and an Affidavit from William Vigil ("Vigil"), the Vice President of McNeil's Aviation Services, as corporate representative of McNeil. (*See* Affidavit of McNeil, attached as Ex. G.)  The Class received this additional discovery on July 9, 2010, which finally permitted the Class's expert to perform the damages analysis with respect to the McNeil Phase. On July 19, 2010, a mere ten days after the Class received the discovery from McNeil enabling its expert to complete his report as to Phase IV, the Class served Mukamal's Supplemental Affidavit ("Supplemental Report") along with the relevant discovery obtained from McNeil. (Email from Brett von Borke to Harold Gewerter dated July 19, 2010, attached as Ex. H.) Accordingly, the Class's Preliminary Report was timely disclosed pursuant to the Court's Scheduling Order as it was provided to Vision's counsel on April 29, 2010, and the Supplemental Report was disclosed promptly after the Class obtained the third-party discovery necessary to enable its expert to complete the damages analysis with respect to the McNeil

317380

13

1  Phase.[4] *GenSci OrthoBiologics v.Osteotech, Inc.,* No. CV-99-10111-MRP, 2001 WL 36239743, at *12 (C.D. Cal. Oct. 18, 2001) (denying motion in limine to exclude supplemental expert report where expert report was based on new information and disclosed "relatively soon" after the information necessary to complete the report was discovered); *Fontenot v. Digital Equip. Corp.,* 962 F. Supp. 1032, 1035-36 (N.D. Ill. 1996) (permitting supplemental disclosure after expert disclosure deadline passed because there was no bad-faith or intent to frustrate justice on behalf of disclosing party). For all of these reasons, Vision's motion should be denied.

23. The Plaintiff and Plaintiff's counsel are precluded from mentioning any discovery dispute, or pretrial ruling on discovery matter, concerning production or non-production of documents or tangible items. Fed. R. Evid. 401, 402 and 403.

This request should be denied because Vision has provided no basis in law for it, and has presented no details that would allow the Class to respond or the Court to consider this argument in its proper context. To the extent that Vision is requesting that the Class not be allowed to mention its abusive discovery tactics, the Class has specifically requested a jury instruction with regard to Vision's tactics, including its unilateral redaction of documents with no basis in law and no provision of a privilege log, and intends to present to the jury all of the efforts that Vision has made to conceal the truth in this case. Accordingly, this motion should be denied. *Merrick v. Paul Revere Life Ins., Co.,* 500 F.3d 1007, 1015 (9th Cir. 2007); *Cyntegra, Inc. v. Idexx Laboratories, Inc.,* 2007 WL 5193736, at *6 (C.D. Cal. Sep. 21, 2007); *BankAtlantic v. Blyth*

---

[4] Vision fails to specifically identify any portion of the expert report that it finds objectionable. Given that Mukamal's Preliminary Report was clearly timely, Vision must be complaining about his Supplemental Report. However, the thrust of that report is that Vision collected hazard pay during the McNeil Phase that it did not pay over to any of its Air Bridge Program employees. This fact is undisputed and corroborated by Vision. Vision's former director of flight operations and current Vision executive, James Maguire ("Maguire"), testified that in developing Vision's compensation scheme for the Air Bridge Program employees during the McNeil Phase, he decided not to pay those employees any hazard pay as part of their salary. (*See* Deposition of James Maguire, attached as Ex. 5 to the Class' Reply in Support of the Class's Motion for Summary Judgment [D.E. 156], at 96-98.) Thus, one of the core facts underpinning the Supplemental Report was already known to Vision well in advance of the disclosure of the Supplemental Report. (*Id.* at 98.) Vision has suffered no prejudice due to the timing of the Supplemental Report, and even if it did, that prejudice is entirely of its own making, by virtue of its failure to produce the documents to the Class that were necessary to complete the Phase IV analysis.

317380

14

1  *Eastman Paine Webber, Inc.,* 127 F.R.D. 224, 236 (S.D. Fla. 1989).

2  24.  The Plaintiff and Plaintiff's counsel are precluded from mentioning that this Motion has been filed, or any ruling by the Court in response to this Motion, suggesting or inferring to the jury that the Defendant has moved to prohibit proof or that the Court has excluded proof of any particular matter.

This request should be denied because Vision has provided no basis in law for it, and has presented no details that would allow the Class to respond or the Court to consider this argument in its proper context.

25.  The Plaintiff and Plaintiff's counsel are precluded from mentioning *On the Companies Linked to the CIA, Aircraft Used by the CIA and the European Countries in which CIA Aircraft have made Stopovers* a report produced by the European Parliament on November 16, 2006.

Plaintiff intended to present this evidence to establish that the information that Vision contended was classified – which contention formed part of the basis for Vision's groundless counterclaims – in fact was part of the public record. Now that the Court has granted summary judgment for Plaintiff and against Vision on all of Vision's counterclaims, assuming that Vision is not permitted to attempt to besmirch the Class representative's character by raising its baseless counterclaims, this evidence is unnecessary, and this motion should be denied as moot.

26.  The Plaintiff and Plaintiff's counsel are precluded from mentioning *A Hair-Raising Flight into Baghdad: Commercial Flights from Jordan Offer a Harrowing Trip* an article published by Slobodan Lekic on msnbc.com on November 26, 2004.

