Ross C. Goodman, Esq., Nevada State Bar No. 7722
**GOODMAN LAW GROUP**
520 South Fourth Street
Las Vegas, Nevada 89101
(702) 383-5088
(702) 385-5088 (Facsimile)

Brett E. von Borke, Esq., Florida State Bar No. 44802
**KOZYAK TROPIN & THROCKMORTON, PA**
2525 Ponce de Leon, 9th Floor
Miami, Florida 33134
(305) 372-1800
(305) 372-3508 (Facsimile)

David M. Buckner, Florida State Bar. No. 60550
Grossman Roth, P.A.
2525 Ponce de Leon, Suite 1150
Miami, Florida 33134
(305) 442-8666
(305) 285-1668 (Facsimile)

**ATTORNEYS FOR PLAINTIFF & THE CLASS**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEVADA

| | |
|---|---|
| GERALD HESTER, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>VISION AIRLINES, INC.,<br><br>Defendant. | Case No.: 2:09-CV-00117-RLH-RJJ |

## THE CLASS'S MOTION TO STRIKE VISION AIRLINES, INC.'S SUPPLEMENTAL LIST OF TRIAL WITNESSES AND REQUEST FOR EXPEDITED BRIEFING SCHEDULE

The Class, through undersigned counsel, respectfully moves to strike Vision Airlines, Inc.'s ("Vision") Supplemental List of Trial Witnesses ("Supplemental Witness List"). Vision has repeatedly argued that "trial by ambush" is not appropriate, and yet, a mere 11 days before trial is set to begin in this matter discloses for the first time in its supplemental witness list [D.E. 175] that it intends to call witnesses from McNeil Technologies, Inc. ("McNeil") to testify at trial. This is the epitome of bad-faith litigation tactics, as Vision: (1) stipulated that it would not

317567                                                 1

call anyone from McNeil to testify at trial in return for the Class's agreement not to depose anyone from McNeil [D.E. 131 at 2] (attached as Ex. A); and (2) Vision failed to list any of the individuals on its Supplemental Witness List as witnesses in the Joint Pretrial Order entered by this Court [D.E. 150] (attached as Ex. B). Now, on the eve of trial, Vision is once again attempting to gain a tactical advantage by failing to honor its stipulation with the Class and by violating the local rules. Vision should be held to the rules and limited to calling those witnesses identified on the witness list contained in the Joint Pretrial Order. To hold otherwise, would sanction Vision's trial by ambush strategy and bad-faith discovery conduct. Accordingly, Vision's Supplemental Witness List must be stricken.

### A. VISION STIPULATED THAT IT WOULD CALL NO WITNESSES FROM MCNEIL, AND IN RETURN THE CLASS AGREED NOT TO SEEK THEIR DEPOSITIONS

Prior to the close of discovery, counsel for the Class spoke to counsel for Vision to determine which of the individuals listed on Vision's Rule 26(a) initial disclosures the company intended to call at trial. The Class did so in order to save both parties time and expense in this matter, with an eye toward avoiding unnecessary or duplicative discovery. In response, counsel for Vision stated that it would not call the following witnesses at trial:

> (1) Matthew Wise; (2) Debbie Winterfeld; (3) Robin Matayas; or (4) any representative from McNeil Technologies, Inc., including but not limited to William Vigil

(*See* Ex. A, *Stipulation and Agreement Pertaining to Documents and Witness Testimony* [D.E. 131] ¶ 1.) Accordingly, the parties agreed back on June 14, 2010, that "[b]ecause Vision will not call these individuals at trial, the Class will not depose these individuals." *Id.* Just as it did when it agreed to produce all documents responsive to the Class' Narrowed Requests by January 7, 2010, and then refused to do so, (*see, e.g.*, Renewed Motion to Compel [D.E. 93]; Supplement in Support [D.E. 106]), Vision is again refusing to honor its commitments in an effort to spring on the Class witnesses that it has never deposed based on Vision's agreement not to call them as

317567

2

witnesses at trial. (Ex. A, at ¶ 1.) By way of its Supplemental Witness List [D.E. 175], Vision today informed the Class that it would in fact call four witnesses, including William Vigil, and three others the Class understands to be from McNeil to testify at trial about "matters relevant to the issue at trial." Leaving aside the very deficient nature of this list, it is an improper effort to achieve a tactical advantage through deception, and should not be permitted. Vision must be held to its agreement. *See CDN, Inc. v. Kapes*, 197 F. 3d 1256, 1258 (9th Cir. 1999) ("Because stipulations serve both judicial economy and the convenience of the parties, courts will enforce them absent indications of involuntary or uninformed consent."). As the *en banc* Ninth Circuit Court of Appeals has explained:

> Stipulations are entered into in order to dispense with proof over matters not in issue, thereby promoting judicial economy at the convenience of the parties. 9 J. Wigmore, Evidence §§ 2588, 2597 (3d ed. 1940). Courts thus enforce stipulations as a general rule, absent circumstances tending to negate a finding of informed and voluntary assent of a party to the agreement. Id. at § 2590.

