Ross C. Goodman, Esq., Nevada State Bar No. 7722
**GOODMAN LAW GROUP**
520 South Fourth Street
Las Vegas, Nevada 89101
(702) 383-5088
(702) 385-5088 (Facsimile)

Brett E. von Borke, Esq., Florida State Bar No. 44802
**KOZYAK TROPIN & THROCKMORTON, PA**
2525 Ponce de Leon, 9th Floor
Miami, Florida 33134
(305) 372-1800
(305) 372-3508 (Facsimile)

David M. Buckner, Florida State Bar. No. 60550
Grossman Roth, P.A.
2525 Ponce de Leon, Suite 1150
Miami, Florida 33134
(305) 442-8666
(305) 285-1668 (Facsimile)

**ATTORNEYS FOR PLAINTIFF & THE CLASS**

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| GERALD HESTER, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>VISION AIRLINES, INC.,<br><br>Defendant. | Case No.: 2:09-CV-00117-RLH-RJJ |

**THE CLASS' RESPONSE IN OPPOSITION TO VISION AIRLINES, INC.'S OBJECTION TO NOTICE OF DEPOSITION**

The Class hereby files its Response in Opposition to Vision Airlines, Inc.'s ("Vision") Objection to Notice of Deposition ("Objection") [D.E. 165]. The Class filed the Renewed Motion to Compel ("Renewed Motion") [D.E. 93] on January 20, 2010, after Vision refused to produce the documents that it agreed to produce to the Class, non-redacted and in native format. That agreement is reflected in letters from Class counsel dated November 20, 2009, and December 21, 2009. The Class on April 9, 2010, supplemented the Renewed Motion with the

Supplement in Support of its Renewed Motion to Compel ("Supplement") [D.E. 106.] The record demonstrates that Vision has not engaged in a good faith search for and production of documents, even after the Class significantly narrowed the scope of those requests and held numerous others in abeyance, pending the outcome of the initial search and production by Vision. On September 9, 2010, the Magistrate Judge granted the Class' Renewed Motion to Compel and ordered Vision to complete its production by September 17, 2010. [D.E. 152.] On September 21, 2010, this Court affirmed that Order. [D.E. 172.] Despite this, Vision has yet to produce a single new or non-redacted document, or to respond to the Class' request for a commitment about when this will occur.

## I.   FACTS

In order to learn what Vision has done to remedy its failure to comply with its discovery obligations, the Class on September 10, 2010, noticed a Rule 30(b)(6) deposition for the day of calendar call in this matter, when the parties and counsel would all be in Las Vegas. The Class set out a narrow range of topics:

   1.   Vision's efforts to locate, identify, and produce documents responsive to the Narrowed Requests and the documents so identified.

   2.   Vision's practices, policies, and procedures that govern or governed the maintenance, retention, preservation, or destruction of documents relating to the Air Bridge Program.

   3.   The documents created, received, or retained by Vision related to the Air Bridge Program.

   4.   Vision's efforts to preserve documents related to the Air Bridge Program, including documents responsive to the Narrowed Requests and the results of those efforts.

   5.   The nature, identity, and contents of all documents responsive to the Narrowed Requests that, for whatever reason, Vision is unable or unwilling to produce to the Class.

Vision has failed to provide the Class with all of the documents that it agreed to produce, and instead has made a number of misstatements and omissions about its production, which must be tested through deposition. For example, Vision falsely claims that the only outstanding

317568                                           2

discovery is three weeks of missing flight logs. [D.E. 158 at 5.] Instead, the Class is missing, among other things, all of the Air Bridge Program flight logs for 2010, at least 24 written modifications to the McNeil Technologies, Inc. ("McNeil") contract, communications and e-mails relating to the McNeil Phase of the Air Bridge Program, Vision's Aircraft Quote that it submitted to McNeil for the McNeil Phase, and James Maguire's (Vision's former Director of Flight Operations) calculations of Vision's 2007 pay scale. As previously noted, the Class has been unable to determine what other documents it does not have because Vision has refused to provide a qualified and properly informed Rule 30(b)(6) witness with regard to its search for and production of documents. (*See* Response in Opposition to Vision's Objections to the Order of Magistrate Judge Entered on September 9, 2010, Granting the Class's Renewed Motion to Compel [D.E. 172 at 2] ("Response to Objections").)[1]

Class counsel deposed Vision's 30(b)(6) corporate representatives, William Acor ("Acor"), Chief Executive Officer, David Meers ("Meers"), Executive Vice President, and Brian Daggett ("Daggett"), Air Bridge Program Manager, on March 16, 17, and 18, 2010. As discussed at length in the Supplement, Vision's 30(b)(6) representatives were unprepared to testify with regard to the efforts Vision undertook to search for and produce documents responsive to the Class's Narrowed Requests, even though this topic was clearly identified in the Class's Notice. (*See* Response to Objections at 6-7, Ex. 16.) Vision's 30(b)(6) witnesses, however, could only testify as to what action they took in their individual capacities to gather responsive documents, the inadequacy of which was quite apparent. The Class is entitled, now that the Renewed Motion to Compel has been granted, to learn what Vision has done to comply.

Vision produced two unprepared 30(b)(6) representatives for deposition on September 11, 2009, who were unable to testify about what efforts Vision undertook to search for and

---

[1] Additional detail regarding these missing documents and Vision's testimony about them can be found in the Response to Objections, which the Class incorporates by reference.

