**Ross C. Goodman, Esq., Nevada State Bar No. 7722**
**GOODMAN LAW GROUP**
520 South Fourth Street
Las Vegas, Nevada 89101
(702) 383-5088
(702) 385-5088 (Facsimile)

**Kenneth R. Hartmann, Esq., Florida State Bar No. 664286**
**Brett E. von Borke, Esq., Florida State Bar No. 44802**
**KOZYAK TROPIN & THROCKMORTON, PA**
2525 Ponce de Leon, 9th Floor
Miami, Florida 33134
(305) 372-1800
(305) 372-3508 (Facsimile)

**David M. Buckner, Esq. Florida State Bar No. 60550**
**GROSSMAN ROTH, P.A.**
2525 Ponce de Leon, Suite 1150
Coral Gables, Florida  33134
Telephone: (305) 442-8666
Fax: (305) 285-1668

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

GERALD HESTER, on behalf of himself
and all others similarly situated,

                    Plaintiff,

v.

VISION AIRLINES, INC.,

                    Defendant.

Case No.:  2:09-CV-00117-RLH-RJJ

GOODMAN LAW GROUP
A Professional Corporation
520 S. Fourth Street, 2nd Floor
Las Vegas, Nevada 89101
(702) 383-5088

## THE CLASS'S REVISED PROPOSED JURY INSTRUCTIONS

### I.     PRELIMINARY INSTRUCTIONS BEFORE TRIAL

Ladies and gentlemen:

You are now the jury in this case.  It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it.  You will be allowed to keep this set throughout the trial to which to refer.  This set of instructions is not to be taken home and must remain in the jury room when you leave in the evenings. At the end of the trial, I will give you a final set of instructions.  It is the final set of instructions which will govern

317531

1

your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

**[9th Circuit Pattern Jury Instruction No. 1.1A (2009 Revision)]**

317531

2

1

## PROPOSED JURY INSTRUCTION NO. 1 – CLAIMS AND DEFENSES

2

To help you follow the evidence, I will give you a brief summary of the positions of the

3

parties:

4

5

The Class is comprised of Vision Airlines' flight deck and cabin crews that operated

6

Vision Airlines flights to Baghdad, Iraq and Kabul, Afghanistan from May 1, 2005 through the

7

present.  The parties refer to these flights as the Air Bridge Program.  Vision Airlines operated

8

the Air Bridge Program flights on behalf of the United States government, as a subcontractor to

9

certain upstream contractors, some of which held the direct contract with the United States

10

government.  The Class claims that the upstream contractors paid Vision hazardous duty pay or

11

hazard pay, for the benefit of the Class for the additional risk that the Class members undertook

12

to operate those flights into and out of the war zones in Iraq and Afghanistan.  The Class alleges,

13

however, that Vision failed to pay any of the hazard pay that it collected for the benefit of the

14

Class to the Class.  Instead, Vision kept the hazard pay for itself.  The Class has the burden of

15

proving these claims.  The Defendant denies those claims.

16

17

18

19

20

21

22

23

24

25

26

27

**[9th Circuit Pattern Jury Instruction No. 1.2 (2009 Revision)]**

28

317531

3

GOODMAN LAW GROUP
A Professional Corporation
520 S. Fourth Street, 2nd Floor
Las Vegas, Nevada 89101
(702) 383-5088

## PROPOSED JURY INSTRUCTION NO. 2 – RULING ON OBJECTIONS

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

**[9th Circuit Pattern Jury Instruction No. 1.10 (2009 Revision)]**

GOODMAN LAW GROUP
A Professional Corporation
520 S. Fourth Street, 2nd Floor
Las Vegas, Nevada 89101
(702) 383-5088

317531

4

## PROPOSED JURY INSTRUCTION NO. 3 – CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via e-mail, text messaging, or any Internet chat room, blog, Web site or other feature. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in this case. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report that contact to the Court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference material; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same

GOODMAN LAW GROUP
A Professional Corporation
520 S. Fourth Street, 2nd Floor
Las Vegas, Nevada 89101
(702) 383-5088

317531

evidence that each party has had an opportunity to address.   A juror who violates these restrictions jeopardizes the fairness of the proceedings.   If any juror is exposed to any outside information, please notify the Court immediately.

