**Ross C. Goodman, Esq., Nevada State Bar No. 7722**
GOODMAN LAW GROUP
520 South Fourth Street
Las Vegas, Nevada 89101
(702) 383-5088
(702) 385-5088 (Facsimile)

**Brett E. von Borke, Esq., Florida State Bar No. 44802**
KOZYAK TROPIN & THROCKMORTON, PA
2525 Ponce de Leon, 9th Floor
Miami, Florida 33134
(305) 372-1800
(305) 372-3508 (Facsimile)

**David M. Buckner, Florida State Bar. No. 60550**
Grossman Roth, P.A.
2525 Ponce de Leon, Suite 1150
Miami, Florida 33134
(305) 442-8666
(305) 285-1668 (Facsimile)

**ATTORNEYS FOR PLAINTIFF & THE CLASS**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

GERALD HESTER, on behalf of himself
and all others similarly situated,

                Plaintiff,

v.

VISION AIRLINES, INC.,

                Defendant.

Case No.: 2:09-CV-00117-RLH-RJJ

**THE CLASS'S MOTION TO STRIKE VISION AIRLINES, INC.'S EXHIBIT LIST**

The Class, through undersigned counsel, respectfully moves to strike Vision Airlines, Inc.'s ("Vision") Exhibit List. Once again, Vision is attempting to engage in trial by ambush. Local Rule 16-3(c) requires the parties to file a proposed joint pretrial order containing, among other things:

> (8) Lists or schedules of all exhibits that will be offered in evidence by the parties at the trial. Such lists or schedules shall describe the exhibits sufficiently for ready identification and:
>
> (A) Identify the exhibits the parties agree can be admitted at trial; and

1

> (B) List those exhibits to which objection is made and state the grounds therefore. Stipulations as to admissibility, authenticity and/or identification of documents shall be made whenever possible;

Local Rule 16-3(d) enforces this requirement:

> Except when offered for impeachment purposes, no exhibit shall be received and no witnesses shall be permitted to testify at the trial unless listed in the pretrial order. However, for good cause shown the court may allow an exception to this provision.

In the proposed joint pretrial order filed by the parties in this case [D.E. 149], as entered by the Court more than a month ago [D.E. 150], Vision failed to offer an exhibit list or even identify any exhibits that it intended to offer at trial. Furthermore, for the first time, Vision offered its Exhibit List on the Friday before trial. Pursuant to the Local Rules, it cannot now offer the documents on its Exhibit List at trial. Nor can Vision demonstrate good cause, as its only cause here is to sandbag the Class. Thus, all of the exhibits on Vision's Exhibit List should be stricken.

Further, a number of the exhibits that Vision listed are clearly part of an effort to evade this Court's orders. This Court has repeatedly made clear that, because of Vision's well-documented discovery abuses, Vision's liability is established and this is to be a trial as to damages only. However, Vision listed on the Exhibit List its contracts with McNeil and Capital Aviation. These documents reveal nothing about the amount of hazardous duty bonus that Vision received or allegedly paid. Instead, they comport with Vision's jury instructions, which are aimed squarely at a re-argument of the merits of this case.

Scattered randomly throughout the range of documents on the Exhibit List produced by Vision on Friday is what appears to be the analysis of Vision's expenditures referred to by counsel for Vision during the telephonic hearing held on November 4, 2010. During that hearing, the Court held that Vision could not offer into evidence, and its witnesses could not testify about, the analysis created by Vision for the purposes of this litigation which purports to

show that Vision paid the Class all of the hazardous duty bonus that it received.[1] Vision has never provided any basis for this analysis, and made the Class aware of its intent to use it at trial only this past Friday, in its untimely Exhibit List. It is hearsay to be offered for the truth through one or more of Vision's witnesses, none of whom have been noticed as an expert in this case. Pursuant to this Court's Scheduling Order, Rule 26(a)(2) expert disclosures were due on or before April 29, 2010. [DE 103 at 1.] The Class sought to extend that deadline in the vain hope that it would eventually receive discovery from Vision, a motion in which Vision joined until it realized that it could obtain an unfair advantage from its denial. [D.E. 105.] Vision then opposed the Class' renewed motion to extend the expert disclosure deadline, which motion was entirely necessitated by Vision's refusal to produce documents. [D.E. 111.][2]

This analysis of Vision's expenditures is hearsay not subject to an exception. Because Vision cannot show that this analysis is a "business record" or a summary of voluminous, otherwise admissible documents that were made available to the Class for inspection, the analysis is inadmissible and should be stricken. Documents, like Vision's analysis, generated in anticipation of litigation, rather than as a part of a regular business practice are not "business records" for purposes of Rule 803(6). *Millenkamp v. Davisco Food Intern., Inc.*, 562 F.3d 971, 979 (9th Cir. 2009); *United State v. Olano*, 62 F.3d 1180 (9th Cir. 1995) (upholding the District Court's refusal to admit letters that would otherwise qualify as business records because "they were untrustworthy because they appeared to be prepared in anticipation of litigation.").

Vision claims that the analysis it has done is merely a summary, but it is clearly more than that. Moreover, even if it were a summary, it is inadmissible and should be stricken. The

---

[1] The Class continues to believe that Vision cannot make the argument that it paid the hazardous duty bonus because of the default judgment entered against it, and the fact that, among the Class' well-pled allegations is the assertion that Vision failed to pay the Class any of the hazard pay that it was owed.

