UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

GERALD HESTER, on behalf of    )
himself and all others         )
similarly situated,            )
                               )
        Plaintiff(s),          )
                               )          2:09-cv-117-RLH-RJJ
vs.                            )
                               )          MINUTES OF THE COURT
VISION AIRLINES, INC.,         )
                               )          DATED: November 8, 2010
                               )
        Defendant(s).          )
                               )

THE HONORABLE __**ROGER L. HUNT**__ CHIEF UNITED STATES DISTRICT JUDGE

COURTROOM ADMINISTRATOR KANDY CAPOZZI COURT REPORTER HEATHER NEWMAN

COUNSEL FOR PLAINTIFF(S) ___DAVID BUCKNER; BRETT VON BORKE;___
                            ___KENNETH HARTMANN; ROSS GOODMAN___

COUNSEL FOR DEFENDANT(S) ___HAROLD GEWERTER___

MINUTES OF PROCEEDINGS: **JURY TRIAL (Day One)**

The Court convenes at 8:35 a.m. Gerald Hester is present. William Acor, President and CEO of Vision Airlines, is also present.

The Court addressed certain matters in a conference call with counsel last week and advised how the Court intended to rule on pending motions. The Court enters the rulings on the record at this time:
   **IT IS HEREBY ORDERED Defendant's Third Motion *in Limine* (#202) is DENIED.** As default has been entered, that defense is no longer available.
   **IT IS FURTHER ORDERED Defendant's Second Motion *in Limine* (#199) is DENIED.** The only issue to be tried is the amount of damages. However, the Defendant will be permitted to enter some evidence that the hazard pay was calculated into the pay of the flight crews.

**The Court RESERVES RULING** on **Plaintiffs' Renewed Motion *in Limine* (#194)** until the Court can determine if the information may or may not be relevant to Mr. Hester's testimony, credibility, *etc.*

The Court revisited the complaint and the Nevada Revised Statutes after its discussion with counsel. **THE COURT FINDS** the complaint does not establish sufficient evidence, nor clear and convincing evidence as required by the Nevada Revised Statues. **ACCORDINGLY, the jury will not be permitted to entertain punitive damages.**

**IT IS FURTHER ORDERED Plaintiffs' Motion to Strike Defendant's Exhibit List (#217) is GRANTED** and those exhibits will not be permitted. The Defendant did not provide a list of anticipated exhibits in the joint proposed pretrial order as required by the rules. Therefore, the Plaintiff Class was not given an opportunity to examine the exhibits and determine their accuracy, legitimacy, *etc.,* and verify that all documents had been produced.

Plaintiff Class' proposed jury instruction (#193), improperly characterized as a motion, will be considered by the Court in connection with counsel at the appropriate time.

Mr. Gewerter requests the Court review the protective order (#34) entered by Magistrate Judge Johnston on March 24, 2009.  The Defense is concerned that confidential information will be introduced by Plaintiffs.

The Court will review the order and address the issue at a later time, if necessary.

The exclusionary rule is invoked upon request of Plaintiffs.

**Thirty prospective jurors enter at 8:55 a.m.** The Court addresses the jurors, the Courtroom Administrator administers the oath and fourteen prospective jurors are called.

*Voir dire* is conducted.

Peremptory challenges are made and eight jurors are selected. The Courtroom Administrator administers the oath.

The Court recesses from 10:10 a.m. to 10:38 a.m.

The Court gives Preliminary Instructions.

Mr. Buckner and Mr. Gewerter give Opening Statements.

Mr. von Borke calls **DAVIS PRITCHARD** to the stand. The witness is sworn, examined, cross-examined, further examined on redirect and re-cross, then excused.

The Court recesses from 11:50 a.m. to 1:33 p.m.

**OUTSIDE THE PRESENCE OF THE JURY:** Mr. Buckner advises that counsel stipulate to the admission of Plaintiff Class' exhibits 17, 29, 39, 40, 43, 66, 77, 82, 100, 144, 157 and 158. Accordingly, those exhibits are marked and admitted into evidence. Mr. Buckner explains how counsel intend to proceed this afternoon.

**The jury enters at 1:39 p.m.**

Portions of the video deposition of **LAURA FEIGIN** are played and additional portions are read into the record by Mr. Gewerter.

Mr. Buckner calls **BARRY MUKAMAL** to the stand. The witness is sworn and examined. Mr. Gewerter will be permitted to conduct the cross-examination of this witness tomorrow morning. Mr. Mukamal is instructed to return tomorrow at 8:30 a.m.

The Court recesses from 2:50 p.m. to 3:09 p.m.

**THE PLAINTIFF RESTS.**

A discussion ensues regarding the scheduling of witnesses for tomorrow.

**IT IS HEREBY ORDERED the trial in this matter shall continue TUESDAY, NOVEMBER 9, 2010 at 8:30 a.m.**

The jury is admonished and excused at 3:14 p.m.

**OUTSIDE THE PRESENCE OF THE JURY:** The settling of jury instructions is discussed. The Court and counsel retire to chambers to begin discussions on jury instructions.

The Court adjourns at 3:18 p.m.

LANCE S. WILSON, CLERK
U.S. DISTRICT COURT

BY:   /s/ Kandy Capozzi
         Courtroom Administrator