HAROLD P. GEWERTER, ESQ.                                    E-filed: 11/29/2010
Nevada Bar No. 499
HAROLD P. GEWERTER, ESQ. LTD.
2705 Airport Drive
North Las Vegas, Nevada 89032
Telephone: (702) 382-1714
Fax: (702) 382-1759
E-mail: harold@gewerterlaw.com
Attorney for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * * * *

| | |
|---|---|
| GERALD HESTER, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>VISION AIRLINES, INC.,<br><br>Defendant. | CASE NO.:  **2:09-CV-00117-RLH-RJJ**<br><br>**REPLY OF VISION AIRLINES, INC. IN SUPPORT OF ITS OBJECTIONS TO THE CLASS'S PROPOSED FINAL JUDGMENT** |

The response submitted by the Plaintiff Class fails to completely resolve the key problem with the Class's claim for injunctive relief. The well-pleaded *factual* allegations of the Complaint do not establish a basis for such relief.

A default does not automatically entitle a plaintiff to all the relief requested in the complaint[1]. Facts that are not established by the pleadings of the prevailing party and claims for relief that are not well-pleaded are not binding on the Court and cannot support a judgment. *Allen Newman Productions, Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988). The pleading

---

[1] The cases cited by Plaintiff Class to support the proposition of injunctive relief after default have no application or precedent value to this matter. The court in two of the cases cited by Plaintiff Class was dealing with the Americans with Disabilities Act and the injunctive relief requested was based on objective statutory guidelines dealing with restroom signage, compliant restroom grab bars, van-accessible disabled parking space and other types of compliant door hardware. *See Johnson v. Golden State Supply*, 2010 WL 457424 (E.D. Cal. Jan. 28, 2010); *Johnson v. Reissman*, 2009 WL 3817608 (E.D. Cal. Nov. 13, 2009). In *Electra Entm't Group Inc. v. Crawford,* 226 F.R.D. 388 (C.D. Cal. 2005), the court dealt with copyright infringement under state and federal copyright statutes which specifically allow for injunctive relief to prevent or restrain infringement of a copyright.

1

of mere legal conclusions does not establish an entitlement to relief by default. *DirecTV, Inc. v. Nuynh*, 503 F.3d 847, 854 (9th Cir. 2007).

Plaintiff's Complaint merely alleges in a conclusory fashion that the Class has no adequate remedy at law for future losses (Complaint ¶ 99), that multiple lawsuits are not an adequate remedy at law (Complaint ¶ 101), that "Vision's scheme to deny its employees would continue to cause Class members economic loss" (Complaint ¶ 97), and that "the public interest is not offended by requiring Vision to pay its employees their hazard pay." (Complaint ¶ 103.) Plaintiff offers conclusions to support a claim for permanent injunctive relief, not facts.

Plaintiff attaches to its Response a document circulated by Vision that Plaintiff believes supports its position. See Exhibit "A" to Class's Response. That document merely states Vision's position regarding the matters in litigation. At no point in the document does Vision state that it would refuse to pay employees what they are due. Moreover, Plaintiff cannot rely on that document to support his claim for permanent injunctive relief. Plaintiff cannot on the one hand contend that the allegations of the Complaint are sufficient in themselves to support his claim for injunctive relief and also attempt to bolster that claim with extra-record documents.

The conclusory allegations of the Complaint do not support Plaintiff's claim for permanent injunctive relief.

DATED this 29th day of November, 2010.

HAROLD P. GEWERTER, ESQ., LTD.

*/s/   Harold P. Gewerter, Esq.*
HAROLD P. GEWERTER, ESQ.
Nevada Bar No. 499
2705 Airport Drive
North Las Vegas, Nevada 89032
Attorney for Defendant