# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GERALD HESTER, on behalf of himself and all others similarly situated,<br><br>           Plaintiff(s),<br><br>vs.<br><br>VISION AIRLINES, INC.,<br><br>           Defendant(s). | Case No. 2:09-cv-0117-RLH-RJJ<br><br>**O R D E R**<br>(Taxation of Costs) |

        Plaintiff Class filed a Bill of Costs (#237) on December 11, 2010. Defendant filed its Objections to Bill of Costs (#224) (which more probably should be styled a "motion to retax costs") on December 23, 2010. The Class filed a Response to Defendant's Objections (#245) on January 3, 2011. The Court has reviewed these documents in connection with the Local Rules dealing will taxable costs, together with 38 U.S.C. §1920.

        The Bill of Costs will be granted in part and denied in part. Likewise, the Objections will be sustained in part and overruled in part, all as described hereafter, taking each item in order.

**Fees of the Clerk:**

        The Class requests $875.00. Defendant has no objection to the Court filing fee of $350.00, but objects to three Pro Hac Vice fees of $175.00 each. The objection is sustained. Pro Hac Vice fees are not taxable under Local Rule 54-1 *et seq.* <u>The amount of $350.00 is taxable under this item.</u>

////

1

**Fees for service of summons and subpoenas:**

There is no objection to this item and the requested amount of $1,390.83 is taxable.

**Fees for printed or electronically recorded transcripts:**

The Class seeks $18, 937.18 in deposition related fees, including for written transcripts and video transcripts. Defendant objects to the costs related to videotaping depositions, noting that the Local Rules only provide for a "deposition transcript," not for video depositions. It further argues that there has not been the required showing that the video deposition costs were "necessarily obtained for use in the case" The Ninth Circuit has apparently not spoken on this issue, but opinions from this District have. Although the Class makes the false assertion that "excerpts from nearly all the videotaped depositions were played at trial," (Response page 2, line 21) the taking of video depositions are quite common and the Court feels the better course is to permit recovery of those costs. That being said, there appears to be, in the invoices, compound billing by the court reporting services. Furthermore, a review of invoices submitted with the Bill of Costs reveals that a number of them include the cost for both an original and a copy of the deposition transcript. Local Rule 54-4 does not permit recovery of both. Because the costs of the original and copy are lumped together, the Court has no alternative but to divide in half that item in each invoice and reduce the claim by that amount. The total of that reduction is $2,178.55.

Furthermore, there is a duplicate invoice for a portion of the video bill for Deponent Daggett, in the total amount of 243.75. That amount will also be reduced from the total of this item.

Lastly, there is insufficient documentation for the claim for depositions of Thomas Miller and Gary Acquavella, which totals $3,525.56, and this amount will also be deducted from the item. Accordingly, the taxable costs permitted for this item is $12,989.32.

**Fees and disbursements for printing:**

The Class seeks $8,577.55 in costs. Defendant objects to the claim in its entirety. The objection is sustained. The claim is for making "digital images." Although the Class claims the copies were necessary for trial, the rule only permits recovery of copies "required" (*i.e.,* by the

1   court) for trial and specifically disallows copies made for the convenience of counsel.  Making
2   digital copies merely to make it easier for counsel to present the evidence or use the evidence, does
3   not qualify as a taxable cost.  <u>The entire amount is non-taxable.</u>
4   **Fees for witnesses:**
5   Although Defendant did not object to this item, the Court does.  The form clearly
6   requires that the witnesses be itemized on page two of the form, and the form used by the Class has
7   the relevant page attached.  However, the Class has failed to identify the witnesses or provide any of
8   the required information.  Local Rule 54-1(b) clearly requires, "An itemization and, where available,
9   documentation of requested costs must be attached to the bill of costs."  The Class failed to provide
10  any information related to this claim and <u>it will be denied.</u>
11  **Fees for exemplification and costs of making copies . . . :**
12  The Class seeks costs under this item in the amount of $42,519.50.  The Defendant
13  objects and the objection will be sustained.  The Class appears to be seeking reimbursement for
14  every copying cost it incurred during this litigation.  The Local Rules do not provide for such.  Local
15  Rule 54-6 provides, in pertinent part, as follows: "The cost of copies of an exhibit necessarily
16  attached to a document *required* to be filed *and served* is taxable. . . .  The cost of copies submitted
17  in lieu of originals because of the convenience of offering counsel or counsel's client is not taxable.
18  The costs of reproducing copies of motions, pleadings, notices and other routine case papers is not
19  allowable.  The cost of copies obtained for *counsel's own use* is not taxable." (Emphasis added).
20  Moreover, it appears on even a cursory review that portions of this claim asks for
21  reimbursement of copies of deposition exhibits, which have already been awarded in connection
22  with the depositions above.  A party may only recover "taxable" costs, not all costs.  There is a
23  reason for the distinction.  A losing party is required to pay taxable costs, but not finance the entire
24  pursuit of, or preparation for, the case.  One invoice is for the Class's counsel creating 145,903
25  pages of copies, without identifying what was copied, or the purpose.
26  <u>This claim is denied in its entirety.</u>

**Other costs:**

In this claim for $17,357.57, the Class appears to throw in anything and everything it may have missed in the preceding claims. It includes costs for couriers, supplies, Federal Express charges, "services on site," binders, paper and other supplies, overtime work for employees, etc. There is no showing that any of these claims come within the parameters of the Local Rules or 38 U.S.C. §1920.

IT IS THEREFORE ORDERED that COSTS ARE TAXED as follows:

| | |
|---|---|
| Fees of the Clerk: | $ 350.00 |
| Fees for service of summons and subpoenas: | $ 1,390.83 |
| Fees for printed or electronic transcripts: | $ 12,989.32 |
| Fees and disbursements for printing: | $ 0 |
| Fees for witnesses: | $ 0 |
| Fees for exemplification and costs of copies: | $ 0 |
| Other costs: | $ 0 |

TAXATION OF COSTS is awarded in the total amount of:        $ 14,730.15

Dated: January 31, 2011.

_____
**Roger L. Hunt**
**Chief United States District Judge**