# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

GERALD HESTER, on behalf of himself
and all others similarly situated,

        Plaintiff(s),

vs.

VISION AIRLINES, INC.,

        Defendant(s).

2:09-CV-0117-RLH-RJJ

**O R D E R**
(Motion to Set Aside Default Judgment
–#252, 265)

        Before the Court is Defendant's **Motion to Set Aside Default Judgment** (#252, filed February 2, 2011). Defendant filed a **Renewed Motion to Set Aside the Judgment** (#265, filed February 22, 2011) which simply incorporates the first motion. The two motions will be considered as one. The Plaintiff Class filed its Response (#261) on February 17, 2011, and filed a renewed Response (#266) which, like the renewed motion, merely adopts the original Response. Vision filed its Reply (#268) on February 28, 2011.

        This case was filed on February 20, 2009. Vision filed a Motion to Dismiss (#17) on March 2, 2009, essentially contending that the Complaint failed to state a cause of action, citing *Bell Atl. Corp. V. Twombly*, 127 S. Ct. 1955, 1974 (2007). The Motion to Dismiss was denied by Order (#46) entered June 22, 2009, which found that the claims were sufficient, if found to be true, to permit recovery.

/ / / /

1

Thereafter, the case followed a tortured path of discovery which ultimately resulted in this Court granting a Motion for Sanctions (#180) for discovery abuses, following a hearing on the motion, held October 27, 2010. In its Order (#196) entered November 3, 2010, the Court struck Vision's Answer and entered a default against Vision. The matter proceeded to a scheduled jury trial, on the issue of damages only. During the trial, there was uncontroverted testimony that Vision received, from the contractors above it, money identified as being earmarked as hazard pay for flight crews flying into and out of Afghanistan and Iraq. The testimony further showed that the money paid to the flight crews could not have included the amounts identified for hazard pay.

Vision now moves to set aside the default judgment on the grounds that the Complaint does not contain well-plead facts to support the default judgment andonly conclusory allegations are made. Vision is in error.

**I. VISION'S CULPABLE CONDUCT PRECLUDES SETTING DEFAULT ASIDE**

Ninth Circuit law states that a "default judgment will not be disturbed if (1) the defendant's culpable conduct led to the default. . . ." *Alan Neuman Productions, Inc. v. Albright*, 862 F.2d 1388, 1892 (9th Cir. 1988) (citing *Meadows v. Dominican Republic*, 817 F.2d 517, 521 (9th Cir. 1987). *See also In re Hammer*, 940 F.2d 524, 525-26 (9th Cir. 1991). Where "a default judgment is entered as a result of a defendant's culpable conduct, however, we need not consider whether a meritorious defense was shown, or whether the plaintiff would suffer prejudice if the judgment were set aside." *Meadows,* 817 F.2d at 521. Accordingly, Vision cannot show the good cause required by Federal Rule of Civil Procedure 55(c) on which it bases its motion.

As noted in this Court's Order striking Vision's Answer, Vision engaged in misrepresentations to the Class and to this Court, refused and failed to provide discovery it was ordered to produce and, generally attempted to stonewall the discovery efforts of the Plaintiff and then claimed that the Plaintiff Class could not prove its case (because it did not have the documents it needed). The Class was required to proceed on its damage claims without certain evidence that likely would have increased the measure of damages awarded by the jury.

## II. COMPLAINT SUFFICIENTLY PLEADS FACTS AND CAUSES OF ACTION

The law of this case, as established by the Court's denial of the Motion to Dismiss, is that the Complaint sufficiently pleads causes of action *and* facts to establish liability, if proven. Because Vision's Answer denying the allegations has been stricken, there is no contradiction to the facts alleged. Thus, the law of the case establishes that the facts are sufficiently well-pleaded and admitted to justify the default judgment.

In addition, an example of the existence of well-plead facts in the Complaint is shown by the following quotation (it is not the only portion that could be quoted, but it is sufficient by way of demonstration of well-pleaded facts):

> The United States government provided Capital Aviation and other government contractors hazard pay for the benefit of Vision's employees. Capital Aviation and other contractors provided Vision . . . hazard pay for its employees, which Vision knew and understood it received for the benefit of those employees who served a crew members on-board the flights to Baghdad and Kabul. Instead of paying its employees the hazard pay it collected on their behalf, Vision wrongfully retain that money for its own benefit.

## III. UNJUST ENRICHMENT CLAIM STATES CAUSE OF ACTION

As stated in Vision's own points and authorities (page 6), "Unjust enrichment occurs whenever a person has and retains a benefit which in equity and good conscience belongs to another." *Nevada Indus. Dev. Inc. v. Benedetti*, 741 P.2d 802, 804 n.2 (Nev. 1987).

> The doctrine of unjust enrichment or recovery in quasi contract applies to situations where there is no legal contract but where the person sought to be charged is in possession of money or property which in good conscious and justice he should not retain but should deliver to another.

*Leasepartners Corp. V. Robert L. Brooks Trust dated Nov. 12, 1975*, 942 P.2d 182, 187 (Nev 1997) (quoted by Vision on page 7).

////

1   Vision will not be permitted to argue that there was an implied contract and therefore
2 unjust enrichment does not apply.  The Complaint alleges there was no contract.  That claim is
3 uncontroverted.  Vision argues that although the flight crews were at-will employees, there was an
4 implied contract.  But the Nevada Supreme court has held that an at-will employment relationship
5 fails to create an express or implied contractual relationship between the parties.  *Bally's Grand*
6 *Employees Fed. Credit Union v. Wallen*, 779 P.2d 956, 957 (Nev. 1989).
7   Vision argues that because the flight crews agreed to make the flights, and had an
8 understanding that they would be paid to do so, they had an employment contract so the claim of
9 unjust enrichment cannot apply.  Informal agreements or understandings are not synonymous with a
10 contract.  This is not a situation where an employee agreed to pay a certain amount in wages and
11 then failed to do so.  This is a case where an employer received money specifically designated to be
12 paid to its employees, but hid the fact from the employees and kept the money that was not intended
13 for the employer.  It is also a case where the employer not only hid the fact and the money from the
14 employee, but now claims that since it hid the fact from the employee, the employee has no right to
15 it.  Perhaps the employee did not know about it, but the employer did.  And, the employer will not
16 be permitted to benefit from its own dishonesty.  As to any claim for the money, the employee has a
17 greater claim on it than the employer, who retains it by deceit.  There is no knowledge or reliance
18 required of a plaintiff in an unjust enrichment claim.
19 **IV. THERE IS A BASIS FOR A CONVERSION CLAIM**
20   Vision claims that money can never be the basis for a conversion claim, and cites
21 numerous irrelevant cases for that proposition.  Where the money, or the specific amount of money,
22 is identifiable, such as where it is earmarked, or set aside in a separate account, or otherwise
23 identifiable, any presumption that the one in possession of money has title to it is overcome.  Where,
24 as here, Vision received money specifically earmarked to be given to its flight crews, but kept it for
25 its own benefit, it has converted the property (money), to which it has little or no right.  Under
26 Nevada law, money can be the subject of a conversion claim.  *See Lopez v. Javier Corral, D.C.,*

2010 WL 5541115, at *6 (Nev. Dec. 20, 2010).  *See also Bemis v. Estate of Bemis*, 114 Nev. 1021, 1025 (Nev. 1998).

**V.  CONCLUSION**

For the reasons stated above, Vision's Motion to Set Aside Default Judgment (## 252, 265) has no merit and is DENIED.

IT IS SO ORDERED.

Dated: March 9, 2011.

_____
**Roger L. Hunt
Chief United States District Judge**

5