# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GERALD HESTER, on behalf of himself and all others similarly situated, | |
| Plaintiff(s), | 2:09-cv-0117-RLH-RJJ |
| vs. | **O R D E R** |
| VISION AIRLINES, INC., | (Motion for Attorney Fees–#256)<br>(Motion for Attorney Fees–#257) |
| Defendant(s). | |

Before the Court is the Class's **Motion for Payment of Attorneys' Fees and Expenses for Vision Airlines Inc.'s Sanctioned Conduct for Violating the Court's Discovery Orders** (#256, filed February 4, 2011). Vision Airlines filed its Response (#262) and the Class filed a Reply (#269)

Also before the Court is the Class's **Motion for Attorneys' Fees** (#257, filed February 10, 2011), to which Defendant filed a Response (#267) and the Class filed a Reply (#270).

Although asking for fees for different reasons, the two motions will be addressed in a single order.

**I. ATTORNEY FEES AS A SANCTION**

The Class seeks attorney fees as a sanction for the discovery abuses by Defendant Vision Airlines. The Class forgets or ignores the fact that it brought a motion for sanctions (#180) prior to trial, seeking the most severe sanction the Court could grant, the striking of Defendant Vision's answer. The Court granted that motion, struck the answer, entered a default, and permitted the matter to go to a jury trial to prove up the default judgment for damages.

       A judgment was rendered against Vision, and in favor of the Class, in an amount in excess of five million dollars.  The sanction to strike was given in lieu of monetary sanctions and was the most severe sanction the Court could impose.  While that sanction was justified, to also impose a monetary sanction for the discovery abuses, in addition to the severe sanction the Court imposed would not be just.  Counsel incorrectly claims that Fed. R. Civ. P. 37 mandates a monetary sanction.  Counsel should read the entire Rule.  Rule 37(a)(5)(A)(iii) provides that a monetary sanction must be enforced *unless* "other circumstances  [*i.e.*, the most severe of sanction having already been imposed] make an award of expenses unjust."

       This Court finds that the sanction of striking Defendant's answer, entering a default and a default judgment in excess of five million dollars, is sufficient and just, unless that course of action is reversed and the matter remanded.

### II.  MOTION FOR ATTORNEY FEES

       The Court assumes this motion is a motion for approval of contingent fees pursuit the agreement between counsel and the representative of the class, and not a request for additional fees and costs.  It makes that assumption for two reasons.  First, federal law requires that attorney fees can only be recovered where there is statutory authority or a contractual agreement between the parties to the lawsuit permitting recovery of attorney fees and/or costs.  Second, the cases cited by the Class deal with recovery of attorney fees and costs from a class judgment (sometimes referred to as the Common Fund).

       Assuming this is a request for approval of payment of attorney fees and costs out of the class judgment entered in this case, the motion is premature.  Notwithstanding Local Rule 54-16, a motion for attorney fees is not due until 14 days after *final* judgment.  This matter has been appealed.  There will not be a final judgment until the Circuit has affirmed or reversed and the time to file for a writ of certiorari has passed.  Until that occurs, there are no moneys in any Common Fund.  The finality of the judgment is still in question.

////

1  Furthermore, there must be an opportunity for notice to the Class members and an
2  opportunity for them to object to the proposed distribution.  Accordingly, the motion will be denied,
3  without prejudice to renew the motion at the appropriate time.
4  IT IS THEREFORE ORDERED that the Class's **Motion for Payment of Attorneys'**
5  **Fees and Expenses for Vision Airlines Inc.'s Sanctioned Conduct for Violating the Court's**
6  **Discovery Orders** (#256) is DENIED.
7  IT IS FURTHER ORDERED that the Class's **Motion for Attorneys' Fees** (#257) is
8  DENIED as premature, but without prejudice to renew at the appropriate time.
9  Dated: March 14, 2011.

_____
Roger L. Hunt
Chief United States District Judge