# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| GERALD HESTER, on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> VISION AIRLINES, INC., <br><br> Defendant. | Case No. 2:09-cv-00117-RLH-NJK <br><br> ORDER DENYING MOTION TO COMPEL AND MOTION TO SEAL (Docket Nos. 312, 313) |

Pending before the Court is the Class's Motion to Compel. Docket No. 312. Also pending before the Court is the Class's Motion to Seal Exhibits 4 and 5 of its Motion to Compel. Docket No. 313. Having considered the materials submitted and for the reasons explained below, the Court hereby **DENIES without prejudice** Plaintiff's motion to compel and **DENIES** as moot the motion to seal.

### **MOTION TO COMPEL**

The Court's initial inquiry regarding the motion to compel is whether the movant made adequate meet and confer efforts. Federal Rule of Civil Procedure 37(a)(2)(B) requires that a "party bringing a motion to compel discovery must include with the motion a certification that the movant has in good faith conferred or attempted to confer with the nonresponsive party." Similarly, Local Rule 26-7(b) provides that "[d]iscovery motions will not be considered unless a statement of the movant is attached thereto certifying that, after personal consultation and sincere effort to do so, the parties have not been able to resolve the matter without Court action."

Judges in this District have previously held that "personal consultation" means the movant must "personally engage in two-way communication with the nonresponding party to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention."

*ShuffleMaster, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996). The consultation obligation "promote[s] a frank exchange between counsel to resolve issues by agreement or to at least narrow and focus matters in controversy before judicial resolution is sought." *Nevada Power v. Monsanto*, 151 F.R.D. 118, 120 (D.Nev.1993). To meet this obligation, parties must "treat the informal negotiation process as a substitute for, and not simply a formal prerequisite to, judicial review of discovery disputes." *Id*. This is done when the parties "present to each other the merits of their respective positions with the same candor, specificity, and support during the informal negotiations as during the briefing of discovery motions." *Id*.

To ensure that parties comply with these requirements, movants must file certifications that "accurately and *specifically* convey to the court who, where, how, and when the respective parties attempted to personally resolve the discovery dispute." *ShuffleMaster*, 170 F.R.D. at 170 (emphasis added). The certification with the pending motion to compel provides that, "[a]fter personal consultation and sincere effort to do so, the parties have been unable to resolve the matter without Court action." *See* Mot. at 14. This certification provides no details whatsoever about the meet and confer process, and is insufficient.[1]

Accordingly, the Motion to Compel is hereby **DENIED** without prejudice.

**MOTION TO FILE UNDER SEAL**

Also pending before the Court is a related motion to file under seal. Docket No. 313. It appears that the exhibits for which sealing is sought were not actually filed with the Court. As the Court denies without prejudice the motion to compel, the motion to file under seal is hereby **DENIED** as moot.

---

[1] The Court notes that the memorandum of law provides further that, "[o]n December 19, 2012, the parties spoke at length in an effort to resolve the outstanding differences but were unable to come to an agreement regarding the production of Vision's general ledger and Vision's assertion of the accountant-client privilege." Mot. at 7. This statement should have been included in the certification rather than the memorandum of law. At any rate, while this statement provides some additional detail, it is still insufficient to pass muster under *ShuffleMaster*.

The Court notes, however, that the motion to seal provides no basis for the request, other than Defendant's designation of Exhibits 4 and 5 as "confidential" pursuant to the protective order entered into in this case.  Exhibits to non-dispositive motions may be sealed only upon a "particularized showing" of "good cause."  *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006); *see also Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003) ("good cause" burden is met by a showing "that specific prejudice or harm will result" if the document is made public).  Such a particularized showing is not made by simply noting that a party designated a document as confidential pursuant to a protective order.  *See Brocade Comm'ns Sys., Inc. v. A10 Networks, Inc.*, 2013 WL 211115, *1 (N.D. Cal. Jan. 17, 2013); *Ventress v. Japan Airlines*, 2008 WL 763183, *4 (D. Haw. Mar. 21, 2008).

In the event that Plaintiff refiles the motion to compel, the parties must meet and confer prior to the filing of the motion to compel to determine whether "good cause" exists to file Exhibits 4 and 5 under seal.  If Defendant believes Exhibits 4 and 5 should be filed under seal, Plaintiff shall file those exhibits under seal concurrently with a motion to seal and Defendant shall file a declaration in support of the motion to seal within three days thereof.

**CONCLUSION**

Accordingly, for the reasons outlined above, the Motion to Compel (Docket No. 312) is **DENIED without prejudice** and the Motion to Seal (Docket No. 313) is **DENIED** as moot.

IT IS SO ORDERED.

DATED this 5th day of February, 2013.

_____
NANCY J. KOPPE
United States Magistrate Judge

3