# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GERALD HESTER, on behalf of himself and all others similarly situated,<br><br>                  Plaintiff,<br><br>    vs.<br><br>VISION AIRLINES, INC.,<br><br>                  Defendant. | Case No.: 2:09-cv-00117-RLH-RJJ<br><br>**O R D E R**<br><br>(Motion for Final Approval - #325) |

       Before the Court is Plaintiff Gerald Hester and Class' **Motion for Final Approval** (#325, filed March 13, 2013). The Class seeks to disburse funds according to the Class' allocation plan, and award Mr. Hester a service award of $15,000.00 for acting as Class representative. Additionally, the Class seeks an award of 30% of the gross common fund to be paid to Class Counsel. The Class' Motion for Final Approval is granted.

## DISCUSSION

       Whether to award Mr. Hester a service award for his efforts is within the Court's discretion. *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 463 (9th Cir. 2000). Considering the Mr. Hester's risk, personal difficulties, time and effort expended, and the nature and length of this

1 | case, the Court finds a service award of $15,000.00 to Mr. Hester for acting as Class representative
2 | is fair, adequate, reasonable, and warranted. *See Van Vranken v. Atl. Richfield Co.*, 901 F. Supp
3 | 294, 299 (N.D. Cal 1995).
4 | The common fund doctrine is a common law rule permitting the recovery of fees
5 | from the damage award obtained. *See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S.
6 | 240 (1975). A reasonable fee under the common fund doctrine is calculated as a percentage of the
7 | recovery. *Blum v. Stenson*, 465 U.S. 886, 900 n. 16 (1984). The Ninth Circuit has recognized 25
8 | percent of the fund as the "benchmark" award that should be given in common fund cases. *Paul,*
9 | *Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989). However, the benchmark
10 | percentage should be adjusted when special circumstances indicate that the percentage recovery
11 | would be either too small or too large in light of the hours devoted to the case or other relevant
12 | factors. *Id.* Here, Class Counsel has expended an extraordinary amount of time, skill, and patience
13 | to obtain the damages reward. *See Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir.
14 | 1975). Therefore, an upward adjustment to 30 percent is reasonable and warranted.

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that the Class' **Motion for Final Approval** (#325) is GRANTED. Mr. Hester, class representative, is awarded $15,000.00 from the gross common fund. Class Counsel is awarded $1,587,472.35 in attorneys' fees and $398,862.92 in costs from the gross common fund. The remaining net proceeds of the common fund may be distributed according to the allocation plan previously approved by this Court.

Dated: July 10, 2013

_____
ROGER L. HUNT
United States District Judge