James A. Kohl, Esq.
NV Bar No. 5692
**Howard & Howard Attorneys PLLC**
3800 Howard Hughes Pkwy.
Suite 1000
Las Vegas, NV 89169
v. 702.257.1483
f. 702.567.1568
jak@h2law.com
Attorneys for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GERALD HESTER, on behalf of himself and all others similarly situated,<br><br>         Plaintiff,<br><br>    vs.<br><br>VISION AIRLINES, INC.,<br><br>         Defendant. | CASE NO.: **2:09-CV-00117-RLH-RJJ** |

### RESPONSE TO THE CLASS' SECOND MOTION FOR ATTORNEYS' FEES AND INCORPORATED MEMORANDUM OF LAW

Defendant, Vision Airlines, Inc., by and through its counsel, James A. Kohl, Esq., of the law firm Howard & Howard Attorneys PLLC, files this Opposition to Motion for Attorneys Fees.  This Opposition is based on the Points and Authorities attached hereto

. . . .

. . . .

. . . .

. . . .

. . . .

2306748                                                   Page 1 of 6

together with the Papers and Pleadings on file herein and any oral argument received by the Court.

Dated this 10th day of October, 2013.

**Howard & Howard Attorneys PLLC**

/s/ James A. Kohl
James A. Kohl, Esq.
NV Bar No. 5692
3800 Howard Hughes Pkwy., Ste. 1000
Las Vegas, NV 89169
Telephone: (702) 257-1483
E-Mail Address: jak@h2law.com

## POINTS AND AUTHORITIES

**I. ARGUMENT**

Although Plaintiffs' Motion is listed as a motion for attorney's fees, Plaintiffs also asked the court for it to award costs of suit. Vision takes no positions on the requests for attorney's fees. However, there is no explanation of the Class' requested costs, merely a one line request that they be awarded. Plaintiffs did not break out their costs or explain why they should be awarded. The request for costs should be denied.

"In the exercise of sound discretion, trial courts are accorded great latitude in ascertaining taxable costs." *Loughan v. Firestone Tire & Rubber Co.,* 749 F.2d 1519, 1526 (11th Cir.1985) (*citing United States v. Kolesar*, 313 F.2d 835 (5th Cir.1963)). However, in exercising its discretion to tax costs, absent explicit statutory authorization, federal courts are limited to those costs specifically enumerated in 28 U.S.C. § 1920. *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 445, 107 S. Ct. 2494, 2499, 96 L. Ed. 2d 385 (1987). The word "costs" is not synonymous with "expense." *Eagle Insurance Co. v. Johnson*, 982 F.Supp 1456, 1458 (M.D. Ala. 1997). "[E]xpense includes all the

Howard & Howard Attorneys, PLLC
3800 Howard Hughes Pkwy., Suite 1000
Las Vegas, NV 89169
(702) 257-1483

expenditures actually made by a litigant in connection with the lawsuit." *Id.* (citations omitted). "Whereas the costs that the district court may award under Rule 54(d)(1) are listed in 28 U.S.C.A. § 1920, and a district court may not award other costs or exceed the amounts provided in § 1920 without explicit authorization in another statutory provision." *Id.* (citations omitted). Thus, the costs will almost always be less than the total expenses associated with the litigation. *Id*. (citations omitted).

> § 1920. Taxation of costs
>
> A judge or clerk of any court of the United States may tax as costs the following:
>
> > (1) Fees of the clerk and marshal;
> >
> > (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> >
> > (3) Fees and disbursements for printing and witnesses;
> >
> > (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> >
> > (5) Docket fees under section 1923 of this title;
> >
> > (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
>
> A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

The Court may not tax costs that are not authorized by statute or court rule. *Arlington Cent. School Dist. Bd. Educ. V. Murphy,* 548 U.S. 291, 301, 126 S.Ct. 2455, 2461-62, 165 L. Ed. 2d 526 (2006). Thus, courts may not tax the following as costs: (a) the fees and expenses of expert witnesses; *Id.* (b) Lexis and Westlaw; *Jones v Unisys Corp.,* 54 F.3d 624, 633 (10th Cir. 1995) (c) trial consultants; *Summit Technology, Inc. v. Nidek Co., Ltd.,* 435 F.3d 1371, 1375 (Fed. Cir. 2006) (d) postage, couriers and/or delivery services; *Smith v.*

