# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GERALD HESTER, on behalf of himself and all others similarly situated, ) ) ) Plaintiff, ) ) vs. ) ) VISION AIRLINES, INC., ) ) Defendant. ) | Case No.: 2:09-cv-00117-RLH-RJJ **O R D E R** (Motion for Attorneys' Fees - #347) |

Before the Court is Plaintiff Gerald Hester and Class' **Motion for Attorneys' Fees** (#347, filed Sept. 23, 2013). The Class seeks an award of 30% of the most recent judgment to be paid to Class Counsel plus costs incurred. The Court has considered the relevant opposition and reply. The Class' Motion is granted.

## BACKGROUND

The facts giving rise to this case are set out more particularly in the Court's prior Orders. Briefly, this case arises from Vision Airlines' failure to pay hazard-pay to its subcontracted pilots who provided air transportation services for the United States government under the Air Bridge Program contract. Plaintiffs' Class filed suit in 2009. At trial, a jury returned a verdict in

1

AO 72
(Rev. 8/82)

excess of $5 million dollars for the Class. Vision appealed the judgment, but the judgment was affirmed. The Class appealed this Court's dismissal of the punitive damages claims. The Ninth Circuit reversed that decision and remanded to this Court for a jury trial on the punitive damages claims. During the new discovery period, Class Counsel became aware that Vision had misrepresented the end date of the contract and Vision continued to fly without paying hazard-pay. The Court found "the Class is entitled to damages equal to the proven amount of the hazard pay that Vision collected during the period of the Air Bridge program from the end of the damages period proven at trial through the time that the Class' injunction would have covered." On September 6, 2013, the Court entered judgment in favor of the Class and against Vision in the amount of $1,811,251.00. The Class now moves for attorneys' fees and costs related to securing the recent judgment. Vision opposes the motion as related to costs.

**DISCUSSION**

The common fund doctrine is a common law rule permitting the recovery of fees from the damage award obtained. *See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240 (1975). A reasonable fee under the common fund doctrine is calculated as a percentage of the recovery. *Blum v. Stenson*, 465 U.S. 886, 900 n. 16 (1984). The Ninth Circuit has recognized 25 percent of the fund as the "benchmark" award that should be given in common fund cases. *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989). However, the benchmark percentage should be adjusted when special circumstances indicate that the percentage recovery would be either too small or too large in light of the hours devoted to the case or other relevant factors. *Id.* Here, Class Counsel has expended an extraordinary amount of time, skill, and patience to obtain the damages reward. *See Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975). Therefore, an upward adjustment to 30 percent is reasonable and warranted. Class Counsel is awarded $543,375.30 in attorneys' fees to be paid from the common fund.

As to Vision's objections regarding the request for costs, the Court finds Vision has no standing to challenge the fee award as it no longer has any legal or pecuniary interest in the

1  judgment.¹  Moreover, the Court has reviewed the claimed costs and finds the costs are

2  recoverable under statute, the rules of civil procedure, and the case law of this circuit.  Therefore,

3  the Court grants the motion for costs in the amount of $107,238.80 from the common fund.²

**CONCLUSION**

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that the Class' **Motion for Attorneys' Fees** (#347) is **GRANTED**. Class Counsel is awarded $543,375.30 in attorneys' fees and $107,238.80 in costs from the gross common fund.

Dated: October 23, 2013

_____
**ROGER L. HUNT**
**United States District Judge**

---

¹ Although Vision does not have standing to challenge the fees and costs awards, the Court notes that a Class member who is aggrieved by the fee award or who would "actually benefit" from a reduced fees and costs award will have standing to challenge the award at the time the Court approves disbursement of the common fund.  *See Glasser v. Volkswagen of America, Inc.*, 645 F.3d 1084, 1088 (9th Cir. 2011).

² This amount has been determined from the itemized cost list attached to the affidavit of lead Class counsel, David Buckner. (#347, Ex.A, App. B)  The total amount in costs is $506,101.72, of which $398,862.92 has already been granted by the Court. (#338). Therefore, the remaining costs of $107,238.80 are now granted.