**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

GERALD HESTER, on behalf of himself and all others similarly situated,

            Plaintiff,

vs.

VISION AIRLINES, INC.,

            Defendant.

Case No. 2:09-cv-00117-RLH-NJK

ORDER GRANTING MOTION TO COMPEL

(Docket No. 354)

Pending before the Court is Plaintiff Gerald Hester and Class' Motion to Compel In Aid of Judgment Discovery, filed on December 5, 2013. Docket No. 354. Any response opposing the motion was due by December 23, 2013. *See* Local Rule 7-2(b). No such response has been filed to date. Accordingly, the motion may be granted as unopposed. *See* Local Rule 7-2(d). Additionally, the Court has reviewed the motion and finds that good cause exists to grant it.

**I.    BACKGROUND**

The facts of this case are aptly stated by United States District Judge Roger L. Hunt, in his Order granting the Class' Motion for Attorneys' Fees. Docket No. 350. As stated by Judge Hunt:

> Briefly, this case arises from Vision Airlines' failure to pay hazard-pay to its subcontracted pilots who provided air transportation services for the United States government under the Air Bridge Program contract. Plaintiffs' Class filed suit in 2009. At trial, a jury returned a verdict in excess of $5 million dollars for the Class. Vision appealed the judgment, but the judgment was affirmed. The Class appealed this Court's dismissal of the punitive damages claims. The Ninth Circuit reversed that decision and remanded to this Court for a jury trial on the punitive damages claims. During the new discovery period, Class Counsel became aware that Vision had misrepresented the end date of the contract and Vision continued to fly without paying hazard-pay. The Court found "the Class is entitled to damages equal to the proven amount of the hazard pay that Vision collected during the period of the Air Bridge program from the end of the damages period proven at trial through

1   the time that the Class' injunction would have covered." On September 6, 2013, the Court entered judgment in favor of the Class and against Vision in the amount of $1,811,251.00.

Docket No. 350, at 2-3.

On October 23, 2013, the Court granted the Class' Motion for Attorneys' Fees. The Court awarded Class Counsel $543,375.30 in attorneys' fees and $107,238.80 in costs. *Id*., at 3.

On October 16, 2013, pursuant to Rule 69(a)(2),[1] the Class served its In Aid of Execution Discovery on Vision. Docket No. 354, at 5. Vision's responses to this discovery, pursuant to Rules 33 and 34, were due on November 18, 2013; however, Vision failed to respond to the discovery request. *Id*., at 5-6. Class counsel attempted to resolve the issue with counsel for Vision, but was unsuccessful in its attempts to do so. *Id*., at 6, 8.

**II.   ANALYSIS**

Pursuant to Rule 33, a responding party must serve its answers or any objections within 30 days after being served with written interrogatories. Pursuant to Rule 34, a party upon whom document requests are served must respond in writing within 30 days after being served with the requests. The response must provide access to the information requested, "unless the request is objected to, in which event the reasons for the objection shall be stated." Rule 34(b).

The "failure to object to discovery requests within the time required constitutes a waiver of any objection." *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992). *See also Haddad v. Interstate Management Co., LLC*, 2012 WL 398764, *1 (D.Nev., 2012) (same). Here, Vision has failed to object to the Class' discovery requests within the period of time prescribed by the Rules; therefore, Vision has waived any right to object to the requests.

. . . .

. . . .

. . . .

. . . .

. . . .

---

[1] Unless otherwise stated, references to "Rules" refer to the Federal Rules of Civil Procedure.

### III. CONCLUSION

Vision has failed to respond to the Class' Motion to Compel In Aid of Judgment Discovery. Therefore, Vision has consented to the granting of that motion, and the Court could grant the Class' motion as unopposed. *See* Local Rule 7-2(b). The Court has, however, reviewed the Class' motion and finds that good cause exists to grant the motion on its merits.

Accordingly,

**IT IS ORDERED** that the Class' Motion to Compel in Aid of Judgment Discovery (Docket No. 354) is **GRANTED**.

**IT IS FURTHER ORDERED** that Vision shall respond, without objection, to the Class' discovery requests, as served on October 16, 2013, no later than **January 20, 2014**.

IT IS SO ORDERED.

DATED: January 6, 2014.

_____
NANCY J. KOPPE
United States Magistrate Judge