James A. Kohl, Esq.
NV Bar No. 5692
**Howard & Howard Attorneys PLLC**
3800 Howard Hughes Pkwy.
Suite 1000
Las Vegas, NV 89169
v. 702.257.1483
f. 702.567.1568
jak@h2law.com
Attorneys for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GERALD HESTER, on behalf of himself and all others similarly situated,<br><br>         Plaintiff,<br><br>vs.<br><br>VISION AIRLINES, INC.,<br><br>         Defendant. | CASE NO.: **2:09-CV-00117-RLH-RJJ**<br><br>**DEFENDANT VISION AIRLINES' RESPONSE TO PLAINTIFFS MOTION FOR SANCTIONS** |

Defendant, Vision Airlines, Inc., by and through its counsel, James A. Kohl, Esq., of the law firm Howard & Howard Attorneys PLLC, files this Response to Motion for Sanctions. This Response is based on the Points and Authorities attached hereto together

. . . .

. . . .

. . . .

. . . .

. . . .

2440165-v1                           Page 1 of 9

with the Papers and Pleadings on file herein and any oral argument received by the Court.

Dated this 7th day of February, 2014.

**Howard & Howard Attorneys PLLC**

/s/ James A. Kohl
James A. Kohl, Esq.
NV Bar No. 5692
3800 Howard Hughes Pkwy., Ste. 1000
Las Vegas, NV 89169
Telephone: (702) 257-1483
E-Mail Address: jak@h2law.com

## POINTS AND AUTHORITIES

### A. Vision does Not Own Any Aircraft

Plaintiffs are frustrated because Vision is not the cash cow that they believed. While it is true that Vision paid significant multimillion dollar judgments to the Plaintiffs in this case several years ago, those payments were made at a time when Vision had multiple governmental contracts that generated considerable revenue. Vision lost those contracts. Vision does not have the ability to pay Plaintiffs judgment in a lump sum judgment nor does it have any significant assets that Plaintiffs could execute on to satisfy their judgment.

The Class claims that Vision is hiding assets from the Class. The reality is that Vision is but a shell of its former does not have assets to hide. The planes that are shown on the website belong to companies that are not parties to this suit. Vision does not own any planes, period. Vision provided written responses to the Class' discovery stating that it does not own any aircraft. Plaintiffs are upset because they realize that there is nothing to execute on. That however is not a reason to sanction Vision.

As for the planes that Vision used to lease, Vision was unable to service the debt on those planes. When Vision failed to make timely payments under the leases, the planes were repossessed by the lessor. Accordingly there are no sale contracts under which Vision received funds for the planes and therefore no documents for Vision to produce regarding the planes.

Vision does not own or possess the plane identified as 427VB. The report that Plaintiffs rely on states:

> **Important:** The Public Records and commercially available data sources used on reports have errors. Data is sometimes entered poorly, processed incorrectly and is generally not free from defect. Before relying on any data this system supplies, it should be independently verified.

427VB is not a plane that Vision owns, as it does not own any planes. Vision does not recognize that plane as ever having been part of its fleet. Vision's operations have dwindled to providing pilots and crews for flights. It does not own any planes. Vision should not be sanctioned for failing to provide titles to equipment that it does not own. Nor should it be sanctioned for not producing contracts of sale, when the planes were repossessed by the lessors.

**B.    Vision Produced the Car Titles in its Possession**

Plaintiffs attached a printout of car registrations claiming that Vision is hiding assets from it. As with the other list, the car registrations are not verified. In fact, the largest category of vehicles on the list, 12, are duplicates of the other vehicles on the list (7, 8, 12, 13, 14, 18, 20, 21, 23, 24, 25 are all duplicate listings). Four of the vehicles that appear on the list were identified by Vision in VisioinHH11096-11101. Vision also identified two vehicles which are not on the list. That is hardly the act of an entity that is trying to hide its assets. Vision does not have the titles to the other vehicles on the list in its possession. For the most

**Howard & Howard Attorneys, PLLC**
3800 Howard Hughes Pkwy., Suite 1000
Las Vegas, NV 89169
(702) 257-1483

part, Vision leases its vehicles, so some of the titles that are on the list may be with the lessor(s). Additionally, Vision is aware that at lease one car from the list was totaled in an accident. Vision produced the titles that it has in its possession, including two cars not identified in Plaintiff's list. Because Vision produced the titles that it has in its possession it should not be sanctioned.

