# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| GERALD HESTER, | Case No. 2:09-cv-00117-RLH-NJK |
| Plaintiff(s), | ORDER DENYING MOTION TO ADD BANK OF NEVADA AS A PARTY |
| vs. | |
| VISION AIRLINES, INC., | (Docket No. 370) |
| Defendant(s). | |

Pending before the Court is Plaintiff's motion to add Bank of Nevada as a party for the purposes of garnishing Defendant's bank accounts. Docket No. 370. That motion also attaches an application for a writ of garnishment for the bank account. *See* Docket No. 370-1. For the reasons discussed below, the motion to add a party is hereby **DENIED**.

In addressing the procedures for post-judgment writs of garnishment, other judges in this District have explained as follows:

> Pursuant to Fed.R.Civ.P. 64, a writ of garnishment may be issued pre- or post-judgment in accordance with state law. Under Fed R. Civ. P. 69, any process issued to enforce a judgment for the payment of money is called a writ of execution. Thus, a writ issued by a federal district court in Nevada for enforcement of a judgment by garnishment is called a writ of execution, but the Marshal enforces the writ according to Nevada state procedures for garnishment. *See* Fed.R.Civ.P. 69(a)(1); *Mackey v. Lanier Collection Agency & Service, Inc.,* 486 U.S. 825, 834 (1988). In Nevada, garnishment proceedings are generally special proceedings governed by N.R.S. § 31. *Frank Settelmeyer & Sons, Inc. v. Smith & Harmer, LTD,* 197 P.3d 1051, 1056 (Nev.2008). Pursuant to Chapter 31, writs of garnishment are to be served in the same manner as a summons in a civil action, which gives the court jurisdiction to proceed against the "garnishee defendant." N.R.S. § 31.270. Upon the Marshal's return showing service of a writ of garnishment, the garnishee formally becomes a party of record and is subject to the jurisdiction of the Court. N.R.S. § 31.280.

> When a writ of garnishment is served, the garnishee defendant then has 20 days to answer statutorily specified interrogatories. N.R.S. §§ 31.260, 31.290. If a garnishee defendant admits that it has money or property belonging to the defendant (judgment debtor) "the court shall ... upon application of the plaintiff with written notice to the garnishee ... enter judgment in favor of the defendant for the use of the plaintiff against the garnishee for the amount of the indebtedness..." *See* N.R.S. § 31.300; *Frank Settelmeyer & Sons, Inc.*, 197 P.3d at 1056 (Nev. 2008). Thus, the garnishee must not pay any of the money to the defendant and must instead retain the money in his possession or control or deliver it to the Marshal for subsequent delivery to the plaintiff. N.R.S. § 31.310.

*Henry v. Rizzolo*, 2012 WL 4867725, *2-3 (D. Nev. Oct. 12, 2012) (quoting *Employee Painters Trust v. Riggio Bros. Constr., Inc.*, 2010 WL 3896148, *2 (D. Nev. Sept. 29, 2010)). Moreover, judgment creditors do not need to apply to a judge of this Court for the issuance of a post-judgment writ of garnishment. *See* N.R.S. § 31.450 (judgment creditor "may, *without application to the court*, have a writ of garnishment issued [attaching the personal property] of the judgment debtor in the possession or under the control of any third person garnishee" (emphasis added)); *see also Trustees of the Constr. Indus. & Laborers Health & Welfare Trust v. JR Concrete Cutting, Inc.*, 2013 WL 76221, *1-3 (D. Nev. Jan. 2, 2013) (holding that post-judgment writs of garnishment do not require court order allowing their issuance). Because the applicable procedures allow the issuance of a writ of garnishment without application to the Court and add the garnishee as a party upon receipt of proof of service of the writ of garnishment, the pending motion to add a party is unnecessary.

In addition, the Clerk's Office has already issued a writ of execution to Plaintiff. Docket No. 375.[1] That writ of execution instructs that: "Judgment Creditor/Plaintiff will identify to the U.S. Marshal or his representative assets that are to be seized to satisfy the judgment/order." *Id.* at 2. As such, the Court has already provided Plaintiff with the means to seize Defendant's money held by Bank of Nevada, making the pending motion (and attached application) moot.

**IT IS SO ORDERED.**

DATED: February 20, 2014

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[1] As noted above, a "writ of execution" is the federal equivalent of a "writ of garnishment."