# Exhibit A

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| GERALD HESTER, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>VISION AIRLINES, INC.,<br><br>Defendant. | Case No.: 2:09-CV-00117-RLH |

**SETTLEMENT AGREEMENT**

This binding Settlement Agreement ("Agreement") is made and entered into this 9th day of March, 2014, by and between Gerald Hester, on behalf of himself and all others similarly situated ("Class"), and Defendant Vision Airlines, Inc. ("Vision") (the Class and Vision are collectively referred to as the "Parties"). This Agreement sets forth the terms of the Parties' binding and enforceable agreement (the "Settlement") to settle the suit filed by the Class against Vision in the United States District Court, District of Nevada (the "Court"), Case No. 2:09-CV-00117-RLH (the "Lawsuit").

WHEREAS, the Parties hereto enter into this Agreement to resolve the remaining issues, allegations, claims, defenses, rights and obligations, and causes of action asserted or possibly asserted by the Parties in the Lawsuit; and

WHEREAS, as a result of the Parties' good faith negotiations, the Parties reached the Settlement, subject to the terms and conditions set forth herein and approval by the Court.

1

NOW THEREFORE, the Parties enter into this Agreement to memorialize the terms of the Settlement.

I. **Terms of the Settlement**

- **Prior Judgment:** This Agreement is made in addition to, and has no bearing upon, the final judgment entered by the Court in the Lawsuit on February 22, 2011, in the amount of $5,270,230.06, which was affirmed on appeal by the Ninth Circuit Court of Appeals, and was satisfied by the supersedeas bond posted by Vision.

- **Settlement Payment by Vision to the Class:** Vision agrees to pay to the Class, to be deposited into an account as directed by Class Counsel, the sum of one million seven hundred thousand dollars ($1,700,000) (the "Settlement Payment"). That sum will be paid on or before the thirty fifth day after the Court enters an order granting final approval to the Settlement set forth in this Agreement and no appeal has been taken from that final order; or if an appeal is taken, within three days of the issuance of the mandate by any appellate court with jurisdiction over this matter or, if the appeal is dismissed for any reason, within three days of that dismissal; or, if certiorari is sought and granted, within three days of a decision, opinion or mandate from the United States Supreme Court or dismissal for any reason of that appeal; or, if certiorari is denied, within three days of that denial. Should Vision declare bankruptcy or be placed in bankruptcy or receivership, (i) if final approval has not yet been obtained, the Class will seek final approval of the Settlement, and Vision agrees that it will join with the Class in seeking the lifting of or relief from any stay, if necessary, in order to obtain final approval of

the Settlement; (ii) if final approval has already been obtained, Vision agrees that it will join with the Class in seeking the lifting of or relief from any stay, if necessary, to permit the effectuation of this Settlement Agreement; and (iii) if final approval of the Settlement has not been obtained on or before November 1, 2016, the Settlement Payment shall ipso facto be due and payable in full as of that date for purposes of allowing the Class to present the LOC to IBC for payment and determining the expiration date of the LOC.

- **Letter of Credit:** Vision will secure, and provide to the Class, an unconditional letter of credit ("LOC") from International Bank of Commerce ("IBC"), in the amount of one million seven hundred thousand dollars ($1,700,000) (the "Letter of Credit").  If Vision, for any reason whatsoever, fails to pay, in whole or part, the Settlement Payment on or before the date that it is due to be paid under this Agreement, the Class shall have the right to present the Letter of Credit to IBC and to receive from IBC the difference between one million seven hundred thousand dollars ($1,700,000) and whatever amount Vision has paid toward satisfying the Settlement Payment, if anything. At the time of the presentation of the Letter of Credit by the Class to IBC, the Class will provide to IBC a declaration from Class Counsel setting forth the amount of money received from Vision by the Class toward the Settlement Payment.

- **The Class' Release of Vision:** Upon payment of the Settlement Payment set forth above, whether it is paid directly by Vision, is paid entirely by IBC pursuant to the LOC, or a combination of both, Plaintiff and the Class members, for themselves and on behalf of their legal representatives, agents, heirs, attorneys,

and assigns, will release Vision upon the express terms and to the extent set forth in this Agreement. Upon receipt of the Settlement Payment the Class will file a Satisfaction of Judgment with the Court.

- **Mutual Release:** Upon payment of the Settlement Payment, Vision and the members of the Class, on behalf of themselves and each of their respective heirs, successors, representatives, trustees, beneficiaries, directors, officers, employees, agents, attorneys, shareholders, members, partners and assigns, mutually release each other and their respective heirs, successors, representatives, trustees, beneficiaries, directors, officers, employees, agents, attorneys, shareholders, members, partners and assigns, from and for all demands, claims, damages, losses, causes of action, costs (including attorneys' fees) and expenses of any character, whether known or unknown and whenever occurring, past or present, resulting from or in any way connected with the matters set forth in the Lawsuit, by or for the benefit of the Parties hereto, specifically including all demands, claims, and causes of actions alleged, or which the Parties could have alleged in the Lawsuit.

