# Exhibit B

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| GERALD HESTER, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>VISION AIRLINES, INC.,<br><br>      Defendant. | Case No.: 2:09-CV-00117-RLH-RJJ |

# NOTICE OF CLASS ACTION SETTLEMENT

**To:** All Vision pilots and flight attendants who were crew members on flights to or from Iraq or Afghanistan between May 1, 2005, through July 31, 2012. Excluded from the Settlement Class are (a) Vision, its directors of flight operations, corporate officers and directors, and their immediate family members, and (b) any governmental entity.

## PLEASE READ THIS NOTICE OF CLASS ACTION SETTLEMENT CAREFULLY. IT WILL AFFECT YOUR LEGAL RIGHTS.

## THIS NOTICE IS NOT A NOTIFICATION THAT YOU HAVE BEEN SUED

This is notification that you are a member of a plaintiff settlement class (the "Settlement Class") in the case against Vision Airlines ("Vision") now pending in the United States District Court for the District of Nevada (the "Lawsuit").

The purpose of this Class Action Settlement Notice is to explain to you:

1. What the Lawsuit is about;
2. Your rights and obligations as a Settlement Class Member;
3. The terms of the settlement;
4. Attorneys' fees and costs;
5. How to request to be excluded from the Settlement Class or object to the Settlement; and

1

  6. How to obtain more information.

1. **WHAT THE LAWSUIT IS ABOUT**

  Vision is a United States government subcontractor and operated flights from May 1, 2005 through July 31, 2012 on behalf of the United States government into and out of the war zones in Baghdad, Iraq and Kabul, Afghanistan ("Air Bridge Program"). Vision collected hazard pay on behalf of the pilots and flight attendants that operated the Air Bridge Program flights for the additional risk incurred in flying into and out of Baghdad and Kabul. Instead of paying the Air Bridge Program pilots and flight attendants the hazard pay Vision collected on their behalf, Vision instead retained that hazard pay for itself and used it for its own benefit.

2. **YOUR RIGHTS AND OBLIGATIONS AS A CLASS MEMBER OF THE SETTLEMENT CLASS**

  The Settlement Class consists of:

  All Vision pilots and flight attendants who were crew members on flights to or from Iraq or Afghanistan between May 1, 2005, through July 31, 2012. Excluded from the Settlement Class are (a) Vision, its directors of flight operations, corporate officers and directors, and their immediate family members, and (b) any governmental entity.

  The certified class representative is Gerald Hester. The certified class counsel are: (1) Grossman Roth, P.A., 2525 Ponce De Leon Blvd., Suite 1150, Coral Gables, Florida 33134; (2) Kozyak Tropin & Throckmorton, P.A., 2525 Ponce De Leon Blvd., 9th Floor, Coral Gables, Florida 33134; and (3) the Goodman Law Group, 520 South Fourth Street, Las Vegas, Nevada 89101. These attorneys will represent you as part of the Settlement Class unless you choose to hire your own attorney. You have the right to hire your own attorney at your own expense. Class Counsel represents the Settlement Class on a contingency fee basis and will have their attorneys' fees and costs paid from the settlement funds described in Section 3 below.

  If you wish to be a member of the Settlement Class, **YOU DO NOT NEED TO TAKE ANY ACTION.** If you are a member of the Settlement Class, you will be bound by the Settlement in this Lawsuit.

3. **SETTLEMENT TERMS**

  The Air Bridge Program was divided into four phases that corresponded to the following dates: (1) Phase I – June 2005 through April 30, 2006; (2) Phase II – May 1, 2006 through July 14, 2006; (3) Phase III – July 15, 2006 through July 31, 2007; and (4) Phase IV – August 1, 2007 through July 31, 2012. The Air Bridge Program flights departed from Dulles, Virginia and flew to a European city and then to Baghdad, Iraq or Kabul, Afghanistan and then back to the European city and then to Dulles. Hazard pay

was paid to Vision for the hours its pilots and flight attendants worked on the flights that departed from the European city and flew into and out of the war zones in Baghdad or Kabul and back to the European City. At trial, the Class' expert, Barry Mukamal ("Mukamal"), determined that the total amount of hazard pay Vision collected on behalf of its pilots and flight attendants for Phases II, III, and IV through July 5, 2010, amounted to $4,509,268. After pre and post judgment interest were included, the total amount of the judgment came to $5,291,574.49.

Vision appealed the jury verdict and many of the District Court's rulings to the United States Ninth Circuit Court of Appeals. The Class cross-appealed the District Court's ruling that it could not present its punitive damages claim to the jury. Prior to the appeal, however, Vision was required to post a supersedeas bond in the amount of the final judgment. The Ninth Circuit Court of Appeals affirmed the Class' verdict and remanded the case to the District Court for further proceedings. The Class collected on the supersedeas bond and was paid $5,291,574.49. After the District Court approved the Class' plan of allocation, Vision's pilots and flight attendants that worked in Phases II, III, and through July 5, 2010 of Phase IV, received their pro-rata share of hazard pay in a distribution that occurred in 2013.