Plaintiff intended to present this evidence to establish that the information that Vision contended was classified – which contention formed part of the basis for Vision's groundless counterclaims – in fact was part of the public record. Now that the Court has granted summary judgment for Plaintiff and against Vision on all of Vision's counterclaims, assuming that Vision is not permitted to attempt to besmirch the Class representative's character by raising its baseless

counterclaims, this evidence is unnecessary, and this motion should be denied as moot.

27.   The Plaintiff and Plaintiff's counsel are precluded from mentioning Nation Building in Mesopotamia: U.S. Military Engineers in Iraq an article published by Brigadier General Steven R. Hawkins and Colonel Gordon M. Wells in the February 2005 edition of Army Magazine.

Plaintiff intended to present this evidence to establish that the information that Vision contended was classified – which contention formed part of the basis for Vision's groundless counterclaims – in fact was part of the public record. Now that the Court has granted summary judgment for Plaintiff and against Vision on all of Vision's counterclaims, assuming that Vision is not permitted to attempt to besmirch the Class representative's character by raising its baseless counterclaims, this evidence is unnecessary, and this motion should be denied as moot.

28.   The Plaintiff and Plaintiff's counsel are precluded from mentioning then Senator Hillary Clinton's interview with Fox News on January 19, 2007 concerning procedures on her trips into Baghdad.

Plaintiff intended to present this evidence to establish that the information that Vision contended was classified – which contention formed part of the basis for Vision's groundless counterclaims – in fact was part of the public record. Now that the Court has granted summary judgment for Plaintiff and against Vision on all of Vision's counterclaims, assuming that Vision is not permitted to attempt to besmirch the Class representative's character by raising its baseless counterclaims, this evidence is unnecessary, and this motion should be denied as moot.

29.   The Plaintiff and Plaintiff's counsel are precluded from mentioning Ambassador J. Cofer Black's testimony before the House International Relations Committee Subcommittee on International Terrorism on April 1, 2004.

Plaintiff intended to present this evidence to establish that the information that Vision contended was classified – which contention formed part of the basis for Vision's groundless counterclaims – in fact was part of the public record. Now that the Court has granted summary

317380                                        16

judgment for Plaintiff and against Vision on all of Vision's counterclaims, assuming that Vision is not permitted to attempt to besmirch the Class representative's character by raising its baseless counterclaims, this evidence is unnecessary, and this motion should be denied as moot.

30.     The Plaintiff and Plaintiff's counsel are precluded from mentioning any report prepared by Barry Mukamal. The deadline for disclosure of expert witnesses was April 29, 2010. The deadline for completion of discovery was June 29, 2010. This alleged expert witness was not disclosed until after the deadline for disclosure of expert witnesses leaving no time for Defendant VISION to perform any discovery as it relates to this witness. Thus under Federal Rule of Civil Procedure 26(a)(2) the alleged expert witness testimony and report are inadmissible.

The Class incorporates its response to request number 22 above, and respectfully requests that this motion be denied for the reasons set forth therein. Once again, Vision lays down a complete falsehood. It is patently untrue that, "[t]his alleged expert witness was not disclosed until after the deadline for disclosure of expert witnesses leaving no time for Defendant VISION to perform any discovery as it relates to this witness," and it is remarkable that Vision believes that this kind of false statement is appropriate. As noted above, see n. 2 *supra*, Class counsel identified Mukamal as the Class's expert at a hearing before Magistrate Judge Johnston on April 14, 2010. Pursuant to this Court's Scheduling Order, Rule 26(a)(2) expert disclosures were due on or before April 29, 2010. [D.E. 103 at 1.] The Class served Mukamal's Preliminary Report on April 29, 2010. (*See* Ex. C.) The remainder of the sordid history of Vision's efforts to exploit its discovery abuses for strategic advantage are set forth above and in a long litany of prior pleadings, and will not be visited again here. However, all of this is indicative of the fact that Vision has no intention of complying with the Federal Rules of Civil Procedure unless forced to do so, and provides additional support for the Class' requested jury instruction regarding the presumption that should be applied by the jury given Vision's conduct. [D.E. 145 at 23.]

317380                                             17

## CONCLUSION

For the foregoing reasons, the Class respectfully requests that the Court deny Vision's Motion in Limine. To the extent that the Court applies any of Vision's requests to the Class, the Class respectfully requests that they be applied equally to Vision, against whom many of the above are more appropriately lodged.

Respectfully submitted,

/s/ Brett E. von Borke
Kenneth R. Hartmann, (FBN 664286)
Brett E. von Borke (FBN 0044802)
KOZYAK TROPIN & THROCKMORTON, P.A.
2525 Ponce de Leon, 9th Floor
Coral Gables, Florida 33134
Telephone: (305) 372-1800
Fax: (305) 372-3508

/s/ Ross Goodman
GOODMAN LAW GROUP
ROSS GOODMAN, (NBN 7722)
520 South Fourth Street
Las Vegas, Nevada 89101
(702) 383-5088
(702) 385-5088 (Facsimile)

/s/ David M. Buckner
David M. Buckner (FBN 60550)
GROSSMAN ROTH, P.A.
2525 Ponce de Leon, 11th Floor
Coral Gables, Florida 33134
Telephone: (305) 442-8666
Fax: (305) 285-1668

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true copy of the foregoing has been served via the Court's CM/ECF system on September 21, 2010, on Harold P. Gewerter, Esq., 2705 Airport Drive, North Las Vegas, Nevada 89032.

By: /s/ David M. Buckner
David M. Buckner

317380

18