*United States v. McGregor*, 529 F. 2d 928, 931-32 (9th Cir. 1976) (*en banc*) (party will only be relieved of a stipulation if it can show that it was entered into by inadvertence and the opposing party will not be prejudiced). Furthermore,

> When the government and the defense enter into an informal agreement, both sides should be able to rely on the other to honor the same. Allowing one side to disregard its obligations under this agreement with impunity raises troubling issues concerning the overall fairness of the trial. Parties naturally structure a trial strategy, including decisions on which witnesses to call and what motions to file, that takes into account the terms contained in such informal agreements. When one side's efforts at presenting its theory of the case is actually prejudiced by the other side reneging on its obligations under the agreement, some form of relief is appropriate. [Citation omitted]

*United States v. Spikes*, 158 F. 3d 913, 928 (6th Cir. 1998). *See United States v. Northern Colorado Water Conservancy Dist.*, 608 F. 2d 422, 431 ("We cannot overlook or disregard stipulations which are absolute and unequivocal . . . Stipulations of attorneys may not be disregarded or set aside at will."). Because Vision entered into this stipulation freely and voluntarily, after much discussion with the Class, (*see* composite exhibit of email between Brett

317567                                   3

von Borke and Harold Gewerter re: Stipulation, attached as Ex. C), and the Class would be extremely prejudiced by allowing Vision to call these witnesses at trial, Vision cannot meet the standard required by this Court to set aside the parties' stipulation.

Nor can Vision be heard to argue that because it now has to produce to the Class the discovery that it has withheld in bad faith for over 9 months, it should be permitted to reopen the entire discovery process to allow it to introduce new witnesses. This case has been in suit for almost two years, and the Class has incurred substantial expense as a result of Vision's discovery tactics and delays. Indeed, for much of that time, Vision has done its level best to avoid complying with its discovery obligations. On September 9, 2010, the Magistrate Judge granted the Class' Renewed Motion to Compel and ordered Vision to complete its production by September 17, 2010. D.E. 152. On September 21, 2010, this Court affirmed that Order. [D.E. 172.] Despite this, Vision has yet to produce a single new or non-redacted document, or to respond to the Class' request for a commitment about when this will occur. (*See* Letter from David Buckner to Harold Gewerter dated Sept. 21, 2010, attached as Ex. D.) Much of the documents that Vision has yet to produce relate to the McNeil Phase of the Air Bridge Program, and thus the very witnesses that Vision now intends to call at trial are the ones as to whom the Class has the fewest documents (and those that it does have are largely redacted with black marker). [*See* D.E. 160.]

**B.   VISION DID NOT INCLUDE THESE WITNESSES IN THE PRETRIAL STIPULATION, AND CANNOT CALL THEM AT TRIAL**

Local Rule 16-3(c) requires that the parties file a proposed joint pretrial order containing, among other things:

> (11) A list of witnesses, with their addresses, who may be called at the trial. Such list may not include witnesses whose identities were not but should have been revealed in response to permitted discovery unless the court, for good cause and on such conditions as are just, otherwise orders;

Local Rule 16-3(d) enforces this requirement:

317567

4

Except when offered for impeachment purposes, no exhibit shall be received and no witnesses shall be permitted to testify at the trial unless listed in the pretrial order. However, for good cause shown the court may allow an exception to this provision.

In the proposed joint pretrial order filed by the parties in this case [D.E. 149], as entered by the Court [D.E. 150], Vision, consistent with the stipulation into which it entered with the Class during discovery, listed none of the individuals named in its Supplemental Witness List. Pursuant to the Local Rules, it cannot now call these witnesses at trial. Nor can Vision demonstrate good cause, as its only cause here is to sandbag the Class in violation of its stipulation.[1]

## CONCLUSION

For the foregoing reasons, Vision's Supplemental Witness List should be stricken, and Vision prohibited from calling the witnesses listed thereon at trial. Furthermore, the Class respectfully requests an expedited briefing schedule so that briefing is completed prior to calendar call.

Respectfully submitted,

/s/ Brett E. von Borke
Kenneth R. Hartmann, (FBN 664286)
Brett E. von Borke (FBN 0044802)
KOZYAK TROPIN & THROCKMORTON, P.A.
2525 Ponce de Leon, 9th Floor
Coral Gables, Florida 33134
Telephone: (305) 372-1800
Fax: (305) 372-3508

/s/ Ross Goodman
GOODMAN LAW GROUP
ROSS GOODMAN, (NBN 7722)
520 South Fourth Street
Las Vegas, Nevada 89101
(702) 383-5088
(702) 385-5088 (Facsimile)

---

[1] Vision has likely run afoul of the requirements of the second sentence of LR 16-3(c)(11) as well. In its Rule 26 Initial Disclosures (Ex. E), dated April 8, 2009, none of these individuals were identified as individuals with discoverable information. Nor were any of them listed in Vision's Supplemental Rule 26 Initial Disclosures (Ex. F), dated June 4, 2010.

317567                                    5

/s/ David M. Buckner
David M. Buckner (FBN 60550)
GROSSMAN ROTH, P.A.
2525 Ponce de Leon, 11th Floor
Coral Gables, Florida 33134
Telephone: (305) 442-8666
Fax: (305) 285-1668

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true copy of the foregoing has been served via the Court's CM/ECF system on September 23, 2010, on Harold P. Gewerter, Esq., 2705 Airport Drive, North Las Vegas, Nevada 89032.

By: /s/ David M. Buckner
David M. Buckner

GOODMAN LAW GROUP
A Professional Corporation
520 S. Fourth Street, 2nd Floor
Las Vegas, Nevada 89101
(702) 383-5088

317567

6