317568  3

produce responsive documents. After putting up five different 30(b)(6) corporate representatives, Vision has still failed to produce a witness capable of testifying on this subject, despite Vision's affirmative duty to adequately prepare and educate its 30(b)(6) witnesses to testify knowledgably on the topics identified in the Class's Notice.[2]

Despite Vision's failure to produce appropriate witnesses, what has become overwhelmingly clear in the depositions of Meers, Acor, Daggett, and Maguire and the inadequate and heavily redacted production to date is that Vision has not engaged in a good faith effort to gather and produce documents responsive to the Narrowed Requests. In particular, Vision's corporate representatives confirmed, as set forth in the Renewed Motion, that: (1) there are additional documents responsive to the Class's Narrowed Requests that Vision withheld and failed to produce; (2) Vision unilaterally redacted pertinent information, without any basis in privilege, from its documents, even though the Court has entered a protective order [D.E. 34] in this case; and (3) Vision and its personnel may have deleted, lost, or otherwise failed to preserve relevant documents.

## II.   ARGUMENT

Vision cites no case law in support of its position, but instead quotes Rule 45 at length. Rule 45 does not apply here. Vision was served with a Notice of Deposition, as it is a party. *See In re Honda*, 106 B.R. 209, 211 (Bankr. HI.) ("The notice for taking deposition is sufficient to compel the attendance of a witness who is a party to the action.") (citing cases). Nor is the Objection the proper vehicle for the relief Vision seeks. Instead, Vision must seek a protective order under Rule 26 in order to prevent this deposition. It has not done so, likely because it cannot meet the standards set out in that rule. If a protective order is not granted prior to the

---

[2] This failure to adequately educate its 30(b)(6) witnesses on these topics constitutes a failure to appear and is itself sanctionable under Fed. R. Civ. P. 37(d). *See Black Horse Lane Assoc., L.P. v. Dow Chem. Corp.*, 228 F.3d 275, 304 (3d Cir. 2000) (affirming monetary sanction). It is also more than sufficient reason to deny Vision's Objection.

317568                                                   4

deposition, Vision must produce a witness fully prepared to testify about the company's knowledge as to each of these five topics. *See id.* ("Failure of a party to attend without first obtaining a protective order will subject that party to sanctions under Rule 37(d)."). Nor may Vision insist, as it has in the past, that it is not required to produce a witness sufficiently educated about each of these topics as to the entire company, and that Class counsel must instead depose every employee until it gets the answers to which the Class is entitled. *See Black Horse Lane Assoc., L.P. v. Dow Chem. Corp.,* 228 F.3d at 304.

Vision has provided no basis for a protective order other than that the deposition was sought outside of the discovery period. This basis is inadequate. Now that the Renewed Motion to Compel has been granted, the Class is entitled to determine whether Vision has complied with it, whether Vision has properly retained responsive documents, and to authenticate whatever documents Vision ultimately produces.

  A.  *Vision Has Not Complied With Rule 26*

Rule 26 provides:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending-or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense....

Vision's Opposition contains no certification that it has conferred or attempted to confer with the Class in good faith, as it has not. The Class, on the other hand, has attempted to discuss Vision's response to the Order compelling Vision's production on several occasions, but has received no response.

  B.  *Vision Cannot Meet The Rule 26 Standard*

Nor has Vision pled any facts to establish "good cause" that a protective order is required

317568

5

with regard to the Rule 30(b)(6) deposition "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense...."

> In order to establish good cause for issuance of a protective order, the party seeking protection bears the burden of showing that specific prejudice or harm will result if no protective order is granted. *See Beckman Indus., Inc. v. International Ins. Co.*, 966 F.2d 470, 476 (9th Cir.1992) (holding that broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test); *see also San Jose Mercury News, Inc. v. United States Dist. Court*, 187 F.3d 1096, 1103 (9th Cir.1999) (holding that to gain a protective order the party must make a particularized showing of good cause with respect to any individual document).

*Sun Pacific Mktg. Coop., Inc., v. DiMare Fresh, Inc.*, 2009 WL 4673900 at *3 (E.D. Cal. Dec. 4, 2009) ("As the resisting party, Defendant has the burden or clarifying, explaining, or supporting its objections.").

The Rule 30(b)(6) deposition sought here is exceedingly narrow in scope. Moreover, had Vision complied with its discovery obligations during the discovery period, this deposition would have been taken long ago (and the Class would have had the opportunity to follow up, seek additional relevant documents, depose witnesses about these documents, and build its case more efficiently). Thus, Vision has no one to blame but itself for the fact that this deposition must occur outside of the discovery period, particularly in light of its obvious effort to run out the discovery clock without having to produce responsive and non-redacted documents, or even engage in a good-faith effort to search for them. Instead, it insisted on waiting for a court order, and now that it has one, it appears intent on non-compliance.

## CONCLUSION

Accordingly, the Class respectfully requests that the Court deny the Opposition.

317568

6

Respectfully submitted,

KOZYAK TROPIN & THROCKMORTON, P.A.
Counsel for the Plaintiff
2525 Ponce de Leon, 9th Floor
Coral Gables, Florida 33134
Telephone: (305) 372-1800
Fax: (305) 372-3508

GOODMAN LAW GROUP
520 South Fourth Street
Las Vegas, Nevada 89101
(702) 383-5088
(702) 385-5088 (Facsimile)


By: /s/ David M. Buckner
David M. Buckner
Florida Bar No. 60550
Brett E. von Borke
Florida Bar. No. 0044802

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true copy of the foregoing has been served via the Court's CM/ECF system on September 23, 2010 on Harold P. Gewerter, Esq., 2705 Airport Drive, North Las Vegas, Nevada 89032.

By: /s/ David M. Buckner
David M. Buckner

317568

7