**[9th Circuit Pattern Jury Instruction No. 1.12 (2009 Revision)]**

317531

6

1    **PROPOSED JURY INSTRUCTION NO. 4 – NO TRANSCRIPT AVAILABLE TO JURY**

2         During deliberations, you will have to make your decision based on what you recall of

3    the evidence.  You will not have a transcript of the trial.  I urge you to pay close attention to the

4    testimony as it is given.

5         If at any time you cannot hear or see the testimony, evidence, questions or arguments, let

6    me know so that I can correct the problem.

7

GOODMAN LAW GROUP
A Professional Corporation
520 S. Fourth Street, 2nd Floor
Las Vegas, Nevada 89101
(702) 383-5088

**[9th Circuit Pattern Jury Instruction No. 1.13 (2009 Revision)]**

317531

## PROPOSED JURY INSTRUCTION NO. 5 – TAKING NOTES

If you wish, you may take notes to help you remember the evidence.  If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case.  Do not let note-taking distract you.  When you leave, your notes should be left in the envelope in the jury room.  No one will read your notes.  They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

**[9th Circuit Pattern Jury Instruction No. 1.14 (2009 Revision)]**

GOODMAN LAW GROUP
A Professional Corporation
520 S. Fourth Street, 2nd Floor
Las Vegas, Nevada 89101
(702) 383-5088

317531

8

## PROPOSED JURY INSTRUCTION NO. 6 – OUTLINE OF TRIAL

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what the party expects the evidence will show. A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine. Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

**[9th Circuit Pattern Jury Instruction No. 1.19 (2009 Revision)]**

GOODMAN LAW GROUP
A Professional Corporation
520 S. Fourth Street, 2nd Floor
Las Vegas, Nevada 89101
(702) 383-5088

317531

9

**II.**     <u>**COURT'S INSTRUCTION TO THE JURY (post closing)**</u>

<u>**PROPOSED JURY INSTRUCTION NO. 7 – DUTY OF JURY**</u>

Now that you have heard all of the evidence and the arguments, it is my duty to instruct you about the applicable law.  It is your duty to follow the law as I will state it and to apply it to the facts as you find them from the evidence in the case.  Do not single out one instruction stating the law, but consider the instructions as a whole.  You are not to be concerned about the wisdom of any rule of law stated by me.  You must follow and apply the law.

Nothing I say in these instructions indicates that I have any opinion about the facts.  You, not I, have the duty to determine the facts.

You must perform your duties as jurors without bias or prejudice as to any party.  The law does not permit you to be controlled by sympathy, prejudice, or public opinion.  All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

**[Federal Jury Practice and Instructions § 103.02 (5th Ed.)]**

317531

10

## PROPOSED JURY INSTRUCTION NO. 8 – BURDEN OF PROOF -- PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proof on any claim [or affirmative defense] by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim [or affirmative defense] is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**[9th Circuit Pattern Jury Instruction No. 1.3 (2009 Revision)]**

317531

GOODMAN LAW GROUP
A Professional Corporation
520 S. Fourth Street, 2nd Floor
Las Vegas, Nevada 89101
(702) 383-5088

1

## <u>PROPOSED JURY INSTRUCTION NO. 9 – CLASS'S CLAIMS</u>

2

I am now going to instruct you on the law as it applies to the Class's claims.

GOODMAN LAW GROUP
A Professional Corporation
520 S. Fourth Street, 2nd Floor
Las Vegas, Nevada 89101
(702) 383-5088

317531

## PROPOSED JURY INSTRUCTION NO. 10 – UNJUST ENRICHMENT

The Class seeks to recover damages based upon a claim of unjust enrichment.

Unjust enrichment occurs whenever a person has and retains a benefit which in equity and good conscience belongs to another. Vision was unjustly enriched by retaining the Class's hazard pay if the Class can establish the following three elements:

1.    A benefit was conferred on Vision by or on behalf of the Class;

2.    Vision appreciated that benefit; and

3.    Vision accepted and retained that benefit.

Given_____

Given as Modified_____

Denied_____

Withdrawn_____

*Leasepartners Corp. v. Rovert L. Brooks Trust,* 942 P.2d 182, 187 (Nev. 1997).

*Topaz Mut. Co. v. Marsh*, 839 P.2d 606, 613 (Nev. 1992).

GOODMAN LAW GROUP
A Professional Corporation
520 S. Fourth Street, 2nd Floor
Las Vegas, Nevada 89101
(702) 383-5088

317531

13

**PROPOSED JURY INSTRUCTION NO. 11 – MONEY HAD AND RECEIVED**

The Class seeks to recover damages from Vision based upon a claim for money had and received.