[2] Vision has falsely claimed several times that the Magistrate Judge held that no experts will be allowed in this case, but can cite no decision so holding.

burden is on the party offering the summary to prove its admissibility, and Rule 1006 should not be used as a back door vehicle for introduction of evidence that is otherwise inadmissible. *Sims v. Lakeside Sch.*, No. C06-1412RSM, 2008 WL 189674, at *7 (W.D. Wash. Jan. 17, 2008). Thus "[a] proponent of a summary exhibit must establish a foundation that (1) the underlying materials on which the summary exhibit is based are admissible in evidence, and (2) those underlying materials were made available to the opposing party for inspection." *Amarel v. Connell*, 102 F.3d 1494, 1516 (9th Cir. 1996) (citing *Paddack v. Dave Christensen, Inc.*, 745 F.2d 1254, 1259 (9th Cir. 1984)).

Where the party seeking to introduce a summary exhibit fails to make the voluminous document "available for examination or copying . . . at reasonable time and place" exclusion of the summary is the appropriate remedy. *See Davis v. Progressive Cas. Ins. Co.*, 220 Fed. Appx. 708, 711 (9th Cir. 2007); *United States v. Miller*, 771 F.2d 1219, 1238 (9th Cir. 1985). Indeed, failure to do so is reversible error. *Amarel*, 102 F.3d at 1516. Moreover, because the documents underlying the summary must be made available "at reasonable time and place," the party offering the summary must provide *both* the voluminous documents *and* the summary itself sufficiently in advance of trial to allow the opposing party adequate time to evaluate the validity of the summary. *See Davis & Cox v. Summa Corp.*, 751 F.2d 1507, 1516 (9th Cir. 1985) (excluding summaries where the party offering the summaries failed to make either the documents underlying the summary or the summary itself available "until just before trial."); *see also Fid. Nat'l Title Ins. Co. of N.Y. v. Intercounty Nat. Title Ins. Co.*, 412 F.3d 745, 753 (7th Cir. 2005) ("No federal rule is needed, however, to empower a district judge to prevent a party from springing summaries of thousands of documents on the opposing party so late in the day that the party can't check their accuracy against the summarized documents before trial.")

To satisfy the "made available" requirement, it is not enough that the party opposing the summary had access to the documents if that party did not know which documents constituted

4

the basis of the summary, and the affirmative duty to identify and provide the underlying documents is on the party offering the summary. *United States v. Jamieson*, 427 F.3d 394, 409-10 (6th Cir. 2005)("merely making the records available upon request is insufficient."); *see also Air Safety, Inc. v. Roman Catholic Archbishop of Boston*, 94 F.3d 1,8 (1st Cir. 1996) ("to satisfy the 'made available' requirement, a party seeking to use a summary under Rule 1006 must identify its exhibits as such, *provide a list or description of the documents supporting the exhibit*, and state when and where they may be reviewed.")(emphasis added); *Jade Trading, LLC v. U.S.*, 67 Fed. Cl. 608, 614-615 (Fed. Cl. 2005) (excluding "summary charts" summarizing voluminous documents that were not identified with any specificity until approximately one month before a complex two-week trial).

Because the Class received neither an expert report nor appropriate and timely notice from Vision with regard to this analysis, it was deprived of the opportunity to test this analysis and to ascertain how it was created. At least two things are clear from the little information that the Class has about the analysis. First, some of the documents upon which it is based, including those related to "burden," appear to be nowhere in Vision's production, despite the Class' Narrowed Request for all accounting records related to the individuals operating the Air Bridge Program. Second, it is facially inaccurate in a number of ways. These infirmities, in addition to the late or unmade disclosures, require the striking of these documents.

This is the second time that Vision sought to avoid its failure to notice an expert in this case. At calendar call on September 29, 2010, Vision sought the Court's permission to have an expert at trial. It clearly did so because it knew that the analysis it seeks to introduce could come in no other way. The Court properly denied the motion because Vision's request came five months after notice and a report were due, and three months after the close of discovery. This is part of a pattern of conduct by Vision to prejudice the Class and deceive the jury. Vision has concealed or destroyed critical documents, attempted to spring witnesses on the Class who

Vision stipulated that it would not call at trial, (*see* Class' Motion to Strike Vision's Supplemental List of Trial Witnesses [D.E. 176]), and now is trying to surreptitiously move into evidence a facially inaccurate and misleading analysis of its accounting records.

## CONCLUSION

For the foregoing reasons, Vision's Exhibit List should be stricken, and Vision prohibited from using the exhibits listed thereon at trial. Vision's failure to produce some of the documents, and a list of the documents underlying the analysis, is part of its pattern of repeated discovery violations in this case, and is yet one more reason why Vision should not be permitted to argue that it paid the hazardous duty bonus. Not only should the analysis not come into evidence, but the jury should be given an adverse inference instruction if any of Vision's witnesses testifies that the hazardous duty bonus was paid.

Respectfully submitted,

/s/ Brett E. von Borke
Kenneth R. Hartmann, (FBN 664286)
Brett E. von Borke (FBN 0044802)
KOZYAK TROPIN & THROCKMORTON, P.A.
2525 Ponce de Leon, 9th Floor
Coral Gables, Florida 33134
Telephone: (305) 372-1800
Fax: (305) 372-3508

/s/ Ross Goodman
GOODMAN LAW GROUP
ROSS GOODMAN, (NBN 7722)
520 South Fourth Street
Las Vegas, Nevada 89101
(702) 383-5088
(702) 385-5088 (Facsimile)

/s/ David M. Buckner
David M. Buckner (FBN 60550)
GROSSMAN ROTH, P.A.
2525 Ponce de Leon, 11th Floor
Coral Gables, Florida 33134
Telephone: (305) 442-8666
Fax: (305) 285-1668

# CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true copy of the foregoing has been served via the Court's CM/ECF system on November 7, 2010, on Harold P. Gewerter, Esq., 2705 Airport Drive, North Las Vegas, Nevada 89032.

By: /s/ David M. Buckner
David M. Buckner