Howard & Howard Attorneys, PLLC
3800 Howard Hughes Pkwy., Suite 1000
Las Vegas, NV 89169
(702) 257-1483

*Tenent Healtsystem SL, Inc.* 436 F.3d 879, 889 (8th Cir. 2006) (e) telephone calls and facsimiles; *O'Brhym v. Reliance Standard Life Ins. Co.,* 997 F. Supp 728, 737 (E.D. Va. 1998) *aff'd,* 188 F.3d 504 (4th Cir. 1999); (f) paralegal time; *Thomas v. Treasury Management Ass's, Inc.,* 158 F.R.D. 364, 372 (E. Md. 1994) (g) travel, lodging, transportation, and parking; *Garshman Co., Ltd. v. Gen. Elec. Co., Inc.*, 993 F. Supp. 25, 29 (D. Mass. 1998) *aff'd* 176 F.3d 1 (1st Cir. 1999) and (h) mediator's fees *Brisco-Wade v. Carnahan*, 297 F.3d 781, 782 (8th Cir. 2002). Defendant's Motion For Attorney's Fees also asks for (a) the fees and expenses of expert witnesses; (b) Westlaw; (c) postage, couriers and/or delivery services; (d) telephone calls and facsimiles; and (e) travel, lodging, transportation, and parking expenses. All of the above are prohibited and should be excluded. Additionally, plaintiffs seek the costs of copies. Photocopying expenses are allowed "only to the extent that the copies were used as court exhibits or were furnished to the court or opposing counsel." *Board of Directors, Water's Edge v. Anden Group*, 135 F.R.D. 129, 138 (E.D.Va.1991). As with the other costs, Plaintiffs offered no description of the purposes for which these photocopies were made. Additionally Plaintiffs have not offered the charge per copy. Accordingly the copy charges should also be rejected.

## IV. CONCLUSION

Plaintiffs' asked this Court to award them costs. Plaintiffs have not itemized the costs so it is impossible for Vision or the Court to determine what they are asking for.

. . . .

. . . .

. . . .

. . . .

Additionally, the summary of costs contains numerous items that this Court is not permitted to award. Accordingly, the Court should deny Plaintiffs' requests for costs.

Dated this 13th day of October, 2013.

**Howard & Howard Attorneys PLLC**

/s/ James A. Kohl
James A. Kohl, Esq.
NV Bar No. 5692
3800 Howard Hughes Pkwy., Ste. 1000
Las Vegas, NV 89169
Telephone: (702) 257-1483
E-Mail Address: jak@h2law.com

**CERTIFICATE OF ELECTRONIC FILING
AND CERTIFICATE OF SERVICE**

I, the undersigned, do hereby certify that on October 10, 2013, I electronically filed a true and correct copy of the foregoing document with the Clerk of this Court using the CM/ECF system, which sent notification of such filing to the following:

Brett von Borke
Kenneth Ralph Hartmann
Kozyak Tropin & Throckmorton, P.A.
2525 Ponce de Leon Blvd.,
Coral Gables, FL 33134
Email: bvb@kttlaw.com
Email: krh@kttlaw.com

 Ross C Goodman
Goodman Law Group
520 S Fourth Street
2nd Floor
Las Vegas, NV 89101
Email: ross@goodmanlawgroup.com

David M. Buckner
Grossman Roth, P.A.
2525 Ponce De Leon Blvd., Suite 1150
Coral Gables, FL 33134
Email: dbu@grossmanroth.com

/s/ Stephanie T. George
An employee of Howard & Howard Attorneys PLLC

**Howard & Howard Attorneys, PLLC**
3800 Howard Hughes Pkwy., Suite 1000
Las Vegas, NV 89169
(702) 257-1483