### C.  Vision Is Not In Possession of Contracts That it Is Not A Party To

The Class asks the Court to sanction Vision for not producing contracts that Vision is not a party to. "When documents are sought from a nonparty, the usual method of compelling production is via a subpoena under Fed.R.Civ.P.45." *Hobley v. Burge*, 433 F.3d 946, 949 (7th Cir. 2006) (citing Fed. R. Civ. P. 34(c)). In fact, a "subpoena duces tecum is the only way to compel a nonparty to produce documents or other materials." 9A Charles A. Wright, et al., Federal Practice and Procedure § 2456. If the Class wants documents from entities that are not parties to this suit, it needs to subpoena them under Fed. R. Civ. Pro. 45. Because Vision is not in possession of third party contracts, it did not produce said contracts. Vision cannot be sanctioned for not producing items it does not posses. The Plaintiffs' Motion should therefore be denied.

### D.  Vision Is Not Receiving Payment from The Guyana Contract

The Class claims that Vision should have identified and produced a contract that involves flights that are scheduled to Georgetown Guyana. The Class' interrogatory asks Vision to identify contracts that Vision is receiving payment on. Vision is not currently flying the flights to Georgetown. Vision did contract with Dynamic Airways to fly the flights to Georgetown. Vision hoped that Dynamic could fly the flights while Vision ramped up to service the contract. Dynamic flew the flights in December, but they have since been

**Howard & Howard Attorneys, PLLC**
3800 Howard Hughes Pkwy., Suite 1000
Las Vegas, NV 89169
(702) 257-1483

suspended. Vision correctly answered Plaintiff's interrogatory because it was not the party that received the economic benefit of the agreement, and the flights are not currently flying. Sanctions are therefore not warranted.

### E. Vision Did Not File its 2012 Tax Return Until January, 2014

Plaintiffs claim that Vision is hiding assets because it failed to produce its 2012 tax return when the other documents were produced. Vision filed the return on January 14, 2014 and produced a copy of the return today. The return shows a $9.3 million dollar loss for 2012. At first blush, Vision's oversight on this item would appear to be an attempt to hide its assets from the Class. However, the return demonstrates that Vision lost $9.3 million dollars in 2012. The 2012 return confirms that Vision has in fact, fallen on hard times.

### F. There is no basis to Hold Vision in Contempt

The real reason for the motion is contained in the Class' request that Vision and/or Mr. Acor be held in contempt and forced to bond the judgment. Not only does the Class' request grossly overreach what it is entitled to, the Class has no basis in the law to seek contempt. The Class asks that this Court hold Vision and Mr. Acor in contempt of court pursuant to Fed. R. Civ. Pro 42(a). Fed. R. Civ. Pro 42 states:

> Rule 42. Consolidation; Separate Trials
>
> (a) Consolidation. If actions before the court involve a common question of law or fact, the court may:
>
> (1) join for hearing or trial any or all matters at issue in the actions;
>
> (2) consolidate the actions; or
>
> (3) issue any other orders to avoid unnecessary cost or delay.
>
> (b) Separate Trials. For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When

ordering a separate trial, the court must preserve any federal right to a jury trial.

There is no basis at all under Rule 42 to hold Vision in contempt. It does not contain the word contempt, nor does it discuss in any way the concept of contempt. Additionally, the conduct that Plaintiffs complain of was previously presented to the Court with the request that the Court find Mr. Acor in contempt. It did not. As such it is *res juticata* to the current Motion. Moreover the Plaintiffs' request that the Court force Vision and/or Mr. Acor to post a bond for the amount of the judgment is unfounded in the law. There is no case, statute or rule that requires a defendant to pay a judgment or to bond a judgment. From time to time, debtors agree to make voluntary payments of judgments. Sometimes they bond judgments on appeal. However, a judgment debtor is not required to pick up a pen and write the plaintiff a check to satisfy a judgment. Similarly, courts do not order parties to pay judgments. They can order parties to appear at judgment debtor exams, but not to pay the judgment. In fact, debtors have the absolute right to declare bankruptcy and <u>not</u> pay judgments; something which is likely to occur in this case. 11 U.S.C. 101 *et. seq*. A judgment is a right to collect money, it is not a guaranty of payment.

Plaintiffs have not presented the Court with sufficient facts to find Vision in contempt, let alone order it or Mr. Acor to post a bond for $1.8 million dollars. The request is gross overreaching by the Plaintiffs. There is no basis whatsoever under Fed. R. Civ. Pro Rule 42 for Vision to be held in Contempt, the Court must therefor deny the request as unfounded under the law.