   The Parties recognize that each of them may have claims against the other of which they are unaware and unsuspecting. It is the intention of the Parties in entering into this Mutual Release that it will deprive each Party of the claims and prevent them from asserting them. To this end, the Parties waive all rights and benefits conferred upon them by the statutes or common law of any jurisdiction that has the same or similar effect as provisions that provide as follows:

   > A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing

the release, which if known by him must have materially affected his settlement with the debtor.

- **Settlement Conditioned Upon Court Approval**: This Settlement is conditioned upon preliminary and final Court approval. If final approval of this Settlement is denied by the Court, or if the Settlement is rejected by an appellate court with jurisdiction over the Court (the "Termination of the Settlement Agreement"), the Parties will return to the *status quo ante* as if no Settlement had been negotiated or Agreement entered into, and any Settlement Payments deposited by Vision into the account designated by Class Counsel for the benefit of the Class pursuant to this Agreement shall either (i) be returned to Vision, or (ii) to the extent the Settlement Payments are funded by the LOC, to IBC, within three (3) business days. Specifically excluded from this provision are the funds from the supersedeas bond posted by Vision and paid as part of the judgment entered by the Court on February 22, 2011, in the amount of $5,270,230.06, which has already been distributed to the Class.

- **Limitation on Opt Outs**: If Class members to whom collectively payment under this Settlement is due in an amount totaling more than $50,000 timely and properly provide notice of their decision to opt out of this Settlement (under the procedures set forth in the notice to be approved by the Court as part of its preliminary approval of this Settlement), then Vision shall have the option to declare, in a written notice to Class counsel and the Court filed no later than the seventh (7th) day after the last day of the opt out period ordered by the Court, that this Settlement and Agreement is void and of no force and effect. Should Vision timely exercise this right, the Parties will return to the *status quo ante* as if no

5

Settlement had been negotiated or Agreement entered into, and any Settlement Payments deposited by Vision into the account designated by Class Counsel for the benefit of the Class pursuant to this Agreement shall be returned to Vision within three (3) business days.  Specifically excluded from this provision are the funds from the supersedeas bond posted by Vision and paid as part of the judgment entered by the Court on February 22, 2011, in the amount of $5,270,230.06.

- **Vision Corporate Approval:** The execution of this Agreement constitutes Vision's corporate approval.  Vision's signatory affirms that he and Vision have obtained board and any other approval required by Vision to enter into this Agreement.

- **Construction:** This Agreement was drafted cooperatively by all Parties and shall not be construed against any Party as the drafter.  The terms and conditions of this Agreement shall be construed as a whole according to their fair meaning and not strictly for or against any Party.  The Parties acknowledge that each of them reviewed this Agreement and had the opportunity to have it reviewed by their attorneys.

- **Captions:** The captions appearing at the commencement of the sections of this Agreement are descriptive only and for convenience.  They shall not define, limit or describe the scope or intent of this Agreement, nor in any way affect this Agreement.  The pronouns "he" and "his" as used throughout this Agreement shall include the singular, the plural, the female, and neuter.

- **Governing Law:** THIS AGREEMENT IS GOVERNED BY THE LAWS OF THE STATE OF NEVADA. THE PARTIES AGREE THAT THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA SHALL HAVE EXCLUSIVE JURISDICTION OVER ANY DISPUTE REGARDING THE RIGHTS, DUTIES, AND OBLIGATIONS OF THE PARTIES UNDER THE AGREEMENT. THE PARTIES AGREE TO REQUEST THAT THE COURT TO WHOM THE LAWSUIT IS ASSIGNED RETAIN JURISDICTION TO ENFORCE THE TERMS OF THIS AGREEMENT.
- **Counterparts:** The Parties may sign this Agreement in one or more counterparts, each of which shall be deemed an original, but all of which together shall form one instrument. Electronic and paper copies of this Agreement and facsimile or electronic signatures on this Agreement shall be deemed originals.

/ / / /
/ / / /
/ / / /

ACCEPTED AND AGREED TO BY:

Vision Airlines, Inc.

By: _____
William Acor, Chief Executive Officer


_____
Gerald Hester, on behalf of himself and the Class


217311.9

8

ACCEPTED AND AGREED TO BY:

Vision Airlines, Inc.

By: _____
    William Acor, Chief Executive Officer


*/s/ Gerald Hester*
_____
Gerald Hester, on behalf of himself and the Class


217311.9

8