The present settlement, which is in addition to the $5,291,574.49 already collected and distributed to the Class, consists of a $1,700,000 settlement payment ("Settlement Fund") either from Vision, or on Vision's behalf by the bank which is one of Vision's primary lenders, to the Class. The Settlement Fund will be distributed to Vision's pilots and flight attendants that operated Vision's flights to and from Baghdad and Kabul from July 6, 2010 through July 31, 2012. Once the Settlement Fund is paid to the Class, the Class and Vision will mutually release each other of all claims, known and unknown, related to the Lawsuit.

Mr. Mukamal will determine the amount owed to each individual Settlement Class member. Mr. Mukamal determined that from July 6, 2010 through July 31, 2012, Vision billed for and received $1,811,251 in hazard pay, which Vision did not pay to the Class members. The upstream contractor paid Vision different hourly hazard pay amounts for its pilots and flight attendants that operated the flights from the various European cities into and out of the war zones in Baghdad and Kabul during the period of July 6, 2010 through July 31, 2012. Using Vision's payroll and flight records for the time period of July 6, 2010 through July 31, 2012, Mr. Mukamal will identify specifically which pilots and flight attendants flew from the various European cities into and out of the war zones in Baghdad and Kabul. Mr. Mukamal will determine each Class members' damages from July 6, 2010 through July 31, 2012 by multiplying each Class members' total number of hours flown from the European city into and out of the war zones of Baghdad and Kabul and back to the European city by the hourly hazard pay rate that Vision received for their benefit but did not pay to them. Once those amounts have been determined on an individual Settlement Class member basis, Mr. Mukamal will adjust it by the appropriate pro-rata percentage based on the Settlement Fund.

4.  **ATTORNEYS' FEES, COSTS, AND SERVICE AWARD**

Once the individual Settlement Class members' damages are determined by Mr. Mukamal, those individual amounts will be reduced by the appropriate pro-rata share to cover the Court-determined attorneys' fees and costs, including the costs of administration and notification of the Settlement Class. Because the Court must approve Class counsels' request for attorneys' fees and costs, Class counsel will seek approval of its attorneys' fees prior to moving for final approval of the Settlement. Class counsel will seek 30% of the Settlement Fund for its attorneys' fees, and will seek reimbursement of all costs, including the costs of administering and distributing the Settlement Fund. Class counsel will also seek an award of $5,000 for Mr. Hester's service as the lead plaintiff and class representative in the Lawsuit. Once the Court approves the Class' award for attorneys' fees and costs and the service award to Mr. Hester, each individual Class members' award will be reduced by the appropriate pro-rata share to cover those attorneys' fees and costs and the service award to Mr. Hester.

5.  **HOW TO REQUEST TO BE EXCLUDED FROM THE CLASS OR TO OBJECT TO THE SETTLEMENT**

If you **DO NOT** wish to remain in the Class, then you must make your request to be excluded in writing on the form attached at Exhibit A of this Notice. Exclusion from the Class requires that the form attached at Exhibit A be filled out completely and notarized. The request to exclude yourself from the Class must be postmarked no later than 30 days after the postmarked date of this Notice. If you request exclusion, the form attached at Exhibit A must be sent to the attorneys identified below. If you exclude yourself from the Class, you will not receive any portion of the Settlement Fund but you also will not be bound by the release. This is the only way to pursue your own case against the Defendant for your claims. If you wish to object to the terms of the Settlement Fund, you will need to file your objection with the District Court no later than 30 days after the postmarked date of this notice. You will waive your right to exclude yourself, or to object, to the settlement if you do not comply with this notice and the timeframes set forth herein.

**Class Counsel:**

    David M. Buckner, Esq.
    Brett E. von Borke, Esq.
    Grossman Roth, P.A.
    2525 Ponce De Leon Blvd., Suite 1150
    Coral Gables, Florida 33134
    (305) 442-8666

6.  **HOW TO OBTAIN MORE INFORMATION**

The pleadings and other records in this Lawsuit may be examined during regular office hours at the offices of the Clerk of the Court, Lloyd D. George U.S. Courthouse,

U.S. District Court District of Nevada – Las Vegas, 333 Las Vegas Blvd. South, Las Vegas, Nevada 89101.  If you need additional information, you should call or write to Class Counsel at the address and phone number above.

**PLEASE DO NOT CALL THE COURT OR THE DEFENDANT**

BY THE COURT

_____
Hon. Roger L. Hunt
United States District Judge

Date:_____, 2014

5

# Exhibit A

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

GERALD HESTER, on behalf of himself
and all others similarly situated,

Case No.:  2:09-CV-00117-RLH-RJJ

v.

VISION AIRLINES, INC.,

**CLASS MEMBER EXCLUSION FORM**

I, _____, having read the Class Action Settlement Notice in

the above styled lawsuit, elect to opt-out of the Settlement Class.  I understand that by

opting out of the Settlement Class that I will receive no payment from the Settlement

Fund and will not release any of my claims against Vision Airlines, Inc. in the above

styled matter.

_____
Signature of opt-out Class member

STATE OF                                    )
COUNTY OF                                )

     The foregoing instrument is acknowledged before me this _____ day

of_____, 2014, by _____, who

produced the following _____ as identification.

     Given under my hand and official seal this____day of_____, 2014.

_____
NOTARY PUBLIC, State of _____

My Commission Expires:

(Notary Seal)

7