A claim for money had and received requires the Class to demonstrate that Vision received or obtained possession over money that should have been paid to the Class, which Vision in equity and good conscience is required to return to the Class. The Class is entitled to recover its damages from Vision under the legal theory of money had and received if the Class can establish the following:

1.    Vision received money on behalf of the Class;

2.    Vision was obligated to pay that money to the Class; and

3.    Vision's failure to pay the Class that money caused the Class to suffer damages.

Given_____

Given as Modified_____

Denied_____

Withdrawn_____

*Giorgetti v. Peccole,* 241 P.2d 199, 199 (Nev. 1952).

317531

14 .

GOODMAN LAW GROUP
A Professional Corporation
520 S. Fourth Street, 2nd Floor
Las Vegas, Nevada 89101
(702) 383-5088

## PROPOSED JURY INSTRUCTION NO. 12 – CONVERSION

The Class seeks to recover damages from Vision based upon a claim for conversion. A defendant is liable for conversion when it, without authorization, exercises control over property belonging to someone else and thereby deprives that person of the property.

Conversion is a distinct act of dominion wrongfully exerted over personal property in denial of or inconsistent with, title or rights therein or in derogation, exclusion or defiance of such rights. The Class is entitled to recover its damages from Vision under the legal theory of conversion if the Class can establish the following:

1.    Vision committed a distinct act of dominion over the Class's property;

2.    Vision's act was in denial of, or inconsistent with, the Class's title or rights to the property; or

3.    Vision's act was in derogation, exclusion, or defiance of the Class's title or rights in the property.

Given_____

Given as Modified_____

Denied_____

Withdrawn_____


*Edwards v. Emperor's Garden Restaurant*, 130 P.3d 1280, 1287 (Nev. 2006).

*Wantz v. Redfield*, 326 P.2d 413 (Nev. 1958).

*Winchell v. Schiff*, 193 P.3d 946, 950 (Nev. 2008).

*Multi-Family Development, LLC v. Crestdale Assocs., Ltd.*, 193 P.3d 536, 542-43 (Nev. 2008).

*Evans v. Dean Witter Reynolds, Inc.,* 5 P.3d 1043, 1048 (Nev. 2000).

GOODMAN LAW GROUP
A Professional Corporation
520 S. Fourth Street, 2nd Floor
Las Vegas, Nevada 89101
(702) 383-5088

317531

15

## PROPOSED JURY INSTRUCTION NO. 13 – DAMAGES

You may award reasonable damages to compensate the Class for its loss. Whether any of the damages elements have been proven by the evidence is for you to determine neither sympathy nor speculation is a proper basis for determining damages. However, absolute certainty as to the damages is not required. The Class is only required to prove each item of damages by a preponderance of the evidence.

Given_____

Given as Modified_____

Denied_____

Withdrawn_____

GOODMAN LAW GROUP
A Professional Corporation
520 S. Fourth Street, 2nd Floor
Las Vegas, Nevada 89101
(702) 383-5088

**[NEV. J.I. 10.17 (as modified)]**

317531

16

## PROPOSED JURY INSTRUCTION NO. 14 – PUNITIVE DAMAGES

In addition to the claims for damages already mentioned, you should consider whether the Class is entitled to punitive damages. If you find that the Class suffered damage as a result of intentional conduct by Vision, and upon intentional conduct based a finding of liability, you may then consider whether you should award punitive damages. Punitive damages are awarded in exceptional cases as a punishment of the defendant and as a warning to others to keep them from following Vision's example.

You are not required to award punitive damages. You may, however, in your discretion award such damages, if you find by clear and convincing evidence that Vision was guilty of malice, oppression, or fraud in the intentional conduct upon which you based your finding of liability.

"Malice" means conduct intended by defendants to cause injury to the Class or despicable conduct which Vision engaged in with a conscious disregard of the rights or safety of others.

"Oppression" means despicable conduct which subjects a person to cruel and unjust hardship in conscious disregard of the rights of the person.

"Fraud" means an intentional misrepresentation, deception, or concealment of material fact known to Vision with an intent to deprive the Class of its rights or property or to otherwise injure the Class. In order to support a finding of liability for punitive damages, you must find that the fraud engaged in by Vision was aggravated. Fraud is aggravated where there is a showing by clear and convincing evidence that the fraud is gross, malicious, wanton or was performed with the deliberate intent to harm the Class.