### G. There is no basis to Hold Mr. Acor in Contempt

The Class also asks the Court to summarily find Mr. Acor in contempt of Court. It is clear that the Class hates Mr. Acor. That however is not a basis to find someone in contempt

of Court. The Class has not provided any facts that support Mr. Acor being held in contempt of court. Moreover, Fed. R. Civ. Pro. 42 has no provisions that discuss contempt let alone support an award of contempt of court. "This circuit has held that in a contempt proceeding, whether denominated civil or criminal, the alleged contemnor is entitled to the procedural safeguards of notice and a reasonable time to prepare a defense." *United States v. Powers*, 629 F.2d 619, 626 (9th Cir. 1980) (*citing United States v. Hawkins*, 501 F.2d 1029, 1031 (9th Cir.), cert. denied, 419 U.S. 1079, 95 S.Ct. 668, 42 L.Ed.2d 674 (1974); *United States v. Alter*, 482 F.2d 1016, 1023 (9th Cir. 1973)). Plaintiffs' reliance on Fed. R. Civ. Pro. 42 is fatal to their request for sanctions. Plaintiffs have not identified what Mr. Acor has done wrong such that he could be held in contempt of Court. The procedural safeguards of notice and a reasonable time to prepare a defense are not satisfied. Accordingly, the request should be summarily denied.

### H.     **Conclusion**

Plaintiffs are upset that Vision does not have sufficient assets to pay their judgment (which is why they are asking for an order that Vision or Mr. Acor bond the judgment). Vision does not own any planes; it owns a few vehicles and little else. Vision answered Plaintiffs discovery and identified the assets that it does have. Vision's scale of operations has been significantly reduced from its heyday when it serviced government contracts. Vision has lost money for the last few years. Vision has not been trying to hide its assets or willfully disobeying the Court. Vision has fallen on hard times and simply does not have enough assets to pay the Plaintiffs judgment. Vision responded to the requests and produced what it had in its possession. Plaintiffs are understandably disappointed that Vision is not

collectable.  Vision made a good faith effort to answer the discovery, therefore the Motion should be denied with prejudice.

Moreover, Plaintiffs request that Vision and Mr. Acor should be held in contempt of Court and post a bond for the amount of the judgment illustrates what the present motion is really about.  Plaintiffs recognize that payment of the judgment is unlikely.  They hope that the Court will misapply Fed. R. Civ. Pro. 42 and award them what they are unlikely to get from Vision, money.  The Motion's true purpose is clear, but is wholly unsupported by Fed. R. Civ. Pro. 42.  Vision is a judgment debtor that cannot pay the Class' judgment.  Falling on hard times does not warrant finding Vision in contempt of Court.  Nor does it warrant forcing Vision or Mr. Acor to post a bond in the amount of the judgment.  There is no basis under Fed. R. Civ. Pro. 42 to hold Vision or Mr. Acor in contempt of Court.  The Court should Deny Plaintiffs' motion with prejudice.

**Howard & Howard Attorneys PLLC**

/s/ James A. Kohl
James A. Kohl, Esq.
NV Bar No. 5692
3800 Howard Hughes Pkwy., Ste. 1000
Las Vegas, NV 89169
Telephone:  (702) 257-1483
E-Mail Address: jak@h2law.com

**CERTIFICATE OF ELECTRONIC FILING
AND CERTIFICATE OF SERVICE**

I, the undersigned, do hereby certify that on the ___ day of January, 2014, I electronically filed a true and correct copy of the foregoing document with the Clerk of this Court using the CM/ECF system, which sent notification of such filing to the following:

Brett von Borke
Kenneth Ralph Hartmann
Kozyak Tropin & Throckmorton, P.A.
2525 Ponce de Leon Blvd.,
Coral Gables, FL 33134
Email: bvb@kttlaw.com
Email: krh@kttlaw.com

Ross C Goodman
Goodman Law Group
520 S Fourth Street
2nd Floor
Las Vegas, NV 89101
Email: ross@goodmanlawgroup.com

David M. Buckner
Grossman Roth, P.A.
2525 Ponce De Leon Blvd., Suite 1150
Coral Gables, FL 33134
Email: dbu@grossmanroth.com

/s/ Stephanie T. George
An employee of Howard & Howard Attorneys PLLC

**Howard & Howard Attorneys, PLLC**
3800 Howard Hughes Pkwy., Suite 1000
Las Vegas, NV 89169
(702) 257-1483

2440165-v1