The term "conscious disregard" means the knowledge of the probable harmful consequences of a wrongful act and a willful and deliberate failure to act to avoid those

GOODMAN LAW GROUP
A Professional Corporation
520 S. Fourth Street, 2nd Floor
Las Vegas, Nevada 89101
(702) 383-5088

317531

consequences.

If you decide that Vision's conduct warrants the imposition of punitive damages, you shall so state on your verdict form. However, you may not yet discuss or decide the amount of punitive damages.

Given_____

Given as Modified_____

Denied_____

Withdrawn_____

NRS 42.005

*S.J Amoroso v. Lazovich and Lazovich,* 810 P.2d 775, 777 (Nev. 1991).

*Winchell v. Schiff,* 193 P.3d 946, 952-53 (Nev. 2008).

GOODMAN LAW GROUP
A Professional Corporation
520 S. Fourth Street, 2nd Floor
Las Vegas, Nevada 89101
(702) 383-5088

## PROPOSED JURY INSTRUCTION NO. 15 – PUNITIVE DAMAGES – BURDEN OF PROOF

Liability for punitive damages must be shown by clear and convincing evidence. Clear and convincing evidence is defined as satisfactory proof that is so strong and cogent as to satisfy the mind and conscience of a common man, and to convince him that he would venture to act upon that conviction in matters of the highest concern and importance to his own interest. It need not possess such a degree of force as to be irresistible, but there must be evidence of tangible facts from which a legitimate inference may be drawn.

Given_____

Given as Modified_____

Denied_____

Withdrawn_____

*In re Jane Living Trust 2001,* 177 P.3d 1060, 1063 (Nev. 2008).

317531

## PROPOSED JURY INSTRUCTION NO. 16 – ATTORNEY'S FEES AND COURT COSTS

If you find for a complaining party, you must not take into account any consideration of attorney's fees or court costs in deciding the amount of that party's damages. I will decide the matter of attorneys fees and court costs, if any, later.


Given_____

Given as Modified_____

Denied_____

Withdrawn_____

**[Federal Jury practice and Instructions § 128.110 (5th Ed.)]**

317531

20

## PROPOSED JURY INSTRUCTION NO. 17 – NEGATIVE INFERENCE

The Class has presented evidence that Vision produced a series of documents to the Class that have been heavily redacted, despite Vision previously agreeing to produce those documents to the Class in their original form without any redactions.  The redactions that Vision made to its documents are without any basis in law and Vision has failed to offer any legal justification for the redactions it has made to its documents.  Where evidence that would properly be part of a case is within the control of, or available to, the party whose interest it would be naturally to produce it, and that party fails to do so without a satisfactory explanation, the inference may be drawn that, if produced, such evidence would be unfavorable to that party, which in this case is Vision.  Accordingly, the jury is permitted to draw a negative inference from Vision's conduct and assume that the information contained under Vision's redactions support the Class's claims and do not support Vision's claims or defenses.  The jury may use this inference in determining whether Vision is liable to the Class.

Given_____

Given as Modified_____

Denied_____

Withdrawn_____

*BankAtlantic v. Blyth Eastman Paine Webber, Inc.,* 127 F.R.D. 224, 236 (S.D. Fla. 1989).

*Cyntegra, Inc. v. Idexx Laboratories, Inc.,* 2007 WL 5193736, at *6 (C.D. Cal. Sep. 21, 2007).

GOODMAN LAW GROUP
A Professional Corporation
520 S. Fourth Street, 2nd Floor
Las Vegas, Nevada 89101
(702) 383-5088

317531

21

## PROPOSED JURY INSTRUCTION NO. 18 – DUTY TO DELIBERATE

When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in the Court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.  Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**[9th Circuit Pattern Jury Instruction No. 3.1 (2009 Revision)]**

317531

22

## PROPOSED JURY INSTRUCTION NO. 19 – COMMUNICATION WITH COURT

If it becomes necessary during your deliberation to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open Court.  If you send out a question, I will consult with the parties before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any questions.  Remember that you are not to tell anyone – including me – how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.  Do not disclose any vote count in any note to the Court.

**[9th Circuit Pattern Jury Instruction No. 3.2 (2009 Revision)]**

GOODMAN LAW GROUP
A Professional Corporation
520 S. Fourth Street, 2nd Floor
Las Vegas, Nevada 89101
(702) 383-5088

317531

23

1

## PROPOSED JURY INSTRUCTION NO. 20 – RETURN OF VERDICT

2

A verdict form has been prepared for you.  After you have reached unanimous agreement

3

on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it,

4

and advise the Court that you are ready to return to the courtroom.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GOODMAN LAW GROUP
A Professional Corporation
520 S. Fourth Street, 2nd Floor
Las Vegas, Nevada 89101
(702) 383-5088

**[9th Circuit Pattern Jury Instruction No. 3.3 (2009 Revision)]**

317531

24

1   **PROPOSED JURY INSTRUCTION NO. 21 – WHAT IS EVIDENCE**

2   The evidence you are to consider in deciding what the facts are consists of:

3   1.   The sworn testimony of any witness;

4   2.   The exhibits which are received into evidence; and

5   3.   Any facts to which the lawyers have agreed.

GOODMAN LAW GROUP
A Professional Corporation
520 S. Fourth Street, 2nd Floor
Las Vegas, Nevada 89101
(702) 383-5088

**[9th Circuit Pattern Jury Instruction No. 1.6 (2009 Revision)]**

317531

1

## PROPOSED JURY INSTRUCTION NO. 22 – WHAT IS NOT EVIDENCE

2   In reaching your verdict, you may consider only the testimony and exhibits received into

3   evidence.  Certain things are not evidence, and you may not consider them in deciding what the

4   facts are.  I will list them for you:

5   1.   Arguments and statements by lawyers are not evidence.   The lawyers are not

6   witnesses. What they have said in their opening statements, what they will say in their

7   closing arguments, and at other times is intended to help you interpret the evidence,

8   but it is not evidence.  If the facts as you remember them differ from the way the

9   lawyers have stated them, your memory of them controls.

10  2.   Questions and objections by lawyers are not evidence.  Attorneys have a duty to their

11  clients to object when they believe a question is improper under the rules of evidence.

12  You should not be influenced by the objection or by the Court's ruling on it.

13  3.   Testimony that has been excluded or stricken, or that you have been instructed to

14  disregard, is not evidence and must not be considered.   In addition, sometimes

15  testimony and exhibits are received only for a limited purpose; when I give a limiting

16  instruction, you must follow it.

17  4.   Anything you may have seen or heard when the Court was not in session is not

18  evidence.  You are to decide the case solely on the evidence received at the trial.

**[9th Circuit Pattern Jury Instruction No. 1.7 (2009 Revision)]**

GOODMAN LAW GROUP
A Professional Corporation
520 S. Fourth Street, 2nd Floor
Las Vegas, Nevada 89101
(702) 383-5088

## PROPOSED JURY INSTRUCTION NO. 23 – DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night.  However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk.  Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

**[9th Circuit Pattern Jury Instruction No. 1.9 (2009 Revision)]**

GOODMAN LAW GROUP
A Professional Corporation
520 S. Fourth Street, 2ⁿᵈ Floor
Las Vegas, Nevada 89101
(702) 383-5088

317531

27

**PROPOSED JURY INSTRUCTION NO. 24 – CREDIBILITY OF WITNESSES**

In deciding the facts of this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.  Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

1.   the opportunity and ability of the witness to see or hear or know the things testified to;

2.   the witness's memory;

3.   the witness's manner while testifying;

4.   the witness's interest in the outcome of the case and any bias or prejudice;

5.   whether other evidence contradicted the witness's testimony;

6.   the reasonableness of the witness's testimony in light of all the evidence; and

7.   any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

**[9th Circuit Pattern Jury Instruction No. 1.11 (2009 Revision)]**

GOODMAN LAW GROUP
A Professional Corporation
520 S. Fourth Street, 2nd Floor
Las Vegas, Nevada 89101
(702) 383-5088

## PROPOSED JURY INSTRUCTION NO. 25 – DEPOSITION IN LIEU OF LIVE TESTIMONY

A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are recorded.

The deposition of [Insert Witness Name] was taken on [Insert Date]. You should consider deposition testimony, presented to you in Court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.

**[9th Circuit Pattern Jury Instruction No. 2.4 (2009 Revision)]**

GOODMAN LAW GROUP
A Professional Corporation
520 S. Fourth Street, 2nd Floor
Las Vegas, Nevada 89101
(702) 383-5088

317531

1

### PROPOSED JURY INSTRUCTION NO. 26 – IMPEACHMENT EVIDENCE – WITNESS

2

The evidence that a witness has been convicted of a crime, lied under oath on a prior

3

occasion, etc., may be considered, along with all the other evidence, in deciding whether or not

4

to believe the witness and how much weight to give to the testimony of the witness and for no

5

other purpose.

6

7

8

9

10

11

12

GOODMAN LAW GROUP
A Professional Corporation
520 S. Fourth Street, 2ⁿᵈ Floor
Las Vegas, Nevada 89101
(702) 383-5088

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**[9th Circuit Pattern Jury Instruction No. 2.8 (2009 Revision)]**

317531

1

2

## PROPOSED JURY INSTRUCTION NO. 27 – USE OF INTERROGATORIES OF A PARTY

3      Evidence was presented to you in the form of answers of one of the parties to written

4  interrogatories submitted by the other side.  These answers were given in writing and under oath,

5  before the actual trial, in response to questions that were submitted in writing under established

6  court procedures.  You should consider the answers, insofar as possible, in the same way as if

7  they were made from the witness stand.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GOODMAN LAW GROUP
A Professional Corporation
520 S. Fourth Street, 2nd Floor
Las Vegas, Nevada 89101
(702) 383-5088

**[9th Circuit Pattern Jury Instruction No. 2.10 (2009 Revision)]**

317531

1

## PROPOSED JURY INSTRUCTION NO. 28 – EXPERT OPINION

2       Some witnesses, because of education or experience, are permitted to state opinions and

3   the reasons for those opinions.

4       Opinion testimony should be judged just like any other testimony.  You may accept it or

5

6   reject it, and give it as much weight as you think it deserves, considering the witness's education

and experience, the reasons given for the opinion, and all the other evidence in the case.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**GOODMAN LAW GROUP**
A Professional Corporation
520 S. Fourth Street, 2ⁿᵈ Floor
Las Vegas, Nevada 89101
(702) 383-5088

**[9th Circuit Pattern Jury Instruction No. 2.11 (2009 Revision)]**

1

## PROPOSED JURY INSTRUCTION NO. 29 – CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE

Certain charts and summaries not received in evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

GOODMAN LAW GROUP
A Professional Corporation
520 S. Fourth Street, 2ⁿᵈ Floor
Las Vegas, Nevada 89101
(702) 383-5088

**[9th Circuit Pattern Jury Instruction No. 2.12 (2009 Revision)]**

1

2

## PROPOSED JURY INSTRUCTION NO. 30 – CHARTS AND SUMMARIES IN EVIDENCE

3

4

5

6

Certain charts and summaries have been received into evidence to illustrate information brought out in the trial.  Charts and summaries are only as good as the underlying evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GOODMAN LAW GROUP
A Professional Corporation
520 S. Fourth Street, 2nd Floor
Las Vegas, Nevada 89101
(702) 383-5088

**[9th Circuit Pattern Jury Instruction No. 2.13 (2009 Revision)]**

317531

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

GOODMAN LAW GROUP
A Professional Corporation
520 S. Fourth Street, 2ⁿᵈ Floor
Las Vegas, Nevada 89101
(702) 383-5088

Respectfully submitted,

/s/ Brett E. von Borke
Kenneth R. Hartmann, (FBN 664286)
Brett E. von Borke (FBN 0044802)
KOZYAK TROPIN & THROCKMORTON, P.A.
2525 Ponce de Leon, 9th Floor
Coral Gables, Florida 33134
Telephone: (305) 372-1800
Fax: (305) 372-3508

/s/ Ross Goodman
GOODMAN LAW GROUP
ROSS GOODMAN, (NBN 7722)
520 South Fourth Street
Las Vegas, Nevada 89101
(702) 383-5088
(702) 385-5088 (Facsimile)

/s/ David M. Buckner
David M. Buckner (FBN 60550)
GROSSMAN ROTH, P.A.
2525 Ponce de Leon, 11ᵗʰ Floor
Coral Gables, Florida 33134
Telephone: (305) 442-8666
Fax: (305) 285-1668

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true copy of the foregoing has been served via the Court's CM/ECF system on September 23, 2010, on Harold P. Gewerter, Esq., 2705 Airport Drive, North Las Vegas, Nevada 89032.

By: /s/ David M. Buckner
David M. Buckner

317531

35